☐ **ORIGINAL**
FILED

'07 AUG -9 AM 11: 45-

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ʙʏ ↳P    DEPUTY

1   Rebecca Lawlor Calkins (SBN: 195593)
    **WINSTON & STRAWN LLP**
2   333 S. Grand Avenue
    Los Angeles, California 90071-1543
3   rcalkins@winston.com
    (213) 615-1700 (Telephone)
4   (213) 615-1750 (Facsimile)

5   Jennifer A. Golinveaux (SBN: 203056)
    **WINSTON & STRAWN LLP**
6   101 California Street
    San Francisco, CA 94111-5894
7   jgolinveaux@winston.com
    (415) 591-1000 (Telephone)
8   (415) 591-1400 (Facsimile)

9   Michael S. Elkin (*pro hac vice* motion pending)
    Thomas P. Lane (*pro hac vice* motion pending)
10   **WINSTON & STRAWN LLP**
    200 Park Avenue
11   New York, New York 10166
    melkin@winston.com
12   tlane@winston.com
    (212) 294-6700 (Telephone)
13   (212) 294-4700 (Facsimile)

14   Attorneys for Plaintiff

15         **UNITED STATES DISTRICT COURT**

16        **SOUTHERN DISTRICT OF CALIFORNIA**

17           **SAN DIEGO DIVISION**     **BY FAX**

18   VEOH NETWORKS, INC., a California    )   **Case No.**
    corporation,                          )
19                            )   '07 CV 1568 W     (BLM)
          Plaintiff,               )
20                            )
       vs.                        )
21                            )   **COMPLAINT FOR DECLARATORY**
    UMG RECORDINGS, INC., a Delaware    )   **RELIEF OF NON-INFRINGEMENT**
22   corporation; UNIVERSAL MUSIC CORP., a   )
    New York corporation; SONGS OF      )   **JURY TRIAL DEMANDED**
23   UNIVERSAL, INC., a California corporation;   )
    UNIVERSAL-POLYGRAM           )
24   INTERNATIONAL PUBLISHING, INC., a    )
    Delaware corporation; RONDOR MUSIC    )
25   INTERNATIONAL, INC., a California      )
    corporation; and DOES 1-10 INCLUSIVE,   )
26                            )
       Defendants,            )
27

28

*(left margin: 101 California Street / San Francisco, CA 94111-5894)*

1

COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

1    Plaintiff VEOH NETWORKS, INC. ("Veoh" or "Plaintiff") hereby complains as

2  follows:

3  **INTRODUCTION**

4    1.    This action arises from threats of copyright litigation against Veoh made by

5  Defendant UMG Recordings, Inc., ("UMG Recordings"), Universal Music Corp., Inc., ("UMC"),

6  Songs of Universal, Inc. ("SOU"), Universal-Polygram International Publishing, Inc. ("UPIP"),

7  and Rondor Music International, Inc. ("RMI") (collectively, "UMG"; together with Defendant

8  Does, "Defendants"). UMG claims to own the copyright to material posted by unaffiliated third

9  parties on Veoh.com, a website owned by Veoh.

10    2.    UMG has threatened Veoh with a lawsuit regarding content on the Veoh.com

11  website that allegedly contains material to which UMG holds the copyright.

12    3.    As of yet, UMG has not filed suit against Veoh in any jurisdiction, nor has UMG

13  identified specific works at issue, but there is a real and actual controversy between Veoh and

14  UMG regarding whether Veoh has infringed copyrights allegedly lawfully owned or

15  administered by UMG.

16    4.    UMG has never delivered any notice or instruction to Veoh to take down

17  allegedly infringing material but has directly threatened Veoh with allegations of copyright

18  infringement.

