1  IRELL & MANELLA LLP
2  Steven A. Marenberg (101033) (smarenberg@irell.com)
   Elliot Brown (150802) (ebrown@irell.com)
3  Gregory A. Fayer (232303) (gfayer@irell.com)
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone:   (310) 277-1010
5  Facsimile:   (310) 203-7199

6
7  Attorneys for Plaintiffs

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11 UMG RECORDINGS, INC., a          ) Case No.  CV 06-06561
   Delaware corporation; UNIVERSAL  )
12 MUSIC CORP., a New York          )
   corporation; SONGS OF UNIVERSAL, ) **COMPLAINT FOR DIRECT,**
13 INC., a California corporation;   ) **CONTRIBUTORY, AND**
   UNIVERSAL-POLYGRAM              ) **VICARIOUS COPYRIGHT**
14 INTERNATIONAL PUBLISHING,        ) **INFRINGEMENT, AND FOR**
   INC., a Delaware corporation;     ) **INDUCEMENT OF COPYRIGHT**
15 RONDOR MUSIC INTERNATIONAL,      ) **INFRINGEMENT**
   INC., a California corporation,    )
16                                  )
17            Plaintiffs,            ) **DEMAND FOR JURY TRIAL**
                                    )
18        v.                        )
                                    )
19 GROUPER NETWORKS, INC., d/b/a    )
   GROUPER.COM, a Delaware          )
20 corporation; and DOES 1-10, inclusive, )
                                    )
21            Defendants.           )
                                    )
22                                  )
23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 4**

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1578195

COPY

FILED

2006 OCT 16 PM 1:05

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

BY___

Dockets.Justia.com

1       Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal,

2   Inc., Universal-PolyGram International Publishing, Inc., and Rondor Music

3   International, Inc. (collectively "Plaintiffs") allege, on information and belief, as

4   follows:

5                                    **INTRODUCTION**

6       1.      Defendant Grouper Network, Inc. ("Grouper") is one of a growing

7   number of so-called "user-generated content" internet websites that are building their

8   businesses with the protected intellectual property of others.  Rather than using its own

9   content, Grouper has instead chosen to seed and grow its service with the copyrighted

10  works owned by, among others, Plaintiffs.  Like the original Napster, Aimster, KaZaa,

11  and Morpheus, Grouper professes to do this in the name of "sharing."  But what it is

12  actually doing is engaging in the mass infringement of Plaintiffs' copyrighted works.

13      2.      As an integral and routine part of its service, known as Grouper.com,

14  Grouper actively participates in the infringement by itself copying, reformatting,

15  distributing and creating derivative works of Plaintiffs' copyrighted works.  Grouper

16  then invites and encourages users all over the world to view and copy these copyrighted

17  works and facilitates, encourages, participates in, and induces those users to engage in

18  the unauthorized reproduction, adaptation, distribution, and public performance of

19  Plaintiffs' music and audio-visual works.

20      3.      Through its use and exploitation of copyrighted material – including

21  hundreds (if not thousands) of Plaintiffs' copyrighted works to which Grouper has

22  failed to obtain the necessary rights – Grouper has become one of the most prominent

23  and valuable websites on the Internet.  Because Grouper derives significant financial

24  benefits from its and its users' unauthorized appropriation of Plaintiffs' copyrighted

25  materials, Grouper has a vested interest in continuing to engage in and facilitate such

26  unauthorized uses.  Although Grouper vigorously protects its own intellectual property,

27  and has the right, ability, and legal obligation to prevent infringement of Plaintiffs'

28  copyrighted works on the website that Grouper owns, controls, and monitors, Grouper

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 5**

1578195                                    - 2 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1  nevertheless has chosen to institute token, ineffective policies and procedures which are

2  designed to, and have the effect of, making it impossible for a copyright owner to

3  effectively prevent the widespread and ongoing infringement of its works by Grouper

4  and its users.

