```
 1  GREENBERG TRAURIG, LLP
    JEFF E. SCOTT (SBN 126308)
 2  IAN C. BALLON (SBN 141819)
    WENDY M. MANTELL (SBN 225544)
 3  2450 COLORADO AVENUE, SUITE 400E
    Santa Monica, California 90404
 4  Telephone: (310) 586-7700
 5  Facsimile: (310) 586-7800
    Email: ScottJ@gtlaw.com
 6  Ballon@gtlaw.com
 7
    Attorneys for Defendant
 8  GROUPER NETWORKS, INC., d/b/a GROUPER.COM
```

FILED 2006 NOV 21 PM 4:07

"BY FAX"

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff(s),<br><br>vs.<br><br>GROUPER NETWORKS, INC., d/b/a GROUPER.COM, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendant(s). | CASE NO. CV06-06561 AHM (AJWx)<br><br>**ANSWER TO COMPLAINT**<br><br>CTRM: 14<br>JUDGE: A. Howard Matz<br>DATE FILED: October 16, 2006<br>TRIAL DATE: None set |

ANSWER TO COMPLAINT

LA 126869655v4 11/21/2006



EXHIBIT B Page 27

Dockets.Justia.com

Defendant Grouper Networks, Inc. ("Grouper") answers the Complaint filed by plaintiffs, which are various related UMG entities (collectively, "UMG"), as follows:

## GENERAL RESPONSE

1. Grouper is a legitimate internet service provider and a leading innovator in the *user-generated* video market. The technology offered by Grouper allow users to create their own videos, and then share them with friends, family and other visitors to Grouper's internet website, located at www.grouper.com (the "Website"). Grouper is not a site that induces, promotes, encourages or facilitates piracy and thus is quite different from the defendants in the *Napster*, *Aimster* and *Grokster* cases, to which UMG attempts to compare Grouper. Those defendants built businesses entirely around copyright infringement and were sued by entire industries. While encouraging and building a business around legitimate user created content, Grouper consistently has discouraged users from misusing its technology to upload and share copyrighted material without permission from the copyright owners. Indeed, Grouper goes beyond what the law requires in seeking to deter copyright infringement. Grouper contractually prohibits users from infringing third party copyrights. In addition, both when they register with Grouper and accept its Terms of Service and at every step in the process of uploading a video, Grouper users are reminded and warned that they may not make wrongful use of copyrighted materials. Further, Grouper is in the process of implementing a cutting edge filtering system to protect against users' violation of copyrights. Grouper also fully complies with copyright owners' requests to remove copyrighted materials that users may improperly upload to the Website by timely complying with notices from copyright owners that substantially comply with the Digital Millennium Copyright Act.

2. Like other legitimate service providers, Grouper cannot prevent third parties from attempting to misuse its service by uploading unlicensed material (in violation of Grouper's Terms of Service). Congress, recognizing this situation, enacted the Digital Millennium Copyright Act ("DMCA") in 1998 to shield service providers such as Grouper from lawsuits for copyright infringement while also affording a remedy

to copyright owners so that their works would not remain online where they could be freely copied and distributed. The DMCA places the responsibility on copyright owners, not service providers, to search for and identify infringing material, and provide service providers with notifications that substantially comply with the DMCA's requirements.

3. The DMCA insulates service providers from liability for damages and attorneys' fees for copyright infringement based on content stored at the direction of users on a service provider's system or network. Grouper is a service provider that qualifies for the DMCA's safe harbor protections. In fact, Grouper timely complies with DMCA take down notices sent to it by copyright owners by removing infringing content from the Website.

4. By this lawsuit, UMG attempts to shift to Grouper their legal obligation under the DMCA to monitor and report third party acts of infringement. Grouper remains ready, willing and able to take down any copyrighted material from its Website, and to provide other tools to rights owners to assist them in their efforts to monitor the site for any infringing content. However, that is not what UMG wants in this case. UMG seeks to turn the DMCA on its head by imposing on service providers (such as Grouper) the obligations that Congress plainly placed on content owners (such as UMG).

5. As set forth in this Answer in greater detail below, Grouper asks this Court to dismiss UMG's Complaint and award Grouper its costs, including reasonable attorneys' fees, as provided for by the 1976 Copyright Act.

## ANSWER TO SPECIFIC ALLEGATIONS

6. Answering paragraph 1 of the Complaint, Grouper admits that its site hosts user-generated content but denies all of the remaining allegations in paragraph 1 of the Complaint.

7. Grouper denies the allegations in paragraph 2 of the Complaint.

8. Grouper denies the allegations in paragraph 3 of the Complaint.

9. Grouper denies the allegations in paragraph 4 of the Complaint.

10. Answering paragraph 5 of the Complaint, Grouper admits that UMG seeks the relief described in paragraph 5 of the Complaint, but denies that they are entitled to it. Grouper admits that this Court has subject matter jurisdiction over this lawsuit.

