1 | Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
2 | Gregory A. Fayer (232303) (gfayer@irell.com)
IRELL & MANELLA LLP
3 | 1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
4 | Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199
5 |
6 |
Attorneys for Plaintiffs
7 | UMG Recordings, Inc., Universal Music Corp.
Songs of Universal, Inc., Universal-Polygram
8 | International Publishing, Inc. and Rondor Music
International, Inc.
9 |
10 | Jeff E. Scott (SBN 126308)
Ian C. Ballon (SBN 141819)
11 | Wendy M. Mantell (SBN 225544)
GREENBERG TRAURIG, LLP
12 | 2450 Colorado Avenue, Suite 400e
Santa Monica, California  90404
13 | Telephone: (310) 586-7700
Facsimile: (310) 586-7800
14 | Email:  ScottJ@gtlaw.com
15 |
Attorneys for Defendant
16 | Grouper Networks, Inc., d/b/a Grouper.com
17 |
18 |                 **UNITED STATES DISTRICT COURT**
19 |                **CENTRAL DISTRICT OF CALIFORNIA**
                        **WESTERN DIVISION**
20 |

| 21 | UMG RECORDINGS, INC., *et al.*, | Case No. CV06-6561 AHM (AJWx) |
| 22 |           Plaintiffs, | |
| 23 |       v. | **JOINT RULE 26(f) REPORT** |
| 24 | GROUPER NETWORKS, INC., d/b/a | Judge:  Hon. A. Howard Matz |
| 25 | GROUPER.COM, a Delaware corporation; and DOES 1-10, inclusive, | Rule 26(f) Conf. Date:  February 5, 2007<br>Ctrm:  14 |
| 26 |           Defendants. | Time:  1:30 p.m. |
| 27 | | |
| 28 | | |

1   Pursuant to Federal Rule of Civil Procedure 26(f), Central District of
2   California Local Rule 26-1, and this Court's December 1, 2006 Order, counsel for
3   all parties met and conferred on January 11 and January 15, 2007, and hereby
4   submit this Joint Report.

5   a)    **SHORT SYNOPSIS OF PARTIES' MAIN CLAIMS AND DEFENSES**
6         **UMG's Statement:**

7   This is an action for direct, contributory and vicarious copyright infringement
8   and for inducement of copyright infringement brought by plaintiffs UMG
9   Recordings, Inc., *et al.* ("UMG") against defendant Grouper Networks, Inc.
10  ("Grouper"). UMG's claims arise out of Grouper's unauthorized exploitation of
11  UMG's copyrighted materials on its website, Grouper.com – one of the most
12  popular and successful so-called "user-generated content" websites on the Internet.
13  Notwithstanding its moniker, much of the content that Grouper provides to its users
14  for streaming and downloading is not user-generated at all, but is in fact the stolen
15  intellectual property of UMG and others. At the time this lawsuit was filed, Grouper
16  knew that hundreds of UMG's copyrighted works were readily available for display,
17  copying and distribution, and, although it could have, Grouper did *nothing* about it.
18  Indeed, by offering its users free access to UMG's copyrighted works – and by
19  running targeted advertising that is specifically tailored to the content of those works
20  – Grouper has become one of the most successful and valuable websites on the
21  Internet. Neither Grouper nor its hundreds of thousands of users have obtained the
22  rights to use and exploit UMG's copyrighted works, and neither UMG nor its artists
23  have received any compensation for Grouper's unauthorized use of UMG's works.

24  Grouper engages in direct infringement of UMG's copyrighted works by,
25  *inter alia*, copying, reformatting, distributing, publicly displaying and performing,
26  and creating derivative works of those works. Grouper also participates in and
27  contributes to the infringement of its users by inviting and encouraging users all
28  over the world to view and copy UMG's copyrighted works and by facilitating,

**EXHIBIT C Page 39**    2

1 encouraging, participating in, and inducing its users to engage in the unauthorized
2 reproduction, adaptation, distribution, and public performance of UMG's
3 copyrighted works. Grouper's conduct is not excused by any provision of the
4 Copyright Act, including but not limited to the safe harbor provisions of the Digital
5 Millennium Copyright Act ("DMCA") (notwithstanding Grouper's misstatement of
6 rights and obligations imposed by the DMCA) or any of the other panoply of
7 defenses such as "fair use" that Grouper seeks to avail itself of in this case.

8 **Grouper's Statement:**

9 This case is governed by the Digital Millennium Copyright Act, 17 U.S.C. §
10 512 ("DMCA").

11 UMG has sued Grouper for infringement of 15 songs. Grouper has fully
12 complied with the DMCA and is not liable for any acts of infringement by third
13 party users of its service.

14 Grouper is a legitimate internet service provider and a leading innovator in
15 the *user-generated* video market. The technology offered by Grouper allows users
16 to create their own videos, and then share them with friends, family and other
17 visitors to Grouper's internet website, located at www.grouper.com. While
18 encouraging and building a business around legitimate user created content, Grouper
19 consistently has discouraged users from misusing its technology to upload and share
20 copyrighted material without permission from the copyright owners. Indeed,
21 Grouper goes beyond what the law requires in seeking to deter copyright
22 infringement. Grouper contractually prohibits users from infringing third party
23 copyrights. In addition, when they register with Grouper and accept its Terms of
24 Service, and at every step in the process of uploading a video, Grouper users are
25 reminded and warned that they may not make wrongful use of copyrighted
26 materials. Further, even though it has no legal obligation to do so, Grouper has led
27 the industry in implementing a state of the art filtering system to protect against
28 users' violation of copyrights. Grouper also fully complies with copyright owners'

**EXHIBIT C Page 40**    3

1  requests to remove copyrighted materials that users may improperly upload to the
2  Website by timely complying with notices from copyright owners that substantially
3  comply with the DMCA.  Indeed, Grouper has removed 100% of videos posted by
4  users in response to notifications submitted on behalf of copyright owners, including
5  UMG.

