IRELL & MANELLA LLP
Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Gregory A. Fayer (232303) (gfayer@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation,<br><br>          Plaintiffs,<br><br>      v.<br><br>BOLT, INC., d/b/a BOLT.COM, a Delaware corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. **CV 06-06577**<br><br>**COMPLAINT FOR DIRECT, CONTRIBUTORY, AND VICARIOUS COPYRIGHT INFRINGEMENT, AND FOR INDUCEMENT OF COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

2006 OCT 16 PM 3:36
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY
FILED

COPY

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT D Page 64**

1578596

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

Dockets.Justia.com

1    Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal,
2  Inc., Universal-PolyGram International Publishing, Inc., and Rondor Music
3  International, Inc. (collectively "Plaintiffs") allege, on information and belief, as
4  follows:

5    1.    Defendant Bolt, Inc.("Bolt") is one of a growing number of so-called
6  "user-generated content" internet websites that are building their businesses with the
7  protected intellectual property of others.  Rather than using its own content, Bolt has
8  instead chosen to seed and grow its service with the copyrighted works owned by,
9  among others, Plaintiffs.  Like the original Napster, Aimster, KaZaa, and Morpheus,
10  Bolt professes to do this in the name of "sharing."  But what it is actually doing is
11  engaging in the mass infringement of Plaintiffs' copyrighted works.

12    2.    As an integral and routine part of its service, known as Bolt.com, Bolt
13  actively participates in the infringement by itself copying, reformatting, distributing
14  and creating derivative works of Plaintiffs' copyrighted works.  Bolt then invites and
15  encourages users all over the world to view and copy these copyrighted works and
16  facilitates, encourages, participates in, and induces those users to engage in the
17  unauthorized reproduction, adaptation, distribution, and public performance of
18  Plaintiffs' music and audio-visual works.

19    3.    Through its use and exploitation of copyrighted material – including
20  hundreds (if not thousands) of Plaintiffs' copyrighted works to which Bolt has failed to
21  obtain the necessary rights – Bolt has become one of the most prominent and valuable
22  websites on the Internet.  Because Bolt derives significant financial benefits from its
23  and its users' unauthorized appropriation of Plaintiffs' copyrighted materials, Bolt has a
24  vested interest in continuing to engage in and facilitate such unauthorized uses.
25  Although Bolt vigorously protects its own intellectual property, and has the right,
26  ability, and legal obligation to prevent infringement of Plaintiffs' copyrighted works on
27  the website that Bolt owns, controls, and monitors, Bolt nevertheless has chosen to
28  institute token, ineffective policies and procedures which are designed to, and have the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT D Page 65**

1578596                                                                  - 2 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1   effect of, making it impossible for a copyright owner to effectively prevent the

2   widespread and ongoing infringement of its works by Bolt and its users.

3         4.     Bolt's conduct makes it liable for the direct infringement of Plaintiffs'

4   copyrights, and for aiding, facilitating, and inducing the infringement of Plaintiffs'

5   copyrights by countless Bolt users.

6                             **JURISDICTION AND VENUE**

7         5.     This is a civil action seeking damages and injunctive relief for

8   copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* This

9   Court has subject matter jurisdiction over these federal questions pursuant to 17

10   U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

11         6.     This Court has personal jurisdiction over defendant Bolt in that, among

12   other things, Bolt is doing business in this judicial District, and Plaintiffs do

13   business and are suffering harm in this judicial District.

14         7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and

15   (c).

16                              **THE PARTIES**

17         8.     Plaintiff UMG Recordings, Inc. ("UMG") is a corporation duly

18   organized and existing under the laws of the State of Delaware, with its principal

19   place of business in Los Angeles County, California, and is duly qualified to

20   transact business in the State of California. UMG is engaged in the business of

21   producing sound recordings, and distributing, selling, and/or licensing the

22   distribution and sale of its sound recordings in phonorecords (as defined in 17

23   U.S.C. § 101) and in audiovisual works in the United States. UMG is the leading

24   producer of such phonorecords in the United States, including on its various record

25   labels such as (by way of example) Interscope, Geffen, A&M, Island, Def Jam,

26   Universal, Motown, and Verve. UMG invests substantial sums of money, as well as

27   time, effort, and creative talent, to discover and develop recording artists, and to

28   create, advertise, promote, sell, and license phonorecords embodying the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT D Page 66**

1578596

- 3 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1  performances of its exclusive recording artists.  UMG owns copyrights in thousands

2  of sound recordings, including many of the most popular and well-known sound

3  recordings in the world.

