Veoh Networks, Inc. v. UMG Recordings, Inc. et al
Doc. 14 Att. 5
Case 3:07-cv-01568-W-BLM    Document 14-6    Filed 09/04/2007    Page 1 of 9

Harvey I. Saferstein (SBN: 49750)
Nada I. Shamonki (SBN: 205359)
MINTZ LEVIN COHN FERRIS
    GLOVSKY AND POPEO P.C.
1620 26th Street, Suite 150 South
Santa Monica, California 90404
Phone:      310.586.3200
Fax:        310.586.3202
email: hsaferstein@mintz.com;
       nshamonki@mintz.com

Attorneys for Defendant
BOLT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> BOLT, INC., d/b/a BOLT.COM, a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. CV06-06577 AHM(AJWx) <br><br> Hon. A. Howard Matz <br><br> **ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

**EXHIBIT E Page 85**

1    Defendant Bolt, Inc. ("Bolt") answers the separately numbered paragraphs of

2  the Complaint filed by plaintiffs, which are various related Universal Music entities

3  (collectively, "UMG" or plaintiffs) as follows:

4                          **GENERAL RESPONSE**

5    1.    As to paragraph 1 of the Complaint, Bolt admits that its site

6  automatically hosts user-generated content uploaded at the direction of its users and

7  denies the remaining allegations in paragraph 1 of the complaint.

8    2.    BOLT denies the allegations contained in paragraph 2.

9    3.    BOLT denies the allegations contained in paragraph 3.

10    4.    BOLT denies the allegations contained in paragraph 4.

11    5.    As to paragraph 5 of the Complaint, BOLT admits that this Court has

12  subject matter jurisdiction over Copyright infringement claims, but denies that UMG

13  is entitled to any relief under the Copyright Act.

14    6.    BOLT denies that it is doing business in this judicial district and that the

15  Court has personal jurisdiction over Bolt.  Bolt is without sufficient information as to

16  whether UMG does business in this judicial District and on that basis denies the same.

17    7.    BOLT denies the allegations contained in paragraph 7.

18    8.    BOLT is without sufficient information and denies the allegations

19  contained in paragraph 8.

20    9.    BOLT is without sufficient information and denies the allegations

21  contained in paragraph 9.

22    10.    BOLT is without sufficient information and denies the allegations

23  contained in paragraph 10.

24    11.    BOLT is without sufficient information and denies the allegations

25  contained in paragraph 11.

26

27

28

**EXHIBIT E Page 86**

1    12.    BOLT admits that it is a corporate organization and exists under the

2    Laws of the State of Delaware, with its principal place of business in New York, New

3    York, but denies the remaining allegations contained in paragraph 12.

4    13.    BOLT is without sufficient information and denies the allegations of

5    paragraph 13.

6    14.    BOLT denies the allegations contained in paragraph 14.

7    15.    BOLT admits that as a service provider, it operates an internet website at

8    the Uniform Resource Locator ("URL") www.bolt.com and that at the direction of its

9    users, data may be uploaded to its servers.  Bolt denies the remaining allegations

10   contained in paragraph 15.

11   16.    BOLT admits that the website automatically provides users with

12   information about the audio and video content uploaded at the direction of users on

13   the Website and allows users to post and read comments (about the audio and video

14   content and other topics) on the Website.  Paragraph 16 purports to quote in part from

15   or characterize the contents of the Bolt Terms of Service, documents that speak for

16   themselves.  Bolt denies the remaining allegations contained in paragraph 16.

17   17.    BOLT denies the allegations contained in paragraph 17.

18   18.    BOLT denies the allegations contained in paragraph 18.

19   19.    BOLT denies the allegations contained in paragraph 19.

20   ## COUNT I

21   20.    BOLT repeats and realleges each of its responses contained in paragraphs

22   1 through 19 above, as it fully set forth herein.

23   21.    BOLT denies the allegations contained in paragraph 21.

24   22.    BOLT denies the allegations contained in paragraph 22.

