Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

Attorneys for Plaintiffs
UMG Recordings, Inc., Universal Music Corp.
Songs of Universal, Inc., Universal-Polygram
International Publishing, Inc. and Rondor Music
International, Inc.

Dale M. Cendali (admitted *pro hac vice*) (dcendali@omm.com)
Diana M. Torres (S.B. #162284) (dtorres@omm.com)
Johanna Schmitt (admitted *pro hac vice*) (jschmitt@omm.com)
Shannon Keast (S.B. #233585) (skeast@omm.com)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

Attorneys for Defendants
MySpace, Inc. and
News Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Case No. CV 06-07361 AHM (AJWx) |
| Plaintiffs, | |
| v. | **JOINT RULE 26(f) REPORT** |
| MYSPACE, INC. d/b/a MYSPACE.COM, a Delaware corporation; NEWS CORPORATION, a Delaware corporation; and DOES 1-10, inclusive, | Judge:  Hon. A. Howard Matz<br>Ctrm:   14 |
| Defendants. | |

**EXHIBIT I Page 161**

0.0 01                                 JOINT RULE 26(f) REPORT

Dockets.Justia.com

1    Pursuant to Federal Rule of Civil Procedure 26(f), Central District of

2 California Local Rule 26-1, and this Court's December 7, 2007 Order, counsel for

3 all parties met and conferred on February 15, 2007, and hereby submit this Joint

4 Report.

5 **a)    SHORT SYNOPSIS OF PARTIES' MAIN CLAIMS AND DEFENSES**

6    A.    UMG's Statement:[1]

7    This is an action for direct, contributory and vicarious copyright infringement

8 and for inducement of copyright infringement brought by plaintiffs UMG

9 Recordings, Inc., *et al.* ("UMG") against defendants MySpace, Inc. ("MySpace")

10 and News Corporation ("News Corp.") (collectively, "Defendants"). UMG's claims

11 arise out of Defendants' unauthorized exploitation of UMG's copyrighted materials

12 on the website MySpace.com—one of the most popular and successful so-called

13 "user-generated content" websites on the Internet. Notwithstanding its moniker,

14 much of the content that MySpace.com provides to its users for streaming and

15 downloading is not user-generated at all, but is in fact the stolen intellectual property

16 of UMG and others. At the time this lawsuit was filed, Defendants knew that

17 hundreds of UMG's copyrighted works were readily available for display, copying,

18 and distribution, and, although they could have, Defendants did *nothing* about it.

19 Indeed, by offering its users free access to UMG's copyrighted works—and by

20 running targeted advertising that is specifically tailored to the content of those

21 works—MySpace.com has become one of the most successful and valuable

22 websites on the Internet. Neither Defendants, nor the hundreds of thousands of

23 MySpace.com users have obtained the rights to use and exploit UMG's copyrighted

24 works, and neither UMG nor its artists have received any compensation for

25 Defendants' unauthorized use of UMG's works.

26

27    [1] In UMG's view, Rule 26(f) reports are not an appropriate forum for the submission of
28 mini-briefs as to the parties' substantive disagreements. To that end, UMG's positions presented
herein are brief, non-exhaustive, and not intended as a waiver of its arguments or rights.

**EXHIBIT I Page 162**    - 2 -

0.0  01                          JOINT RULE 26(f) REPORT

1    Defendants engage in direct infringement of UMG's copyrighted works by,

2 inter alia, copying, reformatting, distributing, publicly displaying and performing,

3 and creating derivative works of those works.  Defendants also participate in and

4 contribute to the infringement of MySpace.com's users by inviting and encouraging

5 users all over the world to view and copy UMG's copyrighted works and by

6 facilitating, encouraging, participating in, and inducing its users to engage in the

7 unauthorized reproduction, adaptation, distribution, and public performance of

8 UMG's copyrighted works.  Defendants' conduct is not excused by any provision of

9 the Copyright Act, including but not limited to the safe harbor provisions of the

10 Digital Millennium Copyright Act ("DMCA").

11    **MySpace's[2] Statement:**

12    MySpace's website -- MySpace.com -- is the premier social networking site

13 on the Internet.  From its inception, it has been a place where people (including

14 musical artists) socialize, build community, and showcase their works.  Many record

15 labels (including UMG) and artists (including those artists whose works are

16 distributed or owned by UMG) use MySpace.com to capitalize on the unprecedented

17 free promotional service provided by the site and the ability to target, build up, and

18 communicate with their fan base.  UMG itself has exploited the unprecedented reach

19 of MySpace for its own gain.

