1 | IRELL & MANELLA LLP
Steven A. Marenberg (101033) (smarenberg@irell.com)
2 | Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
3 | Benjamin Glatstein (242034) (bglatstein@irell.com)
1800 Avenue of the Stars, Suite 900
4 | Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
5 | Facsimile:   (310) 203-7199

6 | Attorneys for Plaintiffs

7

8 |                    UNITED STATES DISTRICT COURT

9 |                    CENTRAL DISTRICT OF CALIFORNIA

10 |                           WESTERN DIVISION

11

12 | UMG RECORDINGS, INC., a               ) Case No. CV 07-5744-GW(RC)
Delaware corporation; UNIVERSAL          )
13 | MUSIC CORP., a New York               )
corporation; SONGS OF UNIVERSAL,         ) **COMPLAINT FOR DIRECT,**
14 | INC., a California corporation;       ) **CONTRIBUTORY, AND**
UNIVERSAL-POLYGRAM                        ) **VICARIOUS COPYRIGHT**
15 | INTERNATIONAL PUBLISHING,             ) **INFRINGEMENT, AND FOR**
INC., a Delaware corporation;            ) **INDUCEMENT OF COPYRIGHT**
16 | RONDOR MUSIC INTERNATIONAL,           ) **INFRINGEMENT**
INC., a California corporation;          )
17 | UNIVERSAL MUSIC – MGB NA              )
LLC, a California Limited Liability      ) **DEMAND FOR JURY TRIAL**
18 | company; UNIVERSAL MUSIC – Z          )
TUNES LLC, a New York Limited            )
19 | Liability company; and UNIVERSAL      )
MUSIC – MBG MUSIC PUBLISHING             )
20 | LTD., a UK company,                   )
                                          )
21 |           Plaintiffs,                 )
                                          )
22 |      v.                               )
                                          )
23 | VEOH NETWORKS, INC., a California     )
corporation; DOES 1-10, inclusive,       )
24 |                                       )
          Defendants.                     )
25 | ————————————————————————             )

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

1      Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal,

2  Inc., Universal-PolyGram International Publishing, Inc., Rondor Music

3  International, Inc., and BMG Publishing NA (collectively "Plaintiffs") allege, on

4  information and belief, as follows:

5      1.    Plaintiffs are part of Universal Music Group ("UMG"), the world's

6  largest music company.  UMG has a long and distinguished heritage dating back

7  more than a century.  Today, UMG stands as a leader and innovator in the

8  development, marketing, sales, promotion and distribution of music around the

9  world.  UMG's extensive and diverse collection record labels include such well-

10  known and legendary names as Decca, Motown, Deutsche Grammophon,

11  Interscope, Geffen, A&M, Island, Def Jam, Universal, Verve, MCA Nashville,

12  Mercury Nashville Records, and Lost Highway.  UMG is also the world's largest

13  music publisher; it owns or administers over 1.5 million copyrighted musical

14  compositions.  UMG's performing artists and songwriters include U2, Black Eyed

15  Peas, Prince, Paul Simon, Luciano Pavarotti, George Strait, BB King, Juanes, Justin

16  Timberlake, Eminem, Beach Boys, Bon Jovi, Sheryl Crow, Dr. Dre, Eminem, Jay-Z,

17  Diana Krall, Nelly, No Doubt, Gwen Stefani, Stevie Wonder, Sting, Mary J. Blige,

18  Elton John, The Killers, Shania Twain, 50 Cent, Ludacris, and Alanis Morrisette, to

19  name but a few.

20      2.    Defendant Veoh Networks, Inc. ("Veoh") is a massive copyright

21  infringer that has built its business on the back of others' intellectual property.  Veoh

22  follows in the ignominious footsteps of other recent mass infringers such as Napster,

23  Aimster, KaZaA, and Morpheus, engaging in high tech theft in the name of

24  "sharing."  Veoh's disregard for the copyright laws have earned it notoriety in the

25  press for, among other things, "sharing" infringing copies of hard core pornography,

26  "sharing" content Veoh "video-jacked" for videobloggers, and "sharing" full-length

27  infringing copies of audiovisual works, which Veoh permits users to view,

28  reproduce, and downloaded for free.  Veoh Networks Founder and Chief Innovation

1    Officer Dmitry Shapiro "acknowledge[d] that only a week after the company's

2    official debut, Veoh.com is host to a wide range of unauthorized and full-length

3    copies of popular programs."  Greg Sandoval, *A New Copyright Battlefield: Veoh*,

4    CNET News (2/21/2007).  As one author describing Veoh put it in a headline that

5    tells all:  "Forget about YouTube: Go To These Sites If You Want Hard Core

6    Copyright Infringement," Michael Arrington, TechCrunch (4/4/2007) (singling out

7    Veoh as one of top destinations for "hard core copyright infringement").

8        3.    As part of its "hardcore copyright infringement," Veoh has directly and

9    indirectly infringed *thousands* of Plaintiffs' copyrighted sound recordings and

10   musical compositions, which Veoh has reproduced, adapted, displayed and

11   distributed – and it has done so with the help of, among others, Michael Eisner

12   (former Chairman and CEO of The Walt Disney Company), Goldman Sachs, and

13   Time Warner Investments.  Veoh does this by making permanent copies on servers

14   that it owns or controls of audiovisual works containing Plaintiffs' copyrighted

15   music; converting Plaintiffs audiovisual works into commonly used video formats to

16   facilitate infringement by Veoh's users; virally exploiting Plaintiffs' music and

17   audiovisual works without permission or a license; and providing free permanent

18   downloads of Plaintiff's music and audiovisual works.

