1  IRELL & MANELLA LLP
   Steven A. Marenberg (101033) (smarenberg@irell.com)
2  Elliot Brown (150802) (ebrown@irell.com)
   Brian Ledahl (186579) (bledahl@irell.com)
3  Benjamin Glatstein (242034) (bglatstein@irell.com)
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone:  (310) 277-1010
5  Facsimile:   (310) 203-7199

6  Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT
SEP - 4 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation; UNIVERSAL MUSIC—MGB NA LLC, a California Limited Liability Company; UNIVERSAL MUSIC—Z TUNES LLC, a New York Limited Liability Company; UNIVERSAL MUSIC—MBG MUSIC PUBLISHING LTD., a UK company,<br><br>Plaintiffs,<br><br>v.<br><br>VEOH NETWORKS, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 07-5744-GW(RCx)<br><br>**NOTICE OF RELATED CASE**<br><br>Judge:<br>Courtroom: |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1744566

NOTICE OF RELATED CASE

EXHIBIT L Page 216

Dockets.Justia.com

**TO THE CLERK OF THIS COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 83-1.3, the above-captioned case ("*UMG Recordings v. Veoh*") is related to *UMG Recordings, Inc., et al. v. Grouper Networks, Inc., et al.*, C.D. Cal. Case No. CV 06-06561 AHM ("*UMG Recordings v. Grouper*"); *UMG Recordings, Inc., et al. v. Bolt, Inc., et al.*, C.D. Cal. Case No. 06-06577 AHM ("*UMG Recordings v. Bolt*"); and *UMG Recordings, Inc., et al. v. MySpace, Inc., et al.*, C.D. Cal. Case No. Case No. CV 06-07361 AHM ("*UMG Recordings v. MySpace*").[1] In that regard, we note that *UMG Recordings v. Bolt* was originally assigned to Judge Otero, but transferred to Judge Matz as a case related to *UMG Recordings v. Grouper*. *UMG Recordings v. MySpace* has also been transferred to Judge Matz.

Local Rule 83-1.3.1 provides that two cases filed in this District are related if they appear to:

(a) To arise from the same or a closely related transaction, happening or event; or

(b) To call for determination of the same or substantially related or similar questions of law and fact; or

(c) For other reasons would entail substantial duplication of labor if heard by different judges; or

(d) To involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c is present.

This case is related to *UMG Recordings v. Grouper*, *UMG Recordings v. Bolt*, and *UMG Recordings v. MySpace* for each of these reasons.

---

[1] UMG notes that Veoh has filed an action for declaratory relief against UMG in the Southern District of California, which has been assigned to the Hon. Thomas J. Whelan. *See Veoh Networks, Inc. v. UMG Recordings, Inc., et al.*, Case No. 07 CV 1568 TJW (BLM). UMG will be filing a motion to dismiss or alternatively to transfer Veoh's Southern District action to the Central District, where it can receive coordinated treatment with UMG's actions against Grouper, Bolt, and MySpace.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1744566

- 1 -

NOTICE OF RELATED CASE

EXHIBIT L Page 217

First, all of these actions arise from "closely related transaction[s], happening[s] or event[s]." All four actions involve copyright infringement claims by the same Plaintiffs against defendants' "user-generated video" websites. These actions assert that defendants' websites directly, vicariously and contributorily infringe Plaintiffs' copyrights by allowing users to upload files containing Plaintiffs' copyrighted works, copying those works and then facilitating and encouraging further infringement of those works by third parties all over the world.

Second, each of these actions "call[s] for determination of the same or substantially related or similar questions of law and fact." These actions assert identical claims for infringement: direct, contributory and vicarious copyright infringement, and inducement of copyright infringement. These actions assert that this infringement was accomplished in substantially similar ways (see above). As a result, the issues of law and fact involved in these actions will be substantially similar – indeed, the analysis of many of the central issues in these cases will be identical.

Third, considerations of judicial economy and the swift administration of justice weigh strongly in favor of relating these cases. Given that these cases involve the same Plaintiffs, challenge the same or similar activities, rely on the same or similar evidence, and require analysis under the same statutes and other legal authorities, there would be a "substantial duplication of labor" if they were heard by different judges. Simply put, it would be a waste of judicial resources and would be likely to unduly delay and detract from efficient determination of the action to have this case heard by a different Judge than Judge Matz who is presiding over *UMG Recordings v. Grouper*, *UMG Recordings v. Bolt*, and *UMG Recordings v. MySpace*.

Finally, these actions will require the Court to determine whether many of the same copyrights have been infringed by defendant's conduct. These cases allege widespread infringement of Plaintiffs' copyrighted sound recordings and/or

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1744566

- 2 -

NOTICE OF RELATED CASE

EXHIBIT L Page 218

1  copyrighted musical compositions. Due to the widespread availability of Plaintiffs'
2  copyrighted works on the websites of the defendants in both this case and in *UMG*
3  *Recordings v. Grouper*, *UMG Recordings v. Bolt*, and *UMG Recordings v.*
4  *MySpace*, it is anticipated that the vast majority of the copyrighted works at issue in
5  each of these cases will be the same. Indeed, many of the artists, composers and
6  copyrighted works cited in the respective complaints are identical.
7      For the foregoing reasons, like *UMG Recordings v. Bolt* and *UMG*
8  *Recordings v. MySpace* were, *UMG Recordings v. Veoh* too should be deemed
9  related to *UMG Recordings, Inc., et al. v. Grouper Networks, Inc., et al.*, Case No.
10 CV06-6561 AHM, and thereby assigned to the Honorable A. Howard Matz.

Dated: September 4, 2007

Respectfully submitted,

IRELL & MANELLA LLP
Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein

By: _____
Steven A. Marenberg

Attorneys for Plaintiffs
UMG RECORDINGS, INC.;
UNIVERSAL MUSIC CORP.; SONGS
OF UNIVERSAL, INC.; UNIVERSAL-
POLYGRAM INTERNATIONAL
PUBLISHING, INC.; RONDOR MUSIC
INTERNATIONAL, INC.; BMG MUSIC
PUBLISHING NA; UNIVERSAL
MUSIC—MGB NA LLC; UNIVERSAL
MUSIC—Z TUNES LLC and
UNIVERSAL MUSIC—MBG MUSIC
PUBLISHING LTD.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1744566

- 3 -

NOTICE OF RELATED CASE

EXHIBIT L Page 219