1  GREENBERG TRAURIG, LLP
   JEFF E. SCOTT (SBN 126308)
2  IAN C. BALLON (SBN 141819)
   WENDY M. MANTELL (SBN 225544)
3  2450 COLORADO AVENUE, SUITE 400E
   Santa Monica, California 90404
4  Telephone: (310) 586-7700
   Facsimile: (310) 586-7800
5  Email: ScottJ@gtlaw.com
   Ballon@gtlaw.com
6

7

8  Attorneys for Defendant
   GROUPER NETWORKS, INC., NOW CRACKLE, INC.
9  D/B/A CRACKLE.COM (Formerly D/B/A
   GROUPER.COM

10

11

12                 **UNITED STATES DISTRICT COURT**

13        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

14

15  UMG RECORDINGS, INC., a          CASE NO. CV06-06561 AHM
    Delaware corporation; UNIVERSAL
16  MUSIC CORP., a New York          **NOTICE OF SUBPOENA TO FUSE**
    corporation; SONGS OF            **NETWORKS, LLC**
17  UNIVERSAL, INC., a California
    corporation; UNIVERSAL-
18  POLYGRAM INTERNATIONAL
    PUBLISHING, INC., a Delaware     CTRM:          14
19  corporation; RONDOR MUSIC        JUDGE:         A. Howard Matz
    INTERNATIONAL, INC., a           DATE FILED:    October 16, 2006
20  California corporation,          TRIAL DATE:    None set

21           Plaintiff(s),

22  vs.

23
    GROUPER NETWORKS, INC.,
24  d/b/a GROUPER.COM, a Delaware
    corporation; and DOES 1-10,
25  inclusive,

26           Defendant(s).

27

28

                            NOTICE OF SUBPOENA

Dockets.Justia.com

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26, 30 and 45, Defendant Grouper Networks, Inc. now known as Crackle, Inc. ("Crackle") will soon serve the attached subpoena upon Fuse Networks, LLC ("Fuse"). The documents sought to be produced are identified in Attachment 1 to the subpoena. Pursuant to the subpoena, Fuse is to produce or permit inspection and copying of the requested documents on or before September 24, 2007, at 9:00 a.m. at the offices of Keating & Walker Attorney Service, Inc., 1 Beekman Street, NY, NY 10038.

DATED: August 30, 2007                    GREENBERG TRAURIG, LLP

By _____
David A. Theaker
Attorneys for Defendant
GROUPER NETWORKS, INC., NOW
CRACKLE, INC. D/B/A CRACKLE.COM
(Formerly D/B/A GROUPER.COM)

1
NOTICE OF SUBPOENA

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

UMG RECORDINGS, INC., et al.

        V.

GROUPER NETWORKS, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 06-06561 AHM (AJWx)
Central District of California, Western Division

TO: FUSE NETWORKS, LLC; 200 Jericho Quadrangle, Jericho, NY 11753-2701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment.

| PLACE | DATE AND TIME |
|---|---|
| Keating & Walker Attorney Service, Inc., 1 Beekman Street, NY, NY 10038 | 9:00 a.m., 09/24/2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | August 30, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Theaker (SBN 217432), Greenberg Traurig, LLP, 2450 Colorado Ave, #400E, Santa Monica, CA 90404, 310-586-6560, Attorney for Defendants

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT CC Page 330**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | 200 Jericho Quadrangle, Jericho, NY 11753-2701<br>516-803-4634 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| FUSE NETWORKS, LLC | Personal Service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc<br>www.FormsWorkflow.com

**EXHIBIT CC Page 331**

## ATTACHMENT 1

## INSTRUCTIONS

1.    If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

2.    If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, set forth the details of such qualification.

3.    You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any person acting for you or on your behalf.

4.    All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the

1

LA/126921675v1/100092.010100

EXHIBIT CC Page 332

order within each file in which such documents have been maintained; or all documents shall be organized and labeled to correspond with the requests below. All documents are to be produced along with copies of the file folders in which they are kept.

5.    If you withhold any document(s) from production on the basis of a claim of attorney-client or any other privilege, or on the basis of the attorney work-product doctrine, you must set forth with specificity the privilege or work product claim and furnish a list identifying each document for which the privilege or work product doctrine is claimed, together with:

    a.    A brief description of the nature and subject matter, including the title and type of the document;

    b.    The date of preparation;

    c.    The name and title of the author(s);

    d.    The name and title of the addressee(s);

    e.    The name and title of all persons to whom the document was sent, including blind carbon copies;

    f.    The number of pages;

    g.    The document request(s) to which the withheld information or document is otherwise responsive; and

2

**EXHIBIT CC Page 333**

h.   The complete basis upon which you contend you are entitled to withhold the information or document from production.

6.   If you know of the existence, past or present, of any document requested herein, but are unable to produce such document because it is not presently in your possession, custody or control, or in the possession, custody or control of your agents, representatives, employees, or attorneys, you shall so state in your response and shall identify (by title, if any, nature of document and subject matter) such document and shall identify (by name, address and telephone number) the person in whose possession, custody or control the document was last known to reside.

