Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

Attorneys for Plaintiffs
UMG Recordings, Inc.;
Universal Music Corp.;
Songs of Universal, Inc.;
Universal-Polygram International Publishing, Inc.;
and Rondor Music International, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Case No. CV-06-06561 AHM (AJWx) |
| Plaintiffs, | Case No. CV-06-07361 AHM (AJWx) |
| v. | **NOTICE OF SUBPOENA TO AUDITUDE, INC.** |
| GROUPER NETWORKS, INC., d/b/a GROUPER.COM, a Delaware corporation; SONY PICTURES ENTERTAINMENT, INC., a Delaware Corporation, and DOES 1-10, inclusive, | Date:      July 11, 2007<br>Time:      9:00 a.m.<br>Place:     Irell & Manella LLP<br>            1800 Avenue of the Stars<br>            Suite 900<br>            Los Angeles, CA 90067 |
| Defendants. | |
| UMG RECORDINGS, INC., *et al.*, | |
| Plaintiffs, | |
| v. | |
| MYSPACE, INC. d/b/a MYSPACE.COM, a Delaware Corporation; NEWS CORPORATION, a Delaware Corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1712616     **EXHIBIT EE Page 351**     NOTICE OF SUBPOENA TO AUDITUDE, INC.

Dockets.Justia.com

1    PLEASE TAKE NOTICE that, pursuant to Rules 26, 30, and 45 of the

2  Federal Rules of Civil Procedure, plaintiffs UMG Recordings, Inc., Universal Music

3  Corp.; Songs of Universal, Inc.; Universal-Polygram International Publishing, Inc.;

4  and Rondor Music International, Inc. ("Plaintiffs"), will soon serve the attached

5  subpoena on Auditude, Inc. ("Auditude"). The documents to be produced are

6  identified on Attachment A to the subpoena. The subpoena provides that Auditude

7  produce and permit inspection and copying of the requested documents on or before

8  July 11, 2007, at 9:00 a.m. at Irell & Manella LLP, 1800 Avenue of the Stars, Los

9  Angeles, CA 90067, or at an otherwise mutually agreeable time and/or location. So

10 far as known to Plaintiffs, Auditude's address is: 810 Flower Street, Los Angeles,

11 CA 90017-4620.

12

13

14 Dated:  June 27, 2007                    IRELL & MANELLA LLP
                                                       Steven A. Marenberg
15                                                     Elliot Brown
                                                       Brian Ledahl
16                                                     Benjamin Glatstein

17

18                                         By:  _____
19                                                  Benjamin Glatstein

20
                                           Attorneys for Plaintiffs
21                                         UMG RECORDINGS, INC.;
                                           UNIVERSAL MUSIC CORP.; SONGS
22                                         OF UNIVERSAL, INC.; UNIVERSAL-
                                           POLYGRAM INTERNATIONAL
23                                         PUBLISHING, INC.; RONDOR MUSIC
                                           INTERNATIONAL, INC.
24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1712616    **EXHIBIT EE Page 352**    NOTICE OF SUBPOENA TO AUDITUDE, INC.

✎ AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### ___Central___ DISTRICT OF ___California___

UMG RECORDINGS, INC.; UNIVERSAL MUSIC CORP.; SONGS OF
UNIVERSAL, INC.; UNIVERSAL-POLYGRAM INTERNATIONAL
PUBLISHING, INC., RONDOR MUSIC INTERNATIONAL, INC.

**SUBPOENA IN A CIVIL CASE**

V.

MYSPACE, INC. d/b/a/ MYSPACE.COM; NEWS CORPORATION;
and DOES 1-10, inclusive,

Case Number: [1] CV 06-07361 AHM (AJWx)
Central District of California
Western Division

TO:  Auditude, Inc.
     810 Flower St., Los Angeles, Ca 90017-4620

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067 | 9:00 a.m.,July 11, 2007 |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Benjamin H. Glatstein (Attorney for Plaintiffs) | June 27, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin H. Glatstein, Irell & Manella LLP, 1800 Avenue of the Stars, Suite
900, Los Angeles, CA 90067, (310) 277-1010

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

Each of these definitions and instructions is incorporated into each of the document requests and into each of the other definitions and instructions to which it pertains.

A.  The terms "Auditude" and "You" mean Auditude, Inc., including all of its corporate locations, and all predecessors, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on behalf of Auditude, Inc..

B.  The term "MySpace" means MySpace, Inc., d/b/a MySpace.com, including all of its corporate locations, and all predecessors, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on behalf of MySpace.