19    5.    Veoh brings this action to obtain a declaration that (1) it has no liability to

20  Defendants arising from the unsolicited posting of content on the Veoh website; (2) Veoh is not

21  liable for direct, contributory or vicarious infringement of any copyrights allegedly owned by

22  UMG; (3) Veoh is not liable for inducing the infringement of any copyrights allegedly owned by

23  UMG; (4) Defendants are not entitled to any injunction or other relief against Veoh; (5)

24  Defendants have no enforceable rights against Veoh relating to Defendants' alleged copyrights;

25  and (6) Veoh, as a host of third-party web-based content, is entitled to safe harbor pursuant to 17

26  U.S.C. § 512(c).

27  //

28

101 California Street
San Francisco, CA 94111-5894

2

**JURISDICTION AND VENUE**

6.     This case arises under federal law, in particular the Copyright Act, 17 U.S.C. §§ 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. § 2291. This court has jurisdiction under 17 U.S.C § 501, 28 U.S.C. §§ 1331, 1338 and 2201.

7.     This Court has personal jurisdiction over UMG in that, among other things, UMG conducts business in this judicial District.

8.     Plaintiff has its principal place of business in this District.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

10.     Plaintiff Veoh Networks, Inc. is a California corporation with its principal place of business at 7220 Trade Street, Suite 115, San Diego, California.

11.     Veoh operates Veoh.com, a video hosting service that provides a mechanism for third parties to share video on the internet.

12.     Veoh also created, distributes and operates VeohTV, a software program currently in beta for personal computers.

13.     Defendant UMG Recordings is a Delaware corporation with corporate offices in California at 2220 Colorado Avenue, Santa Monica, California. UMG Recordings is engaged in the business of producing, distributing, selling and/or licensing sound recordings in phonorecords and in audiovisual works in the United States.

14.     Defendant UMC is a New York corporation. Defendant UPIP is a Delaware corporation. Defendants SOU and RMI are California corporations. Upon information and belief, Defendants UMC, SOU, UPIP and RMI are engaged in the business of acquiring, owning, publishing, administering, licensing, and otherwise exploiting copyrights in musical compositions.

15.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as Does 1 through 10, are unknown to Plaintiff, which sues said defendants by such fictitious names (the "Doe Defendants"). If necessary, Plaintiff will seek

101 California Street
San Francisco, CA 94111-5894

COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

1   leave of Court to amend this complaint to state their true names and capacities when the same

2   have been ascertained.  Plaintiff is informed and believes and on that basis alleges that the Doe

3   Defendants should also be subject to the relief requested herein.

**BACKGROUND**

5   **Veoh's Business and Operations**

6         16.     Veoh, headquartered in San Diego, California, is a privately held California

7   corporation and has been doing business since 2005.

8         17.     Since its founding, Veoh has been a pioneer in the development of Internet

9   Television.

10        18.     Veoh was founded to provide a forum for viewers and content holders to come

11  together to share online video.  Veoh owns and operates Veoh.com, a video hosting website to

12  which users can upload and make available video content over the internet.

13        19.     More than 85,000 video publishers, including *CBS, Billboard, Paramount*

14  *Pictures, Us Weekly, Car and Driver, National Lampoon (AMEX: NLN), Lionsgate, United*

15  *Talent Agency Online, Road and Track,* and PBS, have flocked to Veoh to take advantage of its

16  growing audience.

17        20.     Veoh also created and currently distributes VeohTV, a video playback software

18  application currently in beta available from the Veoh.com website.  VeohTV is available free of

19  charge.

20        21.     VeohTV is a program that facilitates the viewing, uploading and delivery of

21  videos hosted on Veoh.com and allows users to view video hosted on other internet video

22  platforms, including YouTube.com and Google Video.

23        22.     A prior iteration of the VeohTV software program was first distributed as a beta

24  version in August 2005 and Veoh.com became operational in February 2006.

25        23.     Video content available on Veoh.com is submitted by users, either through

26  Veoh.com or via the related software program, currently referred to as VeohTV.

27        24.     Veoh does not independently produce any video content.