5      4.     Grouper's conduct makes it liable for the direct infringement of Plaintiffs'

6  copyrights, and for aiding, facilitating, and inducing the infringement of Plaintiffs'

7  copyrights by countless Grouper users.

8  **JURISDICTION AND VENUE**

9      5.     This is a civil action seeking damages and injunctive relief for

10  copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* This

11  Court has subject matter jurisdiction over these federal questions pursuant to 17

12  U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

13      6.     This Court has personal jurisdiction over defendant Grouper in that,

14  among other things, Grouper is doing business in this judicial District, and Plaintiffs

15  do business and are suffering harm in this judicial District.

16      7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and

17  (c).

18  **THE PARTIES**

19      8.     Plaintiff UMG Recordings, Inc. ("UMG") is a corporation duly

20  organized and existing under the laws of the State of Delaware, with its principal

21  place of business in Los Angeles County, California, and is duly qualified to

22  transact business in the State of California. UMG is engaged in the business of

23  producing sound recordings, and distributing, selling, and/or licensing the

24  distribution and sale of its sound recordings in phonorecords (as defined in 17

25  U.S.C. § 101) and in audiovisual works in the United States. UMG is the leading

26  producer of such phonorecords in the United States, including on its various record

27  labels such as (by way of example) Interscope, Geffen, A&M, Island, Def Jam,

28  Universal, Motown, and Verve. UMG invests substantial sums of money, as well as

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578195

**EXHIBIT A Page 6**

- 3 -

1 time, effort, and creative talent, to discover and develop recording artists, and to

2 create, advertise, promote, sell, and license phonorecords embodying the

3 performances of its exclusive recording artists. UMG owns copyrights in thousands

4 of sound recordings, including many of the most popular and well-known sound

5 recordings in the world.

6      9.    UMG is the copyright owner or the owner of exclusive rights under

7 copyright with respect to thousands of sound recordings (the "Copyrighted Sound

8 Recordings") – including by way of example those recordings listed on Exhibit A

9 hereto – for which UMG has obtained or has applied for Certificates of Copyright

10 Registration issued by the Register of Copyrights. UMG has the exclusive rights,

11 among other things, to reproduce the Copyrighted Sound Recordings in copies or

12 phonorecords; to prepare derivative audiovisual works based upon the Copyrighted

13 Sound Recordings; to distribute copies or phonorecords of the Copyrighted Sound

14 Recordings to the public; and to perform the Copyrighted Sound Recordings

15 publicly by means of a digital audio transmission. 17 U.S.C. §§ 106(1), 106(2),

16 106(3), 106(6).

17      10.    Plaintiff Universal Music Corp. ("UMC") is a corporation duly

18 organized and existing under the laws of the State of New York with its principal

19 place of business in Los Angeles County, California, and is duly qualified to

20 transact business in the State of California. Plaintiff Songs of Universal, Inc.

21 ("SOU") is a corporation duly organized and existing under the laws of the State of

22 California with its principal place of business in Los Angeles County, California,

23 and is duly qualified to transact business in the State of California. Plaintiff

24 Universal-Polygram International Publishing, Inc. ("UPIP") is a corporation duly

25 organized and existing under the laws of the State of Delaware with its principal

26 place of business in Los Angeles County, California, and is duly qualified to

27 transact business in the State of California. Plaintiff Rondor Music International,

28 Inc. ("RMI") is a corporation duly organized and existing under the laws of the State

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 7**

1578195

- 4 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1 of California, and is duly qualified to transact business in the State of California.

2 Rondor's principal place of business is Los Angeles County, California.  UMC,

3 SOU, UPIP, and RMI are engaged in the business of acquiring, owning, publishing,

4 administering, licensing, and otherwise exploiting copyrights in musical

5 compositions.  UMC, SOU, UPIP, and RMI invest substantial sums of money, as

6 well as time, effort, and creative talent, to acquire, administer, publish, license and

7 otherwise exploit such copyrights, on their own behalf and on behalf of songwriters

8 UMC, SOU, UPIP, and RMI owns copyrights in thousands of musical compositions,

9 including many of the most popular and well-known compositions in the world.