11. Answering paragraph 6 of the Complaint, Grouper admits that this Court has personal jurisdiction over it and that it conducts business in this judicial District. Grouper further admits that UMG does business in this judicial District. Grouper denies the remaining allegations in paragraph 6 of the Complaint.

12. Answering paragraph 7 of the Complaint, Grouper admits that venue is proper in this District, but denies that this is the most convenient venue for this lawsuit.

13. Grouper lacks sufficient knowledge or information to admit the allegations in paragraph 8 of the Complaint, and on that basis denies them.

14. Grouper lacks sufficient knowledge or information to admit the allegations in paragraph 9 of the Complaint, and on that basis denies them.

15. Grouper lacks sufficient knowledge or information to admit the allegations in paragraph 10 of the Complaint, and on that basis denies them.

16. Grouper lacks sufficient knowledge or information to admit the allegations in paragraph 11 of the Complaint, and on that basis denies them.

17. Answering paragraph 12 of the Complaint, Grouper admits the allegations in the first sentence. Grouper denies all of the remaining allegations in paragraph 12.

18. Answering paragraph 13 of the Complaint, Grouper admits the allegations in the first sentence. Grouper lacks sufficient knowledge or information to admit the allegations in the second sentence of paragraph 13, and on that basis denies them. Grouper further denies that UMG has any legitimate right to add SPE as a defendant.

19. Answering paragraph 14 of the Complaint, Grouper lacks sufficient knowledge or information to admit the allegations and on that basis denies them.

20. Grouper denies the allegations in paragraph 15 of the Complaint.

21. Answering paragraph 16 of the Complaint, Grouper admits that it operates a website at www.Grouper.com. Grouper further admits that users may upload content to its servers. Grouper denies all of the remaining allegations in paragraph 16.

22. Answering paragraph 17 of the Complaint, Grouper admits that audiovisual works uploaded by users are reformatted automatically by software and that software (a) causes the Grouper.com logo to be attached as a watermark on the user uploaded video; (b) permits users to search the Website based on information supplied by the users uploading videos; (c) generates categories of videos including "Most Viewed," "Most Discussed," "Highest Rated," "Most Viral," "Groovies" and "Funny" based on information supplied by the users uploading videos; (d) provides thumbnails of "Related" videos and "Featured" videos, a rating option (and the opportunity to review others' ratings), other statistics, including number of views, and options to create an in-line link or comment, on the same page as the video being watched by a user; and (e) provides an "RSS Video" tab which, when clicked, provides information about "RSS" and allows the user to set up an "RSS" feed.

Grouper further admits Paragraph 17 purports to quote in part from or characterize the contents of the Grouper Terms of Service, which document speaks for itself.

Grouper denies all other allegation of Paragraph 17.

23. Grouper denies the allegations in paragraph 18.

24. Answering paragraph 19 of the Complaint, Grouper lacks sufficient knowledge or information to admit the allegations and on that basis denies them.

25. Answering paragraph 20 of the Complaint, Grouper lacks sufficient knowledge or information to admit the allegations in the first sentence and therefore denies them. Grouper denies all of the remaining allegations in paragraph 20.

## COUNT I

26. Answering paragraph 21 of the Complaint, Grouper incorporates by this reference its responses to paragraphs 1 through 20 of the Complaint, inclusive.

1  27.  Grouper denies the allegations in paragraph 22 of the Complaint.
2  28.  Grouper denies the allegations in paragraph 23 of the Complaint.
3  29.  Grouper denies the allegations in paragraph 24 of the Complaint.
4  30.  Grouper denies the allegations in paragraph 25 of the Complaint and that UMG is entitled to any of the relief requested.
5  31.  Grouper denies the allegations in paragraph 26 of the Complaint and that UMG is entitled to any of the relief requested.
6  32.  Grouper denies the allegations in paragraph 27 of the Complaint and that UMG is entitled to any of the relief requested.
7  33.  Grouper denies the allegations in paragraph 28 of the Complaint and that UMG is entitled to any of the relief requested.

## COUNT II

34.  Answering paragraph 29 of the Complaint, Grouper incorporates by this reference its responses to paragraphs 1 through 28 of the Complaint, inclusive.
35.  Grouper denies the allegations in paragraph 30 of the Complaint.
36.  Grouper denies the allegations in paragraph 31 of the Complaint.
37.  Grouper denies the allegations in paragraph 32 of the Complaint.
38.  Grouper denies the allegations in paragraph 33 of the Complaint and that UMG is entitled to any of the relief requested.
39.  Grouper denies the allegations in paragraph 34 of the Complaint and that UMG is entitled to any of the relief requested.
40.  Grouper denies the allegations in paragraph 35 of the Complaint and that UMG is entitled to any of the relief requested.
41.  Grouper denies the allegations in paragraph 36 of the Complaint and that UMG is entitled to any of the relief requested.

## COUNT III

42.  Answering paragraph 37 of the Complaint, Grouper incorporates by this reference its responses to paragraphs 1 through 36 of the Complaint, inclusive.