6          Virtually all of the videos on Grouper's website are original works by
7  amateurs and hobbyists or licensed material, such as clips from the popular
8  television series "Seinfeld."  However, like other legitimate service providers,
9  Grouper cannot prevent third parties from attempting to misuse its service by
10 uploading unlicensed material (in violation of Grouper's Terms of Service).
11 Congress, recognizing this situation, enacted the DMCA in 1998 to shield service
12 providers such as Grouper from lawsuits for copyright infringement while also
13 affording a remedy to copyright owners so that their works would not remain online
14 where they could be freely copied and distributed.  The DMCA places the
15 responsibility on copyright owners, not service providers, to search for and identify
16 infringing material, and provide service providers with notifications that
17 substantially comply with the DMCA's requirements.

18         By this lawsuit, UMG attempts to shift to Grouper its legal obligation under
19 the DMCA to monitor and report third party acts of infringement.  Grouper remains
20 ready, willing and able to take down any copyrighted material from its Website, and
21 to provide other tools to rights owners to assist them in their efforts to monitor the
22 site for any infringing content.  However, that is not what UMG wants in this case.
23 UMG seeks to turn the DMCA and a well developed body of case law construing
24 that statute on its head by imposing on service providers (such as Grouper) the
25 obligations that Congress plainly placed on content owners (such as UMG).

26 b)      **BRIEF DESCRIPTION OF KEY LEGAL ISSUES**
27         **UMG's Description of the Principal Legal Issues**:
28         1.      Whether Grouper has directly infringed UMG's copyrights by copying,

EXHIBIT C Page 41          4

1   reformatting, distributing, publicly displaying, publicly performing, and/or creating

2   derivative works of UMG's copyrighted works in connection with Grouper.com.

3       2.    Whether Grouper has indirectly infringed UMG's copyrights by

4   facilitating, encouraging, participating in, and/or inducing its users to engage in the

5   unauthorized reproduction, adaptation, distribution, public display and/or public

6   performance of UMG's copyrighted works in connection with Grouper.com.

7       3.    Whether Sony Pictures Entertainment ("SPE"), Grouper's parent,

8   should be added as a party, and if so, whether it is liable for direct and/or indirect

9   infringement of UMG's copyrights.

10      4.    Whether Grouper is entitled to "safe harbor" under the Digital

11  Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

12      5.    UMG's damages.

13  **Grouper's Description of the Principal Legal Issues**:

14      1.    Whether Grouper is entitled to the protection of the "safe harbor" under

15  the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

16      2.    Whether UMG has any provable damages in this case.

17      3.    Whether UMG has misused its copyrights such that they should not be

18  enforced in this case.

19      4.    Whether UMG in fact has good title to the works at issue in this case.

20      5.    Whether UMG can satisfy its burden to prove infringement, even in the

21  absence of DMCA protection.

22      6.    Grouper also specifically disputes that there is any "issue" in this case

23  pertaining to SPE's alleged liability.

24  c)    **REALISTIC RANGE OF PROVABLE DAMAGES**

25      **UMG's Statement:**

26      It is not possible at this time to provide an accurate estimate of damages.

27  Grouper's infringing activities are ongoing and many of the salient facts relating to

28

**EXHIBIT C Page 42**        5

1  damages, such as how many of UMG's copyrighted works have been infringed by

2  Grouper and Grouper's revenue records, are unknown to UMG at this time.

3        Nevertheless, given the vast commercial value of UMG's copyrighted works

4  and the willful nature of Grouper's infringement, UMG would be entitled to the

5  statutory maximum of $150,000 per infringed work under the Copyright Act.

6        In addition, UMG is entitled to statutory damages for each instance of

7  contributory infringement or inducement of infringement.  It is not possible to say in

8  advance of discovery how extensive Grouper's acts of contributory infringement

9  and inducement might be.

10  **Grouper's Statement:**

11        UMG is not entitled to damages because Grouper cannot be held liable for

12  damages based on its compliance with the DMCA.

13        Even if UMG were to prevail, however, its damages would be *de minimis,*

14  especially when compared to the cost of litigation.  A copyright owner may only

15  recover one statutory damage award for each work infringed.  UMG has filed suit

16  for the alleged infringement of 15 works.  UMG's suggestion that it could recover

17  more than one award for the same work is simply incorrect.  *See* 17 U.S.C. §

18  504(c)(1).

19        The normal range of statutory damages is $750-$30,000, but may be reduced

20  to $200 per work in cases of innocent infringement.  *See* 17 U.S.C. § 504(c)(2).  In

21  this case, UMG simply has no basis for seeking recovery of $150,000 per work

22  infringed.  The works are routinely made available for free to promote UMG's

23  record sales, and we think that the value, if any, in the music videos cannot possibly

24  support UMG's request for statutory damages.  Nor can UMG show that Grouper

25  willfully infringed any of UMG's copyrights, particularly given its warnings,

26  policies and efforts to filter infringing content.

27        Grouper intends to seek recovery of its attorneys' fees in this case pursuant to

28  17 U.S.C. § 505.