4      9.    UMG is the copyright owner or the owner of exclusive rights under

5  copyright with respect to thousands of sound recordings (the "Copyrighted Sound

6  Recordings") – including by way of example those recordings listed on Exhibit A

7  hereto – for which UMG has obtained or has applied for Certificates of Copyright

8  Registration issued by the Register of Copyrights.  UMG has the exclusive rights,

9  among other things, to reproduce the Copyrighted Sound Recordings in copies or

10  phonorecords; to prepare derivative audiovisual works based upon the Copyrighted

11  Sound Recordings; to distribute copies or phonorecords of the Copyrighted Sound

12  Recordings to the public; and to perform the Copyrighted Sound Recordings

13  publicly by means of a digital audio transmission.  17 U.S.C. §§ 106(1), 106(2),

14  106(3), 106(6).

15      10.    Plaintiff Universal Music Corp. ("UMC") is a corporation duly

16  organized and existing under the laws of the State of New York with its principal

17  place of business in Los Angeles County, California, and is duly qualified to

18  transact business in the State of California.  Plaintiff Songs of Universal, Inc.

19  ("SOU") is a corporation duly organized and existing under the laws of the State of

20  California with its principal place of business in Los Angeles County, California,

21  and is duly qualified to transact business in the State of California.  Plaintiff

22  Universal-Polygram International Publishing, Inc. ("UPIP") is a corporation duly

23  organized and existing under the laws of the State of Delaware with its principal

24  place of business in Los Angeles County, California, and is duly qualified to

25  transact business in the State of California.  Plaintiff Rondor Music International,

26  Inc. ("RMI") is a corporation duly organized and existing under the laws of the State

27  of California, and is duly qualified to transact business in the State of California.

28  Rondor's principal place of business is Los Angeles County, California.  UMC,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT D Page 67**

1578596

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

- 4 -

1  SOU, UPIP, and RMI are engaged in the business of acquiring, owning, publishing,

2  administering, licensing, and otherwise exploiting copyrights in musical

3  compositions.  UMC, SOU, UPIP, and RMI invest substantial sums of money, as

4  well as time, effort, and creative talent, to acquire, administer, publish, license and

5  otherwise exploit such copyrights, on their own behalf and on behalf of songwriters

6  UMC, SOU, UPIP, and RMI owns copyrights in thousands of musical compositions,

7  including many of the most popular and well-known compositions in the world.

8          11.    UMC, SOU, UPIP, and RMI are the copyright owners (in whole or in

9  part) or the owners of exclusive rights under copyright (in whole or in part) with

10  respect to thousands of musical compositions (the "Copyrighted Musical

11  Compositions") -- including by way of example those compositions listed on Exhibit

12  A hereto -- for which UMC, SOU, UPIP, or RMI as the case may be, has obtained or

13  has applied for Certificates of Copyright Registration issued by the Register of

14  Copyrights.  UMC, SOU, UPIP, and RMI have the exclusive rights, among other

15  things, to reproduce the Copyrighted Musical Compositions in phonorecords; to

16  prepare derivative audiovisual works based upon the Copyrighted Musical

17  Compositions; and to perform the Copyrighted Musical Compositions publicly.  17

18  U.S.C. §§ 106(1), 106(2), 106(3), 106(4).

19          12.    Defendant Bolt is a corporation organized and existing under the laws

20  of the State of Delaware, with its principal place of business in New York, New

21  York.  Bolt describes itself as a service which "provides users with access to a rich

22  collection of resources, including various communications tools, forums, search

23  services and personalized content."  The Bolt site receives over half a million unique