25   23.    BOLT denies the allegations contained in paragraph 23.

26   24.    BOLT denies the allegations contained in paragraph 24.

27   25.    BOLT denies the allegations contained in paragraph 25.

28

3

**EXHIBIT E Page 87**

1    26.    BOLT denies the allegations contained in paragraph 26.

2    27.    BOLT denies the allegations contained in paragraph 27.

3                            **COUNT II**

4    28.    BOLT repeats and realleges each of its responses contained in paragraphs

5    1 through 27 above, as it fully set forth herein.

6    29.    BOLT denies the allegations contained in paragraph 29.

7    30.    BOLT denies the allegations contained in paragraph 30.

8    31.    BOLT denies the allegations contained in paragraph 31.

9    32.    BOLT denies the allegations contained in paragraph 32.

10    33.    BOLT denies the allegations contained in paragraph 33.

11    34.    BOLT denies the allegations contained in paragraph 34.

12    35.    BOLT denies the allegations contained in paragraph 35.

13                            **COUNT III**

14    36.    BOLT repeats and realleges each of its responses contained in paragraphs

15    1 through 35 above, as it fully set forth herein.

16    37.    BOLT denies the allegations contained in paragraph 37.

17    38.    BOLT denies the allegations contained in paragraph 38.

18    39.    BOLT denies the allegations contained in paragraph 39.

19    40.    BOLT denies the allegations contained in paragraph 40.

20    41.    BOLT denies the allegations contained in paragraph 41.

21    42.    BOLT denies the allegations contained in paragraph 42.

22    43.    BOLT denies the allegations contained in paragraph 43.

23    44.    BOLT denies the allegations contained in paragraph 44.

24                            **COUNT IV**

25    45.    BOLT repeats and realleges each of its responses contained in paragraphs

26    1 through 44 above, as it fully set forth herein.

27    46.    BOLT denies the allegations contained in paragraph 46.

28

4

1    47.    BOLT denies the allegations contained in paragraph 47.

2    48.    BOLT denies the allegations contained in paragraph 48.

3    49.    BOLT denies the allegations contained in paragraph 49.

4    50.    BOLT denies the allegations contained in paragraph 50.

5    51.    BOLT denies the allegations contained in paragraph 51.

6    52.    BOLT denies the allegations contained in paragraph 52.

7    53.    BOLT further denies each and every allegation of the Complaint not

8    specifically admitted herein to be true and denies that Plaintiff UMG is entitled to the

9    relief it seeks in this action.

10

11    **AFFIRMATIVE DEFENSES**

12    **FIRST AFFIRMATIVE DEFENSE**

13    The Complaint fails to allege facts sufficient to state a claim against Bolt.

14    **SECOND AFFIRMATIVE DEFENSE**

15    UMG's claims are barred in whole or in part by the safe harbor provisions of

16    the Digital Millennium Copyright Act, 17 U.S.C. § 512.

17    **THIRD AFFIRMATIVE DEFENSE**

18    UMG's claims are barred in whole or part because Bolt's product has

19    substantial non-infringing uses.

20    **FOURTH AFFIRMATIVE DEFENSE**

21    UMG's claims are barred in whole or part by the doctrine of fair use.

22    **FIFTH AFFIRMATIVE DEFENSE**

23    Upon information and belief, UMG's claims are barred in whole or part to the

24    extent that UMG has not properly or timely registered its works, forfeited or

25    abandoned their copyrights or have been registered through fraud on the Copyright

26    Office.

27

28

**EXHIBIT E Page 89**

5

1

## SIXTH AFFIRMATIVE DEFENSE

2    UMG's claims are barred in whole or part based on an actual or implied license.

3

## SEVENTH AFFIRMATIVE DEFENSE

4    UMG's claims are barred in whole or part because UMG has misused its

5  copyrights for anti-competitive purposes in violation of Federal and state antitrust

6  laws, including to harm Bolt and competition for the purpose of benefiting a rival

7  system in which UMG has a financial interest and stake.