20    Contrary to UMG's claims, MySpace is not liable for copyright infringement

21 because it is a service provider that qualifies for the "safe harbor" under § 512(c) of

22 the DMCA.  The DMCA provides a complete defense to copyright liability and was

23 intended to ensure that a service provider is not targeted for the alleged copyright

24 violations of its users - precisely the result UMG seeks here.  In accordance with the

25 requirements of the DMCA, MySpace has implemented and applied a repeat

26 infringer policy and has responded expeditiously to DMCA notices from UMG as

27

28

---

[2] For convenience only, defendants MySpace, Inc. and News Corporation are referred to collectively as "MySpace." MySpace's positions presented herein are brief, non-exhaustive, and not intended as a waiver of its arguments or rights

**EXHIBIT I Page 163**    - 3 -

0.0 01                                          JOINT RULE 26(f) REPORT

1   well as others. Indeed, MySpace has gone well beyond the minimum required by

2   the DMCA; it has strived to cooperate with content owners (including UMG) and

3   has implemented cutting-edge filtering technology to prevent users from posting

4   infringing materials to MySpace.com. MySpace has also designed tools to identify

5   and eliminate unauthorized band pages, in addition to many other steps MySpace

6   has taken in its efforts to provide an ideal forum for social networking. The DMCA

7   was intended to ensure the continued use of the internet for exactly the purpose of

8   MySpace - a platform for the exchange of ideas and information.

9      While the safe harbor provides MySpace with a complete defense in this case,

10   it is also true that, even without its protections, there would be no liability.

11   MySpace is not liable for direct copyright infringement because MySpace.com is a

12   passive website, which does not itself violate any of the rights protected by the

13   Copyright Act. MySpace is not liable for contributory copyright infringement

14   because it does not knowingly materially contribute to, intentionally induce, or

15   cause infringement of the sound recordings and musical compositions for which

16   UMG seeks relief in this lawsuit. In fact, the notion that MySpace induces others to

17   infringe the sound recordings and musical compositions for which UMG seeks relief

18   in this lawsuit is wholly baseless as MySpace is at the forefront of content protection

19   on the internet. Nor does MySpace have either the right and ability to control

20   content posted by its members or financially benefit from any infringement of the

21   sound recordings and musical compositions for which UMG seeks relief in this

22   lawsuit, and thus MySpace is not liable for vicarious infringement. Lastly, UMG

23   lacks standing to assert claims for many if not all of the sound recordings and

24   musical compositions for which it seeks relief in this lawsuit.

25      With regard to News Corp., UMG has not alleged any actions by News Corp.,

26   other than its acquisition of MySpace. Rather, UMG has based News Corp.'s

27   alleged copyright liability on the sole fact that News Corp. is MySpace's parent.

28   Consistent with bedrock principles of corporate law, News Corp. is not liable for the

1  actions of its indirect subsidiary, MySpace. It does not exercise substantial and
2  continuing control over MySpace, nor is MySpace an agent of News Corp.

3      MySpace plans to assert numerous affirmative defenses in its answer, which
4  may include, without limitation, fair use, estoppel, acquiescence, laches, unclean
5  hands, unjust enrichment, waiver, failure to state a claim upon which relief may be
6  granted, copyright misuse, lack of standing, consent, failure to mitigate damages,
7  and ratification.  MySpace may also assert various counterclaims.

8  **b)    BRIEF DESCRIPTION OF KEY LEGAL ISSUES**

9      **UMG's Description of the Principal Legal Issues:**

10     1.    Whether MySpace and/or News Corp. have directly infringed UMG's
11  copyrights by copying, reformatting, distributing, publicly displaying, publicly
12  performing, and/or creating derivative works of UMG's copyrighted works in
13  connection with MySpace.com.