19       4.    Veoh has engaged in the rampant infringement of Plaintiffs'

20   copyrighted music as part of Veoh's strategy to become one of the Internet's most

21   popular and valuable "video sharing" websites, and to thereby attract advertising

22   dollars and tens of millions of dollars of venture capital investment.  Veoh's

23   business plan is based on theft and deprives Plaintiffs and Plaintiffs' songwriters and

24   artists of compensation for their work.  Veoh's rampant infringement will not stop

25   until Veoh, and those who own, control, and run it, are enjoined and held financially

26   accountable for the their mass copyright infringement.

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

## JURISDICTION AND VENUE

5.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction over these federal questions pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over defendant Veoh in that, among other things, Veoh does business in this judicial District, and Plaintiffs do business and are suffering harm in this judicial District.

7.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

8.    Plaintiff UMG Recordings, Inc. ("UMGR") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California.  UMGR is engaged in the business of producing sound recordings, and distributing, selling, and/or licensing the distribution and sale of its sound recordings in phonorecords (as defined in 17 U.S.C. § 101) and in audiovisual works in the United States.  UMGR is the leading producer of such phonorecords in the United States, including on its various record labels such as (by way of example) Interscope, Geffen, A&M, Island, Def Jam, Universal, Motown, and Verve.  UMGR invests substantial sums of money, as well as time, effort, and creative talent, to discover and develop recording artists, and to create, advertise, promote, sell, and license phonorecords embodying the performances of its exclusive recording artists.  UMGR owns copyrights in thousands of sound recordings, including many of the most popular and well-known sound recordings in the world (the "Copyrighted Sound Recordings") for which UMGR has obtained or has applied for Certificates of Copyright Registration issued

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

1748129.1 02                              - 4 -

1  by the Register of Copyrights.  By way of representative example only, the

2  Copyrighted Sound Recordings include those listed on Exhibit A hereto.

3      9.    UMGR has the exclusive rights, among other things, to reproduce the

4  Copyrighted Sound Recordings in copies or phonorecords; to prepare derivative

5  audiovisual works based upon the Copyrighted Sound Recordings; to distribute

6  copies or phonorecords of the Copyrighted Sound Recordings to the public; and to

7  perform the Copyrighted Sound Recordings publicly by means of a digital audio

8  transmission.  17 U.S.C. §§ 106(1), 106(2), 106(3), 106(6).

9      10.    Plaintiff Universal Music Corp. ("UMC") is a corporation duly

10  organized and existing under the laws of the State of New York with its principal

11  place of business in Los Angeles County, California, and is duly qualified to

12  transact business in the State of California.  Plaintiff Songs of Universal, Inc.

13  ("SOU") is a corporation duly organized and existing under the laws of the State of

14  California with its principal place of business in Los Angeles County, California,

15  and is duly qualified to transact business in the State of California.  Plaintiff

16  Universal-Polygram International Publishing, Inc. ("UPIP") is a corporation duly

17  organized and existing under the laws of the State of Delaware with its principal

18  place of business in Los Angeles County, California, and is duly qualified to

19  transact business in the State of California.  Plaintiff Rondor Music International,

20  Inc. ("RMI") is a corporation duly organized and existing under the laws of the State

21  of California, and is duly qualified to transact business in the State of California.

22  Rondor's principal place of business is Los Angeles County, California.  Plaintiff

23  Universal Music – MGB NA LLC ("MGB") is a limited liability company duly

24  organized and existing under the laws of the State of California with its principal

25  place of business in Los Angeles County, California and is duly qualified to transact

26  business in the State of California.  Plaintiff Universal Music – Z Tunes LLC ("Z-

27  Tunes") is a limited liability company duly organized and existing under the laws of

28  the State of California with its principal place of business in Los Angeles County,

**EXHIBIT K Page 182**

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

1  California and is duly qualified to transact business in the State of California.

2  Plaintiff Universal Music – MGB Music Publishing Ltd. ("MGB UK") is a UK

3  company with its principal place of business in London, England.  UMC, SOU,

4  UPIP, RMI, MGB, Z-Tunes, and MGB UK are engaged in the business of acquiring,

5  owning, publishing, administering, licensing, and otherwise exploiting copyrights in

6  musical compositions.  UMC, SOU, UPIP, RMI, MGB, Z-Tunes, and MGB UK

7  invest substantial sums of money, as well as time, effort, and creative talent, to

8  acquire, administer, publish, license and otherwise exploit such copyrights, on their

9  own behalf and on behalf of songwriters.  UMC, SOU, UPIP, RMI, and MGB, Z-

10  Tunes, and MGB UK own (in whole or in part) copyrights in thousands of musical

11  compositions, including many of the most popular and well-known compositions in