7.   If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

8.   For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the document request itself.  This includes, without limitation, the following:

3

LA/126921675v1/100092.010100

**EXHIBIT CC Page 334**

a.    Construing the words "and" and "or" used in any document request in the disjunctive or conjunctive as necessary, to make the document request more inclusive;

b.    Construing the words "any" and "all" used in any document request to mean "any and all" as necessary to make the document request more inclusive;

c.    Construing the singular form of any word to include the plural and the plural form to include the singular; and

d.    Construing the masculine form to include the feminine and/or the gender neutral form.

9.    Electronic records and computerized information are to be produced in an intelligible format together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

10.    The requests are to be regarded as continuing, and you are requested to provide any additional information or documents by way of supplemental responses as specified in Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

The following definitions shall apply to the Requests for Production that follow:

4

LA/126921675v1/100092.010100

**EXHIBIT CC Page 335**

1.    The term "DOCUMENTS" shall be defined to the broadest extent permitted by Federal Rule of Civil Procedure 34, and include, wherever applicable and without limitation, any recordation of any intelligence or information or communication, whether handwritten, typed, printed, or otherwise reproduced, whether in "hard-copy" form or digital form, further including without limitation, photographs, letters, correspondence, memoranda, routing slips, telegrams, notes, statements, publications, brochures, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, specifications, bills of material, blueprints, books, pamphlets, circulars, manuals, instructions, ledgers, journals, invoices, shipping papers, purchase orders, drawings (including engineering, assembly, and detail drawings), sketches, diaries, sales literature, advertising literature, press releases, paste ups, agreements, minutes of meetings, magnetic tape, disk or wire, other machine reproducible records including read only memories (ROMS), films, videotapes and sound reproductions, printout sheets, summaries, transcripts or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, revisions, translations to or from foreign languages, copies and/or mechanical or photographic reproductions or recordations thereof or any other form of "writing" as defined in Federal Rule of Evidence 1001.  The term "DOCUMENTS" also includes all non-identical copies, such as those bearing

5

LA/126921675v1/100092.010100

**EXHIBIT CC Page 336**

marginal comments, postscripts, changes, amendments, addenda or other notations

not present on the original document as initially written, typed or otherwise

prepared.

2.      The terms "YOU" or "YOUR" refers to Fuse Networks, LLC, its

predecessor companies or proprietorships, its divisions, and each of its employees,

agents, officers, directors, representatives, consultants, accountants, attorneys and

all others acting on its behalf.

3.      The term "CRACKLE" refers to defendant Grouper Networks, Inc.

now known as Crackle, Inc., d/b/a crackle.com (formerly d/b/a grouper.com); and

to each of its employees, agents, officers, directors, representatives, consultants,

accountants, and attorneys, and all others acting on its behalf.

4.      The term "PLAINTIFFS" refers to Plaintiffs UMG Recordings, Inc.,

Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International

Publishing, Inc., and Rondor Music International, Inc., and their divisions,

predecessor companies or proprietorships; and each of their employees, agents,

officers, directors, representatives, consultants, accountants, attorneys and all

others acting on their behalf.

5.      The term "COPYRIGHTED SOUND RECORDINGS" refers to the

thousands of sound recordings … for which UMG has obtained or has applied for

Certificates of Copyright Registration issued by the Register of Copyrights, as

6

**EXHIBIT CC Page 337**

alleged in paragraph 9 of PLAINTIFFS' first amended complaint filed in the above-captioned matter.

6.    The term "COPYRIGHTED MUSICAL COMPOSITIONS" refers to the thousands of musical compositions for which Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc. and/or Rondor Music International, Inc. has obtained or has applied for Certificates of Copyright Registration issued by the Register of Copyrights, as alleged in paragraph 11 PLAINTIFFS' first amended complaint filed in the above-captioned matter.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that constitute agreements YOU have entered into with PLAINTIFFS allowing YOU to perform, distribute, sell, upload, stream and/or reproduce PLAINTIFFS' COPYRIGHTED SOUND RECORDINGS AND/OR COPYRIGHTED MUSICAL COMPOSITIONS online or over the Internet.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS that constitute, evidence, or record any distribution, license, delivery and/or authorization to YOU to perform, distribute, sell, upload, stream and/or reproduce PLAINTIFFS' COPYRIGHTED SOUND RECORDINGS AND/OR COPYRIGHTED MUSICAL COMPOSITIONS online or over the Internet.

7

EXHIBIT CC Page 338

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404.**

On August 30, 2007 served the **NOTICE OF SUBPOENA TO FUSE NETWORKS, LLC** on the interested parties in this action as follows:

Irell & Manella LLP
Steven A. Marenberg
Elliot Brown
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
(via email to: SMarenberg@irell.com; EBrown@irell.com; UMGvGrouper@irell.com)

☒  **(BY ELECTRONIC MAIL)** I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Greenberg Traurig, LLP's electronic mail system to the e-mail address, as set forth above, and the transmission was reported as complete and no error was reported.

☒  **(BY MAIL)**
    ☒  I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☒  **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 30, 2007, at Santa Monica, California.

_____
Signature

_____
David A. Theaker

NOTICE OF SUBPOENA