C.  The term "News Corp." means News Corporation, including all of its corporate locations, and all predecessors, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on behalf of News Corp.

D.  The term "FIM" means Fox Interactive Media, including all of its corporate locations, and all predecessors, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on behalf of FIM.

E.  The term "Grouper" means Grouper Networks, Inc. d/b/a Grouper.com, including all of its corporate locations, and all predecessors, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on behalf of Grouper.

F.  The term "SPE" means Sony Pictures Entertainment, Inc., including all of its corporate locations, and all predecessors, and all past or present directors,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1711267

ATTACHMENT A

EXHIBIT EE Page 355

1    officers, agents, representatives, employees, consultants, attorneys, and others

2    acting on behalf of SPE.

3  G.    The term "Media Identification Tool" means a computer program whose

4    purpose is to identify audio or audio-visual content transmitted via the

5    Internet, including for the purpose of preventing the unauthorized uploading

6    or downloading of that content.

7  H.    The terms "document" or "documents" are used herein in their customary

8    broad sense, and mean any form of recording a form of communication or

9    representation upon any tangible thing, including letters, words, pictures,

10    sounds, or symbols, or combinations thereof, including without limitation any

11    kind of printed, recorded, written, graphic, or photographic matter (including

12    tape recordings), however printed, produced, reproduced, coded or stored, of

13    any kind or description, whether sent or received or not, including originals,

14    copies, drafts, and both sides thereof, and including papers, books, charts,

15    graphs, photographs, drawings, correspondence, telegrams, cables, telex

16    messages, memoranda, notes, notations, work papers, routing slips, intra- and

17    inter-office communications, electronic mail, affidavits, statements, opinions,

18    court pleadings, reports, indices, studies, analyses, forecasts, evaluations,

19    contracts, computer printouts, data processing input and output, computer

20    programs, data compilations, stored data, microfilms, microfiche, all other

21    records kept by electronic, magnetic, photographic, or mechanical means, and

22    things similar to any of the foregoing, regardless of their author or origin, of

23    any kind, and all other tangible things that come within the meaning of

24    writing contained Rule 1001 of the Federal Rules of Evidence, or within the

25    meaning of "document" or "tangible thing" contained in Rule 34 of the

26    Federal Rules of Civil Procedure.  Every draft or non-identical copy of a

27    "document" is a separate "document" as that term is used herein.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1711267

- 2 -
ATTACHMENT A

EXHIBIT EE Page 356

I.  The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses that might otherwise be construed to be outside their scope.  The word "all" shall mean "any and all."  The word "including" shall mean "including without limitation," as appropriate, so as to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

J.  The phrase "related to" or "relating to" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or part.  Documents "relating to" the subject matter specified in a Document Request include, without limitation, documents underlying or supporting, or utilized in the preparation of, any documents responsive to each Document Request.

K.  The term "Content" shall mean any audio, visual and/or audio-visual work.

L.  In producing the documents and things requested, You are requested to produce all documents and things known or available to You regardless of whether such documents and things are possessed directly by You or Your agents, employees, representatives, investigators, or by Your attorneys or their agents, employees, representatives or investigators.  If any of the documents and things requested cannot be produced in full, produce them to the extent possible, specifying Your reasons for Your inability to produce

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1711267

- 3 -
ATTACHMENT A

**EXHIBIT EE Page 357**

1      them in full, and stating whatever information, knowledge, or belief You have

2      concerning the unproduced portion.

3  M.  If a request calls for the production of a document as to which You claim any

4      privilege or any other ground for withholding or otherwise failing to produce

5      any requested document, please provide, at the time at which the other

6      documents are produced, a log which, separately for each document not

7      produced, sets forth: (a) the identity of the author thereof, the parties thereto,

8      and any person who helped in its preparation; (b) the title or other identifying

9      data sufficient to describe it for purposes of a subpoena *duces tecum*; (c) the

10     date of the document, or, if no date appears thereon, the approximate date; (d)

11     the identity of each person to whom the document, or any copy thereof, was

12     transmitted, shown, or disclosed by any entity; (e) the purpose for which the

13     document was prepared; (f) the non-privileged contents of the documents, if

14     any portion thereof is not subject to a claim of privilege; and (g) the facts or

15     basis on which You claim such a privilege or ground for Your refusal to

16     produce, in such detail as would be required for Plaintiffs to test the claim of

17     privilege on a motion to compel.