28

101 California Street
San Francisco, CA 94111-5894

4

COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

25.   Video produced by third parties and hosted on Veoh.com is not in any way produced or controlled by Veoh.

26.   Veoh allows users to upload video, with certain restrictions, that is then available to view on the internet.  Users may also choose to "syndicate" their video, meaning that the video then becomes available through other video hosting websites such as YouTube and Google Video.

27.   Veoh is an internet "service provider" as defined by the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(k)(1)(B).

28.   Veoh has designated an agent to receive notice of infringements, pursuant to 17 U.S.C. § 512(c)(2).

29.   Veoh does not have knowledge of any activity or material on its system that is infringing alleged UMG copyrights and is not aware of facts or circumstances from which infringing activity is apparent, pursuant to 17 U.S.C. §§ 512(c)(1)(A)(i)-(ii).

30.   Upon obtaining actual knowledge or awareness that material or an activity using the material on its system is infringing, or upon notification of claimed infringement pursuant to 17 U.S.C. § 512(c)(3), Veoh acts expeditiously to remove or disable access to the allegedly infringing material, pursuant to 17 U.S.C. §§ 512(c)(1)(A)(iii); 512(c)(1)(C).

31.   Veoh does not receive a financial benefit directly attributable to any allegedly infringing activity, pursuant to 17 U.S.C. § 512(c)(1)(B).

32.   Veoh does not charge a fee for the video hosting services provided on Veoh.com. Publishers of video content hosted on Veoh.com may offer their work free of charge or on a pay-per-view basis.

33.   Veoh has, from the company's inception, been vigilant about preventing copyright infringement.  Veoh's system is specifically designed to allow Veoh to terminate access to inappropriate content when notified of such content.

34.   Veoh has always prominently displayed its policies governing video posting on Veoh.com.

101 California Street
San Francisco, CA 94111-5894

5
COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

35.    Third parties who upload video to Veoh.com must register with Veoh.com and agree to Veoh's Terms of Use ("TOU") agreement, which is available on the Veoh.com website.

36.    The TOU states that the party who creates and/or uploads the video to Veoh.com retains all rights to the video and its content.  Veoh is not responsible for the content of posted videos or the consequences that may arise based on such content.

37.    Veoh's Copyright Policy, which is publicly available on the Veoh.com website, and incorporated in its TOU, explains that it is Veoh's policy to expeditiously block access to or remove content that it believes in good faith may contain material that infringes the copyrights of third parties.

38.    By agreeing to Veoh's TOU, the user expressly represents that he or she owns or has license to use any copyrighted, trademarked or otherwise protected material that the user makes available on the Veoh service.

39.    Veoh has, in the past, been alerted to the presence of inappropriate content hosted on Veoh.com and has promptly terminated access to allegedly infringing material upon receiving notice of such content.

40.    Additionally, Veoh goes beyond what is required by law, in that Veoh independently investigates informal complaints made by users and Veoh will remove videos from the Veoh.com website that appear to include copyrighted material.

41.    Veoh is a "service provider" and is entitled to the protection of the DMCA, pursuant to 17 U.S.C. § 512(k)(1)(B).

42.    Pursuant to section 512(i), Veoh has adopted and reasonably implemented a policy that provides for the termination in appropriate circumstances of the Veoh account of users who infringe copyright.  Veoh informs users of this policy through its website.

43.    Veoh's Copyright Policy expressly states that it is Veoh's policy "to terminate any account that has been used to post two or more videos that were removed from the Veoh service pursuant to" its Copyright Policy.

COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

101 California Street
San Francisco, CA 94111-5894

44.    Veoh works vigorously to prevent copyright infringement and users who violate the Veoh TOU are warned once of the consequences of copyright infringement. Upon a second violation, Veoh immediately terminates the violating user account, disables all video uploaded by the violating user and adds the user email address to a "black list," preventing the user from re-registering with Veoh.com in the future.