10      11.    UMC, SOU, UPIP, and RMI are the copyright owners (in whole or in

11 part) or the owners of exclusive rights under copyright (in whole or in part) with

12 respect to thousands of musical compositions (the "Copyrighted Musical

13 Compositions") – including by way of example those compositions listed on Exhibit

14 A hereto – for which UMC, SOU, UPIP, or RMI as the case may be, has obtained or

15 has applied for Certificates of Copyright Registration issued by the Register of

16 Copyrights.  UMC, SOU, UPIP, and RMI have the exclusive rights, among other

17 things, to reproduce the Copyrighted Musical Compositions in phonorecords; to

18 prepare derivative audiovisual works based upon the Copyrighted Musical

19 Compositions; and to perform the Copyrighted Musical Compositions publicly.  17

20 U.S.C. §§ 106(1), 106(2), 106(3), 106(4).

21      12.    Defendant Grouper is a corporation organized and existing under the

22 laws of the State of Delaware, with its principal place of business in Sausalito,

23 California.  Grouper describes itself as a "personal online networking service" that

24 enables its members to create personalized online profiles.  The Grouper site

25 receives millions of unique visitors each month.  As an integral part of this service,

26 Grouper permits, encourages, facilitates and induces the uploading of thousands of

27 copyrighted songs, sound recordings and music videos each day onto servers that it

28 owns or controls.  Grouper enables and encourages its users to upload and download

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 8**

1578195

- 5 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1  copyrighted content for free so that Grouper can profit – among other ways by

2  displaying paid advertisements tailored to reflect the content of the audiovisual work

3  that the user is accessing.  Grouper provides not only instant access to thousands of

4  copyrighted works for anyone with an Internet connection, but it also encourages the

5  public to download works posted on its servers to a personal computer, iPod, or

6  PlayStation and to email links to copyright content posted on its site to users'

7  friends.

8      13.    On August 23, 2006, Sony Pictures Entertainment ("SPE") announced

9  that it was acquiring Grouper.  Plaintiffs reserve the right to add SPE as a defendant

10  once the nature and full extent of SPE's relationship with Grouper.com is known.

11      14.    The true names and capacities, whether individual, corporate, associate,

12  or otherwise, of defendants sued herein as Does 1 through 10, are unknown to

13  Plaintiffs, which sue said defendants by such fictitious names (the "Doe

14  Defendants").  If necessary, Plaintiffs will seek leave of Court to amend this

15  complaint to state their true names and capacities when the same have been

16  ascertained.  Plaintiffs are informed and believe and on that basis aver that the Doe

17  Defendants are liable to Plaintiffs as a result of their participation in all or some of

18  the acts hereinafter set forth.  Grouper and the Doe Defendants are referred to

19  collectively herein as "Defendants."

20      15.    Plaintiffs are informed and believe and on that basis allege that at all

21  times mentioned in this complaint, each of the Defendants was the agent of each of

22  the other Defendants and, in doing the things alleged in this complaint, were acting

23  within the course and scope of such agency.

24  ## GENERAL AVERMENTS

25      16.    Defendants operate an internet website located at the Uniform Resource

26  Locator ("URL") www.Grouper.com.  Grouper allows anyone with Internet access

27  to obtain membership with Grouper in a matter of seconds for no charge.  Grouper

28  members can then upload audiovisual works to Grouper, which Grouper reproduces

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 9**

1578195

- 6 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1 onto servers that Grouper owns or controls, and which Grouper then makes
2 available for its members to download at the click of a button.  Many of these
3 audiovisual works contain the Copyrighted Sound Recordings and/or the
4 Copyrighted Musical Compositions.  Using the copies it has made, Grouper creates
5 an unauthorized derivative work embodying these works, and distributes and
6 publicly performs these works containing the Copyrighted Sound Recordings and/or
7 the Copyrighted Musical Compositions for anyone with Internet access.  As viewers
8 access these works, Grouper displays the paid advertisements from which Grouper
9 derives significant revenue.  The majority of these ads are specifically tailored to
10 reflect the content of the audiovisual works that the user is accessing.