43. Grouper denies the allegations in paragraph 38 of the Complaint.

44. Grouper denies the allegations in paragraph 39 of the Complaint.

45. Grouper denies the allegations in paragraph 40 of the Complaint.

46. Grouper denies the allegations in paragraph 41 of the Complaint.

47. Grouper denies the allegations in paragraph 42 of the Complaint and that UMG is entitled to any of the relief requested.

48. Grouper denies the allegations in paragraph 43 of the Complaint and that UMG is entitled to any of the relief requested.

49. Grouper denies the allegations in paragraph 44 of the Complaint and that UMG is entitled to any of the relief requested.

50. Grouper denies the allegations in paragraph 45 of the Complaint and that UMG is entitled to any of the relief requested.

## COUNT IV

51. Answering paragraph 46 of the Complaint, Grouper incorporates by this reference its responses to paragraphs 1 through 45 of the Complaint, inclusive.

52. Grouper denies the allegations in paragraph 47 of the Complaint.

53. Grouper denies the allegations in paragraph 48 of the Complaint.

54. Grouper denies the allegations in paragraph 49 of the Complaint.

55. Grouper denies the allegations in paragraph 50 of the Complaint and that UMG is entitled to any of the relief requested.

56. Grouper denies the allegations in paragraph 51 of the Complaint and that UMG are entitled to any of the relief requested.

57. Grouper denies the allegations in paragraph 52 of the Complaint and that UMG is entitled to any of the relief requested.

58. Grouper denies the allegations in paragraph 53 of the Complaint and that UMG is entitled to any of the relief requested.

59. Except as expressly admitted above, Grouper denies the allegations in the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

60. The Complaint fails to allege facts sufficient to state a claim against Grouper.

### SECOND AFFIRMATIVE DEFENSE
### (DMCA Safe Harbor)

61. UMG's claims are barred in whole or part by the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### THIRD AFFIRMATIVE DEFENSE
### (Substantial Non-Infringing Use)

62. UMG's claims are barred in whole or part because Grouper's product has substantial non-infringing uses.

### FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

63. UMG's claims are barred in whole or part because Grouper's use, if any, of UMG's copyrighted works constitutes a fair use.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Register)

64. Upon information and belief, UMG's claims are barred in whole or part to the extent that UMG has not properly or timely registered its works.

### SIXTH AFFIRMATIVE DEFENSE
### (Implied License)

65. UMG's claims are barred in whole or part based on an implied license.

### SEVENTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

66. UMG' claims are barred in whole or part because UMG has misused its copyrights for anti-competitive purposes, including to damage Grouper for the purpose of benefiting a rival system in which UMG has a financial interest and stake.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

67.  UMG's claims are barred in whole or part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(*De Minimis* Use)

68.  UMG' claims are barred in whole or part because Grouper's use, if any, of UMG' copyrighted works has been *de minimis*.

## TENTH AFFIRMATIVE DEFENSE

(Estoppel)

69.  UMG is estopped from seeking relief from Grouper based on its failure to properly identify the infringing works that it contends appear on Grouper's system or network, and by failing to reasonably cooperate in Grouper's efforts to take down any infringing works.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

70.  UMG has failed to mitigate its alleged damages by refusing to comply with the DMCA, refusing to properly identify the infringing works that it contends appear on Grouper's system or network, and by failing to reasonably cooperate in Grouper's efforts to take down any infringing works.

## TWELFTH AFFIRMATIVE DEFENSE

(Excessive Damages)

71.  The statutory damages sought are legally and factually excessive and/or otherwise legally improper.

ANSWER TO COMPLAINT

WHEREFORE, Grouper prays for relief as follows:

1. That plaintiffs take nothing on their Complaint;
2. For costs of suit; and
3. For attorney's fees.

DATED: November 21, 2006        GREENBERG TRAURIG, LLP

By _____
Jeff E. Scott
Attorneys for Defendant
GROUPER NETWORKS, INC.

9
ANSWER TO COMPLAINT

LA 126669655v4 11/21/2006    **EXHIBIT B Page 36**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404.**

On November 21, 2006 served the **ANSWER TO COMPLAINT** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Irell & Manella LLP
Steven A. Marenberg
Elliot Brown
Gregory Fayer
1800 Avenue of the Stars, Suite 900
Los Angeles, CA   90067-4276

☒ **(BY MAIL)**

☐ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☐ **(BY FACSIMILE)**
On Type Date here, I transmitted the foregoing document(s) by facsimile sending number. Pursuant to rule 2009(i)(4), I caused the machine to print a transmission record of the transmission, a true and correct copy of which is attached to this declaration.

☐ **(BY PERSONAL SERVICE)**
I delivered such envelope by hand to the offices of the addressee. Executed on Type Date here, at Santa Monica, California.

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 21, 2006, at Santa Monica, California.

_____
Signature

10
ANSWER TO COMPLAINT         Print Name