**EXHIBIT C Page 43**                6

1  **d)    INSURANCE COVERAGE**

2      Grouper will produce to UMG a copy of the insurance policy that potentially

3  provides coverage as part of its initial disclosures.

4  **e)    LIKELIHOOD OF MOTIONS**

5      **UMG's Statement:**

6      UMG reserves its right to amend its pleadings to add Sony Pictures

7  Entertainment ("SPE"), Grouper's parent, as an additional defendant in this case.

8  The likelihood of such an amendment will depend upon the facts relating to SPE's

9  role in the acts that form the basis of UMG's claims as it may be independently

10  liable for the unlawful activities at issue in this case, in addition to or regardless of

11  Grouper's liability.  UMG has proposed early discovery relating to SPE's role in

12  such acts (see below).

13      Aside from the possible addition of SPE as a defendant, the parties do not

14  presently anticipate a need to add further claims or parties or to file amended

15  pleadings.  Neither party intends to seek a transfer of venue.  UMG intends to seek

16  summary judgment or summary adjudication on many, if not all, of the liability

17  issues in this case and the affirmative defenses raised by Grouper.

18      **Grouper's Statement:**

19      Grouper intends to seek summary judgment based on the liability limitations

20  of the DMCA.

21      Grouper does not believe it would be appropriate to consider whether SPE or

22  other third parties might have derivative liability before first considering whether

23  Grouper is shielded from liability under the DMCA.  If Grouper is not liable to

24  UMG for any alleged acts of infringement by its users, then SPE certainly could not

25  be indirectly liable.

26      As explained more fully below, Grouper believes that the fastest and most

27  economical way to proceed is in two phases, focusing first on the DMCA issues.

28  Grouper intends to take discovery relating to UMG's monitoring of Grouper's

**EXHIBIT C Page 44**    7

1   website, UMG's failure to comply with the DMCA, UMG's and its affiliates viral
2   marketing activities, the viral marketing activities of others in the industry, and the
3   reasons why UMG has decided not to provide compliant DMCA notifications,
4   including its business decisions relating to legitimate service providers such as
5   Grouper.

6          UMG has not articulated any theory on which SPE could be held liable for the
7   alleged infringements at issue in this case if Grouper itself is shielded from liability
8   under the DMCA.  Nor has it articulated any basis for its statement that this case is
9   not fully governed by the DMCA.

10  **f)      DISCOVERY AND EXPERTS**

11         Pursuant to Rule 26(f) the parties agree as follows:

12         1.      **Preservation of Discoverable Information – New Rule 26(f)**

13         **UMG's Position**:

14         The parties have discussed and acknowledged their respective obligations to
15  preserve evidence and have discussed the benefits and burdens of electronic
16  evidence preservation.  Both parties have indicated to each other the steps they are
17  taking to preserve evidence and the information that is being preserved.  With
18  respect to certain categories of information, the parties disagree as to the scope of
19  the information required to be preserved.

20         **Grouper's Position**:

21         UMG sent Grouper a letter dated October 17, 2006 requesting that Grouper
22  preserve certain electronic records.  Grouper responded by letter dated
23  December 27, 2006 disclosing specifically how it was proceeding to preserve certain
24  electronic records and what it could and could not do.

25         Grouper sent UMG a letter dated November 21, 2006 requesting that UMG
26  preserve certain electronic records.  UMG responded by letter dated December 26,
27  2006 objecting to the scope of the requests but providing a general commitment to
28  preserve "relevant" evidence.  When the parties met and conferred in connection

**EXHIBIT C Page 45**         8

1   with the preparation of this statement, counsel for Grouper requested that UMG
2   supplement its response and specifically disclose what evidence from Grouper's
3   November 21, 2006 letter is not being preserved. UMG has not yet provided that
4   information.

5       2.    **Rule 26(f)(1) – Initial Disclosures**

6       The parties have agreed to make initial disclosures under Rule 26(a)(1) by
7   February 1, 2007. The parties do not propose any other changes to the requirements
8   of Rule 26(a)(1).

9       3.    **Rule 26(f)(2) – Subjects of Discovery**

10      **UMG's Position:**

11      Without limitation, UMG anticipates that discovery will be needed on
12  subjects related to: the role of SPE in the acts that form the basis of this lawsuit; the
13  functionality of the Grouper.com website, including the extent to which Grouper
14  modifies the content uploaded onto its system; whether and how Grouper obtains the
15  rights to exploit the works that users upload onto its website; which of UMG's
16  copyrighted works have been exploited by Grouper and its users without
17  authorization; the extent of Grouper's knowledge of the infringing activities that
18  take place on its website; the extent of Grouper's participation in the infringing
19  activities that take place on its website; the extent to which Grouper has invited or
20  encouraged the infringing activities that occur on its website; the extent to which
21  Grouper benefits from the infringing activities that occur on its website; UMG's
22  damages and Grouper's profits.

23      **Grouper's Position:**

24      As explained more fully below, Grouper believes that the fastest and most
25  economical way to proceed is in two phases, focusing first on the DMCA issues.
26  Grouper intends to take discovery relating to UMG's monitoring of Grouper's
27  website, UMG's failure to comply with the DMCA, UMG's and its affiliates viral
28  marketing activities, the viral marketing activities of others in the industry, and the

**EXHIBIT C Page 46**    9

1  reasons why UMG has decided not to provide compliant DMCA notifications,

2  including its business decisions relating to legitimate service providers such as

3  Grouper.

4      **4.    Rule 26(f)(2) – Discovery Phases and Deadlines**

5      **Discovery Conducted to Date**

6        On December 27, 2006, UMG served Grouper with UMG's first sets of

7  interrogatories and document requests.  On December 28, 2006, Grouper served

8  UMG with Grouper's first sets of interrogatories, document requests, and requests

9  for admission.  The parties have stipulated to comparable extensions.  Grouper's

10 responses are due on February 26, 2007, UMG's on February 27, 2007.