24  visitors each month.  As an integral part of this service, Bolt permits, encourages,

25  facilitates and induces the uploading of thousands of copyrighted songs and music

26  videos by its members each day onto servers that it owns or controls, enabling its

27  members to access the copyrighted content for free, while Bolt displays paid

28  advertisements -- from which it derives huge profits.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578596

EXHIBIT D Page 68

- 5 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1    13.    The true names and capacities, whether individual, corporate, associate,

2  or otherwise, of defendants sued herein as Does 1 through 10, are unknown to

3  Plaintiffs, which sue said defendants by such fictitious names (the "Doe

4  Defendants"). If necessary, Plaintiffs will seek leave of Court to amend this

5  complaint to state their true names and capacities when the same have been

6  ascertained. Plaintiffs are informed and believe and on that basis aver that the Doe

7  Defendants are liable to Plaintiffs as a result of their participation in all or some of

8  the acts hereinafter set forth. Bolt and the Doe Defendants are referred to

9  collectively herein as "Defendants."

10    14.    Plaintiffs are informed and believe and on that basis allege that at all

11  times mentioned in this complaint, each of the Defendants was the agent of each of

12  the other Defendants and, in doing the things alleged in this complaint, were acting

13  within the course and scope of such agency.

14                              **GENERAL AVERMENTS**

15    15.    Defendants operate an internet website located at the Uniform Resource

16  Locator ("URL") www.Bolt.com. Bolt allows anyone with Internet access to obtain

17  membership with Bolt in a matter of seconds for no charge. Bolt members can then

18  upload audio and/or audiovisual works to Bolt, which Bolt reproduces onto servers

19  that Bolt owns or controls. Many of these audio and/or audiovisual works contain

20  the Copyrighted Sound Recordings and/or the Copyrighted Musical Compositions.

21  Using the copies it has made, Bolt then creates an unauthorized derivative work

22  embodying these works, and distributes and publicly performs these audio and/or

23  audiovisual works and derivative works containing the Copyrighted Sound

24  Recordings and/or the Copyrighted Musical Compositions for anyone with Internet

25  access. As viewers access these works, Bolt displays the paid advertisements from

26  which Bolt derives significant revenue.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT D Page 69**

1578596

- 6 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

16.    Specifically, in connection with its service, Bolt:

a)  reproduces (*i.e.*, makes permanent copies of) audio and audiovisual works ("songs" and "videos") containing hundreds of Plaintiffs' copyrighted works onto servers that it owns or controls;

b)  reformats the audiovisual works uploaded by its users in order to facilitate the further copying and distribution of such works to and by as many users as possible;

c)  distributes and publicly performs the songs and videos uploaded onto its servers to its users on demand;

d)  encourages members to post content from Bolt.com onto other sites, and provides users with the ability to "share" songs and videos with specific individuals via an e-mail function at the click of a button;

e)  purports to receive from its users the "worldwide" rights to "use, distribute, reproduce, modify, adapt, publicly perform and publicly display" any of the songs or videos uploaded onto its servers;

f)  provides users with complete anonymity as they upload audio and video files to Bolt.com, and as they view, download, copy and/or further distribute audio and/or audiovisual works;

g)  admits that it "may" pre-screen songs and videos for content and expressly reserves the right to "pre-screen, refuse, or move and Content that is available via the Service" and states that "the determination regarding any Content … shall be made exclusively by Bolt, in its sole discretion";

h)  expressly reserves the right to delete any content from servers that it owns or controls "in its sole discretion";