8

## EIGHTH AFFIRMATIVE DEFENSE

9    UMG's claims are barred in whole or part by the doctrine of unclean hands.

10

## NINTH AFFIRMATIVE DEFENSE

11    UMG's claims are barred in whole or part because Bolt's use, if any, of UMG's

12  alleged copyrighted works has been *de minimis.*

13

## TENTH AFFIRMATIVE DEFENSE

14    UMG's claims are barred in whole or part by the doctrine of estoppel.

15

## ELEVENTH AFFIRMATIVE DEFENSE

16    UMG's claims are barred in whole or part by the doctrine of laches.

17

## TWELFTH AFFIRMATIVE DEFENSE

18    UMG has failed to mitigate its alleged damages by, *inter alia*, refusing to

19  comply with the DMCA, refusing to timely and properly identify the infringing works

20  that it contends appear on Bolt's system or network, and by failing to reasonably

21  cooperate in Bolt's efforts to take down any infringing works.

22

## THIRTEENTH AFFIRMATIVE DEFENSE

23    UMG has failed to join indispensable parties.

24

## FOURTEENTH AFFIRMATIVE DEFENSE

25    UMG's claims are barred in whole or part because of statements made in

26  connection with the distribution of their copyrighted works.

27

28

**EXHIBIT E Page 90**

6

## FIFTEENTH AFFIRMATIVE DEFENSE

UMG's claims for damages are barred in whole or part by the U.S. Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Bolt did not violate or cause the violation of UMG's rights.

Defendant BOLT reserves the right to amend its answer to assert additional defenses as they become known through the course of discovery in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant BOLT prays as follows:

1.    That the Court declare that Bolt is not liable for any claim averred in the Complaint;

2.    That UMG take nothing on their Complaint;

3.    That all of UMG's claims be dismissed and judgment entered on BOLT's behalf;

4.    That the Court award BOLT its costs and attorneys' fees; and

5.    For such further relief, whether at law or in equity, as this Court deems just and proper.

Dated:  December 12, 2006                Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO P.C.

Harvey I. Saferstein
Nada I. Shamonki

Attorneys for Defendant
BOLT, INC.

1

## **DEMAND FOR JURY TRIAL**

2      Defendant Bolt, Inc. hereby demands trial by jury.

3

Dated:  December 12, 2006                          Respectfully submitted,
4
                                                   MINTZ LEVIN COHN FERRIS
5                                                  GLOVSKY AND POPEO P.C.

6

7

8                                                  Harvey I. Saferstein
                                                   Nada I. Shamonki
9
                                                   Attorneys for Defendant
10                                                 BOLT, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT E Page 92**                    8

1

**PROOF OF SERVICE**

2  **STATE OF CALIFORNIA** )

3  **COUNTY OF LOS** )    **ss**

    **ANGELES** )

4

5      I am a resident of the State of California, over the age of eighteen years, and

6  not a party to the within action. My business address is 1620 26th Street, Suite 150 South, Santa Monica, California 90404. On December 12, 2006, I served the within

7  document:

8  **ANSWER TO COMPLAINT**

9  **DEMAND FOR JURY TRIAL**

10

☐    I sent such document from facsimile machine on _____, 2006. I

11  certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine, which

12  confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof

13  enclosed in a sealed envelope(s) addressed to the parties listed below.

14  ☒    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa

15  Monica, California, addressed as set forth below.

16  Steven A. Marenberg, Esq.

    Elliot Brown, Esq.

17  Gregory Fayer, Esq.

    Irell & Manella LLP

18  1800 Avenue of the Stars, Suite 900

    Los Angeles, CA 90067-4276

19  Tel: (310) 277-1010

    Fax: (310) 203-7199

20

21  ☐    I caused the document(s) listed above to be personally served on the person(s) at the address(es) set forth below.

22

23      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S.

24  Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

25      I declare under penalty of perjury that the foregoing is true and correct.

26      Executed on December 12, 2006, at Santa Monica, California

27

28                *Diane Endo*

               _____

               DIANE ENDO