14     2.    Whether MySpace and/or News Corp. have indirectly infringed UMG's
15  copyrights by facilitating, encouraging, participating in, and/or inducing its users to
16  engage in the unauthorized reproduction, adaptation, distribution, public display
17  and/or public performance of UMG's copyrighted works in connection with
18  MySpace.com.

19     3.    Whether Fox Interactive Media, Inc. ("Fox Interactive") is liable for
20  direct and/or indirect infringement of UMG's copyrights.

21     4.    Whether MySpace is entitled to the "safe harbor" under the Digital
22  Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

23     5.    UMG's damages.

24     **MySpace's Description of the Principal Legal Issues:**

25     1.    Whether MySpace is entitled to the "safe harbor" under the Digital
26  Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, thereby precluding any
27  liability for copyright infringement of any UMG work.

28

**EXHIBIT I Page 165**

- 5 -

0.0 01

JOINT RULE 26(f) REPORT

1      2.     If the safe harbor does not apply, whether UMG can establish that

2 MySpace and/or News Corp. are liable for direct copyright infringement of any of

3 its works.

4      3.     If the safe harbor does not apply, whether UMG can establish that

5 MySpace and/or News Corp. are liable for secondary infringement in connection

6 with any of its works.

7      4.     UMG's damages, if any.

8      5.     Whether UMG is the copyright owner of and has U.S. Copyright

9 registrations for the sound recordings and musical compositions for which UMG

10 seeks relief in this lawsuit.

11      6.     Whether MySpace's affirmative defenses bar recovery.

12      7.     Whether MySpace is entitled to recover on any of its counterclaims.

13      8.     Whether News Corporation can be vicariously liable for the alleged

14 wrongdoing of its indirect subsidiary MySpace.

15

16  **c)**     **REALISTIC RANGE OF PROVABLE DAMAGES**

17      B.     UMG's Statement:

18      It is not possible at this time to provide an accurate estimate of damages.

19 MySpace's and News Corp.'s infringing activities are ongoing and many of the

20 salient facts relating to damages—such as how many of UMG's copyrighted works

21 have been infringed by MySpace and News Corp. and MySpace's revenue records—

22 are unknown to UMG at this time.

23      Nevertheless, given the vast commercial value of UMG's copyrighted works

24 and the willful nature of MySpace's and News Corp.'s infringement, UMG would be

25 entitled to the statutory maximum of $150,000 per infringed work under the

26 Copyright Act.

27      In addition, UMG is entitled to statutory damages for each instance of

28 contributory infringement or inducement of infringement.  It is not possible to say in

**EXHIBIT I Page 166**    - 6 -

1  advance of discovery how extensive MySpace's and News Corp.'s acts of

2  contributory infringement and inducement might be.

3      C.    MySpace's Statement:

4      UMG is entitled to no damages. Indeed, even if UMG were to prevail on its

5  claims (which MySpace believes it will not), UMG has intentionally benefited from

6  MySpace, not been damaged by it, and therefore any award of statutory damages

7  here would be inappropriate. Even if MySpace is found ineligible for the DMCA

8  safe harbor and UMG somehow proves its claims for copyright infringement, UMG

9  will still not be entitled to the statutory maximum of $150,000 per infringed work

10  under the Copyright Act as there is no basis for finding that MySpace is a "willful"

11  infringer. To the extent that UMG is able to prove its entitlement to statutory

12  damages, under 17 U.S.C. § 504(c)(2), remittitur of statutory damages to $200 per

13  infringed work is warranted here. UMG's damages will further be limited by 17

14  U.S.C. § 412, which provides that UMG is not entitled to statutory damages for any

15  infringement of copyright commenced before the effective date of its registration.

16  **d)    INSURANCE COVERAGE**

17      MySpace will produce, at a mutually agreed date, any insurance agreement

18  under which any person or entity carrying on an insurance business may be liable to

19  satisfy part or all of a judgment which may be entered in this action or to indemnify

20  or reimburse for payments made to satisfy the judgment.

21  **e)    LIKELIHOOD OF MOTIONS**

22      **UMG's Statement:**

23      UMG reserves its right to amend its pleadings to add Fox Interactive as an

24  additional defendant in this case. The likelihood of such an amendment will depend

25  upon the facts relating to Fox Interactive's role in the acts that form the basis of

26  UMG's claims as it may be independently liable for the unlawful activities at issue

27  in this case, in addition to or regardless of MySpace's and/or News Corp.'s liability.