12  the world (the "Copyrighted Musical Compositions") for which they have obtained

13  or have applied for Certificates of Copyright Registration issued by the Register of

14  Copyrights.  By way of representative example only, the Copyrighted Musical

15  Compositions include those listed on Exhibit A hereto.

16      11.    UMC, SOU, UPIP, RMI, or MGB, Z-Tunes, and MGB UK have the

17  exclusive rights, among other things, to reproduce the Copyrighted Musical

18  Compositions in phonorecords; to prepare derivative audiovisual works based upon

19  the Copyrighted Musical Compositions; and to perform the Copyrighted Musical

20  Compositions publicly.  17 U.S.C. §§ 106(1), 106(2), 106(3), 106(4).

21      12.    Defendant Veoh is a privately held California corporation, with its

22  principal places of business in Los Angeles and San Diego, California.  Veoh has

23  taken mass infringement on the Internet to a new and dangerous level by supplying

24  the public with an integrated combination of services and tools that make

25  infringement free, easy, and profitable for Veoh.  Among other things, Veoh

26  operates Veoh.com, a "video sharing" website where members of the public can

27  search for, view, upload and download and otherwise "share" thousands of videos,

28  many thousands of which are infringing copies of copyrighted works.

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

1748129.1 02

13.     Veoh is well aware of the mass infringement it has facilitated. Veoh's infringement is indeed sufficiently egregious to have provoked comment in the mainstream media. The New York Times, for example, recently reported, "the major media companies think the firm [Veoh], backed by Time Warner and Michael Eisner, takes a cavalier attitude toward keeping copyrighted material off its service. They complain that Veoh imposes no time limits on uploaded clips and will not embrace digital fingerprinting technology to filter out copyrighted-material." "Veoh vs. Copyright Holders: Is a War Brewing?" New York Times (8/9/2007). Veoh has chosen not to filter and not to employ the simple safeguards used by competitors for a simple reason: those safeguards work, and if employed would reduce the number of infringing works on Veoh.com. Veoh consciously is seeking to enjoy the benefits of exploiting copyrighted content, such as increased traffic on its website, without having to pay copyright owners for using their content.

14.     Veoh has announced that it has been able to attract tens of millions of dollars of financial support from various investors, all of whom benefit from Veoh's infringing acts. Veoh's publicly disclosed investors include Shelter Capital Partners, LLC, Spark Capital, LLC, the Tornante Company, LLC, and Time Warner Investments, and Goldman Sachs. Certain of Veoh's investors also reportedly serve on Veoh's board and hold positions as directors, including Messrs. Michael Eisner, Todd Dagres, and Arthur Bilger. Plaintiffs reserve the right to add as defendants Veoh's investors, directors, and officers once the full nature and extent of their contribution to, and facilitation of, the infringing conduct taking place on Veoh is known.

15.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, are unknown to Plaintiffs, which sue said defendants by such fictitious names (the "Doe Defendants"). If necessary, Plaintiffs will seek leave of Court to amend this complaint to state their true names and capacities when the same have been

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

1 ascertained.  Plaintiffs are informed and believe and on that basis aver that the Doe
2 Defendants are liable to Plaintiffs as a result of their participation in all or some of
3 the acts hereinafter set forth.  Veoh and the Doe Defendants are referred to
4 collectively herein as "Defendants."

5     16.    Plaintiffs are informed and believe and on that basis allege that at all
6 times mentioned in this complaint, each of the Defendants was the agent of each of
7 the other Defendants and, in doing the things alleged in this complaint, were acting
8 within the course and scope of such agency.

9 **GENERAL AVERMENTS**

10     17.    Veoh has created a sophisticated suite of software and services
11 designed to encourage, induce, and enable members of the public to make, upload,
12 download, "share," sell, rent, and distribute permanent copies of videos without
13 regard to the rights of copyright owners.  Following in the footsteps of infamous
14 pioneers of mass piracy on the Internet such as Napster, Veoh has created and
15 maintains a proprietary peer-to-peer ("p2p") network, which it has dubbed
16 "Veohnet."  Veoh uses the Veohnet p2p service to facilitate the distribution of high
17 quality copies of infringing content over the Internet and to enable Veoh to exploit
18 its members' computers to engage in acts of copyright infringement.

19     18.    Veoh has also created and distributes for free different versions of
20 client software (called "VeohTV" and "Veoh Player").  Veoh encourages the public
21 to become "members" of Veoh and to download and install Veoh's software on their
22 personal computers.  Once a Veoh member has installed Veoh's software on his or
23 her computer, the member's computer becomes part of Veohnet p2p network, and it
24 can be use used to facilitate the reproduction, distribution and display of infringing
25 content over the Internet.  Veoh's software provides Veoh members with the means
26 to download permanent copies of videos directly from Veoh.com to their computers
27 (or to handheld video players, such as iPods) with the click of a mouse.  Veoh's
28 software also enables the "sharing" and "downloading" of copies of videos that are

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

1  stored on the computers of other Veoh members who are part of Veoh's p2p

2  network.  Veoh's client software also enables and encourages Veoh's members to

3  download to their computers permanent copies of videos that are displayed on third

4  party websites, including websites such as YouTube whose terms of service

5  expressly prohibit making permanent copies.  Once a Veoh member has used Veoh's

6  client software to download a permanent copy of video from a third party website to

7  his or her computer, the member can then use the Veoh client software to upload the

8  video to Veoh.com, where it can be viewed by the public over the Internet.