18  N.  In producing the documents and writings requested herein, please produce

19     them in their original file folders, if any, or in lieu thereof, attach to the set of

20     documents produced from a given file a photostatic or electrostatic duplicate

21     of all written or printed material on the original file folder.  In addition, the

22     documents shall be produced in the same sequence as they are contained or

23     found in the original file folder.  The integrity and internal sequence of the

24     requested documents within each file folder shall not be disturbed.  Under no

25     circumstances shall documents from any file folder be commingled with

26     documents from any other file folder.

27  O.  All responses to these Requests for Production require supplementation and

28     correction as prescribed by Rule 26 of the Federal Rules of Civil Procedure.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1711267

- 4 -

ATTACHMENT A

**EXHIBIT EE Page 358**

1  ## REQUESTS FOR PRODUCTION

2  **REQUEST NO. 1**:

3      All contracts, agreements, or licenses between You and MySpace.

4  **REQUEST NO. 2**:

5      All contracts, agreements, or licenses between You and News Corp.

6  **REQUEST NO. 3**:

7      All contracts, agreements, or licenses between You and FIM.

8  **REQUEST NO. 4**:

9      All contracts, agreements, or licenses between You and Grouper.

10  **REQUEST NO. 5**:

11      All contracts, agreements, or licenses between You and SPE.

12  **REQUEST NO. 6**:

13      All communications referencing MySpace.

14  **REQUEST NO. 7**:

15      All communications referencing News Corp.

16  **REQUEST NO. 8**:

17      All communications referencing FIM.

18  **REQUEST NO. 9**:

19      All communications referencing Grouper.

20  **REQUEST NO. 10**:

21      All communications referencing SPE.

22  **REQUEST NO. 11**:

23      Documents sufficient to show when Auditude's current and previous Media

24  Identification Tools and became available.

25  **REQUEST NO. 12**:

26      Documents sufficient to show the efficacy of previous versions of Auditude's

27  Media Identification Tools with respect to identifying the unauthorized

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1711267

- 5 -

EXHIBIT EE Page 359

1  downloading, copying, or sharing of copyrighted audio or audio-visual content via

2  the internet.

3  **REQUEST NO. 13**:

4      Documents sufficient to show all marketing materials circulated to peer-to-

5  peer websites, file-sharing websites, social networking websites, video-sharing

6  websites, audio-sharing websites, and blogs (including video blogs).

7

8

9  Dated:  June 27, 2007                    IRELL & MANELLA LLP
                                            Steven A. Marenberg
10                                           Elliot Brown
                                            Brian Ledahl
11                                           Benjamin Glatstein

12

13

14                                           By: _____
                                                 Brian Ledahl
15
                                            Attorneys for Plaintiffs
16                                           UMG RECORDINGS, INC.;
                                            UNIVERSAL MUSIC CORP.; SONGS
17                                           OF UNIVERSAL, INC.; UNIVERSAL-
                                            POLYGRAM INTERNATIONAL
18                                           PUBLISHING, INC.; RONDOR MUSIC
                                            INTERNATIONAL, INC.
19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

1711267

- 6 -
ATTACHMENT A

**EXHIBIT EE Page 360**

1

**PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900,
3      Los Angeles, California 90067-4276.

4      On June 27, 2007, I served the foregoing document described as

5      NOTICE OF SUBPOENA TO AUDITUDE, INC.

6      SUBPOENA IN A CIVIL CASE

7      on each interested party, as follows:

8              Deborah Nicholson
               Greenberg Traurig, LLP
9              2450 Colorado Avenue, Suite 400E
               Santa Monica, CA 90404
10

11      [X]      (BY MAIL) I placed a true copy of the foregoing document in a sealed
                 envelope addressed to each interested party, as set forth above. I placed each
12               such envelope, with postage thereon fully prepaid, for collection and mailing at
                 Irell & Manella LLP, Los Angeles, California. I am readily familiar with Irell &
13               Manella LLP's practice for collection and processing of correspondence for
                 mailing with the United States Postal Service. Under that practice, the
14               correspondence would be deposited in the United States Postal Service on that
                 same day in the ordinary course of business.
15

16      Executed on June 27, 2007, at Los Angeles, California.

17      I declare under penalty of perjury under the laws of the State of California that the
        foregoing is true and correct.

18

19      _____              _____
               Connie Kwon                              (Signature)
20           (Type or print name)

21

22

23

24

25

26

27

28

1715536.1 01

**EXHIBIT EE Page 361**