45.    As of July 2007, Veoh had terminated 1,742 users for violation of the Veoh TOU. Of that number, 1,096 terminations were due to alleged copyright infringement.

46.    Pursuant to section 512(c)(2) of the DMCA, Veoh has designated with the United States Copyright Office an agent to receive notifications of claimed infringement related to Veoh.com, and provides information regarding the designated agent on its publicly available website.

47.    Veoh has complied in all respects with the DMCA in addressing content uploaded to Veoh.com. Specifically, in response to any notifications of potentially infringing content, Veoh has taken all actions required pursuant to sections 512(c)(1)(A)(iii) and 512(c)(1)(C) of the DMCA.

48.    Veoh responds quickly to DMCA notices, often on the same day Veoh receives notice.

49.    Veoh also accommodates standard technical measures used by copyright owners to identify or protect copyrighted works.

50.    Veoh has gone beyond the standard measures, however, and has adopted a means of digitally "fingerprinting" video files with what is known as a "hash."

51.    Once Veoh receives a notice that a video contains allegedly infringing material, Veoh removes the individual video and prevents the future uploading of any other video having the same hash.

52.    Veoh then terminates user access to any existing files containing the subject hash.

//
//

COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

101 California Street
San Francisco, CA 94111-5894

53.     Veoh does not receive any financial benefit as a result of any potentially unauthorized activity, and Veoh does not have the right or ability to control the potentially unauthorized activities of its users, in accordance with 17 U.S.C. § 512(c)(1)(B).

54.     Due to Veoh's lack of knowledge regarding any alleged infringement, Veoh's lack of financial benefit from any alleged infringement and Veoh's diligent actions taken to protect against infringement in the past, Veoh clearly qualifies for the limited liability granted an internet service provider under 17 U.S.C. § 512(c)

55.     Having complied in all respects with sections 512(c) and 512(i) of the DMCA, Veoh cannot be held liable for any monetary damages for direct, contributory, vicarious or inducement to infringement, in any threatened litigation by UMG or Defendants.

56.     Given Veoh's full compliance with section 512(c) of the DMCA, any request for injunctive relief by Defendants should be expressly limited by sections 512(c) and 512(j) of the DMCA, and is mooted in any event by actions voluntarily undertaken by Veoh.

57.     Veoh does not intentionally induce or encourage the infringement of copyrighted works. To the contrary, Veoh actively works with industry groups to implement state of the art technologies, including filtering and other compliance tools, to ensure that copyrighted material is not infringed.

58.     Whenever Veoh becomes aware that infringing material is available on its system, it acts swiftly to purge such material.

59.     Veoh derives no financial benefit from the availability of allegedly infringing material on its system, and works actively and continuously to rid its network of any illegal content.

60.     Veoh lacks the ability and the right to directly supervise the content provided by the 85,000 video publishers that frequent and populate its site and utilize its software.

//

//

//

COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

**The Dispute between Veoh and UMG**

61.    Currently, UMG has filed no action against Veoh.  UMG has, however, threatened Veoh with the prospect of litigation at some point in the future.  Veoh first learned of the threatened litigation in late July 2007.

62.    In late July 2007, UMG accused Veoh of massively infringing upon UMG copyrights.

63.    In response to this accusation, Veoh asserted that it did not and had not infringed any material copyrighted by UMG.

64.    Included in UMG's threats of litigation were indications that UMG was, or is currently, investigating the alleged infringement.

65.    Further, UMG has not provided any information about the alleged infringement that would allow Veoh to adequately assess UMG's threats.

66.    Without concrete knowledge of its rights or the likelihood of future litigation, Veoh cannot operate effectively as a business.