11     17.    Specifically, in connection with its service, Grouper:

12         a) reproduces (*i.e.*, makes permanent copies of) audiovisual
13              works or "videos" containing hundreds of Plaintiffs'
14              copyrighted works onto servers that it owns or controls;

15         b) reformats the audiovisual works uploaded by its users into
16              multiple formats in order to facilitate the further copying and
17              distribution of such works to and by as many users as
18              possible;

19         c) embeds a "Grouper.com" watermark into the derivative copies
20              of each audio-visual work uploaded onto its servers;

21         d) distributes and publicly performs the audiovisual works
22              uploaded onto its servers to its users on demand;

23         e) encourages and allows users to "Download" audiovisual
24              works to a personal computer, iPod or PlayStation; "Post"
25              videos to MySpace, Friendster, or any other Internet site;
26              and/or "Tell Friends" by sending the works using an email
27              function;

28

IRELL & MANELLA LLP
A Registered Limited Liablity
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 10**

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1578195

- 7 -

f) purports to grant every user of its site a "world-wide, royalty-free license to publicly display, publicly perform, distribute, store, transcode, syndicate, broadcast, reproduce, edit, modify, create derivative works, and otherwise use and reuse ... in any manner, in any medium," any audiovisual work found on its site;

g) purports to receive from its users the right to "publicly display, publicly perform, distribute, store, transcode, syndicate, broadcast, reproduce, edit, modify, create derivative works, and otherwise use and reuse [video] Submission (or any portions or derivative works thereof) in any manner, in any medium, for any purpose";

h) monitors, controls and screens audiovisual works for content and reserves the right to delete any content from servers that it owns or controls;

i) encourages its members to index each audiovisual work by category and by user-generated "tags" or keywords to increase a work's searchability and exposure;

j) enables users to perform complex searches for audiovisual content by specifying desired categories, time periods, keywords and/or tags, and returns search queries with both text and thumbnail pictures;

k) allows users to filter search results by "most viewed," "most downloaded," "highest rated," "most discussed," "most viewed," and "most viral";

l) provides users with complete anonymity as they upload audiovisual works, and as they view, download, copy and/or further distribute those works;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578195

**EXHIBIT A Page 11**

- 8 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1    m) for each video that a viewer watches, Grouper generates a

2      selection of "related" and "featured" videos – which regularly

3      includes copyrighted works – for users to consider while

4      watching the video;

5    n) allows users to "rate" audiovisual works and makes this data

6      available to all users;

7    o) provides users with data such as a video's "rating," how many

8      times the video has been viewed, and how many times it has

9      been downloaded, and allows users to post and read comments

10     about particular videos;

11    p) provides users with information about and the ability to use

12      RSS ("Really Simple Syndication"), whereby a user can create

13      a feed for his or her favorite tags simply by entering the tag or

14      user name in the field provided by Grouper, which allows a

15      user to receive content tailored to the user's specifications

16      from sites throughout the Internet without the user visiting

17      each site individually;

18    18.  As an illustrative example, any user wishing to view or copy

19 unauthorized reproductions of music videos of superstar artist Mariah Carey on

20 Grouper can simply go to grouper.com and type "Mariah Carey" into the search

21 box. In response, Grouper supplies a list of Mariah Carey videos that are available

22 for immediate viewing and downloading. Exhibit B, for example, shows a

23 screenshot of what awaits a user who wishes to view or download Mariah Carey's

24 "Shake It Off" video on the grouper.com site – one that according to Grouper has

25 been viewed over 50,000 times. The screenshot also demonstrates that Grouper has