11     **UMG's Discovery Proposal:**

12       Both parties agree that discovery is best accomplished in phases.  UMG

13 proposes to conduct discovery in two phases: a liability phase and a damages phase.[1]

14 This approach has been taken by a number courts in similar copyright infringement

15 actions – including by Judge Patel in lawsuits pending in the Northern District of

16 California raising claims by record companies against Bertelsmann, Inc. and the

17 Hummer Winblad investment firm that arise out of their involvement with the

18 original Napster music file sharing service.  UMG believes that such an approach

19 makes sense here.  After the close of liability discovery, the parties may choose to

20 file dispositive summary judgment motions relating to liability issues, such as

21 Grouper's defenses of DMCA fair harbor, fair use or estoppel, or UMG's

22 contentions that Grouper (and, if appropriate, Sony Pictures), are contributorily or

23 vicariously liable for copyright infringement.  Decisions on these motions, one way

24 or another, could significantly promote a settlement of the case, or narrow the issues

25 for trial.

26       More specifically, in the first phase, the parties would focus their efforts on

27 discovery relating to copyright infringement and any affirmative defenses thereto.

28     [1] Grouper proposes that the first phase relate only to a single affirmative defense, the DMCA issue.  UMG disagrees with this approach for the reasons discussed above.

**EXHIBIT C Page 47**   10

1  In the initial part of this phase, UMG would seek early discovery relating to two
2  issues: (1) how the Grouper website functions, including how Grouper processes
3  and/or modifies the content that is uploaded to the website, and (2) the role of SPE
4  in the acts that form the basis of this lawsuit to determine whether SPE should be
5  named as a defendant.  UMG intends to take a 30(b)(6) deposition on each of these
6  topics as soon as practicable after receiving written discovery relating to these
7  issues.  UMG proposes a cutoff of September 3, 2007 for the liability phase of
8  discovery.  UMG further proposes that expert reports on liability issues would be
9  exchanged no later than July 23, 2007, six weeks prior to the discovery cutoff;
10 rebuttal expert reports exchanged no later than August 13, 2007.  This would leave 3
11 weeks for discovery of liability experts prior to the filing of any summary judgment
12 motions.

13      The second phase of fact discovery would be reserved exclusively for a
14 determination of damages.  UMG proposes a cutoff of December 3, 2007 for the
15 damages phase of discovery.

16      UMG further proposes that discovery be coordinated among the defendants in
17 this case and in the two related cases, *UMG Recordings, Inc. v. Bolt, Inc.*, Central
18 District Case No. CV 06-6577 AHM (AJWx), and *UMG Recordings, Inc. v.*
19 *MySpace, Inc.*, Central District Case No. CV 06-07361 AHM (AJWx) that raise
20 identical or similar issues of fact and law.  Under UMG's proposal, the defendants
21 in the three cases would coordinate their efforts in serving written discovery on
22 UMG and would coordinate in taking the depositions of UMG's witnesses.  The
23 discovery that the defendants in this case and in each of the related cases will take of
24 UMG will be the same or substantially overlapping – for example, discovery
25 relating to the registration, licensing, and chain of title of UMG's copyrighted
26 works, discovery relating to UMG's enforcement of its copyrights, discovery
27 relating to UMG's corporate structure, and discovery relating to UMG's damages.
28 The consolidation of the defendants' discovery efforts in these cases would avoid a

**EXHIBIT C Page 48**    11

1  tremendous waste of resources for the parties and – insofar as duplicative discovery

2  may entangle the Court in the adjudication of duplicative discovery motions – for

3  the Court as well.[2]

4        Finally, UMG believes that Grouper's proposal to first conduct discovery

5  relating only to DMCA issues and then conduct discovery relating to all other

6  liability issues as well as damage issues is not workable and should be rejected.  It is

7  unreasonable to reserve a separate phase of the lawsuit for litigating a single

8  affirmative defense.  The facts applicable to some of Grouper's other defenses

9  substantially overlap with Grouper's DMCA defense and the attempt to isolate only

10  one defense is a recipe for discovery disputes between the party, unnecessary

11  motion practice and/or duplicative discovery.  While Grouper maintains that this

12  issue is potentially dispositive of the lawsuit, there are many issues that are

13  potentially dispositive of the lawsuit.  The reservation of a separate phase of

14  litigation for this single issue would unduly impede the orderly progress of the

15  lawsuit and would frustrate the speedy and fair adjudication of UMG's substantive

16  claims.  Moreover, Grouper's proposed schedule on the DMCA issue (which would

17  devote the first sixteen (16) months of the case to a single issue, would unduly

18  prolong this case, potentially requiring years to get to trial in a case that does not

19  warrant it.  For all of these reasons, UMG asks the Court to reject Grouper's

20  proposed alternative discovery plan.

21

22  _____

23  [2] UMG recognizes that if three defendants are coordinating on a particular deposition, good cause may exist in some circumstances to expand the time limit for a particular deposition from the 7 hour limit.  UMG proposes that the parties meet and confer to agree on an appropriate

24  limit on a deposition by deposition basis, or alternatively that the court expand the time limits for all coordinated depositions to 10 hours per deposition.