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578596

**EXHIBIT D Page 70**

- 7 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

i)   enables users to share the audio and/or audiovisual works they upload with anyone accessing the site;

j)   encourages its members to index each song or video by category and by user-generated "tags" or keywords "to increase its searchability and exposure";

k)   enables users to perform complex searches for audio and/or audiovisual content by specifying desired categories, time periods, keywords and/or tags, and returns search queries with both text and thumbnail pictures;

l)   filters its search results into "most viewed," "most recent," and "top favorites," and presents users with "categories" of audiovisual works, including a popular category for "music video/concert";

m)  selects "Featured Videos" to spotlight and promote certain audiovisual works – including videos containing popular copyrighted music and "hits" – and applies a "complicated formula" to identify "popular" audio and audiovisual works that generate significant user attention;

n)   for each song or video that a user accesses, Bolt generates a selection of "similar music" or "similar videos" – which regularly includes copyrighted works – for users to consider while listening to or watching the song or video;

o)   provides users with the ability to "favorite" specific audio and/or audiovisual works and to place users who post certain content on their "watch list";

p)   provides users with data about specific videos (such as how often a song or video is viewed or "favorited") and allows

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

EXHIBIT D Page 71

1578596

- 8 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1   users to post and read comments about particular songs and

2   videos;

3   q)   provides users with information about and the ability to use

4        RSS ("Really Simple Syndication"), whereby a user can

5        create a feed for his or her favorite tags simply by entering the

6        . tag or user name in the field provided by Bolt, which

7        (according to Bolt) "allow[s] [a user] to receive content from

8        multiple sources without having to visit each site individually"

9        and to "get content from all over the Internet in one place

10       without all that messy surfing";

11  17.   As an illustrative example, anybody wishing to view or copy

12  unauthorized reproductions of music videos of superstar artist Mary J. Blige on Bolt

13  can simply go to Bolt.com and type "Mary J. Blige" into the search box.  In

14  response, Bolt supplies a list of Mary J. Blige videos that are available for

15  immediate viewing and downloading.  Exhibit B, for example, shows a screenshot

16  of what awaits a user who wishes to view or download Mary J. Blige's "Enough

17  Cryin'" video on the Bolt.com site – one that according to Bolt has been viewed

18  over 1,000 times.  As can be readily discerned from the screenshot, Bolt enables a

19  user to immediately view the video by pressing the play button.  To encourage

20  further viewing of the video – and thereby profit by driving more traffic to Bolt.com

21  – Bolt makes it easy for users to disseminate links to the Bolt-sponsored copy by

22  emailing a copy of the video to a friend or embedding it on other popular websites

23  such as Digg.com.

24  18.   As Defendants know, should know, and/or with reasonable diligence

25  could ascertain, many of the audio and/or audiovisual works on Bolt's website

26  contain copyrighted material, including the Copyrighted Sound Recordings and the

27  Copyrighted Musical Compositions.  These works often embody popular songs or

28  "hits" performed by prominent recording artists.  Many are synchronized with

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578596

EXHIBIT D Page 72

- 9 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1   expensive, professionally-made videos, and may include titles, credits, or other
2   indicia that make apparent the source of the recordings.  It is widely known and
3   understood that such sound recordings and compositions are protected by copyright.
4        19.    Bolt and its users did not receive any license, authorization, permission,
5   or consent to use the Copyrighted Sound Recordings or the Copyrighted Musical
6   Compositions.  Instead, in violation of Plaintiffs' rights under copyright law,
7   Defendants have willfully, intentionally, and purposefully reproduced, adapted,
8   distributed, and publicly performed the Copyrighted Sound Recordings and the
9   Copyrighted Musical Compositions, and/or knowingly facilitated, enabled, induced,
10  and materially contributed to infringing uses thereof, and/or refused to exercise their
11  ability to control or supervise infringing uses thereof from which Defendants
12  financially benefit, including by earning revenue from selling advertising, and from
13  the overall increase in user traffic and commercial value of its business and property
14  arising from the "draw" of infringing Copyrighted Sound Recordings and
15  Copyrighted Musical Compositions.  Further, Defendants have continued to
16  willfully infringe Plaintiffs' rights even after Plaintiffs have notified them that their
17  use of Plaintiffs' copyrighted materials violates Plaintiffs' rights under copyright.  In
18  these ways, among others, Defendants have infringed Plaintiffs' copyrights and
19  rights under copyright in the Copyrighted Sound Recordings and the Copyrighted
20  Musical Compositions.