28

**EXHIBIT I Page 167**

0.0 01

1    Aside from the possible addition of Fox Interactive as a defendant, the parties

2  do not presently anticipate the need to add further claims or parties.  With the

3  exception of UMG's recently filed amended complaint, UMG does not anticipate

4  further amending its pleadings.  Neither party intends to seek a transfer of venue.

5  UMG intends to seek summary judgment or summary adjudication on many, if not

6  all, of the liability issues in this case and the affirmative defenses raised by

7  MySpace, News Corp., and Fox Interactive, if it is added as a party.

8    **MySpace's Statement:**

9    MySpace does not anticipate filing a motion to dismiss Plaintiffs' First

10 Amended Complaint, but reserves all rights with respect to any amended pleading.

11    MySpace plans to move for summary judgment on several, if not all, of the

12 liability issues in this case, including, without limitation, whether MySpace qualifies

13 for the "safe harbor" under the DMCA and whether MySpace is News Corp.'s

14 agent.

15    MySpace also anticipates filing a motion to shift the cost of UMG's

16 unreasonable preservation and production demands.

17 **f)    DISCOVERY AND EXPERTS**

18    Pursuant to Rule 26(f) the parties agree as follows:

19    1.    **Preservation of Discoverable Information – New Rule 26(f)**

20    The parties have discussed and acknowledged their respective obligations to

21 preserve evidence and have discussed the benefits and burdens of electronic

22 evidence preservation.  With respect to certain categories of information, the parties

23 disagree as to the scope of the information required to be preserved and each wants

24 additional information from the other regarding preservation efforts.

25    2.    **Rule 26(f)(1) – Initial Disclosures**

26    The parties have agreed to make initial disclosures of individuals and

27 categories of documents under Rule 26(a)(1) by March 1, 2007.  The parties do not

28 propose any other changes to the requirements of Rule 26(a)(1).

**EXHIBIT I Page 168**

- 8 -

0.0 01                                                JOINT RULE 26(f) REPORT

1   3.  **Rule 26(f)(2) – Subjects of Discovery**

2   **UMG's Position:**

3    Without limitation, UMG anticipates that discovery will be needed on

4 subjects related to: the functionality of the MySpace.com website, including the

5 extent to which MySpace modifies the content uploaded onto its system; whether

6 and how MySpace obtains the rights to exploit the works that users upload onto its

7 website; which of UMG's copyrighted works have been exploited by MySpace and

8 its users without authorization; the extent of MySpace's and News Corp.'s

9 knowledge of the infringing activities that take place on its website; the extent of

10 MySpace's and News Corp.'s participation in the infringing activities that take place

11 on its website; the extent to which MySpace and News Corp. have invited or

12 encouraged the infringing activities that occur on MySpace.com; the extent to which

13 MySpace and News Corp. benefits from the infringing activities that occur on

14 MySpace.com; the role of Fox Interactive in the acts that form the basis of this

15 lawsuit; UMG's damages and MySpace's and News Corp.'s profits.

16   **MySpace's Position:**

17    Without limitation, MySpace anticipates that discovery will be needed on

18 subjects related to: UMG's registration, licensing, and chain of title to the sound

19 recordings and musical compositions at issue; the identity of the sound recordings

20 and musical compositions at issue; whether MySpace is News Corp.'s agent;

21 whether UMG sent MySpace DMCA notices for the sound recordings and musical

22 compositions at issue, and the adequacy of any such notices; UMG's knowledge of

23 potentially unauthorized content on MySpace and its failure to take steps to protect

24 its copyrights; UMG's records of MySpace's response to any DMCA notices or

25 other requests; UMG's review of artist profiles on MySpace; UMG's exploitation of

26 the works at issue on MySpace and its use of MySpace as a marketing tool; UMG's

27 financial gain as a result of its exploitation of content on MySpace; UMG's public

28 statements regarding the use of video streaming sites, social networking sites, and

**EXHIBIT I Page 169**  - 9 -

0.0 01   JOINT RULE 26(f) REPORT

1    MySpace.com generally; UMG's relationships with other social networking

2    websites or video streaming websites; UMG's basis for claiming damages; and

3    generally the basis for UMG's allegations as to MySpace's liability as set forth in

4    the FAC.