9       19.    Members who upload videos to Veoh's server are rewarded with a

10  variety of free services that make it easy to further reproduce, display, distribute and

11  to profit from the video without regard to whether it is an infringing copy, and in

12  disregard of the rights of copyright owners.  Among its other free services, Veoh

13  reformats or "transcodes" videos into a number of popular video formats, Veoh

14  enables "posting" of copies of videos to popular websites (which copies prominently

15  display Veoh's logo thereby using UMG's copyrighted content to advertise Veoh's

16  service without UMG's consent), and Veoh even gives members the option of

17  renting or selling downloads of videos through Veoh.com.

18       20.    By offering thousands of infringing works for free viewing and

19  downloading, and by providing sophisticated tools that enable the reproduction and

20  dissemination of video over the Internet, the Veoh.com website has been able to

21  attract millions of unique visitors each month.  Veoh directly profits from its mass

22  infringement by, among other things, selling targeted advertisements that reflect

23  what content (including infringing content) Veoh's members are viewing, and by

24  sharing in revenues when members use Veoh's services to rent or sell videos.

25       21.    Veoh engages in direct infringement and indirect infringement of

26  Plaintiffs' copyrights.  By way of example only, Veoh has engaged in the following

27  activities in furtherance of its direct and indirect infringement:

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

a)   Reproduced (*i.e.*, made permanent copies of) audiovisual works containing thousands of Plaintiffs' copyrighted works on servers that Veoh owns or controls;

b)   "Transcoded" each infringing audiovisual work uploaded to Veoh into commonly used video formats to facilitate further reproduction, display, and distribution and downloading;

c)   Distributed and publicly performed infringing copies of audiovisual works uploaded onto Veoh's servers to their users on demand;

d)   Provided the public with one-click downloads of audiovisual works that are displayed on Veoh.com, including free permanent downloads of infringing works on Veoh.com;

e)   Induced and enabled Veoh members to upload copies of videos without the authorization of the copyright owner, including videos copied from third party websites without authorization of the website or the copyright owner (and often in violation of the third party website's terms of use);

f)   Created and maintained Veoh's p2p Veohnet network, which enables Veoh to use its members computers to aid in the copying and distribution of audiovisual works, including infringing works;

g)   Created and distributed Veoh's client software, which Veoh knows is being used to infringe copyrights;

h)   Failed to use its right and ability to filter or screen for copyright infringement;

i)   Encouraged Veoh members to index each audiovisual work by category and by user-generated "tags" or keywords to increase a work's searchability and exposure;

j)   Enabled users to perform complex searches for audiovisual content by specifying desired categories, time periods, keywords and/or tags, and return search queries with both text and thumbnail pictures;

k)   Allowed users to filter search results by "most popular," "most recent," "top rated," "most discussed," "top favorite," and "run length";

l)   Provided users with anonymity to upload, view, download, copy and/or further distribute audiovisual works;

m)   For each video that a viewer watches, generated a selection of "related" videos – which regularly includes copyrighted works – for users to consider while watching the video;

n)   Allowed users to "rate" audiovisual works and made this data available to all users;

o)   Provided users with data such as a video's "rating," how many times the video has been viewed, and how many times it has been downloaded, and allowed users to post and read comments about particular videos;

p)   Allowed users to "Embed this Video" in other websites or to add videos to blogs with the "Add to Blog" function; such embedded videos are presented with a "Veoh" watermark;

22.   Taken together, the foregoing acts indicate Veoh's ability and intent to facilitate, encourage, and profit from the mass unauthorized exploitation of copyrighted content, including Plaintiffs' Copyrighted Sound Recordings and Copyrighted Musical Compositions.

23.   Veoh currently provides several methods by which a Veoh user can easily view, permanently copy, and/or share unauthorized reproductions of music videos. Any member of the public can, for example, visit Veoh.com where thousands of infringing works are available for immediate viewing, downloading and other forms of "sharing." To take but one example, a person looking for a music video featuring the music of the popular UMG recording artist, Fergie need

1  only enter "Fergie" into Veoh.com's search box.  As seen in Exhibit B, Veoh

2  supplies a list of available Fergie videos (including many infringing copies of music

3  videos featuring UMGR's copyright sound recordings) that are available to be

4  viewed from Veoh.com, download or otherwise "shared" by clicking on any of the

5  buttons Veoh prominently displays.  When a user searches on "Fergie," Veoh also

6  displays targeted advertisements based on the search term "Fergie," for example

7  advertising for cell phone "ringtones" featuring Fergie's music.  The user can then

8  view any video appearing in the search results, for example to view the Fergie video

9  for the song "Fergalicious," with one mouse click mouse.  See Exhibit C.  With one

10  more mouse click, the Veoh member can also download a permanent copy of the

11  video to his or her computer.  Veoh supplies statistics about how often each work

12  has been used without the permission of the copyright owner, for example, this one

13  copy of the Fergalicious video, which is clearly marked in the bottom left-hand

14  corner as a copyrighted video, has been viewed 872 times and downloaded 200

15  times.