67.    Finally, UMG has not stated with any particularity a level of damages suffered due to the alleged infringement.

**FIRST CAUSE OF ACTION – DECLARATORY RELIEF RE NON-VIOLATION OF DEFENDANT'S RIGHTS**

68.    Veoh realleges and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69.    As a result of UMG's threatened litigation, there is a real and actual controversy between Veoh and Defendants as to the parties' rights and obligations associated with Veoh.com and Veoh's video hosting services.

70.    Considering all circumstances, including but not limited to the current business environment in which Veoh operates and the context in which UMG's threats of litigation arose, the controversy between Veoh and Defendants is substantial and adversely effects both parties' legal interests in a manner that is both real and immediate.

101 California Street
San Francisco, CA 94111-5894

9

71.    Furthermore, Veoh has a reasonable and real apprehension that it faces future litigation brought by Defendants.

72.    Veoh has no information regarding the actual timing of any potential litigation brought by UMG.

73.    The TOU agreement contained on Veoh.com protects Veoh from any claims for violation of copyright, trademark or other protected material.

74.    Because all registered users of Veoh.com must electronically accept the TOU, Veoh is not liable for content posted by registered users.

75.    Veoh has not created or posted video containing material to which Defendants allegedly hold copyrights.

76.    Veoh does not modify or select the material posted on Veoh.com or routed to other video hosting websites.

77.    Veoh qualifies as an internet service provider under 17 U.S.C. § 512(k)(1)(B).

78.    Veoh has no actual knowledge nor is aware of any facts suggesting that infringing activity is apparent.

79.    Veoh receives no financial benefit directly attributable to any alleged infringing activity.

80.    Veoh has at all times acted expeditiously to remove or disable access to infringing material upon proper notice.

81.    UMG has never provided any take down notice, as required by the DMCA, to Veoh or Veoh.com regarding allegedly infringing material to which UMG holds the copyright.

82.    Defendants have also provided no informal notice of allegedly infringing material with any particularity such that Veoh can take appropriate action.

83.    As an internet service provider, Veoh is not liable for the actions of its users pursuant to 17 U.S.C. § 512(c).

84.    Due to Veoh's lack of knowledge regarding any alleged infringement, Veoh's lack of financial benefit from any alleged infringement and Veoh's diligent actions taken to protect

COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

1  against infringement in the past, Veoh clearly qualifies for the limited liability granted an

2  internet service provider under 17 U.S.C. § 512(c).

3       85.     Having complied in all respects with sections 512(c) and 512(i) of the DMCA,

4  Veoh cannot be held liable for direct, contributory, vicarious or inducement to infringement, or

5  for monetary damages in any threatened litigation by UMG or Defendants.

6       86.     Given Veoh's full compliance with section 512(c) of the DMCA, any request for

7  injunctive relief by Defendants should be expressly limited by sections 512(c) and 512(j) of the

8  DMCA, and is mooted in any event by actions voluntarily undertaken by Veoh.

9       87.     Wherefore, Veoh prays for the relief set out below.

10                                      **PRAYER FOR RELIEF**

11 WHEREFORE Veoh requests:

12      a.     That the Court declare that Veoh, as a host of third party web-based content, is

13 entitled to safe harbor pursuant to 17 U.S.C. § 512(c);

14      b.     That the Court declare that Veoh has no liability to Defendants arising from the

15 posting by users of allegedly infringing material on Veoh.com;

16      c.     That the Court declare that Veoh is not liable for direct, contributory or vicarious

17 infringement of copyrights owned by Defendants;

18      d.     That the Court declare that Veoh is not liable for inducing infringement through

19 its operation of Veoh.com;

20      e.     That the Court declare that Veoh's actions have not caused any harm to

21 Defendants such that Defendants may seek damages;

22      f.     That the Court declare that Veoh's prior acts in protecting against copyright

23 infringement prohibit Defendants from seeking any injunction or other equitable relief;

24      g.     That Veoh be awarded its damages, reasonable costs, disbursements and

25 attorneys' fees in this exceptional case to the extent permitted by law; and

26 //

27 //

28

101 California Street
San Francisco, CA 94111-5894

COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

1     h.     That Veoh be awarded such further relief as is just and equitable.