26 branded "Shake It Off" by embedding "grouper.com" and Grouper's logo in the

27 lower right-hand corner of the video. Grouper then enables a user to immediately

28 play the video, including the copyrighted works, simply by pressing the play button.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 12**

1  Still further, for those users who want to retain a free permanent copy, and/or to

2  further disseminate the grouper.com-branded copies, Grouper supplies buttons to

3  "Download to PC," "Download to iPod," and "Download to PSP."   To encourage

4  further viewing of the video – and thereby profit by driving more traffic to

5  grouper.com – Grouper makes it easy for users to disseminate links to this

6  grouper.com-branded copy by providing buttons "Tell Friends," i.e., email a link to

7  the infringing video, and buttons to "post" links of the video to other popular

8  websites including MySpace, Friendster and DIGG.

9      19.    As Defendants know, should know, and/or with reasonable diligence

10  could ascertain, many of the audiovisual works on Grouper's website contain

11  copyrighted material, including the Copyrighted Sound Recordings and the

12  Copyrighted Musical Compositions.  These works often embody popular songs or

13  "hits" performed by prominent recording artists.  Many are synchronized with

14  expensive, professionally-made videos, and may include titles, credits, or other

15  indicia that make apparent the source of the recordings.  It is widely known and

16  understood that such sound recordings and compositions are protected by copyright.

17      20.    Grouper and its users did not receive any license, authorization,

18  permission, or consent to use the Copyrighted Sound Recordings or the Copyrighted

19  Musical Compositions.  Instead, in violation of Plaintiffs' rights under copyright

20  law, Defendants have willfully, intentionally, and purposefully reproduced, adapted,

21  distributed, and publicly performed the Copyrighted Sound Recordings and the

22  Copyrighted Musical Compositions, and/or knowingly facilitated, enabled, induced,

23  and materially contributed to infringing uses thereof, and/or refused to exercise their

24  ability to control or supervise infringing uses thereof from which Defendants

25  financially benefit, including by earning revenue from selling advertising keyed to

26  the content of the work selected for viewing, and from the overall increase in user

27  traffic and commercial value of its business and property arising from the "draw" of

28  infringing Copyrighted Sound Recordings and Copyrighted Musical Compositions.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 13**

1578195

- 10 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1  Further, Defendants have continued to willfully infringe Plaintiffs' rights even after

2  Plaintiffs have notified them that their use of Plaintiffs' copyrighted materials

3  violates Plaintiffs' rights under copyright.  In these ways, among others, Defendants

4  have infringed Plaintiffs' copyrights and rights under copyright in the Copyrighted

5  Sound Recordings and the Copyrighted Musical Compositions.

6                             **COUNT I**

7              **DIRECT COPYRIGHT INFRINGEMENT**

8                    **[Against All Defendants]**

9          21.    Plaintiffs incorporate herein by this reference each and every averment

10  contained in paragraphs 1 through 20, inclusive.

11         22.    Through their conduct averred herein, Defendants have infringed

12  Plaintiffs' copyrights in the Copyrighted Sound Recordings and the Copyrighted

13  Musical Compositions by reproducing, adapting, distributing, and/or publicly

14  performing audiovisual works embodying the copyrighted material without

15  authorization in violation of Sections 106, 115, and 501 of the Copyright Act, 17

16  U.S.C. §§ 106, 115, and 501.

17         23.    Each infringement by Defendants in and to the Copyrighted Sound

18  Recordings or the Copyrighted Musical Compositions constitutes a separate and

19  distinct act of infringement.

20         24.    Defendants' acts of infringement were willful, in disregard of and with

21  indifference to the rights of Plaintiffs.

22         25.    As a direct and proximate result of the infringements by Defendants,

23  Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at

24  trial which are not currently ascertainable.  If necessary, Plaintiffs will seek leave to

25  amend this complaint to state the full amount of such damages and profits when

26  such amounts have been ascertained.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578195

**EXHIBIT A Page 14**

- 11 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1    26.    Alternatively, Plaintiffs are entitled to the maximum statutory damages

2  in the amount of $150,000 with respect to each work infringed, or for such other

3  amounts as may be proper under 17 U.S.C. § 504(c).