25

26

27

28

EXHIBIT C Page 49                    12

**Grouper's Discovery Proposal**[3]:

1.    Proposed schedule

UMG's proposal is a response to Grouper's suggestion that discovery proceed in phases, with discovery focused initially on the DMCA, so that the parties can obtain a relatively quick decision about Grouper's entitlement to the liability limitations of the DMCA. This will be the most expeditious way to proceed and could result in this case being resolved on the merits in less than a year.

Substantial discovery pertaining generally to Grouper's alleged liability would take place within this first phase. Thus, UMG's complaints about inefficiency are ill-founded. The parties can avoid what may be unnecessary discovery focused primarily on UMG relating to its misuse of its copyrights to stifle legitimate competition, its ownership of the copyrights at issue and its alleged damages, if this case is resolved by motion after the first phase. Also, as mentioned above, there is no need to waste time on issues pertaining to SPE's alleged responsibility for Grouper's alleged infringement because, if Grouper prevails under the DMCA, then SPE cannot possibly be vicariously liable for anything.

Grouper opposes UMG's proposal, because it which would not achieve most of the efficiencies described above. UMG incorrectly contends that damages discovery is easily segregated from liability issues. Indeed, in this case, damages discovery would be closely tied to discovery of UMG's third party relationships, which are relevant to Grouper's copyright misuse defense. For example, the same third party license agreements and business dealings that would show actual revenue and lost profits would also be needed in connection with the defense of copyright misuse, which focuses on UMG's attempts to use its copyrights to extract

_____

[3] Grouper objects to UMG's representation that both parties "agree that discovery is best accomplished in phases." Grouper has proposed that discovery be conducted in phases so that the applicability of the DMCA may be addressed first, since it is likely to be determinative of all issues in the case. However, as UMG knows, if the Court is not inclined to proceed on this basis, Grouper strongly opposes proceeding in phases because it believes that UMG's proposal would not result in any cost savings or other efficiencies, would require duplicative discovery and would ultimately delay final resolution on the merits.

**EXHIBIT C Page 50**    13

1   concessions from potential licensees in other aspects of its Internet-related activities.

2   Grouper therefore does not believe that much if any discovery would in fact be

3   deferred if the issue of damages were artificially separated from other issues in the

4   case (other than the threshold question of the applicability of the DMCA, which

5   Grouper believes should allow for a final adjudication on the merits).  In addition,

6   damages discovery -- which will focus attention on the fact that UMG's potential

7   recovery in this case is at best *de minimis* -- could promote an early settlement if this

8   case is not resolved by summary judgment based on Grouper's DMCA defense.

9        There is no good reason to conduct discovery about SPE's potential vicarious

10  liability in the first phase for at least the following reasons.  First, SPE is not even a

11  party to this case and the proposed discovery does not relate to any claim or defense.

12  Second, even if UMG could show good cause to seek such discovery in this case, it

13  should not take that discovery until after Grouper's DMCA defense is considered on

14  summary judgment.  SPE cannot be vicariously liable based on its alleged

15  ownership or control of Grouper if Grouper itself is not liable.

16       Grouper also opposes UMG's proposal because Grouper could not conduct

17  the discovery it needs on complicated and fact intensive affirmative defenses such as

18  copyright misuse (which would require an exhaustive examination of UMG's

19  dealings with other user-generated video sites) and fair use (which would require

20  extensive third party discovery of users) in the time frame proposed.  This case

21  potentially could involve a massive amount of documentary discovery.  Grouper

22  itself has preserved <u>over 8,360 gigabytes</u> of potentially relevant information.  Under

23  UMG's proposal, which merely defers a small portion of the total amount of

24  discovery that would have to be taken in this case, Grouper estimates that it would

25  realistically need at least two years to complete the first phase of discovery.

26       By contrast, Grouper believes that the case may be handled most

27  expeditiously if the parties agree to 6-9 months of discovery related to the DMCA

28  (most of which would involve discovery taken by UMG), to be followed by expert

**EXHIBIT C Page 51**   14

1 disclosures and summary judgment motions. This approach is most likely to lead to

2 a quick and efficient resolution of the lawsuit. In addition, this approach is most

3 likely to encourage settlement.

4      Specifically, Grouper proposes a fact discovery cut-off on DMCA issues of

5 October 22, 2007, with expert reports relating to DMCA issues due on November 9,

6 2007 and rebuttal export reports, if any, due on December 7, 2007. Grouper

7 proposes that expert depositions relating to the DMCA be completed by December

8 19, 2007, with dispositive motions filed on January 14, 2008 for a hearing on

9 Monday, February 25, 2008. Given the nature of these motions, Grouper proposes

10 that Opposition briefs be filed and served on February 4, 2008 and Reply briefs on

11 February 19, 2008.

12      2.    Coordination with Unrelated Cases

13      Grouper opposes UMG's proposal to coordinate discovery in this case with its

14 unrelated lawsuits against MySpace and Bolt. Each of these cases involve *different*

15 works, subject to *different* copyrights, and *different* defendants that operate very

16 *different* services.

17      Consolidation would triple the amount of time -- and triple the cost -- of this

18 litigation for Grouper. This case involves 15 works. Only 2 of the 15 works are

19 also at issue in both the Bolt and MySpace cases. While there is some overlap, each

20 case plainly involves different works, each of which presumably raise unique

21 questions of ownership, infringement, fair use, damages and the applicability of the

22 DMCA, among other things.[3]    If UMG's claims against MySpace, Bolt and

23 Grouper were truly intertwined, it presumably would have sued all three defendants

24 in a single action.