**COUNT I**

**DIRECT COPYRIGHT INFRINGEMENT**

**[Against All Defendants]**

24       20.    Plaintiffs incorporate herein by this reference each and every averment
25  contained in paragraphs 1 through 19, inclusive.
26       21.    Through their conduct averred herein, Defendants have infringed
27  Plaintiffs' copyrights in the Copyrighted Sound Recordings and the Copyrighted
28  Musical Compositions by reproducing, adapting, distributing, and/or publicly

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578596

**EXHIBIT D Page 73**

- 10 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1 performing audiovisual works embodying the copyrighted material without

2 authorization in violation of Sections 106, 115, and 501 of the Copyright Act, 17

3 U.S.C. §§ 106, 115, and 501.

4     22.    Each infringement by Defendants in and to the Copyrighted Sound

5 Recordings or the Copyrighted Musical Compositions constitutes a separate and

6 distinct act of infringement.

7     23.    Defendants' acts of infringement were willful, in disregard of and with

8 indifference to the rights of Plaintiffs.

9     24.    As a direct and proximate result of the infringements by Defendants,

10 Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at

11 trial which are not currently ascertainable.  If necessary, Plaintiffs will seek leave to

12 amend this complaint to state the full amount of such damages and profits when

13 such amounts have been ascertained.

14     25.    Alternatively, Plaintiffs are entitled to the maximum statutory damages

15 in the amount of $150,000 with respect to each work infringed, or for such other

16 amounts as may be proper under 17 U.S.C. § 504(c).

17     26.    Plaintiffs further are entitled to their attorneys' fees and full costs

18 pursuant to 17 U.S.C. § 505.

19     27.    As a direct and proximate result of the foregoing acts and conduct,

20 Plaintiffs have sustained and will continue to sustain substantial, immediate, and

21 irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are

22 informed and believe and on that basis aver that unless enjoined and restrained by

23 this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted

24 Sound Recordings and the Copyrighted Musical Compositions.  Plaintiffs are

25 entitled to preliminary and permanent injunctive relief.

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578596

**EXHIBIT D Page 74**

- 11 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

## COUNT II

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

### [Against All Defendants]

28.    Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 27, inclusive.

29.    Defendants have and continue to knowingly and systematically materially contribute to, intentionally induce, and/or cause unauthorized reproductions, adaptations, distributions, and/or public performances of the Copyrighted Sound Recordings and the Copyrighted Musical Compositions and thus to the infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Copyrighted Sound Recordings and the Copyrighted Musical Compositions.

30.    Each infringement by Defendants in and to the Copyrighted Sound Recordings or the Copyrighted Musical Compositions constitutes a separate and distinct act of infringement.

31.    Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiffs.

32.    As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  If necessary, Plaintiffs will seek leave to amend this complaint to state the full amount of such damages and profits when such amounts have been ascertained.

33.    Alternatively, Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504(c).

34.    Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

35.    As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578596

**EXHIBIT D Page 75**

- 12 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1  irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are
2  informed and believe and on that basis aver that unless enjoined and restrained by
3  this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted
4  Sound Recordings and the Copyrighted Musical Compositions.  Plaintiffs are
5  entitled to preliminary and permanent injunctive relief.

6                                **COUNT III**
7                **VICARIOUS COPYRIGHT INFRINGEMENT**
8                        **[Against All Defendants]**

9      36.    Plaintiffs incorporate herein by this reference each and every averment
10  contained in paragraphs 1 through 35, inclusive.

11      37.    Defendants have the right and ability to supervise and/or control the
12  infringing conduct of their users.  Defendants have refused to exercise such
13  supervision and/or control to the extent required under law.  As a direct and
14  proximate result of such refusal, Defendants' users have infringed Plaintiffs'
15  copyrights in the Copyrighted Sound Recordings and the Copyrighted Musical
16  Compositions, including by reproducing, adapting, distributing, and publicly
17  performing such Copyrighted Sound Recordings and the Copyrighted Musical
18  Compositions.