5         4.      Rule 26(f)(2) – Discovery Phases and Deadlines

6         D.      Discovery Conducted to Date

7         On February 15, 2007, UMG served MySpace with UMG's first sets of

8    interrogatories and document requests. On February 21, 2007, UMG served

9    MySpace with UMG's second set of interrogatories. On February 15, 2007,

10    MySpace served UMG with MySpace's first set of interrogatories, document

11    requests, and requests for admissions.

12    **<u>Joint Discovery Proposal</u>**

13         Pursuant to this Court's February 5, 2007 order in *UMG Recordings, Inc. v.*

14    *Grouper Networks, Inc.*, C.D. Case No. CV06-6561 AHM (AJWx), which

15    instructed the parties in *Grouper* and in this case to meet and confer regarding

16    possible coordination of discovery, counsel for Plaintiffs, Defendant Grouper

17    Networks, Inc. ("Grouper"), and MySpace met and conferred on February 13 and

18    February 20, 2007. The parties filed a Joint Report Regarding Coordinated

19    Discovery Proposals on February 27, 2007, a copy of which is attached for the

20    Court's convenience.

21         The parties agree to work together in good faith to ensure that any joint

22    depositions are conducted in a manner that is fair both to the witnesses and to the

23    parties.

24         E.      UMG's Discovery Proposal:

25         UMG proposes that discovery in this case parallel the schedule adopted by the

26    Court in *UMG Recordings, Inc. v. Grouper Networks, Inc.*, C.D. Case No. CV06-

27    6561 AHM (AJWx), which raises identical or similar issues of fact and law.

28    Specifically, UMG proposes a non-expert discovery cut-off date of March 17, 2008.

**EXHIBIT I Page 170**      - 10 -

1 For expert discovery, UMG proposes that opening expert witness discovery be made
2 by December 10, 2007, and that expert discovery conclude by April 21, 2008.

3       UMG further proposes that discovery be coordinated among the defendants in
4 this case and in *UMG v. Grouper*.  Under UMG's proposal, the defendants in the
5 three cases would coordinate their efforts in serving written discovery on UMG and
6 would coordinate in taking the depositions of UMG's witnesses.  The discovery that
7 the defendants in this case and in each of the related cases will take of UMG will be
8 the same or substantially overlapping—for example, discovery relating to the
9 registration, licensing, and chain of title of UMG's copyrighted works, discovery
10 relating to UMG's enforcement of its copyrights, discovery relating to UMG's
11 corporate structure, and discovery relating to UMG's damages.  The consolidation of
12 the defendants' discovery efforts in these cases would avoid a tremendous waste of
13 resources for the parties and—insofar as duplicative discovery may entangle the
14 Court in the adjudication of duplicative discovery motions—for the Court as well.

15       F.    MySpace's Discovery Proposal:

16       MySpace disagrees that the time for discovery in this case should parallel the
17 schedule adopted by the Court in *UMG v. Grouper*.  While some of the legal issues
18 may be similar, they are more complex in this case and the volume of factual
19 information is far greater.  For example, while there are only video files on Grouper,
20 there are both video files and music files on MySpace, thus multiplying the factual
21 and legal issues.  In addition, there is a substantial amount of authorized music and
22 video content on MySpace, including music and videos posted, with authorization,
23 directly by UMG and/or its artists, for their benefit.  These unique facts will require
24 substantial discovery from UMG and its artists concerning their practices with
25 respect to posting content on MySpace and the identification of authorized files.  As
26 a result, the parties will need substantially more time for discovery.  MySpace
27 therefore proposes a non-expert discovery cut-off date of June 15, 2008, with expert
28 discovery, as set forth below, thereafter.

**EXHIBIT I Page 171**

0.0 01

JOINT RULE 26(f) REPORT

1       1.    Rule 26(f)(3) – Discovery of Electronically Stored Information

2       The parties have acknowledged and discussed their obligations regarding the

3  production of electronically stored information.  The form in which this information

4  will be produced is a matter of ongoing discussion between the parties.