16       24.    Veoh also allows its users to view, copy, and share copyrighted works

17  through Veoh's software, VeohTV and Veoh Player.  As seen in Exhibit D, any

18  member of the public can download Veoh's software for free.  As with the infamous

19  Napster software, Veoh's software makes Veoh's members computer part of a peer-

20  to-peer network used to facilitate "sharing" media files over the Internet.  VeohTV

21  software also includes search functionality that searches for videos not only on

22  Veoh.com, but relevant videos that can be found on third party websites.  *See*

23  Exhibit E.  VeohTV software is designed so that the videos – including videos on

24  third party sites – can be viewed or downloaded using the Veoh software.  *See*

25  Exhibit F.

26       25.    To encourage and enable even further dissemination of infringing

27  copies across the Internet, Veoh supplies its members with a number of other tools,

28  including a button to "Share Video," that is, email a link to the infringing video or

1  "embed" a link to the video in another webpage.  Veoh also provides buttons to

2  "post" links of the video to other popular websites including Digg, Facebook,

3  del.icio.us, and StumbleUpon.  Veoh's distribution of videos on many third party

4  websites is done to drive more traffic to Veoh.com thereby increasing Veoh's

5  popularity and profitability.

6          26.    As Defendants know, should know, and/or with reasonable diligence

7  could ascertain, many of the audiovisual works on Veoh's website contain

8  copyrighted material, including the Copyrighted Sound Recordings and the

9  Copyrighted Musical Compositions.  These works often embody popular songs or

10 "hits" performed by prominent recording artists.  Many are synchronized with

11 expensive, professionally-made videos, and may include titles, credits, or other

12 indicia that make apparent the source of the recordings.  It is widely known and

13 understood that such sound recordings and compositions are protected by copyright.

14         27.    Defendants and their users did not receive any license, authorization,

15 permission, or consent to use the Copyrighted Sound Recordings or the Copyrighted

16 Musical Compositions.  Instead, in violation of Plaintiffs' rights under copyright

17 law, Defendants have willfully, intentionally, and purposefully reproduced, adapted,

18 distributed, and publicly performed the Copyrighted Sound Recordings and the

19 Copyrighted Musical Compositions, and/or knowingly facilitated, enabled, induced,

20 and materially contributed to infringing uses thereof, and/or refused to exercise their

21 ability to control or supervise infringing uses thereof from which Defendants

22 financially benefit, including by earning revenue from selling advertising keyed to

23 the content of the work selected for viewing, and from the overall increase in user

24 traffic and commercial value of its business and property arising from the "draw" of

25 infringing Copyrighted Sound Recordings and Copyrighted Musical Compositions.

26 Further, Defendants have continued to willfully infringe Plaintiffs' rights even after

27 Plaintiffs have notified them that their use of Plaintiffs' copyrighted materials

28 violates Plaintiffs' rights under copyright.  In these ways, among others, Defendants

1    have infringed Plaintiffs' copyrights and rights under copyright in the Copyrighted

2    Sound Recordings and the Copyrighted Musical Compositions.

### COUNT I

### DIRECT COPYRIGHT INFRINGEMENT

### [Against All Defendants]

6    28.    Plaintiffs incorporate herein by this reference each and every averment

7    contained in paragraphs 1 through 26, inclusive.

8    29.    Through their conduct averred herein, Defendants have infringed

9    Plaintiffs' copyrights in the Copyrighted Sound Recordings and the Copyrighted

10    Musical Compositions by reproducing, adapting, distributing, and/or publicly

11    performing audiovisual works embodying the copyrighted material without

12    authorization in violation of Sections 106, 115, and 501 of the Copyright Act, 17

13    U.S.C. §§ 106, 115, and 501.

14    30.    Each infringement by Defendants in and to the Copyrighted Sound

15    Recordings or the Copyrighted Musical Compositions constitutes a separate and

16    distinct act of infringement.

17    31.    Defendants' acts of infringement were willful, in disregard of and with

18    indifference to the rights of Plaintiffs.

19    32.    As a direct and proximate result of the infringements by Defendants,

20    Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at

21    trial which are not currently ascertainable.  If necessary, Plaintiffs will seek leave to

22    amend this complaint to state the full amount of such damages and profits when

23    such amounts have been ascertained.

24    33.    Alternatively, Plaintiffs are entitled to the maximum statutory damages

25    in the amount of $150,000 with respect to each work infringed, or for such other

26    amounts as may be proper under 17 U.S.C. § 504(c).

27    34.    Plaintiffs further are entitled to their attorneys' fees and full costs

28    pursuant to 17 U.S.C. § 505.

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

**EXHIBIT K Page 191**

1748129.1 02                                  - 14 -

35.    As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe and on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted Sound Recordings and the Copyrighted Musical Compositions.  Plaintiffs are entitled to preliminary and permanent injunctive relief.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### [Against All Defendants]

36.    Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 26, inclusive.