2

3     Dated: August 9, 2007                    WINSTON & STRAWN LLP

4

5                                              By: _____

6                                              Rebecca Lawlor Calkins
                                               333 S. Grand Avenue
7                                              Los Angeles, California 90071-1543
                                               (213) 615-1700 (Telephone)
8                                              (213) 615-1750 (Facsimile)

9                                              and

10                                             Jennifer A. Golinveaux
11                                             101 California Street
                                               San Francisco, California 94111-5894
12                                             (415) 591-1000 (Telephone)
                                               (415) 591-1400 (Facsimile)
13

14                                             and

15                                             Michael S. Elkin
                                               Thomas P. Lane
16                                             200 Park Avenue
                                               New York, New York 10166-4193
17                                             (212) 294-6700 (Telephone)
                                               (212) 294-4700 (Facsimile)
18

19                                             Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

1

## DEMAND FOR JURY TRIAL

2

3          Pursuant to Federal Rule of Civil Procedure 38, plaintiff hereby demands a

4     jury trial of all issues triable by a jury.

5

6     Dated:  August 9, 2007                    WINSTON & STRAWN LLP

7

8                                                  By:_____

9                                                      Rebecca Lawlor Calkins
                                                       333 S. Grand Avenue
10                                                     Los Angeles, California 90071-1543
                                                       (213) 615-1700 (Telephone)
11                                                     (213) 615-1750 (Facsimile)

12                                                     and

13                                                     Jennifer A. Golinveaux
                                                       101 California Street
14                                                     San Francisco, California 94111-5894
                                                       (415) 591-1000 (Telephone)
15                                                     (415) 591-1400 (Facsimile)

16                                                     and

17

18                                                     Michael S. Elkin
                                                       Thomas P. Lane
19                                                     200 Park Avenue
                                                       New York, New York 10166-4193
20                                                     (212) 294-6700 (Telephone)
                                                       (212) 294-4700 (Facsimile)

21

22                                                     Attorneys for Plaintiff

23

24

25

26

27

28

101 California Street
San Francisco, CA 94111-5894

13

**ORIGINAL**

**BY FAX**

JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| VEOH NETWORKS, INC. | Please see Attachment A attached hereto |
| | 07 AUG -9 AM II: 45 |

| (b) County of Residence of First Listed Plaintiff _____ <br> (EXCEPT IN U.S. PLAINTIFF CASES) <br> San Diego County | County of Residence of First Listed _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number) <br> REBECCA LAWLOR CALKINS, ESQ. <br> WINSTON & STRAWN LLP <br> 333 So. Hope St., 38th Floor <br> Los Angeles, CA 90071 | Attorneys (If Known) <br> DEPUTY <br><br> '07 CV 1568 W  (BLM) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury— Med. Malpractice <br> ☐ 365 Personal Injury— Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br><br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other <br><br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt.Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☒ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br><br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br><br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): <br> 17 U.S.C. Section 101 et seq.; 28 U.S.C. Section 2291 <br> Brief description of cause: <br> Declaratory Relief for Non-Infringement |
|---|---|

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: <br> JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions) JUDGE | DOCKET NUMBER |
|---|---|---|

DATE
August 9, 2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 141307   AMOUNT $350.   8/9/07   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.  www.USCourtForms.com

ATTACHMENT A

I.    Defendants:

UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation; and DOES 1-10 INCLUSIVE,

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 141307   — SR**
**\* \* C O P Y \* \***
**August 09. 2007**
**11:50:00**

**Civ Fil Non-Pris**
USAO #.: 07CV1568 CIV. FIL.
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC#3313

**Total—>   $350.00**

FROM: VEOH NETWORKS, INC. V. UMG
        RECORDINGS, INC. ET AL
        CIVIL FILING