4    27.    Plaintiffs further are entitled to their attorneys' fees and full costs

5  pursuant to 17 U.S.C. § 505.

6    28.    As a direct and proximate result of the foregoing acts and conduct,

7  Plaintiffs have sustained and will continue to sustain substantial, immediate, and

8  irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are

9  informed and believe and on that basis aver that unless enjoined and restrained by

10  this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted

11  Sound Recordings and the Copyrighted Musical Compositions.  Plaintiffs are

12  entitled to preliminary and permanent injunctive relief.

13                          **COUNT II**

14          **CONTRIBUTORY COPYRIGHT INFRINGEMENT**

15                    **[Against All Defendants]**

16    29.    Plaintiffs incorporate herein by this reference each and every averment

17  contained in paragraphs 1 through 28, inclusive.

18    30.    Defendants have and continue to knowingly and systematically

19  materially contribute to, intentionally induce, and/or cause unauthorized

20  reproductions, adaptations, distributions, and/or public performances of the

21  Copyrighted Sound Recordings and the Copyrighted Musical Compositions and thus

22  to the infringement of Plaintiffs' copyrights and exclusive rights under copyright in

23  the Copyrighted Sound Recordings and the Copyrighted Musical Compositions.

24    31.    Each infringement by Defendants in and to the Copyrighted Sound

25  Recordings or the Copyrighted Musical Compositions constitutes a separate and

26  distinct act of infringement.

27    32.    Defendants' acts of infringement were willful, in disregard of and with

28  indifference to the rights of Plaintiffs.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 15**

1578195

- 12 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

33. As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial which are not currently ascertainable. If necessary, Plaintiffs will seek leave to amend this complaint to state the full amount of such damages and profits when such amounts have been ascertained.

34. Alternatively, Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

35. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

36. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe and on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted Sound Recordings and the Copyrighted Musical Compositions. Plaintiffs are entitled to preliminary and permanent injunctive relief.

## COUNT III

## VICARIOUS COPYRIGHT INFRINGEMENT

### [Against All Defendants]

37. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 36, inclusive.

38. Defendants have the right and ability to supervise and/or control the infringing conduct of their users. Defendants have refused to exercise such supervision and/or control to the extent required under law. As a direct and proximate result of such refusal, Defendants' users have infringed Plaintiffs' copyrights in the Copyrighted Sound Recordings and the Copyrighted Musical Compositions, including by reproducing, adapting, distributing, and publicly

RELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578195

**EXHIBIT A Page 16**

- 13 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1 | performing such Copyrighted Sound Recordings and the Copyrighted Musical
2 | Compositions.

3 |     39.   Defendants derive a direct financial benefit, including but not limited to
4 | from advertising revenue and from the increased user traffic and increase in value of
5 | Defendants' business arising from the "draw" of infringing Copyrighted Sound
6 | Recordings and Copyrighted Musical Compositions.

7 |     40.   Each infringement by Defendants in and to the Copyrighted Sound
8 | Recordings or the Copyrighted Musical Compositions constitutes a separate and
9 | distinct act of infringement.

10 |     41.   Defendants' acts of infringement were willful, in disregard of and with
11 | indifference to the rights of Plaintiffs.

12 |     42.   As a direct and proximate result of the infringements by Defendants,
13 | Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at
14 | trial which are not currently ascertainable.  If necessary, Plaintiffs will seek leave to
15 | amend this complaint to state the full amount of such damages and profits when
16 | such amounts have been ascertained.

17 |     43.   Alternatively, Plaintiffs are entitled to the maximum statutory damages
18 | in the amount of $150,000 with respect to each work infringed, or for such other
19 | amounts as may be proper under 17 U.S.C. § 504(c).