25

26    ───────────

    [3] Indeed, one of the only questions that might be common to all three cases is the issue of
27 UMG's copyright misuse (if this affirmative defense in fact has been raised in the other cases).
   However, under the proposed schedule, the Court and the parties may never need to conduct
28 discovery on this issue if, as Grouper expects, the case may be fully resolved on the merits at the
   conclusion of the first phase of discovery based on Grouper's entitlement to the protections of the
   DMCA.

**EXHIBIT C Page 52**      15

1    Grouper is concerned about incurring the added burden and expense of
2  coordinating discovery with defendants in other lawsuits that operate different
3  services.   Grouper should not be required to sit through questions of witnesses who
4  do not have useful information relating to this case, or have their full time to depose
5  UMG witnesses compromised by the fact that other parties may be deposing those
6  witnesses on other issues that have nothing to do with this case.

7    **5.    Rule 26(f)(3) – Discovery of Electronically Stored Information**

8    The parties have acknowledged and discussed their obligations regarding the
9  production of electronically stored information.  The form in which this information
10 will be produced is a matter of ongoing discussion between the parties.

11    **6.    Rule 26(f)(4) – Issues Relating to Claims of Privilege or Trial**
12 **Preparation Material**

13    The parties have agreed to a claw-back procedure (to be incorporated in the
14 protective order discussed below) whereby the assertion of a privilege may be made
15 after production.  Previously-produced privileged documents will be promptly
16 returned to the parties upon assertion of a privilege.

17    **7.    Rule 26(f)(5) – Limitations on Discovery**

18    Except as provided in footnote 1 with respect to UMG's proposal regarding
19 coordinated depositions (with which, as discussed above, Grouper does not agree),
20 the parties do not propose any changes to the limitations on discovery under the
21 Federal or Local Rules at this time.  However, the parties may ask the Court to
22 increase the permissible number of depositions and/or the permissible number of
23 interrogatories should the need for further discovery arise.  In addition, UMG takes
24 the position that 30(b)(6) depositions should not count against the maximum set by
25 Rule 33.  Grouper disagrees and also will seek protection from abuse of the 30(b)(6)
26 process to ensure that each witness produced in response to such a deposition notice
27 "count" as one of the ten witnesses who may be deposed under the federal rules.
28

**EXHIBIT C Page 53**    16

1   At this time, UMG anticipates that it will conduct a minimum of ten

2   depositions in this case.  A more accurate estimate of the number of depositions that

3   UMG will need to take will be possible after UMG conducts its initial 30(b)(6)

4   depositions.

5   Grouper anticipates that it will conduct at least three depositions in the first

6   phase of this case (relating to the DMCA), and that the majority of its depositions

7   will take place in the second phase if this matter is not resolved on summary

8   judgment in Phase 1.

9   **8.    Rule 26(f)(6) – Other Orders**

10   The parties acknowledge that discovery in this matter may include proprietary

11   information and private financial information.  As a result, the parties agree that

12   UMG will produce and supply to Grouper a protective order governing the

13   production and use of confidential materials in accordance with the provisions of the

14   protective order on the Court's website.  The protective order will include a claw-

15   back provision, as described above.  Once the protective order has been approved by

16   both parties, the parties will ask the Court to enter the protective order.

17   **9.    Expert Disclosures – Rule 26(a)(2)**

18   **UMG's Expert Disclosure and Discovery Proposal:**

19   Consistent with both parties' desire to conduct this case in phases (although,

20   as noted, the parties disagree as to the definition of those phases), UMG proposes

21   that opening expert disclosure relating to liability experts would be made on July 23,

22   2007 with rebuttal disclosures due August 13, 2007 for such experts.  Discovery of

23   liability experts would occur between August 13, 2007 and September 3, 2007, the

24   close of liability discovery under UMG's phased discovery plan.

25   UMG further proposes, with respect to any other non-liability experts,

26   pursuant to Local Rule 26-1(f) and Fed. R. Civ. P. 26(a)(2), expert disclosures shall

27   be made 90 days before the trial date; any rebuttal disclosures shall be made within

28   30 days thereafter.  Under UMG's proposed discovery plan, opening expert

**EXHIBIT C Page 54**    17

1  disclosures would be due December 10, 2007. Rebuttal expert disclosures would be

2  due January 7, 2008. The expert discovery cutoff would be January 28, 2008.

3          **Grouper's Expert Disclosure and Discovery Proposal:**

4          Under Grouper's proposed plan, expert disclosures relating to the DMCA

5  would be due on November 9, 2007 and rebuttal expert reports relating to the

6  DMCA, if any, would be due on December 7, 2007. Expert depositions relating to

7  the DMCA would be completed by December 19, 2007. Grouper suggests that a

8  scheduling conference be set within 30 days of a ruling on summary judgment

9  motions on the applicability of the DMCA in the event the case is not fully resolved

10 on the merits. Further motion, expert and discovery deadlines would be set at that

11 time.

12         As previously noted, Grouper strongly objects to UMG's representation that

13 both parties would like to conduct discovery in phases. While Grouper has

14 proposed a phased discovery plan that would allow the applicability of the DMCA

15 to be determined early in the case, UMG is well aware that Grouper strongly objects

16 to UMG's counter-proposal. Grouper objects to phased discovery unless its object is

17 to quickly and efficiently allow for consideration of the applicability of the DMCA.