19      38.    Defendants derive a direct financial benefit, including but not limited to
20  from advertising revenue and from the increased user traffic and increase in value of
21  Defendants' business arising from the "draw" of infringing Copyrighted Sound
22  Recordings and Copyrighted Musical Compositions.

23      39.    Each infringement by Defendants in and to the Copyrighted Sound
24  Recordings or the Copyrighted Musical Compositions constitutes a separate and
25  distinct act of infringement.

26      40.    Defendants' acts of infringement were willful, in disregard of and with
27  indifference to the rights of Plaintiffs.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**EXHIBIT D Page 76**

1578596

- 13 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1    41.    As a direct and proximate result of the infringements by Defendants,

2    Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at

3    trial which are not currently ascertainable.  If necessary, Plaintiffs will seek leave to

4    amend this complaint to state the full amount of such damages and profits when

5    such amounts have been ascertained.

6    42.    Alternatively, Plaintiffs are entitled to the maximum statutory damages

7    in the amount of $150,000 with respect to each work infringed, or for such other

8    amounts as may be proper under 17 U.S.C. § 504(c).

9    43.    Plaintiffs further are entitled to their attorneys' fees and full costs

10   pursuant to 17 U.S.C. § 505.

11   44.    As a direct and proximate result of the foregoing acts and conduct,

12   Plaintiffs have sustained and will continue to sustain substantial, immediate, and

13   irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are

14   informed and believe and on that basis aver that unless enjoined and restrained by

15   this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted

16   Sound Recordings and the Copyrighted Musical Compositions.  Plaintiffs are

17   entitled to preliminary and permanent injunctive relief.

18                             **COUNT IV**

19              **INDUCING COPYRIGHT INFRINGEMENT**

20                      **[Against All Defendants]**

21   45.    Plaintiffs incorporate herein by this reference each and every averment

22   contained in paragraphs 1 through 44, inclusive.

23   46.    Defendants have designed, distributed, and made available technology

24   and devices with the object and intent of promoting their use to infringe copyrighted

25   materials.  As a direct and proximate result of such inducement, Defendants' and its

26   users have infringed Plaintiffs' copyrights in the Copyrighted Sound Recordings and

27   the Copyrighted Musical Compositions, including by reproducing, adapting,

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations
1578596

**EXHIBIT D Page 77**

1  distributing, and publicly performing such Copyrighted Sound Recordings and the

2  Copyrighted Musical Compositions.

3       47.    Each infringement by Defendants in and to the Copyrighted Sound

4  Recordings or the Copyrighted Musical Compositions – including, without

5  limitation, each act of inducing a third party to infringe one of the Copyrighted

6  Sound Recordings or Copyrighted Musical Compositions – constitutes a separate

7  and distinct act of infringement.

8       48.    Defendants' acts of infringement and inducement of infringement were

9  willful, in disregard of and with indifference to the rights of Plaintiffs.

10       49.    As a direct and proximate result of the acts of infringement and

11  inducement of infringement by Defendants, Plaintiffs are entitled to damages and

12  Defendants' profits in amounts to be proven at trial which are not currently

13  ascertainable.  If necessary, Plaintiffs will seek leave to amend this complaint to

14  state the full amount of such damages and profits when such amounts have been

15  ascertained.

16       50.    Alternatively, Plaintiffs are entitled to the maximum statutory damages

17  in the amount of $150,000 with respect to each act of inducing another to infringe

18  one of the Copyrighted Sound Recordings or Copyrighted Musical Compositions, or

19  for such other amounts as may be proper under 17 U.S.C. § 504(c).

20       51.    Plaintiffs further are entitled to their attorneys' fees and full costs

21  pursuant to 17 U.S.C. § 505.