5       2.    Rule 26(f)(4) – Issues Relating to Claims of Privilege or Trial

6  Preparation Material

7       The parties have agreed to a claw-back procedure (to be incorporated in the

8  protective order discussed below) whereby the assertion of a privilege may be made

9  after production.  Previously-produced privileged documents will be promptly

10 returned to the parties upon assertion of a privilege.

11      3.    Rule 26(f)(5) – Limitations on Discovery

12      The parties do not propose any changes to the limitations on discovery under

13 the Federal or Local Rules at this time.  However, the parties may ask the Court to

14 increase the permissible number of depositions and/or the permissible number of

15 interrogatories should the need for further discovery arise.  In addition, UMG takes

16 the position that 30(b)(6) depositions should not count against the maximum set by

17 Rule 33.

18      At this time, UMG anticipates that it will conduct a minimum of ten

19 depositions in this case.  A more accurate estimate of the number of depositions that

20 UMG will need to take will be possible after UMG conducts its initial 30(b)(6)

21 depositions.

22      At this time, MySpace anticipates that it will conduct a minimum of ten

23 depositions in this case.  MySpace will more accurately be able to estimate the

24 number of depositions it will need after it conducts its initial depositions pursuant to

25 Rule 30(b)(6).  MySpace disagrees with UMG's proposal that Rule 30(b)(6)

26 depositions should not count against the maximum number set by Rule 33.

27

28

EXHIBIT I Page 172

- 12 -

0.0 01

JOINT RULE 26(f) REPORT

4.     Rule 26(f)(6) – Other Orders

The parties acknowledge that discovery in this matter may include proprietary information and private financial information.  As a result, the parties agree that UMG will produce and supply to Defendants a protective order governing the production and use of confidential materials in accordance with the provisions of the protective order on the Court's website.  The protective order will include a claw-back provision, as described above.  Once the protective order has been approved by both parties, the parties will ask the Court to enter the protective order.

5.     Expert Disclosures – Rule 26(a)(2)

**UMG's Expert Disclosure and Discovery Proposal:**

Consistent with its desire to match the pace of this case to the related *Grouper* case, UMG proposes that opening expert witness disclosure relating to liability follow this Court's discovery order in *Grouper*.  Therefore, such disclosures would be made on December 10, 2007, with rebuttal disclosures due at a mutually agreeable time thereafter.  Again, as ordered by this Court in the *Grouper* case, discovery of liability experts would conclude by April 21, 2008.

UMG further proposes, with respect to any other non-liability experts, pursuant to Local Rule 26-1(f) and Fed. R. Civ. P. 26(a)(2), expert disclosures shall be made 90 days before the trial date; any rebuttal disclosures shall be made within 30 days thereafter.

**MySpace's Expert Disclosure and Discovery Proposal:**

MySpace believes that the legal and factual complexities of this case merit a lengthier time period for discovery.   For expert discovery, MySpace proposes that opening expert witness disclosures, including reports, be made *after* the close of fact discovery, by July 1, 2008, rebuttal expert disclosures, including rebuttal reports, be made August 7, 2008, and that expert discovery conclude by August 30, 2008.