37.    Defendants have and continue to knowingly and systematically materially contribute to, intentionally induce, and/or cause unauthorized reproductions, adaptations, distributions, and/or public performances of the Copyrighted Sound Recordings and the Copyrighted Musical Compositions and thus to the infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Copyrighted Sound Recordings and the Copyrighted Musical Compositions.

38.    Each infringement by Defendants in and to the Copyrighted Sound Recordings or the Copyrighted Musical Compositions constitutes a separate and distinct act of infringement.

39.    Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiffs.

40.    As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  If necessary, Plaintiffs will seek leave to amend this complaint to state the full amount of such damages and profits when such amounts have been ascertained.

1    41.    Alternatively, Plaintiffs are entitled to the maximum statutory damages

2 in the amount of $150,000 with respect to each work infringed, or for such other

3 amounts as may be proper under 17 U.S.C. § 504(c).

4    42.    Plaintiffs further are entitled to their attorneys' fees and full costs

5 pursuant to 17 U.S.C. § 505.

6    43.    As a direct and proximate result of the foregoing acts and conduct,

7 Plaintiffs have sustained and will continue to sustain substantial, immediate, and

8 irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are

9 informed and believe and on that basis aver that unless enjoined and restrained by

10 this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted

11 Sound Recordings and the Copyrighted Musical Compositions.  Plaintiffs are

12 entitled to preliminary and permanent injunctive relief.

13    **COUNT III**

14    **VICARIOUS COPYRIGHT INFRINGEMENT**

15    **[Against All Defendants]**

16    44.    Plaintiffs incorporate herein by this reference each and every averment

17 contained in paragraphs 1 through 26, inclusive.

18    45.    Defendants have the right and ability to supervise and/or control the

19 infringing conduct of Veoh's users.  Defendants have refused to exercise such

20 supervision and/or control over Veoh's users to the extent required under law.  As a

21 direct and proximate result of such refusal, Defendants' users and Veoh have

22 infringed Plaintiffs' copyrights in the Copyrighted Sound Recordings and the

23 Copyrighted Musical Compositions, including by reproducing, adapting,

24 distributing, and publicly performing such Copyrighted Sound Recordings and the

25 Copyrighted Musical Compositions.

26    46.    Defendants derive a direct financial benefit, including but not limited to

27 from advertising revenue and from the increased user traffic and increase in value of

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

1    Defendants' business arising from the "draw" of infringing Copyrighted Sound

2    Recordings and Copyrighted Musical Compositions.

3        47.    Each infringement by Defendants in and to the Copyrighted Sound

4    Recordings or the Copyrighted Musical Compositions constitutes a separate and

5    distinct act of infringement.

6        48.    Defendants' acts of infringement were willful, in disregard of and with

7    indifference to the rights of Plaintiffs.

8        49.    As a direct and proximate result of the infringements by Defendants,

9    Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at

10   trial which are not currently ascertainable.  If necessary, Plaintiffs will seek leave to

11   amend this complaint to state the full amount of such damages and profits when

12   such amounts have been ascertained.

13       50.    Alternatively, Plaintiffs are entitled to the maximum statutory damages

14   in the amount of $150,000 with respect to each work infringed, or for such other

15   amounts as may be proper under 17 U.S.C. § 504(c).

16       51.    Plaintiffs further are entitled to their attorneys' fees and full costs

17   pursuant to 17 U.S.C. § 505.

18       52.    As a direct and proximate result of the foregoing acts and conduct,

19   Plaintiffs have sustained and will continue to sustain substantial, immediate, and

20   irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are

21   informed and believe and on that basis aver that unless enjoined and restrained by

22   this Court, Defendants will continue to infringe Plaintiffs' rights in the Copyrighted

23   Sound Recordings and the Copyrighted Musical Compositions.  Plaintiffs are

24   entitled to preliminary and permanent injunctive relief.

25

26

27

28

## COUNT IV

## INDUCING COPYRIGHT INFRINGEMENT

### [Against All Defendants]

53.    Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 26, inclusive.

54.    Defendants have designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials.  As a direct and proximate result of such inducement, Defendants' and its users have infringed Plaintiffs' copyrights in the Copyrighted Sound Recordings and the Copyrighted Musical Compositions, including by reproducing, adapting, distributing, and publicly performing such Copyrighted Sound Recordings and the Copyrighted Musical Compositions.

55.    Each infringement by Defendants in and to the Copyrighted Sound Recordings or the Copyrighted Musical Compositions – including, without limitation, each act of inducing a third party to infringe one of the Copyrighted Sound Recordings or Copyrighted Musical Compositions – constitutes a separate and distinct act of infringement.

56.    Defendants' acts of infringement and inducement of infringement were willful, in disregard of and with indifference to the rights of Plaintiffs.

57.    As a direct and proximate result of the acts of infringement and inducement of infringement by Defendants, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  If necessary, Plaintiffs will seek leave to amend this complaint to state the full amount of such damages and profits when such amounts have been ascertained.

58.    Alternatively, Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 with respect to each act of inducing another to infringe

1  one of the Copyrighted Sound Recordings or Copyrighted Musical Compositions, or

2  for such other amounts as may be proper under 17 U.S.C. § 504(c).