20 |     44.   Plaintiffs further are entitled to their attorneys' fees and full costs
21 | pursuant to 17 U.S.C. § 505.

22 |     45.   As a direct and proximate result of the foregoing acts and conduct,
23 | Plaintiffs have sustained and will continue to sustain substantial, immediate, and
24 | irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are
25 | informed and believe and on that basis aver that unless enjoined and restrained by
26 | this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted
27 | Sound Recordings and the Copyrighted Musical Compositions.  Plaintiffs are
28 | entitled to preliminary and permanent injunctive relief.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 17**

1578195

- 14 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT IV

## INDUCING COPYRIGHT INFRINGEMENT

### [Against All Defendants]

46.    Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 45, inclusive.

47.    Defendants have designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials.  As a direct and proximate result of such inducement, Defendants' and its users have infringed Plaintiffs' copyrights in the Copyrighted Sound Recordings and the Copyrighted Musical Compositions, including by reproducing, adapting, distributing, and publicly performing such Copyrighted Sound Recordings and the Copyrighted Musical Compositions.

48.    Each infringement by Defendants in and to the Copyrighted Sound Recordings or the Copyrighted Musical Compositions – including, without limitation, each act of inducing a third party to infringe one of the Copyrighted Sound Recordings or Copyrighted Musical Compositions – constitutes a separate and distinct act of infringement.

49.    Defendants' acts of infringement and inducement of infringement were willful, in disregard of and with indifference to the rights of Plaintiffs.

50.    As a direct and proximate result of the acts of infringement and inducement of infringement by Defendants, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  If necessary, Plaintiffs will seek leave to amend this complaint to state the full amount of such damages and profits when such amounts have been ascertained.

51.    Alternatively, Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 with respect to each act of inducing another to infringe

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578195

**EXHIBIT A Page 18**

- 15 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1  one of the Copyrighted Sound Recordings or Copyrighted Musical Compositions, or

2  for such other amounts as may be proper under 17 U.S.C. § 504(c).

3      52.    Plaintiffs further are entitled to their attorneys' fees and full costs

4  pursuant to 17 U.S.C. § 505.

5      53.    As a direct and proximate result of the foregoing acts and conduct,

6  Plaintiffs have sustained and will continue to sustain substantial, immediate, and

7  irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are

8  informed and believe and on that basis aver that unless enjoined and restrained by

9  this Court, Defendants will continue to infringe and induce infringement of

10  Plaintiffs' rights in the Copyrighted Sound Recordings and the Copyrighted Musical

11  Compositions.  Plaintiffs are entitled to preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of

14  them, jointly and severally, as follows:

15      1.    For Plaintiffs' damages and Defendants' profits in such amount as may

16  be found; alternatively, for maximum statutory damages in the amount of $150,000

17  with respect to each copyrighted work infringed either directly or indirectly, and

18  with respect to each act of inducing another to infringe one of the copyrighted

19  works, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

20      2.    For a preliminary and a permanent injunction enjoining Defendants,

21  and each of them, and their respective agents, servants, employees, officers,

22  successors, licensees and assigns, and all persons acting in concert or participation

23  with each or any of them, from:  (i) directly or indirectly reproducing, adapting,

24  distributing, publicly performing (in the case of Plaintiffs' sound recordings, by

25  means of a digital audio transmission), or otherwise infringing in any manner any of

26  Plaintiffs' copyrights (whether now in existence or hereafter created), including,

27  without limitation, the copyrights listed on Schedule A; and (ii) causing,

28  contributing to, inducing, enabling, facilitating, or participating in the infringement

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT A Page 19**

1578195

- 16 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1  of any of Plaintiffs' copyrights, including, without limitation, the copyrights listed

2  on Schedule A.

3        3.    For prejudgment interest according to law.

4        4.    For Plaintiffs' attorneys' fees and full costs incurred in this action.

5        5.    For such other and further relief as the Court may deem just and proper.