18 **g)     SUMMARY JUDGMENT/MOTIONS *IN LIMINE***

19         As noted above, pursuant to Local Rule 26-1(b), both parties anticipate that

20 they will file dispositive motions. At this time, the parties anticipate that cross-

21 motions for summary judgment may be filed on various issues relating to Grouper's

22 defenses of fair use and whether Grouper is shielded from liability the safe harbor

23 provisions of the DMCA. In addition, if discovery reveals that other factual issues

24 relating to infringement are largely undisputed, the parties may file motions or

25 cross-motions for summary judgment on UMG's infringement claims or on some

26 subset thereof.

27         UMG proposes a motion cut-off date of January 14, 2008 (the date by which

28 all motions except motions in limine must be heard), with parties encouraged to file

**EXHIBIT C Page 55**    18

1   summary judgment motions on liability issues as close as possible to the close of

2   discovery on liability issues.  UMG proposes  a motion in limine cut-off date of

3   February 25, 2008 (the date by which all motions in limine must be heard).

4          Grouper has proposed that summary judgment motions relating to the DMCA

5   be filed on January 14, 2008 for hearing on Monday February 25, 2008, with

6   Opposition briefs be filed and served on February 4, 2008 and Reply briefs on

7   February 19, 2008.  Grouper suggests that a scheduling conference be set within 30

8   days of a ruling on summary judgment motions on the applicability of the DMCA in

9   the event the case is not fully resolved on the merits.

10  **h)    SETTLEMENT**

11         At this time, the parties have not engaged in formal settlement discussions or

12  exchanged written communications regarding settlement.  Pursuant to Local Rule

13  26-1(c) and 16-14.4, UMG prefers to participate in a non-judicial dispute resolution

14  proceeding, Settlement Procedure No. 3.

15         Grouper would prefer to have a settlement conference with the Magistrate

16  Judge assigned to this case pursuant to Settlement Procedure No. 1.

17  **i)    ESTIMATE OF TIME REQUIRED FOR TRIAL**

18         Pursuant to Local Rule 26-1(d), UMG estimates that approximately 15 trial

19  days will be required to try this case.  Trial will be by jury.  In the absence of

20  discovery, UMG does not know how many witnessesit will call at trial.   UMG

21  proposes a starting trial date of March 11, 2008 and a final pretrial conference date

22  of February 25, 2008.

23         Grouper believes that a lengthy trial can be avoided if the Court first

24  addresses its entitlement to the protections afforded by the DMCA.

25         Grouper believes that UMG's proposed schedule is not realistic and that,

26  based on the scope of discovery contemplated by the parties on all of their claims

27  and defenses, the case could not be ready for trial in less than two years if discovery

28  were conducted in the phases proposed by UMG.  Grouper believes that a trial on all

**EXHIBIT C Page 56**    19

1 issues will last at least 20 days, but is not able at this time to reasonably estimate the
2 number of witnesses (many of whom will be identified through discovery).

3 **j)    PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

4   Pursuant to the Court's December 1 Order, the parties have completed the
5 scheduling form attached as Exhibit A to the Court's Order and have attached the
6 completed form as Exhibit A hereto.

7 **k)    OTHER ISSUES AFFECTING CASE STATUS OR MANAGEMENT**

8   Pursuant to Local Rule 26-1(a), the parties agree that this case is not a
9 complex case and that the Manual for Complex Litigation should not be used in this
10 case.  The parties are not aware at this time of any other issues affecting the status or
11 management of the case.

12 **l)    CONFLICT INFORMATION**

13   For conflict purposes, each of the plaintiffs in this action identifies Vivendi,
14 S.A., which is a publicly traded French company on the Paris Stock Exchange, as its
15 ultimate parent.  The plaintiffs have scores of subsidiaries and affiliates, all of which
16 are ultimately owned by Vivendi, S.A.

17   Grouper identifies Sony Corporation, which is publicly traded, as its ultimate
18 parent.

19 **m)    PATENT CASES**

20   This case is not a patent case.

21 **n)    MAGISTRATE JUDGE**

22   The parties do not wish to have a Magistrate Judge preside at trial.

23

24

25

26

27

28

**EXHIBIT C Page 57**    20

1  Dated:  January 29, 2007                    IRELL & MANELLA LLP
                                               Steven A. Marenberg
2                                              Elliot Brown
                                               Gregory A. Fayer
3

4

5                                              By:
                                                   Steven A. Marenberg
6

7                                              Attorneys for Plaintiffs
                                               UMG RECORDINGS, INC.;
8                                              UNIVERSAL MUSIC CORP.;
                                               SONGS OF UNIVERSAL, INC.;
9                                              UNIVERSAL-POLYGRAM
                                               INTERNATIONAL PUBLISHING,
10                                             INC.; RONDOR MUSIC
                                               INTERNATIONAL, INC.
11

12 Dated:  January 29, 2007                    GREENBERG TRAURIG, LLP
                                               Jeff E. Scott
13                                             Ian C. Ballon
                                               Wendy M. Mantell
14

15

16                                             By:
                                                   Jeff E. Scott
17

18                                             Attorneys for Defendant
                                               GROUPER NETWORKS, INC.
19

20

21

22

23

24

25

26

27

28

EXHIBIT C Page 58    21

1   Dated:  January 29, 2007                    IRELL & MANELLA LLP
                                                Steven A. Marenberg
2                                               Elliot Brown
                                                Gregory A. Fayer
3

4

5                                               By: _____
6                                                   Steven A. Marenberg