22       52.    As a direct and proximate result of the foregoing acts and conduct,

23  Plaintiffs have sustained and will continue to sustain substantial, immediate, and

24  irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are

25  informed and believe and on that basis aver that unless enjoined and restrained by

26  this Court, Defendants will continue to infringe and induce infringement of

27  Plaintiffs' rights in the Copyrighted Sound Recordings and the Copyrighted Musical

28  Compositions.  Plaintiffs are entitled to preliminary and permanent injunctive relief.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578596

**EXHIBIT D Page 78**

- 15 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.      For Plaintiffs' damages and Defendants' profits in such amount as may be found; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed either directly or indirectly, and with respect to each act of inducing another to infringe one of the copyrighted works, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

2.      For a preliminary and a permanent injunction enjoining Defendants, and each of them, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from: (i) directly or indirectly reproducing, adapting, distributing, publicly performing (in the case of Plaintiffs' sound recordings, by means of a digital audio transmission), or otherwise infringing in any manner any of Plaintiffs' copyrights (whether now in existence or hereafter created), including, without limitation, the copyrights listed on Schedule A; and (ii) causing, contributing to, inducing, enabling, facilitating, or participating in the infringement of any of Plaintiffs' copyrights, including, without limitation, the copyrights listed on Schedule A.

3.      For prejudgment interest according to law.

//
//
//
//
//
//
//
//

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578596

**EXHIBIT D Page 79**

- 16 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1    4.    For Plaintiffs' attorneys' fees and full costs incurred in this action.

2    5.    For such other and further relief as the Court may deem just and proper.

3    Dated:  October 16, 2006                    IRELL & MANELLA LLP
4                                                Steven A. Marenberg
                                                 Elliot Brown
5                                                Gregory A. Fayer

6

7

8                                    By: _____
                                         Steven A. Marenberg
9

10                                   Attorneys for Plaintiffs
                                     UMG RECORDINGS, INC.;
11                                   UNIVERSAL MUSIC CORP.; SONGS
                                     OF UNIVERSAL, INC.; UNIVERSAL-
12                                   POLYGRAM INTERNATIONAL
                                     PUBLISHING, INC.; RONDOR MUSIC
13                                   INTERNATIONAL, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578596

EXHIBIT D Page 80

- 17 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

1

## DEMAND FOR JURY TRIAL

2        Plaintiffs hereby request a trial by jury.

3

4
Dated:  October 16, 2006                    IRELL & MANELLA LLP
5                                            Steven A. Marenberg
                                             Elliot Brown
6                                            Gregory A. Fayer

7

8

9        By: _____
                 Steven A. Marenberg

10

11       Attorneys for Plaintiffs
         UMG RECORDINGS, INC.;
12       UNIVERSAL MUSIC CORP.; SONGS
         OF UNIVERSAL, INC.; UNIVERSAL-
13       POLYGRAM INTERNATIONAL
         PUBLISHING, INC.; RONDOR MUSIC
14       INTERNATIONAL, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1578596

EXHIBIT D Page 81

- 18 -

COMPLAINT FOR DIRECT, CONTRIBUTORY AND
VICARIOUS COPYRIGHT INFRINGEMENT AND FOR
INDUCEMENT OF COPYRIGHT INFRINGEMENT

## EXHIBIT A

### Sound Recordings

|     | Artist | Title | U.S. Copyright Registration |
| --- | --- | --- | --- |
| 1. | Bon Jovi | "Have a Nice Day" | SR-382-491 |
| 2. | Mariah Carey | "Shake It Off" | SR-370-795 |
| 3. | Fall Out Boy | "Dance Dance" | SR-371-909 |
| 4. | The Killers | "Mr. Brightside" | SR-355-962 |
| 5. | Nelly | "Grillz" | SR 382-837 |
| 6. | Pussycat Dolls | "Stickwitu" | SR-377-102 |

### Compositions

|     | Artist | Title | U.S. Copyright Registration |
| --- | --- | --- | --- |
| 1. | Ashanti | "Rock Wit U" | PA-1-221-023 |
| 2. | Beastie Boys | "Ch- Check It Out" | PA 1-268-095 |
| 3. | Mary J. Blige | "Enough Cryin" | PA 1-325-477 |
| 4. | Bon Jovi | "Have a Nice Day" | PA 1-003-884 |
| 5. | Mariah Carey | "Shake It Off" | PA 1-285-728 |
| 6. | Avril Lavigne | "Complicated" | PA-1-094-639 |





mystery280



spygal