**g)     SUMMARY JUDGMENT/MOTIONS *IN LIMINE***

EXHIBIT I Page 173

- 13 -

0.0 01                                  JOINT RULE 26(f) REPORT

1    As noted above, pursuant to Local Rule 26-1(b), both parties anticipate that
2 they will file dispositive motions.  At this time, the parties anticipate that cross-
3 motions for summary judgment may be filed on various issues relating to MySpace's
4 and News Corporation's affirmative defenses and whether MySpace and News
5 Corporation are shielded from liability the safe harbor provisions of the DMCA.  In
6 addition, if discovery reveals that other factual issues relating to infringement are
7 largely undisputed, the parties may file motions or cross-motions for summary
8 judgment on UMG's infringement claims or on some subset thereof.
9    Consistent with the Court's comments in the Rule 26(f) Conference in the
10 *Grouper* case, UMG proposes that the Court defer setting either a motion cut-off
11 date or a motion in limine cut-off date at this time.  Rather, UMG proposes that the
12 Court set these deadlines once the trial date in this case, *Grouper*, and *Bolt* have
13 been coordinated and set.
14    MySpace agrees that the Court should defer setting cut-off dates and that the
15 Court should establish such dates after it sets the trial date in this case, but disagrees,
16 for the reasons set forth in section (f)(4) above, that the deadlines should be
17 coordinated with those set in *Grouper*.
18 **h)    SETTLEMENT**
19    Prior to the filing of this suit, the parties engaged in limited settlement
20 discussions.  Since the filing of this suit, the parties have not engaged in settlement
21 discussions or exchanged written communications regarding settlement.  Pursuant to
22 Local Rule 26-1(c) and 16-15.4, the parties agree to participate in a non-judicial
23 dispute resolution proceeding, Settlement Procedure No. 3.
24 **i)    ESTIMATE OF TIME REQUIRED FOR TRIAL**
25    Pursuant to Local Rule 26-1(d), the parties estimate that approximately 15
26 trial days will be required to try this case.  Trial will be by jury.  In the absence of
27 discovery, neither party knows how many witnesses it will call at trial.  UMG
28 proposes that the selection of a trial date be deferred so that it can be coordinated

**EXHIBIT I Page 174**

- 14 -

0.0 01                          JOINT RULE 26(f) REPORT

1  with trial dates in the related *Grouper* case.  MySpace disagrees that the trial date in
2  this case should be coordinated with any trial date in the *Grouper* case.

3  **j)    PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

4         Pursuant to the Court's December 7, 2006 Order, the parties have completed
5  the scheduling form attached as Exhibit A to the Court's Order and have attached the
6  completed form as Exhibit A hereto.

7  **k)    OTHER ISSUES AFFECTING CASE STATUS OR MANAGEMENT**

8         Pursuant to Local Rule 26-1(a), the parties agree that this case is not a
9  complex case and that the Manual for Complex Litigation should not be used in this
10 case.  The parties are not aware at this time of any other issues affecting the status or
11 management of the case.

12 **l)    CONFLICT INFORMATION**

13        For conflict purposes, each of the plaintiffs in this action identifies Vivendi,
14 S.A., which is a publicly traded French company on the Paris Stock Exchange, as its
15 ultimate parent.  The plaintiffs have scores of subsidiaries and affiliates, all of which
16 are ultimately owned by Vivendi, S.A.

17        MySpace, Inc. identifies its ultimate parent corporation as News Corporation.
18 News Corporation is a publicly-traded company with numerous subsidiaries, some
19 of which are wholly-owned and some of which are owned only in part by News
20 Corporation.

21 **m)    PATENT CASES**

22        This case is not a patent case.

23 **n)    MAGISTRATE JUDGE**

24        The parties do not wish to have a Magistrate Judge preside at trial.

**EXHIBIT I Page 175**
- 15 -
0.0 01
JOINT RULE 26(f) REPORT

1  Dated:  March 2, 2007                    IRELL & MANELLA LLP
2                                           Steven A. Marenberg
                                            Elliot Brown
3                                           Benjamin Glatstein

4

5                                           By: _____
6                                              Benjamin Glatstein

7                                              Attorneys for Plaintiffs
8                                              UMG RECORDINGS, INC.;
                                               UNIVERSAL MUSIC CORP.;
9                                              SONGS OF UNIVERSAL, INC.;
                                               UNIVERSAL-POLYGRAM
10                                             INTERNATIONAL PUBLISHING,
                                               INC.; RONDOR MUSIC
11                                             INTERNATIONAL, INC.

12  Dated:  March 2, 2007                    O'MELVENY & MYERS LLP
13                                           Diana M. Torres
                                             Dale M. Cendali
14                                           Johanna Schmitt
                                             Shannon Keast
15

16

17                                          By: _____
18                                             Diana M. Torres

19                                             Attorneys for Defendants
20                                             MYSPACE, INC. and NEWS
                                               CORPORATION
21

22

23

24

25

26

27

28

**EXHIBIT I Page 176**                    - 16 -

0.0 01                              JOINT RULE 26(f) REPORT