3      59.    Plaintiffs further are entitled to their attorneys' fees and full costs

4  pursuant to 17 U.S.C. § 505.

5      60.    As a direct and proximate result of the foregoing acts and conduct,

6  Plaintiffs have sustained and will continue to sustain substantial, immediate, and

7  irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are

8  informed and believe and on that basis aver that unless enjoined and restrained by

9  this Court, Defendants will continue to infringe and induce infringement of

10 Plaintiffs' rights in the Copyrighted Sound Recordings and the Copyrighted Musical

11 Compositions.  Plaintiffs are entitled to preliminary and permanent injunctive relief.

12 ## PRAYER FOR RELIEF

13      WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of

14 them, jointly and severally, as follows:

15      1.    For Plaintiffs' damages and Defendants' profits in such amount as may

16 be found; alternatively, for maximum statutory damages in the amount of $150,000

17 with respect to each copyrighted work infringed either directly or indirectly, and

18 with respect to each act of inducing another to infringe one of the copyrighted

19 works, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

20      2.    For a preliminary and a permanent injunction enjoining Defendants,

21 and each of them, and their respective agents, servants, employees, officers,

22 successors, licensees and assigns, and all persons acting in concert or participation

23 with each or any of them, from:  (i) directly or indirectly reproducing, adapting,

24 distributing, publicly performing (in the case of Plaintiffs' sound recordings, by

25 means of a digital audio transmission), or otherwise infringing in any manner any of

26 Plaintiffs' copyrights (whether now in existence or hereafter created), including,

27 without limitation, the copyrights listed on Exhibit A; and (ii) causing, contributing

28 to, inducing, enabling, facilitating, or participating in the infringement of any of

1  Plaintiffs' copyrights, including, without limitation, the copyrights listed on

2  Exhibit A.

3          3.      For prejudgment interest according to law.

4          4.      For Plaintiffs' attorneys' fees and full costs incurred in this action.

5          5.      For such other and further relief as the Court may deem just and proper.

6

7  Dated:  September 4, 2007               Respectfully submitted,

8                                          IRELL & MANELLA LLP
                                           Steven A. Marenberg
9                                          Elliot Brown
                                           Brian Ledahl
10                                         Benjamin Glatstein

11

12                                         By:

13                                         _____
                                               Steven A. Marenberg

14
                                           Attorneys for Plaintiffs
15                                         UMG RECORDINGS, INC.;
                                           UNIVERSAL MUSIC CORP.; SONGS
16                                         OF UNIVERSAL, INC.; UNIVERSAL-
                                           POLYGRAM INTERNATIONAL
17                                         PUBLISHING, INC.; RONDOR MUSIC
                                           INTERNATIONAL, INC.; UNIVERSAL
18                                         MUSIC – MGB NA LLC; UNIVERSAL
                                           MUSIC – Z TUNES LLC; and
19                                         UNIVERSAL MUSIC – MBG MUSIC
                                           PUBLISHING LTD.

20

21

22

23

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs hereby request a trial by jury on all issues triable by jury.

3

Dated:  September 4, 2007                    Respectfully submitted,

4

                                             IRELL & MANELLA LLP
5                                            Steven A. Marenberg
                                             Elliot Brown
6                                            Brian Ledahl
                                             Benjamin Glatstein

7

8

9  By: _____
                                             Steven A. Marenberg

10
                                             Attorneys for Plaintiffs
11                                           UMG RECORDINGS, INC.;
                                             UNIVERSAL MUSIC CORP.; SONGS
12                                           OF UNIVERSAL, INC.; UNIVERSAL-
                                             POLYGRAM INTERNATIONAL
13                                           PUBLISHING, INC.; RONDOR MUSIC
                                             INTERNATIONAL, INC.; UNIVERSAL
14                                           MUSIC – MGB NA LLC; UNIVERSAL
                                             MUSIC – Z TUNES LLC; and
15                                           UNIVERSAL MUSIC – MBG MUSIC
                                             PUBLISHING LTD.

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AGAINST VEOH NETWORKS, INC.

**EXHIBIT K Page 198**

1748129.T 02

- 21 -

# EXHIBIT A

# EXHIBIT A

## Sound Recordings

|  | Artist | Title | U.S. Copyright Registration |
|---|---|---|---|
| 1. | 50 Cent | "Candy Shop" | SR-366-051 |
| 2. | All American Rejects | "Move Along" | SR-374-412 |
| 3. | Black Eyed Peas | "Hey Mama" | SR-334-398 |
| 4. | Black Eyed Peas | "My Humps" | SR-378-166 |
| 5. | Black Eyed Peas | "Pump It" | SR-378-166 |
| 6. | Blue October | "Hate Me" | SR-388-117 |
| 7. | Bon Jovi | "Have A Nice Day" | SR-382-491 |
| 8. | Eminem | "Sing For The Moment" | SR-317-924 |
| 9. | Eminem | "Stan" | SR-280-854 |
| 10. | Eve | "Gangsta Lovin" | SR-321-814 |
| 11. | Fall Out Boy | "Dance Dance" | SR-371-909 |
| 12. | Fergie | "Big Girls Don't Cry" | SR-393-675 |
| 13. | Fergie | "Fergalicious" | SR-393-675 |
| 14. | Kanye West | "Gold Digger" | SR-377-885 |
| 15. | Mariah Carey | "Through The Rain" | SR-322-233 |
| 16. | Mariah Carey | "We Belong Together" | SR-370-795 |
| 17. | Nelly | "Grillz" | SR-385-148 |
| 18. | Nelly Furtado | "Do It" | SR-387-509 |
| 19. | Nelly Furtado | "Maneater" | SR-387-509 |
| 20. | Nine Inch Nails | "Perfect Drug" | SR-236-660 |
| 21. | No Doubt | "Hey Baby" | SR-305-872 |