6  Dated: October 16, 2006                 IRELL & MANELLA LLP

7                                          Steven A. Marenberg
                                           Elliot Brown
8                                          Gregory A. Fayer

9

10

11                                         By: _____
                                               Steven A. Marenberg
12
                                           Attorneys for Plaintiffs
13                                         UMG RECORDINGS, INC.;
                                           UNIVERSAL MUSIC CORP.; SONGS
14                                         OF UNIVERSAL, INC.; UNIVERSAL-
                                           POLYGRAM INTERNATIONAL
15                                         PUBLISHING, INC.; RONDOR MUSIC
                                           INTERNATIONAL, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578195

EXHIBIT A Page 20

- 17 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby request a trial by jury.

3

4
Dated:  October 16, 2006                    IRELL & MANELLA LLP
5                                            Steven A. Marenberg
                                             Elliot Brown
6                                            Gregory A. Fayer

7

8
                                            By: _____
9                                               Steven A. Marenberg

10
                                            Attorneys for Plaintiffs
11                                           UMG RECORDINGS, INC.;
                                             UNIVERSAL MUSIC CORP.; SONGS
12                                           OF UNIVERSAL, INC.; UNIVERSAL-
                                             POLYGRAM INTERNATIONAL
13                                           PUBLISHING, INC.; RONDOR MUSIC
                                             INTERNATIONAL, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

EXHIBIT A Page 21

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1578195

# Exhibit A

## EXHIBIT A

### Sound Recordings

|     | Artist | Title | U.S. Copyright Registration |
| --- | --- | --- | --- |
| 1. | 50 Cent | "Candy Shop" | SR-366-051 |
| 2. | All American Rejects | "Swing Swing" | SR-323-454 |
| 3. | Black Eyed Peas | "Hey Mama" | SR-334-398 |
| 4. | Mariah Carey | "Shake It Off" | SR-370-795 |
| 5. | Nelly Furtado | "Maneater" | SR-387-509 |
| 6. | The Killers | "Mr. Brightside" | SR-355-962 |
| 7. | No Doubt | "Hey Baby" | SR-305-872 |
| 8. | Pussycat Dolls | "I Don't Need a Man" | SR-377-102 |
| 9. | George Strait | "I Cross My Heart" | SR-146-421 |

### Compositions

|     | Artist | Title | U.S. Copyright Registration |
| --- | --- | --- | --- |
| 1. | 50 Cent | "Candy Shop" | PA 1-298-495 |
| 2. | Anastasia | "Left Outside Alone" | PA 1-242-285 |
| 3. | Mary J. Blige | "Take Me As I Am" | PA 1-325-474 |
| 4. | Bon Jovi | "Have a Nice Day" | PA 1-003-884 |
| 5. | Mariah Carey | "Shake It Off" | PA 1-285-728 |
| 6. | Ice Cube | "Why We Thugs" | Pending |
| 7. | Avril Lavigne | "Complicated" | PA-1-094-639 |
| 8. | Pussycat Dolls | "Buttons" | Pending |
| 9. | Pussycat Dolls | "I Don't Need a Man" | PA 1-314-866 |

Exhibit B



i like her songs
j11latina                                    Report Comment

i love this song xo much...
renkheekay_28pinkangel                       Report Comment

astrudshine19@yahoo.com.ph add me up...i luv mariah a lot!!!
darley vergara                               Report Comment

i love you mariah!!!!!!!!!!!!!!!
valerosoryan                                 Report Comment

love yooooooo..... ur so very god in singing.... gwaveeeeee.... im ur # fan .... pwamiz
smiley-girl_018                              Report Comment

luv q 2.........!!!!!!!!!!
cyrille_jazmine                              Report Comment

to the highest level na to!!!!! love u mariah carey!!!
mega                                         Report Comment

Copyright Grouper Networks, Inc. 2006

**EXHIBIT A Page 26**          **Exhibit B 21**