7                                               Attorneys for Plaintiffs
                                                UMG RECORDINGS, INC.;
8                                               UNIVERSAL MUSIC CORP.;
                                                SONGS OF UNIVERSAL, INC.;
9                                               UNIVERSAL-POLYGRAM
                                                INTERNATIONAL PUBLISHING,
10                                              INC.; RONDOR MUSIC
                                                INTERNATIONAL, INC.
11

12  Dated:  January 29, 2007                    GREENBERG TRAURIG, LLP
                                                Jeff E. Scott
13                                              Ian C. Ballon
                                                Wendy M. Mantell
14

15

16                                              By: _____
17                                                  Jeff E. Scott

18                                              Attorneys for Defendant
                                                GROUPER NETWORKS, INC.
19

20

21

22

23

24

25

26

27

28

                                    21

EXHIBIT C Page 59

BLUEBIRDbelce.com (888) 477-7070

EXHIBIT  A                    **EXHIBIT C Page 60**

Note: "Defendant's Request" reflects Grouper's proposed schedule for Phase One of the case, focusing on the DMCA. Grouper proposes that the Court set a further Scheduling Conference, if necessary, after ruling on the parties' motions for summary judgment to address Phase 2 discovery, expert, motion and trial.

*UMG proposes discovery be undertaken in phases. Asterisks indicate deadlines for liability phase.

### JUDGE A HOWARD MATZ
### PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: ___15___ days | 8:00 a.m. | | 03/11/08 | N/A | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | - 1 | 03/03/08 | N/A | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. | - 2 | 02/25/08 | N/A | |
| Lodge Pretrial Conf. Order File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | - 4 | 02/11/08 | N/A | |
| Last day for hand-serving Motions in Limine | | - 6 | 01/28/08 | N/A | |
| Last Day to Meet Before Final Pretrial Conference (L.R. 16-2) | | 8 | 01/14/08 | N/A | |
| Last day for hearing motions | 10:00 a.m. | 8 | 01/14/08 | 02/25/08 | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | 12 | 12/17/07 | 01/14/08 | |
| Non-expert Discovery cut-off | | - 14 | 09/03/07* 12/03/07 | 10/22/07 | |

### ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice:    (1) CT/USMJ    (2) Atty    (3) Outside ADR

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut-off | | - 6 | 09/03/07* 01/28/08 | 12/19/07 | |
| Rebuttal Expert Witness Disclosure | | - 9 | 08/13/07* 01/07/08 | 12/07/07 | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | - 13 | 07/23/07* 12/10/07 | 11/09/07 | |
| Last day to conduct Settlement Conference | | | ▮ | ▮ | |
| Last Day to Amend Pleadings or Add Parties | | | ▮ | ▮ | |

# EXHIBIT A



EXHIBIT C Page 61

Note: The following dates are based on Grouper's proposal that the parties first conduct fact and expert discovery and summary judgment motions related to the DMCA before a trial date is set.

**JUDGE A HOWARD MATZ**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: _____ days | 8:00 a.m. | | | N/A | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | - 1 | | N/A | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. | - 2 | | N/A | |
| Lodge Pretrial Conf. Order File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | - 4 | | N/A | |
| Last day for hand-serving Motions in Limine | | - 6 | | N/A | |
| Last Day to Meet Before Final Pretrial Conference (L.R. 16-2) | | 8 | | N/A | |
| Last day for hearing motions | 10:00 a.m. | 8 | | 02/25/08 | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | 12 | | 01/14/08 | |
| Non-expert Discovery cut-off | | - 14 | | 10/22/07 | |

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

L.R. 16-14 Settlement Choice:    (1) CT/USMJ      (2) Atty      (3) Outside ADR

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut-off | | - 6 | | 12/19/07 | |
| Rebuttal Expert Witness Disclosure | | - 9 | | 12/07/07 | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | - 13 | | 11/09/07 | |
| Last day to conduct Settlement Conference | | | | | |
| Last Day to Amend Pleadings or Add Parties | | | | | |

# EXHIBIT A

S:Forms&Orders\CourtClerk\presumptive schedule new.wpd

EXHIBIT A PAGE 23

EXHIBIT C Page 62

| | |
|---|---|
| 1 | <div align="center">**PROOF OF SERVICE**</div> |
| 2 | I am employed in the County of Los Angeles, State of California. I am over the age of 18 |
| 3 | and not a party to the within action. My business address is  . |
| 4 | On January 30, 2007, I served the foregoing document described as **JOINT RULE 26(f)** **REPORT** on each interested party, as follows: |
| 5 | Jeff E. Scott, Esq. |
| 6 | Greenberg Traurig, LLP<br>2450 Colorado Avenue, Suite 400E |
| 7 | Santa Monica, CA 90404<br>ScottJ@gtlaw.com |
| 8 | Facsimile No.: (310) 586-7800 |
| 9 | |
| 10 | [X]    (BY FAX)  I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number |
| 11 | shown above. |
| 12 | [X]    (BY ELECTRONIC MAIL)  I caused the foregoing document to be served electronically by electronically  mailing a true and correct copy through Irell & |
| 13 | Manella LLP's electronic mail system to the e-mail address(es), as set forth above, and the transmission was reported as complete and no error was reported. |
| 14 | Executed on January 30, 2007, at Los Angeles, California. |
| 15 | I declare under penalty of perjury that the foregoing is true and correct. |
| 16 | |
| 17 | Debi Del Grande (ddelgrande@irell.com) |
| 18 | (Type or print name)                              (Signature) |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

<div align="center">**EXHIBIT C Page 63**</div>

1630830