|    | **Artist** | **Title** | **U.S. Copyright Registration** |
|----|------------|-----------|---------------------------------|
| 22. | No Doubt | "Just A Girl" | SR-206-724 |
| 23. | Prince | "Black Sweat" | SR-385-928 |
| 24. | Pussycat Dolls | "Buttons" | SR-377-102 |
| 25. | Pussycat Dolls | "I Don't Need A Man" | SR-377-102 |
| 26. | Rihanna | "SOS" | SR-387-137 |
| 27. | Shania Twain | "Still the One" | SR-243-502 |
| 28. | Shania Twain | "Up" | SR-326-255 |
| 29. | Snow Patrol | "Chasing Cars" | Pending |
| 30. | Snow Patrol | "Run" | SR-353-890 |
| 31. | The Killers | "Mr. Brightside" | SR-355-962 |
| 32. | U2 | "Beautiful Day" | SR-308-274 |

**Compositions**

|    | **Artist** | **Title** | **U.S. Copyright Registration** |
|----|------------|-----------|---------------------------------|
| 1. | 3 Doors Down | "Here Without You" | PA-1-120-571 |
| 2. | 30 Seconds To Mars | "The Kill" | Pending |
| 3. | 50 Cent | "Candy Shop" | PA-1-298-495 |
| 4. | Avril Lavigne | "Complicated" | PA-1-094-639 |
| 5. | Backstreet Boys | "Everybody" | PA-821-647 |
| 6. | Backstreet Boys | "I Want It That Way" | PA-940-714 |
| 7. | Backstreet Boys | "Larger Than Life" | PA-940-713 |
| 8. | Backstreet Boys | "Show Me The Meaning of Being Lonely" | PA-940-715 |

|  | Artist | Title | U.S. Copyright Registration |
|---|---|---|---|
| 9. | Beastie Boys | "Ch- Check It Out" | PA-1-268-095 |
| 10. | Bon Jovi | "Its My Life" | PA-1-003-884 |
| 11. | Britney Spears | "Lucky" | PA-1-005-829 |
| 12. | Britney Spears | "Oops… I did it again" | PA-1-005-838 |
| 13. | Britney Spears | "Stronger" | PA-1-005-826 |
| 14. | Chamillionaire | "Ridin" | PA-1-317-544 |
| 15. | Christina Aguilera | "Come On Over Baby (All I Want Is You)" | PA-980-686 |
| 16. | Ciara | "Get Up" | PA-1-330-111 |
| 17. | Coldplay | "Speed Of Sound" | Pending |
| 18. | Ice Cube | "Go to Church" | PA-1-323-447 |
| 19. | Joss Stone | "Tell Me 'Bout It" | Pending |
| 20. | Justin Timberlake | "Rock Your Body" | PA-1-133-266 |
| 21. | Justin Timberlake | "SexyBack" | PA-1-165-048 |
| 22. | Korn | "Evolution" | Pending |
| 23. | Linkin Park | "Crawling" | PA-1-092-510 |
| 24. | Mariah Carey | "We Belong Together" | PA-285-727 |
| 25. | Maroon 5 | "She Will Be Loved aka She Will" | PA-1-073-087 |
| 26. | Maroon 5 | "This Love" | PA-1-073-085 |
| 27. | Mary J. Blige | "Take Me As I Am" | PA-1-325-474 |
| 28. | Nine Inch Nails | "Perfect Drug" | PA-784-070 |
| 29. | Pussycat Dolls | "I Don't Need A Man" | PA-1-314-866 |

# EXHIBIT B

EXHIBIT K Page 203







Click Here For Fergie Ringtones

Enter your email to get featured videos in your inbox    [          ]    Submit

FAQ    Help Forums    Veoh Blog    About Us    Partner with Veoh    Advertise With Us    Jobs at Veoh    Contact Veoh    Download VeohTV

Copyright © 2007 Veoh Networks, Inc.                                    Terms of Use    Copyright    Privacy Policy

# EXHIBIT C

EXHIBIT K Page 207





# EXHIBIT D

EXHIBIT K Page 210



# EXHIBIT E

EXHIBIT K Page 212



# EXHIBIT F



**Fergie**

Yahoo (14)          Google (48)          Veoh (50)

Closest Match          Play All          Add To Favorites

## Are you sure you want to download this video?

Yes                                    No

Fergie - Black Eyed Peas Mix

Big girls don't cry - Fergie

Search result 2 of 50

**EXHIBIT K Page 215**     EXHIBIT E PAGE 32