Veoh Networks, Inc. v. UMG Recordings, Inc. et al                                    Doc. 17 Att. 2

Case 3:07-cv-01568-W-BLM    Document 17-3    Filed 09/25/2007    Page 1 of 58
Case 2:06 cv-06561-AHM-AJW    Document 12    Filed 02/05/2007    Page 1 of 18

**SEND**

```
        FILED
CLERK, U.S DISTRICT COURT

     FEB - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., et al., )<br><br>Plaintiff(s), )<br><br>v. )<br><br>GROUPER NETWORKS, INC., et al., )<br><br>Defendant(s). ) | CASE NO. CV06-6561-AHM (AJWx)<br><br>**SCHEDULING AND CASE MANAGEMENT ORDER**<br><br>**SEE LAST PAGE FOR PRETRIAL AND TRIAL DATES** |

## I.    APPLICABLE SCHEDULE

This case shall be litigated according to the schedule on the last page. Ordinarily, those dates are determined after consultation with the parties at the Rule 26(f) Scheduling Conference, and this Order is distributed to them at that time. Accordingly, the dates and requirements are firm. The Court is very unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a strong, concrete showing.

The following provisions sometimes refer to the Local Rules. **PLEASE NOTE THAT UNDER RULE 83-7, THE VIOLATION OR FAILURE TO CONFORM TO THE LOCAL RULES MAY SUBJECT THE OFFENDING PARTY OR COUNSEL TO A VARIETY OF SANCTIONS.**

DOCKETED ON CM

FEB 1 2 2007

Dockets.Justia.com

## II.    DISCOVERY AND DISCOVERY CUTOFF

### A.    Non-Expert Discovery

All non-expert discovery shall be completed by the non-expert discovery cutoff on the last page. **THIS IS NOT THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY IS TO BE COMPLETED.** Any motion challenging the adequacy of responses to discovery must be filed, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted.

In an effort to provide further guidance to the parties, the Court notes the following:

1.    Depositions. All depositions shall be scheduled to commence sufficiently in advance of the discovery cutoff date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cutoff date. Given the requirements of notice and "meet and confer," that means that in most cases a planned motion to compel would have to be discussed with opposing counsel approximately six weeks before the cutoff.

2.    Written Discovery. All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cutoff date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

3.    Discovery Motions. Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable and professional manner. If they do so, resort to the Court for guidance in discovery is seldom necessary.

The Magistrate Judge assigned to this case will rule on discovery motions. The Court requires compliance with Local Rules 37-1 through 37-

4 in the preparation and filing of discovery motions. Any review of a Magistrate Judge's discovery order must proceed by way of noticed motion under Local Rule 7-3. In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any such order, *including one imposing sanctions,* unless the moving party demonstrates that the Magistrate Judge's order "is clearly erroneous or contrary to law." If this Court overrules a Magistrate Judge's order denying discovery, the Discovery Cutoff will, upon application, be extended.

4. Exceptions to Discovery Cutoff. The Court establishes a discovery cutoff date to facilitate the timely, efficient and just resolution of this case. So long as that objective is in no way impeded, and provided that the parties meet the other conditions in this paragraph, the parties are permitted to conduct discovery beyond the cutoff date. These conditions are: (a) they all agree to do so; (b) no discovery motions resulting from post-cutoff discovery disputes may be brought; and (c) the fact that discovery is being conducted after the cutoff will not be cause for continuing the trial date or for not complying with the other deadlines and requirements in this order. Thus, parties conducting discovery after the cutoff accept the risk that they will not be able to enforce their rights in the event of a dispute.

**B.    Expert Discovery**

If expert discovery necessitates motion practice which cannot be resolved until after the deadlines set forth below for motion practice, then those deadlines shall not apply. But because Local Rules 7-3 and 37-1 require ample time to meet and confer as well as brief the matters, the parties should commence expert discovery shortly after the initial designations of experts, because in no event will the Final Pre-Trial Conference and trial dates be continued merely because expert discovery is still underway.

/ / /

### III.    MOTIONS AND MOTION CUTOFF DATE

####    A.    General Provisions.

Motions are heard on Mondays at 10:00 a.m., unless the Court orders otherwise. If Monday is a national holiday, the motion will not be heard the next day (Tuesday) but instead automatically set for the next succeeding Monday.

All law and motion matters, except for motions in limine, must be set for hearing (not filing) by the motion cutoff date specified on the last page. Issues left undetermined after the passage of the motion cutoff date should be listed as issues for trial in the final pre-trial conference order. As an exception to the above, motions in limine dealing with evidentiary matters may be heard at the Final Pre-Trial Conference or (at the Court's discretion) at the start of trial; however, the Court will not hear or resolve summary judgment motions disguised as motions in limine.

The applicable Local Rules are Rules 7-1, *et seq.* If any party does not oppose a motion, that party shall submit a written statement that it does not oppose the motion, in accordance with Local Rule 7-16. Failure to meet the time limits set forth in Local Rule 7 may be deemed consent to the granting of the motion. Local Rule 7-12. The Court will not decide late-filed motions, and a party or counsel who files such late papers may be subject to sanctions under Local Rule 7-13.

Reply papers shall be limited to argument and/or authorities responsive to the opposition papers. The Court will ignore new matter that was improperly introduced.

To assure that the Court receives oppositions and replies in a timely fashion, courtesy copies of all oppositions and replies, conformed to reflect that they have been filed, shall be deposited in the drop box in the entrance way to  chambers, to

1    the left of Courtroom 14. All such papers shall be filed "loose" - - *i.e.,* not inside

2    envelopes.

3        **B.**    **Motions under Fed.R.Civ.P 12.**

4        See the Court's "Initial Case-Specific Order Following Filing of Complaint

5    Assigned to Judge Matz."

6        **C.**    **Summary Judgment Motions.**

7        Parties need not, and in many cases they should not, wait until the motion

8    cutoff to bring motions for summary judgment or partial summary judgment.

9    However, in virtually every case, the Court expects that the party moving for

10    summary judgment will provide more than the minimum twenty-one (21) day

11    notice for motions. Summary judgment motions are, of course, very fact-

12    dependent. All parties should prepare their papers in a fashion that will assist the

13    Court in absorbing the mass of facts. (*E.g.,* generous use of tabs, tables of

14    contents, headings, indices, etc.) The parties are directed to comply precisely with

15    Local Rules 56-1 through 56-4. The Court will place a great deal of importance

16    on these respective statements and the parties shall deliver to chambers a copy of

17    the diskette, in WordPerfect 11 format, containing the respective "Statement of

18    Uncontroverted Facts and Conclusions of Law" and "Statement of Genuine

19    Issues."

20        1.    Statement of Undisputed Facts and Statement of Genuine Issues

21        The Separate Statement of Undisputed Facts shall be prepared in a two

22    column format. The left hand column sets forth the allegedly undisputed fact.

23    The right hand column sets forth the evidence that supports the factual statement.

24    The fact statements should be set forth in sequentially numbered paragraphs. Each

25    paragraph should contain a narrowly focused statement of fact. Each numbered

26    paragraph should address a single subject in as concise a manner as possible.

27        The opposing party's Statement of Genuine Issues must be in two columns

28    and track the movant's separate statement exactly as prepared. The left hand

1  column must restate the allegedly undisputed fact, and the right hand column must

2  state either that it is undisputed or disputed. The opposing party may dispute all or

3  only a portion of the statement, but if disputing only a portion, it must clearly

4  indicate what part is being disputed, followed by the opposing party's evidence

5  controverting the fact. The Court will not wade through a document to determine

6  whether a fact really is in dispute. To demonstrate that a fact is disputed, the

7  opposing party must briefly state why it disputes the moving party's asserted fact,

8  cite to the relevant exhibit or other piece of evidence, and describe what it is in

9  that exhibit or evidence that refutes the asserted fact. No legal argument should be

10  set forth in this document.

11      The opposing party may submit additional material facts that bear on or

12  relate to the issues raised by the movant, which shall follow the format described

13  above for the moving party's separate statement. These additional facts shall

14  continue in sequentially numbered paragraphs (*i.e.,* if movant's last statement of

15  fact was set forth in paragraph 30, then the first new fact will be set forth in

16  paragraph 31), and shall set forth in the right hand column the evidence that

17  supports that statement.

18      2.   Supporting Evidence

19      No party should submit any evidence other than the specific items of

20  evidence or testimony necessary to support or controvert a proposed statement of

21  undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets

22  of interrogatory responses, and documents that do not specifically support or

23  controvert material in the separate statements should not be submitted in support

24  of opposition to a motion for summary judgment. The Court will not consider

25  such material.

26      Evidence submitted in support of or opposition to a motion should be

27  submitted either by way of stipulation or as exhibits to declarations sufficient to

28  authenticate the proffered evidence, and should not be attached to the

1  Memorandum of Points and Authorities. The Court will accept counsel's

2  authentication of deposition transcripts, of written discovery responses and of the

3  receipt of documents in discovery if the fact that the document was in the

4  opponent's possession is of independent significance. Documentary evidence as

5  to which there is no stipulation regarding foundation must be accompanied by the

6  testimony, either by declaration or properly authenticated deposition transcript, of

7  a witness who can establish authenticity. The parties should use colored markers

8  to highlight the testimony or portions of exhibits that they are relying on.

9        3.    Objections to Evidence

10        If a party disputes a fact based in whole or in part on an evidentiary

11  objection, the ground of the objection, as indicated above, should be stated in a

12  separate statement but not argued in that document.

13        4.    Evidence Not Properly Cited

14        When a party relies on deposition testimony in a summary judgment motion

15  without citing to page and line numbers, the Court in its discretion may exclude or

16  disregard the supposed "evidence." See *Orr v. Bank of America*, 285 F.3d 764,

17  775 (9th Cir. 2002).

18        5.    Cross-Motions on Identical Issues of Law

19        The parties shall avoid filing cross-motions for summary judgment on

20  identical issues of law, such that the papers would be unnecessarily cumulative.

21  (*E.g.*, a party's moving and reply papers on its own motion would advance the

22  same arguments as its opposition papers to the other party's cross-motion). The

23  parties shall discuss in advance which party should be designated as the moving

24  party. The moving party's reply papers shall be limited to responding to the non-

25  moving party's opposition papers. The non-moving party may not file a surreply

26  unless the Court first grants leave to do so.

27        **D.**    **Motions in Limine.**

28        Parties often do not focus on evidentiary and related issues until the last

1   stages of trial preparation. This is a mistake. Such motions can be very helpful in

2   narrowing issues, limiting or allowing evidence and promoting settlement. With

3   these benefits in mind, the Court encourages the parties carefully to consider filing

4   such motions <u>before</u> the last stages of trial preparation. In any event, the parties

5   must file and respond to motions in limine in accordance with Local Rule 7 by the

6   date specified on the last page of this order. The Court will make every effort to

7   rule upon motions in limine at or before the Final Pre-Trial Conference.

8       **E.    Oral Argument.**

9       Sometimes the Court will not hear oral argument. When that is the case, the

10  Court will notify the parties in advance. If there is a hearing, tentative rulings will

11  often be available in the courtroom approximately one-half hour before the call of

12  the calendar. The parties are expected to be familiar with the tentative ruling at

13  the time of argument.

14  **IV.    APPLICATIONS AND STIPULATIONS FOR EXTENSIONS OF**

15  **TIME**

16      **A.    Applications or Stipulations to Extend the Time to File any**

17          **Required Document or to Continue any Pretrial or Trial Date.**

18      No stipulations extending scheduling requirements or modifying applicable

19  rules are effective until and unless the Court approves them. Both applications

20  and stipulations must set forth:

21      1.   the existing due date or hearing date;

22      2.   specific, concrete reasons supporting good cause for granting the

23  extension. In this regard, a statement that an extension "will promote settlement"

24  is insufficient. The requesting party or parties must indicate the status of ongoing

25  negotiations: have written proposals been exchanged? Is counsel in the process of

26  reviewing a draft settlement agreement? Has a mediator been selected?

27      3.   whether there have been prior requests for extensions, and whether these

28  were granted or denied by the Court.

1 | ///

2 | ///

3 | **B.    Ex Parte Applications.**

4 | Think twice!  The Court strongly discourages *ex parte* applications.  *See*

5 | *Mission Power Eng. Co. v. Continental Casualty Co.*, 883 F.Supp. 488 (C.D.Calif.

6 | 1995).  Strict adherence to Local Rule 7-19 is necessary.

7 | **V.    PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

8 | **A.    General Provisions.**

9 | The Final Pre-Trial Conference ("PTC") will be held at 11:00 a.m. on the

10 | date specified, unless the Court expressly waived a PTC at the Scheduling

11 | Conference.  (In the rare cases where the Court waives a PTC, the parties must

12 | follow Local Rule 16-11.)  If adjustments in the Court's calendar to accommodate

13 | congestion become necessary, the Court may re-calendar the PTC instead of the

14 | trial date.  Therefore, the parties should assume that if the PTC goes forward, the

15 | trial will go forward without continuance, although some brief period of trailing

16 | may prove necessary.

17 | The lead trial attorney on behalf of every party shall attend both the PTC

18 | and all meetings of the parties in preparation for the PTC.  Unless counsel has

19 | been excused for good cause shown in advance of the PTC, the Court reserves the

20 | right to designate the attorney attending the PTC as lead trial counsel.

21 | A continuance of the PTC at the parties' request or by stipulation is highly

22 | unlikely.  Specifically, failure to complete discovery is not a ground for

23 | continuance.   In the unlikely event that the Court agrees to continuing the PTC,

24 | the trial date is likely to be delayed as a result, possibly for a few months.  If a

25 | change in the trial date is necessitated or likely because of the Court's calendar or

26 | otherwise, modifications of that date will be discussed at the PTC.

27 | At the PTC, the parties should be prepared to discuss means of streamlining

28 | the trial, including, but not limited to:  bifurcation; presentation of foundational

1   and non-critical testimony and direct testimony by deposition excerpts, narrative

2   summaries and/or stipulations as to the content of testimony; presentation of

3   testimony on direct examination or by declaration subject to cross-examination;

4   and qualification of experts by admitted resumes.   The Court will attempt to rule

5   upon previously-filed motions in limine at the PTC. The Court will also discuss

6   settlement.

7   **B.    Form of Final Pre-Trial Conference Order ("PTCO").**

8   The proposed PTCO shall be lodged seven calendar days before the PTC.

9   Adherence to this time requirement is necessary for in-chambers preparation of the

10  matter.   The form of the proposed PTCO shall comply with Appendix A to the

11  Local Rules and the following:

12  1.    Please place in "ALL CAPS" and in **bold** the separately numbered

13  headings for each category in the PTCO (*e.g.*, "<u>**1. THE PARTIES**</u>" or "<u>**7.**</u>

14  <u>**CLAIMS AND DEFENSES OF THE PARTIES**</u>".)

15  2.    <u>Please include a Table of Contents at the beginning.</u>

16  3.    In specifying the surviving pleadings under Section 1, please state

17  which claims or counterclaims have been dismissed or abandoned. *E.g.*

18  "Plaintiff's second cause of action for breach of fiduciary duty has been

19  dismissed." Also, in multiple party cases where not all claims or counterclaims

20  will be prosecuted against all remaining parties on the other side, please specify to

21  which party each claim or counterclaim is directed.

22  4.    *In specifying the parties' claims and defenses under Section 7, each*

23  *party shall closely follow the examples set forth in Appendix A of the Local Rules.*

24  5.    In drafting the PTCO, the Court also expects that the parties will

25  attempt to agree on and set forth as many non-contested facts as possible. The

26  Court will usually read the uncontested facts to the jury at the start of the trial. A

27  carefully drafted and comprehensively stated stipulation of facts will reduce the

28  length of trial and increase jury understanding of the case.

6.      In drafting the factual issues in dispute for the PTCO, the parties should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues (*e.g.*, "Was the defendant negligent?  Was such negligence the proximate cause of injury to the plaintiff?  Was the plaintiff negligent?" etc.  Not "Was the plaintiff standing on the corner of 5th and Spring at 10 a.m. on May 3?" etc.).  The parties may, if they so desire, list sub-issues under the headings of ultimate fact issues, but should not use this as a device to list disputes over evidentiary matters.  In general, the issues of fact should set forth the disputed elements of the claim or affirmative defenses.

7.      The Court may well submit fact issues to the jury in the form of findings on a special verdict.  The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

8.      Issues of law should state legal issues on which the Court will be required to rule at or after the PTC, or during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

**C.      Rule 16 Filings; Memoranda; Witness Lists (Including Experts); Exhibit Lists.**

1.      Generally.  The parties must comply fully with the requirements of Local Rule 16.  They shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), along with their respective Witness Lists and Exhibit Lists, all in accordance with Local Rule 16.  See the last page for dates.  Failure to include the name of an expert witness precludes a party from calling that expert witness.  An expert witness's direct testimony shall consist of a non-exhaustive description of his background and the contents of his Rule 26 report.

2.      Pre-Trial Exhibit Stipulation.  The parties shall prepare a Pre-Trial Exhibit Stipulation which shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the

1  objection and the offering party's response.  All exhibits to which there is no

2  objection shall be deemed admitted.  All parties shall stipulate to the authenticity

3  of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall identify

4  any exhibits whose authenticity has not been stipulated to and the specific reasons

5  for the party's failure to stipulate.

6         The Stipulation shall be substantially in the following form:

7                          Pre-Trial Exhibit Stipulation

8  Plaintiff(s)' Exhibits

9  Number    Description        If Objection, State Grounds    Response to Objection

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant(s)' Exhibits

| Number | Description | If Objection, State Grounds | Response to Objection |
|--------|-------------|-----------------------------|-----------------------|

The Pre-Trial Exhibit Stipulation shall be filed at the same time counsel lodge the PTCO. Failure to comply with this paragraph shall constitute a waiver of all objections.

3. **Consequences of Non-Compliance. If counsel fail to file the required Pre-Trial documents or fail to appear at the Pre-Trial Conference and such failure is not otherwise satisfactorily explained to the Court, (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff, (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.**

**D.    Trial Witness Estimate Form**

At the pre-trial conference the parties will be given a Joint Trial Witness Time Estimate Form, which they will be required to fill in and give to the Court on the first day of trial.

**E.    Real Time Court Reporting Requirement**

Each party must bring to the PTC a prepared typed list of proper names, unusual or scientific terms, or any other uncommon words that are likely to be used during trial. This list will enable the court reporter to prepare accurate transcripts in real time.

**F.    Jury Instructions, Verdict Forms and Special Interrogatories.**

1.    On the dates specified on the attached "Schedule of Pretrial Dates", the parties are required jointly to submit one set of agreed upon substantive instructions, a verdict form and, if necessary, special interrogatories. "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case. The parties need <u>not</u> submit general instructions. The parties

1  shall deliver to chambers a copy of these filings on disk in WordPerfect 11.0

2  format at the time the documents are filed.

3      2.    If the parties cannot agree upon one complete set of substantive

4  instructions, special or general verdict form and/or special interrogatories, they

5  shall file two documents with the Court: first, the agreed upon instructions and

6  verdict forms, and  second a joint statement regarding the disputed instructions,

7  verdicts and interrogatories.  In the second document (the joint statement) the

8  parties shall place the text of the disputed instruction (or verdict or interrogatory)

9  with an identification of the party proposing it and following that text they shall

10 place the opposing party's statement of objections, along with legal authority in

11 support of the objections (not to exceed <u>one</u> page) and proposed alternative

12 language where appropriate.  The entirety of the objection shall be typed in capital

13 letters.

14     Each party shall include a disk when it serves its proposed instructions on

15 opposing parties to simplify the preparation of the joint statement regarding the

16 disputed instructions.

17     Both the agreed on set, and the joint statement re disputed instructions are to

18 be filed at the Final Pre-Trial Conference.

19     3.    A table of contents shall be included with all jury instructions

20 submitted to the Court.  The table of contents shall set forth the following:

21         a.    The number of the instruction;

22         b.    A brief title of the instruction;

23         c.    The source of the instruction; and

24         d.    The page number of the instruction.

25 For example:

26 | Number | Title | Source | Page Number |
27 |   1    | Burden of Proof | 9th Cir. 12.2 | 5 |

28 / / /

1  The parties need not submit a separate copy of instructions without citations to

2  authority.

3      4.    The Court prefers counsel to use the instructions from the *Manual of*

4  *Model Jury Instructions for the Ninth Circuit* (West 2001) where applicable.

5  Where California law is to be applied and the above instructions are not

6  applicable, the Court prefers counsel to use *California Jury Instructions - Civil*

7  (CACI). If neither of these sources is applicable, counsel are directed to use the

8  instructions in O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*

9  *(Fifth)*.

10      5.    Modifications of instructions from the foregoing sources (or any other

11  form instructions) must specifically state the modification made to the original

12  form instruction and the authority supporting the modification.

13  **G.    Joint Statement of the Case and Requests for Voir Dire.**

14      On the same date the parties file their joint and separate proposed jury

15  instructions, the parties shall also file their joint statement of the case which the

16  Court shall read to all prospective jurors prior to the commencement of voir dire.

17  Ordinarily, the statement should be not longer than two or three paragraphs.

18      The Court conducts voir dire of all prospective jurors. On the same date

19  that the parties file their Joint Statement of the Case, each party shall file its

20  separate proposed voir dire questions. The parties need not submit requests for

21  standard voir dire questions, such as education, current occupation, marital status,

22  prior jury service, etc., but should include only proposed questions specifically

23  tailored to the parties and issues of the case.

24  **H.    Findings of Fact and Conclusions of Law.**

25      For a non-jury trial, the parties shall lodge their proposed findings of fact

26  and conclusions of law not later than one week before trial. The parties shall

27  deliver to chambers a copy of these findings on disk in WordPerfect 11 format.

28  Please see the Court's Civil Trial Order.

## VI.  SETTLEMENT

Local Rule 16-14.2 provides that the Settlement Conference shall be concluded not later than 45 days before the Pretrial Conference. The Court believes that in most cases completion of all discovery and dispositive motions will help the parties assess their positions before they embark on the costly pre-trial process. But sometimes parties find it more difficult to settle after they incurred the cost of all discovery and motion practice. The Court therefore strongly encourages counsel and the parties to pursue settlement earlier.

The Court has a keen interest in helping the parties achieve settlement. If the parties believe that it would be more likely that a settlement would be reached if they conduct the settlement conference at a different time than that in the attached schedule, they should conduct it at that time. In any event, as indicated in the Schedule of Pretrial Dates attached hereto, the parties must file a Status Report re Settlement at the time that they file their respective memorandum of fact and law, witness lists and exhibit lists.

This Court will not conduct settlement conferences in non-jury cases which he is to try. In jury cases, the Court will conduct a settlement conference at the parties' joint request if three conditions exist:

1. The parties are satisfied that the fact issues in the case will be tried to a jury.

2. All significant pre-trial rulings which the Court must make have been made.

3. The parties desire the Court to conduct the conference, understanding that if settlement fails, the Court will try the case.

If the parties are inclined to select this Court to conduct the Mandatory Settlement Conference, the parties should consult the Court's Standing Order re Settlement Conference so that they fully understand the Court's requirements for the settlement conference. That order will govern the settlement conference

procedures before this Court, but may also serve as a useful reference for settlement conferences conducted pursuant to the other available procedures.

## VII.  WEBSITE

Copies of this Order and all other orders of this Court that may apply specifically to this case are available on the Central District of California website, at "www.cacd.uscourts.gov," under "Judge's Requirements."

## VIII.  TRIAL DATE

This case has been set for trial on the date specified on Exhibit "A" below at 8:00 A.M.  Please review the Court's separately-issued Civil Trial Order for the procedures and requirements for civil trials.

## IX.  CONCLUSION

The Court thanks the parties and their counsel for their anticipated cooperation in carrying out these requirements.

IT IS SO ORDERED.

DATED: February 5, 2007

A. HOWARD MATZ
United States District Judge

JUDGE A HOWARD MATZ
PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|--------|------|-------------------|--------------------|--------------------|-------------|
| Trial date (jury) (court) Estimated length: _____ days | 8:00 a.m. | | | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | - 1 | | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. | - 2 | | | |
| Lodge Pretrial Conf. Order File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | - 4 | | | |
| Last day for hand-serving Motions in Limine | | - 6 | | | |
| Last Day to Meet Before Final Pretrial Conference (L.R. 16-2) | | 8 | | | |
| Last day for hearing motions | 10:00 a.m. | 8 | | | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | 12 | | | |
| Non-expert Discovery cut-off | | - 14 | | | 3-12-08 |

### ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice:   (1) CT/USMJ      (2) Atty    ((3) Outside ADR)

| Matter | | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|--------|--|-------------------|--------------------|--------------------|-------------|
| Expert discovery cut-off | | - 6 | | | 4-21-08 |
| Rebuttal Expert Witness Disclosure | | - 9 | | | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | - 13 | | | 12-10-07 |
| Last day to conduct Settlement Conference | | | | | |
| Last Day to Amend Pleadings or Add Parties | | | | | N/A |

# EXHIBIT A

S:Forms&Orders\CourtClerk\presumptive schedule new.wpd

1  Steven A. Marenberg (101033) (smarenberg@irell.com)
2  Elliot Brown (150802) (ebrown@irell.com)
   Gregory A. Fayer (232303) (gfayer@irell.com)
3  Benjamin Glatstein (242034) (bglatstein@irell.com)
   IRELL & MANELLA LLP
4  1800 Avenue of the Stars, Suite 900
   Los Angeles, California 90067-4276
5  Telephone:  (310) 277-1010
6  Facsimile:  (310) 203-7199

7  Attorneys for Plaintiffs
   UMG Recordings, Inc., Universal Music Corp.
8  Songs of Universal, Inc., Universal-Polygram
   International Publishing, Inc. and Rondor Music
9  International, Inc.

10 Jeff E. Scott (SBN 126308)
11 Ian C. Ballon (SBN 141819)
   Wendy M. Mantell (SBN 225544)
12 GREENBERG TRAURIG, LLP
   2450 Colorado Avenue, Suite 400e
13 Santa Monica, California  90404
14 Telephone: (310) 586-7700
   Facsimile: (310) 586-7800
15 Email:  ScottJ@gtlaw.com

16 Attorneys for Defendant
17 Grouper Networks, Inc., d/b/a Grouper.com

18            UNITED STATES DISTRICT COURT
19           CENTRAL DISTRICT OF CALIFORNIA
20                 WESTERN DIVISION

21

22 UMG RECORDINGS, INC., *et al.*,      Case No. CV06-6561 AHM (AJWx)

23            Plaintiffs,              STIPULATION AND [PROPOSED]
                                       ORDER TO CONTINUE DATE FOR
24        v.                           SUBMISSION OF STATUS REPORT

25 GROUPER NETWORKS, INC., d/b/a
   GROUPER.COM, a Delaware
26 corporation; and DOES 1-10, inclusive,   Judge:  Hon. A. Howard Matz
                                            Ctrm:   14
27            Defendants.

28

FILED
CLERK, U.S. DISTRICT COURT

FEB 21 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

____ Priority
_✓_ Send
____ Clsd
____ Enter
____ JS-5/JS-6
____ JS-2/JS-3

SCANNED

LODGED

2007 FEB 20  PM 2: 34
CLERK U.S. DISTRICT
CENTRAL DIST.
LOS ANG
BY

DOCKETED ON CM

FEB 22 2007        14

BY                 022

1    The parties, through their respective counsel of record, and in reference to the

2    following facts, stipulate and agree as follows:

3

4        1.    On February 12, 2007, the Court ordered the parties to meet and confer

5    regarding possible discovery coordination among the defendants in this action and

6    in *UMG Recordings, Inc. et al. v. MySpace, Inc. et al.*, CV 06-07361 AHM.  The

7

8    Court further ordered the parties to "file a status report by not later than February

9    20, 2007 with possible coordination proposals (*i.e.*, designating lead counsel for

10   depositions, etc.)."

11

12       2.    Pursuant to the Court's order, on February 13, 2007, counsel met and

13   conferred regarding possible discovery coordination.  Counsel agreed to consider

14   their respective proposals and to meet and confer again.  Counsel for MySpace

15

16   requested that the parties to this action request a one week continuation of the

17   deadline for the submission of the status report to provide sufficient time for further

18   consideration of the issues.   The parties to this action agreed to do so, and therefore

19   jointly submit this stipulation and proposed order to continue the date for filing a

20   status report regarding the possible coordination of discovery to February 27, 2007.

21

22

23

24

25

26

27

28

- 2 -

1641005.1 07



1  Dated: February _19_, 2007       IRELL & MANELLA LLP
2                                    Steven A. Marenberg
                                     Elliot Brown
3                                    Gregory A. Fayer
                                     Benjamin Glatstein
4

5

6                                    By: _____
7                                        Steven A. Marenberg

8                                    Attorneys for Plaintiffs
                                     UMG RECORDINGS, INC.;
9                                    UNIVERSAL MUSIC CORP.;
                                     SONGS OF UNIVERSAL, INC.;
10                                   UNIVERSAL-POLYGRAM
                                     INTERNATIONAL PUBLISHING,
11                                   INC.; RONDOR MUSIC
                                     INTERNATIONAL, INC.
12

13 Dated: February _16_, 2007        GREENBERG TRAURIG, LLP
                                     Jeff E. Scott
14                                   Ian C. Ballon
                                     Wendy M. Mantell
15

16

17                                   By: _____
18                                       Ian C. Ballon

19

20                                   Attorneys for Defendant
                                     GROUPER NETWORKS, INC.
21

22

23

24

25

26

27

28

- 3 -

## ORDER

    The Court finds there is good cause for continuing to February 27, 2007 the date for submission of a status report regarding the possible coordination of discovery.

It is SO ORDERED.

Dated:       February 21, 2007

                                      Hon. A. Howard Matz

**SEND**

FILED
CLERK, U S. DISTRICT COURT

AUG 1 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  UMG RECORDINGS, INC., et al.,     )   CASE NO. CV06-6577-AHM (AJWx)
                                      )
12              Plaintiff(s),         )   SCHEDULING AND CASE
                                      )   MANAGEMENT ORDER
13       v.                           )
                                      )   **SEE LAST PAGE FOR**
14  BOLT, INC.,                       )   **PRETRIAL AND TRIAL DATES**
                                      )
15              Defendant(s).         )
                                      )
16                                    )
                                      )
17  _____

18  **I.    APPLICABLE SCHEDULE**

19       This case shall be litigated according to the schedule on the last page.

20  Ordinarily, those dates are determined after consultation with the parties at the

21  Rule 16(b) Scheduling Conference, and this Order is distributed to them at that

22  time.  Accordingly, the dates and requirements are firm.  The Court is very

23  unlikely to grant continuances, even if stipulated by the parties, unless the parties

24  establish good cause through a strong, concrete showing.

25       The following provisions sometimes refer to the Local Rules.  **PLEASE**

26  **NOTE THAT UNDER RULE 83-7, THE VIOLATION OR FAILURE TO**

27  **CONFORM TO THE LOCAL RULES MAY SUBJECT THE OFFENDING**

28  **PARTY OR COUNSEL TO A VARIETY OF SANCTIONS.**

DOCKETED ON CM

AUG 2 8 2007

BY

28

## II.   DISCOVERY AND DISCOVERY CUTOFF

### A.   <u>Non-Expert Discovery</u>

All non-expert discovery shall be completed by the non-expert discovery cutoff on the last page. **THIS IS <u>NOT</u> THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY IS TO BE COMPLETED.** Any motion challenging the adequacy of responses to discovery must be filed, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted.

In an effort to provide further guidance to the parties, the Court notes the following:

1.   <u>Depositions</u>. All depositions shall be scheduled to commence sufficiently in advance of the discovery cutoff date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cutoff date. Given the requirements of notice and "meet and confer," that means that in most cases a planned motion to compel would have to be discussed with opposing counsel approximately six weeks before the cutoff.

2.   <u>Written Discovery</u>. All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cutoff date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

3.   <u>Discovery Motions</u>. Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable and professional manner. If they do so, resort to the Court for guidance in discovery is seldom necessary.

The Magistrate Judge assigned to this case will rule on discovery motions. The Court requires compliance with Local Rules 37-1 through 37-

1    4 in the preparation and filing of discovery motions. Any review of a

2    Magistrate Judge's discovery order must proceed by way of noticed motion

3    under Local Rule 7-3. In accordance with 28 U.S.C. § 636(b)(1)(A), the

4    Court will not reverse any such order, *including one imposing sanctions,*

5    unless the moving party demonstrates that the Magistrate Judge's order "is

6    clearly erroneous or contrary to law." If this Court overrules a Magistrate

7    Judge's order denying discovery, the Discovery Cutoff will, upon

8    application, be extended.

9          4.    Exceptions to Discovery Cutoff. The Court establishes a

10   discovery cutoff date to facilitate the timely, efficient and just resolution of

11   this case. So long as that objective is in no way impeded, and provided that

12   the parties meet the other conditions in this paragraph, the parties are

13   permitted to conduct discovery beyond the cutoff date. These conditions

14   are: (a) they all agree to do so; (b) no discovery motions resulting from

15   post-cutoff discovery disputes may be brought; and (c) the fact that

16   discovery is being conducted after the cutoff will not be cause for

17   continuing the trial date or for not complying with the other deadlines and

18   requirements in this order. Thus, parties conducting discovery after the

19   cutoff accept the risk that they will not be able to enforce their rights in the

20   event of a dispute.

21   **B.    Expert Discovery**

22         If expert discovery necessitates motion practice which cannot be resolved

23   until after the deadlines set forth below for motion practice, then those deadlines

24   shall not apply. But because Local Rules 7-3 and 37-1 require ample time to meet

25   and confer as well as brief the matters, the parties should commence expert

26   discovery shortly after the initial designations of experts, because in no event will

27   the Final Pre-Trial Conference and trial dates be continued merely because expert

28   discovery is still underway.

**III.    MOTIONS AND MOTION CUTOFF DATE**

**A.    General Provisions.**

Motions are heard on Mondays at 10:00 a.m., unless the Court orders otherwise.  If Monday is a national holiday, the motion will not be heard the next day (Tuesday) but instead automatically set for the next succeeding Monday.

All law and motion matters, except for motions in limine, must be set for <u>hearing</u> (not filing) by the motion cutoff date specified on the last page.  Issues left undetermined after the passage of the motion cutoff date should be listed as issues for trial in the final pre-trial conference order.  As an exception to the above, motions in limine dealing with evidentiary matters may be heard at the Final Pre-Trial Conference or (at the Court's discretion) at the start of trial; however, the Court will not hear or resolve summary judgment motions disguised as motions in limine.

The applicable Local Rules are Rules 7-1, *et seq.*  If any party does not oppose a motion, that party shall submit a written statement that it does not oppose the motion, in accordance with Local Rule 7-16.  Failure to meet the time limits set forth in Local Rule 7 may be deemed consent to the granting of the motion. Local Rule 7-12.  The Court will not decide late-filed motions, and a party or counsel who files such late papers may be subject to sanctions under Local Rule 7-13.

Reply papers shall be limited to argument and/or authorities responsive to the opposition papers.  The Court will ignore new matter that was improperly introduced.

To assure that the Court receives oppositions and replies in a timely fashion, courtesy copies of all oppositions and replies, conformed to reflect that they have been filed, shall be deposited in the drop box in the entrance way to  chambers, to the left of Courtroom 14.  All such papers shall be filed "loose" - - *i.e.,* not inside envelopes.

1     **B.    Motions under Fed.R.Civ.P 12.**

2         See the Court's "Initial Case-Specific Order Following Filing of Complaint

3    Assigned to Judge Matz."

4     **C.    Summary Judgment Motions.**

5         Parties need not, and in many cases they should not, wait until the motion

6    cutoff to bring motions for summary judgment or partial summary judgment.

7    However, in virtually every case, the Court expects that the party moving for

8    summary judgment will provide more than the minimum twenty-one (21) day

9    notice for motions. Summary judgment motions are, of course, very fact-

10   dependent.  All parties should prepare their papers in a fashion that will assist the

11   Court in absorbing the mass of facts. (*E.g.,* generous use of tabs, tables of

12   contents, headings, indices, etc.) The parties are directed to comply precisely with

13   Local Rules 56-1 through 56-4. The Court will place a great deal of importance

14   on these respective statements and <u>the parties shall deliver to chambers **an**</u>

15   <u>**electronic** copy of the respective "Statement of Uncontroverted Facts and</u>

16   <u>Conclusions of Law" and "Statement of Genuine Issues."</u>

17       1.    <u>Statement of Undisputed Facts and Statement of Genuine Issues</u>

18        The Separate Statement of Undisputed Facts shall be prepared in a two

19   column format. The left hand column sets forth the allegedly undisputed fact.

20   The right hand column sets forth the evidence that supports the factual statement.

21   The fact statements should be set forth in sequentially numbered paragraphs. Each

22   paragraph should contain a narrowly focused statement of fact. Each numbered

23   paragraph should address a single subject in as concise a manner as possible.

24        The opposing party's Statement of Genuine Issues must be in two columns

25   and track the movant's separate statement exactly as prepared. The left hand

26   column must restate the allegedly undisputed fact, and the right hand column must

27   state either that it is undisputed or disputed. The opposing party may dispute all or

28   only a portion of the statement, but if disputing only a portion, it must clearly

1   indicate what part is being disputed, followed by the opposing party's evidence

2   controverting the fact. The Court will not wade through a document to determine

3   whether a fact really is in dispute. To demonstrate that a fact is disputed, the

4   opposing party must briefly state why it disputes the moving party's asserted fact,

5   cite to the relevant exhibit or other piece of evidence, and describe what it is in

6   that exhibit or evidence that refutes the asserted fact. No legal argument should be

7   set forth in this document.

8       The opposing party may submit additional material facts that bear on or

9   relate to the issues raised by the movant, which shall follow the format described

10  above for the moving party's separate statement. These additional facts shall

11  continue in sequentially numbered paragraphs (*i.e.,* if movant's last statement of

12  fact was set forth in paragraph 30, then the first new fact will be set forth in

13  paragraph 31), and shall set forth in the right hand column the evidence that

14  supports that statement.

15      2.   Supporting Evidence

16      No party should submit any evidence other than the specific items of

17  evidence or testimony necessary to support or controvert a proposed statement of

18  undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets

19  of interrogatory responses, and documents that do not specifically support or

20  controvert material in the separate statements should not be submitted in support

21  of opposition to a motion for summary judgment. The Court will not consider

22  such material.

23      Evidence submitted in support of or opposition to a motion should be

24  submitted either by way of stipulation or as exhibits to declarations sufficient to

25  authenticate the proffered evidence, and should not be attached to the

26  Memorandum of Points and Authorities. The Court will accept counsel's

27  authentication of deposition transcripts, of written discovery responses and of the

28  receipt of documents in discovery if the fact that the document was in the

1  opponent's possession is of independent significance. Documentary evidence as

2  to which there is no stipulation regarding foundation must be accompanied by the

3  testimony, either by declaration or properly authenticated deposition transcript, of

4  a witness who can establish authenticity. The parties should use colored markers

5  to highlight the testimony or portions of exhibits that they are relying on.

6          3.     Objections to Evidence

7          If a party disputes a fact based in whole or in part on an evidentiary

8  objection, the ground of the objection, as indicated above, should be stated in a

9  separate statement but not argued in that document.

10         4.     Evidence Not Properly Cited

11         When a party relies on deposition testimony in a summary judgment motion

12  without citing to page and line numbers, the Court in its discretion may exclude or

13  disregard the supposed "evidence." See *Orr v. Bank of America*, 285 F.3d 764,

14  775 (9th Cir. 2002).

15         5.     Cross-Motions on Identical Issues of Law

16         The parties shall avoid filing cross-motions for summary judgment on

17  identical issues of law, such that the papers would be unnecessarily cumulative.

18  (*E.g.*, a party's moving and reply papers on its own motion would advance the

19  same arguments as its opposition papers to the other party's cross-motion). The

20  parties shall discuss in advance which party should be designated as the moving

21  party. The moving party's reply papers shall be limited to responding to the non-

22  moving party's opposition papers. The non-moving party may not file a sur-reply

23  unless the Court first grants leave to do so.

24  **D.     Motions in Limine.**

25         Parties often do not focus on evidentiary and related issues until the last

26  stages of trial preparation. This is a mistake. Such motions can be very helpful in

27  narrowing issues, limiting or allowing evidence and promoting settlement. With

28  these benefits in mind, the Court encourages the parties carefully to consider filing

1   such motions <u>before</u> the last stages of trial preparation. In any event, the parties

2   must file and respond to motions in limine in accordance with Local Rule 7 by the

3   date specified on the last page of this order. The Court will make every effort to

4   rule upon motions in limine at or before the Final Pre-Trial Conference.

5           **E.      Oral Argument.**

6           Sometimes the Court will not hear oral argument. When that is the case, the

7   Court will notify the parties in advance. If there is a hearing, tentative rulings will

8   often be available in the courtroom approximately one-half hour before the call of

9   the calendar. The parties are expected to be familiar with the tentative ruling at

10  the time of argument.

11  **IV.    APPLICATIONS AND STIPULATIONS FOR EXTENSIONS OF**

12  **TIME**

13          **A.      Applications or Stipulations to Extend the Time to File any**

14                  **Required Document or to Continue any Pretrial or Trial Date.**

15          No stipulations extending scheduling requirements or modifying applicable

16  rules are effective until and unless the Court approves them. Both applications

17  and stipulations must set forth:

18          1.  the existing due date or hearing date;

19          2.  specific, concrete reasons supporting good cause for granting the

20  extension. In this regard, a statement that an extension "will promote settlement"

21  is insufficient. The requesting party or parties must indicate the status of ongoing

22  negotiations: have written proposals been exchanged? Is counsel in the process of

23  reviewing a draft settlement agreement? Has a mediator been selected?

24          3.  whether there have been prior requests for extensions, and whether these

25  were granted or denied by the Court.

26  ///

27  ///

28  ///

**B. Ex Parte Applications.**

Think twice! The Court strongly discourages *ex parte* applications. *See Mission Power Eng. Co. v. Continental Casualty Co.*, 883 F.Supp. 488 (C.D.Calif. 1995). Strict adherence to Local Rule 7-19 is necessary.

## V. PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS

**A. General Provisions.**

The Final Pre-Trial Conference ("PTC") will be held at 11:00 a.m. on the date specified, unless the Court expressly waived a PTC at the Scheduling Conference. (In the rare cases where the Court waives a PTC, the parties must follow Local Rule 16-11.) If adjustments in the Court's calendar to accommodate congestion become necessary, the Court may re-calendar the PTC instead of the trial date. Therefore, the parties should assume that if the PTC goes forward, the trial <u>will</u> go forward without continuance, although some brief period of trailing may prove necessary.

The lead trial attorney on behalf of every party shall attend both the PTC and all meetings of the parties in preparation for the PTC. Unless counsel has been excused for good cause shown in advance of the PTC, the Court reserves the right to designate the attorney attending the PTC as lead trial counsel.

A continuance of the PTC at the parties' request or by stipulation is highly unlikely. Specifically, failure to complete discovery is not a ground for continuance. In the unlikely event that the Court agrees to continuing the PTC, the trial date is likely to be delayed as a result, possibly for a few months. If a change in the trial date is necessitated or likely because of the Court's calendar or otherwise, modifications of that date will be discussed at the PTC.

At the PTC, the parties should be prepared to discuss means of streamlining the trial, including, but not limited to: bifurcation; presentation of foundational and non-critical testimony and direct testimony by deposition excerpts, narrative summaries and/or stipulations as to the content of testimony; presentation of

testimony on direct examination or by declaration subject to cross-examination; and qualification of experts by admitted resumes. The Court will attempt to rule upon previously-filed motions in limine at the PTC. The Court will also discuss settlement.

**B.    Form of Final Pre-Trial Conference Order ("PTCO").**

The proposed PTCO shall be lodged seven calendar days before the PTC. Adherence to this time requirement is necessary for in-chambers preparation of the matter. The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following:

1.    Please place in "ALL CAPS" and in **bold** the separately numbered headings for each category in the PTCO (*e.g.*, "**1. THE PARTIES**" or "**7. CLAIMS AND DEFENSES OF THE PARTIES**".)

2.    <u>Please include a Table of Contents at the beginning.</u>

3.    In specifying the surviving pleadings under Section 1, please state which claims or counterclaims have been dismissed or abandoned. *E.g.* "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed." Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, please specify to which party each claim or counterclaim is directed.

4.    *In specifying the parties' claims and defenses under Section 7, each party shall closely follow the examples set forth in Appendix A of the Local Rules.*

5.    In drafting the PTCO, the Court also expects that the parties will attempt to agree on and set forth as many non-contested facts as possible. The Court will usually read the uncontested facts to the jury at the start of the trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

6.    In drafting the factual issues in dispute for the PTCO, the parties should attempt to state issues in ultimate fact form, not in the form of evidentiary

1  fact issues (*e.g.*, "Was the defendant negligent? Was such negligence the
2  proximate cause of injury to the plaintiff? Was the plaintiff negligent?" etc. Not
3  "Was the plaintiff standing on the corner of 5th and Spring at 10 a.m. on May 3?"
4  etc.). The parties may, if they so desire, list sub-issues under the headings of
5  ultimate fact issues, but should not use this as a device to list disputes over
6  evidentiary matters. In general, the issues of fact should set forth the disputed
7  elements of the claim or affirmative defenses.

8      7.    The Court may well submit fact issues to the jury in the form of
9  findings on a special verdict. The issues of fact should track the elements of a
10 claim or defense on which the jury will be required to make findings.

11     8.    Issues of law should state legal issues on which the Court will be
12 required to rule at or after the PTC, or during the trial, and should not list ultimate
13 fact issues to be submitted to the trier of fact.

14     **C.    Rule 16 Filings; Memoranda; Witness Lists (Including Experts);**
15          **Exhibit Lists.**

16     1.    <u>Generally</u>. The parties must comply fully with the requirements of
17 Local Rule 16. They shall file carefully prepared Memoranda of Contentions of
18 Fact and Law (which may also serve as the trial brief), along with their respective
19 Witness Lists and Exhibit Lists, all in accordance with Local Rule 16. See the last
20 page for dates. Failure to include the name of an expert witness precludes a party
21 from calling that expert witness. An expert witness's direct testimony shall
22 consist of a non-exhaustive description of his background and the contents of his
23 Rule 26 report.

24     2.    <u>Pre-Trial Exhibit Stipulation</u>. The parties shall prepare a Pre-Trial
25 Exhibit Stipulation which shall contain each party's numbered list of all trial
26 exhibits, with objections, if any, to each exhibit including the basis of the
27 objection and the offering party's response. All exhibits to which there is no
28 objection shall be deemed admitted. All parties shall stipulate to the authenticity

1   of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall identify

2   any exhibits whose authenticity has not been stipulated to and the specific reasons

3   for the party's failure to stipulate.

4          The Stipulation shall be substantially in the following form:

5                        <u>Pre-Trial Exhibit Stipulation</u>

6   <u>Plaintiff(s)' Exhibits</u>

7   <u>Number</u>        <u>Description</u>              <u>If Objection, State Grounds</u>      <u>Response to Objection</u>

8

9

10  <u>Defendant(s)' Exhibits</u>

11  <u>Number</u>        <u>Description</u>              <u>If Objection, State Grounds</u>      <u>Response to Objection</u>

12

13         The Pre-Trial Exhibit Stipulation shall be filed at the same time counsel

14  lodge the PTCO.  Failure to comply with this paragraph shall constitute a waiver

15  of all objections.

16         3.  **Consequences of Non-Compliance.  If counsel fail to file the required**

17  **Pre-Trial documents or fail to appear at the Pre-Trial Conference and such**

18  **failure is not otherwise satisfactorily explained to the Court, (a) the cause**

19  **shall stand dismissed for failure to prosecute, if such failure occurs on the**

20  **part of the plaintiff, (b) default judgment shall be entered if such failure**

21  **occurs on the part of the defendant; or (c) the Court may take such action as**

22  **it deems appropriate.**

23

24         D.    **Trial Witness Estimate Form**

25         At the pre-trial conference the parties will be given a Joint Trial Witness

26  Time Estimate Form, which they will be required to fill in and give to the Court on

27  the first day of trial.

28  / / /

### E.    Real Time Court Reporting Requirement

Each party must **email the court report at leslieaking@gmail.com** prior to the PTC a prepared typed list of proper names, unusual or scientific terms, or any other uncommon words that are likely to be used during trial. This list will enable the court reporter to prepare accurate transcripts in real time.

### F.    Jury Instructions, Verdict Forms and Special Interrogatories.

1.     On the dates specified on the attached "Schedule of Pretrial Dates", the parties are required jointly to submit one set of agreed upon substantive instructions, a verdict form and, if necessary, special interrogatories. "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case. The parties need <u>not</u> submit general instructions. The parties shall deliver to chambers **an electronic** copy of these filings at the time the documents are filed.

2.     If the parties cannot agree upon one complete set of substantive instructions, special or general verdict form and/or special interrogatories, they shall file two documents with the Court: first, the agreed upon instructions and verdict forms, and  second a joint statement regarding the disputed instructions, verdicts and interrogatories.  In the second document (the joint statement) the parties shall place the text of the disputed instruction (or verdict or interrogatory) with an identification of the party proposing it and following that text they shall place the opposing party's statement of objections, along with legal authority in support of the objections (not to exceed <u>one</u> page) and proposed alternative language where appropriate.  The entirety of the objection shall be typed in capital letters.

Each party shall **provide an electronic copy** when it serves its proposed instructions on opposing parties to simplify the preparation of the joint statement regarding the disputed instructions.

/ / /

Both the agreed on set, and the joint statement re disputed instructions are to be filed at the Final Pre-Trial Conference.

3.      A table of contents shall be included with all jury instructions submitted to the Court.  The table of contents shall set forth the following:

    a.      The number of the instruction;

    b.      A brief title of the instruction;

    c.      The source of the instruction; and

    d.      The page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Burden of Proof | 9th Cir. 12.2 | 5 |

The parties need not submit a separate copy of instructions without citations to authority.

4.      The Court prefers counsel to use the instructions from the *Manual of Model Jury Instructions for the Ninth Circuit* (West 2007 (to be published around June 2007)) where applicable.  Those instructions are "on-line" in the Ninth Circuit's website.  Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use *California Jury Instructions - Civil* (CACI).  If neither of these sources is applicable, counsel are directed to use the instructions in O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions (Fifth)*.

5.      Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

**G.      Joint Statement of the Case and Requests for Voir Dire.**

On the same date the parties file their joint and separate proposed jury instructions, the parties shall also file their joint statement of the case which the

///

1  Court shall read to all prospective jurors prior to the commencement of voir dire.

2  Ordinarily, the statement should be not longer than two or three paragraphs.

3      The Court conducts voir dire of all prospective jurors. On the same date

4  that the parties file their Joint Statement of the Case, each party shall file its

5  separate proposed voir dire questions. The parties need not submit requests for

6  standard voir dire questions, such as education, current occupation, marital status,

7  prior jury service, etc., but should include only proposed questions specifically

8  tailored to the parties and issues of the case.

9      **H.    Findings of Fact and Conclusions of Law.**

10     For a non-jury trial, the parties shall lodge their proposed findings of fact

11  and conclusions of law not later than one week before trial. The parties shall

12  deliver to chambers **an electronic** copy of these findings in Word or WordPerfect

13  11 compatible format. Please see the Court's Civil Trial Order.

14  **VI.    SETTLEMENT**

15     Local Rule 16-14.2 provides that the Settlement Conference shall be

16  concluded not later than 45 days before the Pretrial Conference. The Court

17  believes that in most cases completion of all discovery and dispositive motions

18  will help the parties assess their positions before they embark on the costly pre-

19  trial process. But sometimes parties find it more difficult to settle after they

20  incurred the cost of all discovery and motion practice. The Court therefore

21  strongly encourages counsel and the parties to pursue settlement earlier.

22     The Court has a keen interest in helping the parties achieve settlement. If

23  the parties believe that it would be more likely that a settlement would be reached

24  if they conduct the settlement conference at a different time than that in the

25  attached schedule, they should conduct it at that time. In any event, as indicated in

26  the Schedule of Pretrial Dates attached hereto, the parties must file a Status Report

27  re Settlement at the time that they file their respective memorandum of fact and

28  law, witness lists and exhibit lists.

1    This Court will not conduct settlement conferences in non-jury cases which

2  he is to try.  In jury cases, the Court will conduct a settlement conference at the

3  parties' joint request if three conditions exist:

4    1. The parties are satisfied that the fact issues in the case will be tried to a

5  jury.

6    2. All significant pre-trial rulings which the Court must make have been

7  made.

8    3. The parties desire the Court to conduct the conference, understanding

9  that if settlement fails, the Court will try the case.

10   If the parties are inclined to select this Court to conduct the Mandatory

11 Settlement Conference, the parties should consult the Court's Standing Order re

12 Settlement Conference so that they fully understand the Court's requirements for

13 the settlement conference.  That order will govern the settlement conference

14 procedures before this Court, but may also serve as a useful reference for

15 settlement conferences conducted pursuant to the other available procedures.

16 **VII.   WEBSITE**

17   Copies of this Order and all other orders of this Court that may apply

18 specifically to this case are available on the Central District of California website,

19 at "www.cacd.uscourts.gov," under "Judge's Requirements."

20 **VIII.     TRIAL DATE**

21   This case has been set for trial on the date specified on Exhibit "A" below at

22 8:00 A.M.  Please review the Court's separately-issued Civil Trial Order for the

23 procedures and requirements for civil trials.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**IX.    CONCLUSION**

The Court thanks the parties and their counsel for their anticipated cooperation in carrying out these requirements.

IT IS SO ORDERED.

DATED:    August 14, 2007

_____
A. HOWARD MATZ
United States District Judge

**JUDGE A HOWARD MATZ**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: _____ days | 8:00 a.m. | | | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | - 1 | | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. | - 2 | | | |
| Lodge Pretrial Conf. Order File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | - 4 | | | |
| Last day for hand-serving Motions in Limine | | - 6 | | | |
| Last Day to Meet Before Final Pretrial Conference (L.R. 16-2) | | - 8 | | | |
| Last day for hearing motions | 10:00 a.m. | - 8 | | | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | - 12 | | | |
| Non-expert Discovery cut-off | | - 14 | | | 3-17-08 |

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

L.R. 16-14 Settlement Choice:    (1) CT/USMJ    (2) Atty    (3) Outside ADR

| Matter | | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Expert discovery cut-off | | - 6 | | | 4-21-08 |
| Rebuttal Expert Witness Disclosure | | - 9 | | | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | - 13 | | | 12-10-07 |
| Last day to conduct Settlement Conference | | | | | |
| Last Day to Amend Pleadings or Add Parties | | | | | |

# EXHIBIT A

```
              FILED
    CLERK, U.S. DISTRICT COURT        SEND

          APR 2 3 2007

    CENTRAL DISTRICT OF CALIFORNIA
    BY                       DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UMG RECORDINGS, INC., | ) | CASE NO. CV06-7361-AHM (AJWx) |
| Plaintiff(s), | ) | SCHEDULING AND CASE MANAGEMENT ORDER |
| v. | ) | |
| MYSPACE, INC., et al., | ) | **SEE LAST PAGE FOR PRETRIAL AND TRIAL DATES** |
| Defendant(s). | ) | |

## I.    APPLICABLE SCHEDULE

This case shall be litigated according to the schedule on the last page. Ordinarily, those dates are determined after consultation with the parties at the Rule 16(b) Scheduling Conference, and this Order is distributed to them at that time. Accordingly, the dates and requirements are firm. The Court is very unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a strong, concrete showing.

The following provisions sometimes refer to the Local Rules. **PLEASE NOTE THAT UNDER RULE 83-7, THE VIOLATION OR FAILURE TO CONFORM TO THE LOCAL RULES MAY SUBJECT THE OFFENDING PARTY OR COUNSEL TO A VARIETY OF SANCTIONS.**

```
DOCKETED ON CM
    APR 2 5 2007
```

## II.    DISCOVERY AND DISCOVERY CUTOFF

### A.    Non-Expert Discovery

All non-expert discovery shall be completed by the non-expert discovery cutoff on the last page. **THIS IS <u>NOT</u> THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY IS TO BE COMPLETED.** Any motion challenging the adequacy of responses to discovery must be filed, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted.

In an effort to provide further guidance to the parties, the Court notes the following:

1.    <u>Depositions</u>. All depositions shall be scheduled to commence sufficiently in advance of the discovery cutoff date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cutoff date. Given the requirements of notice and "meet and confer," that means that in most cases a planned motion to compel would have to be discussed with opposing counsel approximately six weeks before the cutoff.

2.    <u>Written Discovery</u>. All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cutoff date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

3.    <u>Discovery Motions</u>. Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable and professional manner. If they do so, resort to the Court for guidance in discovery is seldom necessary.

The Magistrate Judge assigned to this case will rule on discovery motions. The Court requires compliance with Local Rules 37-1 through 37-

1   4 in the preparation and filing of discovery motions.  Any review of a

2   Magistrate Judge's discovery order must proceed by way of noticed motion

3   under Local Rule 7-3.  In accordance with 28 U.S.C. § 636(b)(1)(A), the

4   Court will not reverse any such order, *including one imposing sanctions,*

5   unless the moving party demonstrates that the Magistrate Judge's order "is

6   clearly erroneous or contrary to law."  If this Court overrules a Magistrate

7   Judge's order denying discovery, the Discovery Cutoff will, upon

8   application, be extended.

9       4.   Exceptions to Discovery Cutoff.  The Court establishes a

10   discovery cutoff date to facilitate the timely, efficient and just resolution of

11   this case.  So long as that objective is in no way impeded, and provided that

12   the parties meet the other conditions in this paragraph, the parties are

13   permitted to conduct discovery beyond the cutoff date.  These conditions

14   are:  (a) they all agree to do so; (b) no discovery motions resulting from

15   post-cutoff discovery disputes may be brought; and (c) the fact that

16   discovery is being conducted after the cutoff will not be cause for

17   continuing the trial date or for not complying with the other deadlines and

18   requirements in this order.  Thus, parties conducting discovery after the

19   cutoff accept the risk that they will not be able to enforce their rights in the

20   event of a dispute.

21   **B.   Expert Discovery**

22       If expert discovery necessitates motion practice which cannot be resolved

23   until after the deadlines set forth below for motion practice, then those deadlines

24   shall not apply. But because Local Rules 7-3 and 37-1 require ample time to meet

25   and confer as well as brief the matters, the parties should commence expert

26   discovery shortly after the initial designations of experts, because in no event will

27   the Final Pre-Trial Conference and trial dates be continued merely because expert

28   discovery is still underway.

## III.   MOTIONS AND MOTION CUTOFF DATE

### A.   General Provisions.

Motions are heard on Mondays at 10:00 a.m., unless the Court orders otherwise. If Monday is a national holiday, the motion will not be heard the next day (Tuesday) but instead automatically set for the next succeeding Monday.

All law and motion matters, except for motions in limine, must be set for hearing (not filing) by the motion cutoff date specified on the last page. Issues left undetermined after the passage of the motion cutoff date should be listed as issues for trial in the final pre-trial conference order. As an exception to the above, motions in limine dealing with evidentiary matters may be heard at the Final Pre-Trial Conference or (at the Court's discretion) at the start of trial; however, the Court will not hear or resolve summary judgment motions disguised as motions in limine.

The applicable Local Rules are Rules 7-1, *et seq.* If any party does not oppose a motion, that party shall submit a written statement that it does not oppose the motion, in accordance with Local Rule 7-16. Failure to meet the time limits set forth in Local Rule 7 may be deemed consent to the granting of the motion. Local Rule 7-12. The Court will not decide late-filed motions, and a party or counsel who files such late papers may be subject to sanctions under Local Rule 7-13.

Reply papers shall be limited to argument and/or authorities responsive to the opposition papers. The Court will ignore new matter that was improperly introduced.

To assure that the Court receives oppositions and replies in a timely fashion, courtesy copies of all oppositions and replies, conformed to reflect that they have been filed, shall be deposited in the drop box in the entrance way to chambers, to the left of Courtroom 14. All such papers shall be filed "loose" - - *i.e.,* not inside envelopes.

1    **B.    Motions under Fed.R.Civ.P 12.**

2    See the Court's "Initial Case-Specific Order Following Filing of Complaint

3    Assigned to Judge Matz."

4    **C.    Summary Judgment Motions.**

5    Parties need not, and in many cases they should not, wait until the motion

6    cutoff to bring motions for summary judgment or partial summary judgment.

7    However, in virtually every case, the Court expects that the party moving for

8    summary judgment will provide more than the minimum twenty-one (21) day

9    notice for motions.  Summary judgment motions are, of course, very fact-

10    dependent.   All parties should prepare their papers in a fashion that will assist the

11    Court in absorbing the mass of facts.  (*E.g.*, generous use of tabs, tables of

12    contents, headings, indices, etc.)  The parties are directed to comply precisely with

13    Local Rules 56-1 through 56-4.  The Court will place a great deal of importance

14    on these respective statements and <u>the parties shall deliver to chambers a copy of</u>

15    <u>the diskette, in WordPerfect 11 format, containing the respective "Statement of</u>

16    <u>Uncontroverted Facts and Conclusions of Law" and "Statement of Genuine</u>

17    <u>Issues."</u>

18    1.    <u>Statement of Undisputed Facts and Statement of Genuine Issues</u>

19    The Separate Statement of Undisputed Facts shall be prepared in a two

20    column format.  The left hand column sets forth the allegedly undisputed fact.

21    The right hand column sets forth the evidence that supports the factual statement.

22    The fact statements should be set forth in sequentially numbered paragraphs.  Each

23    paragraph should contain a narrowly focused statement of fact.  Each numbered

24    paragraph should address a single subject in as concise a manner as possible.

25    The opposing party's Statement of Genuine Issues must be in two columns

26    and track the movant's separate statement exactly as prepared.  The left hand

27    column must restate the allegedly undisputed fact, and the right hand column must

28    state either that it is undisputed or disputed.  The opposing party may dispute all or

1   only a portion of the statement, but if disputing only a portion, it must clearly

2   indicate what part is being disputed, followed by the opposing party's evidence

3   controverting the fact. The Court will not wade through a document to determine

4   whether a fact really is in dispute. To demonstrate that a fact is disputed, the

5   opposing party must briefly state why it disputes the moving party's asserted fact,

6   cite to the relevant exhibit or other piece of evidence, and describe what it is in

7   that exhibit or evidence that refutes the asserted fact. No legal argument should be

8   set forth in this document.

9          The opposing party may submit additional material facts that bear on or

10  relate to the issues raised by the movant, which shall follow the format described

11  above for the moving party's separate statement. These additional facts shall

12  continue in sequentially numbered paragraphs (*i.e.,* if movant's last statement of

13  fact was set forth in paragraph 30, then the first new fact will be set forth in

14  paragraph 31), and shall set forth in the right hand column the evidence that

15  supports that statement.

16         2.    Supporting Evidence

17         No party should submit any evidence other than the specific items of

18  evidence or testimony necessary to support or controvert a proposed statement of

19  undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets

20  of interrogatory responses, and documents that do not specifically support or

21  controvert material in the separate statements should not be submitted in support

22  of opposition to a motion for summary judgment. The Court will not consider

23  such material.

24         Evidence submitted in support of or opposition to a motion should be

25  submitted either by way of stipulation or as exhibits to declarations sufficient to

26  authenticate the proffered evidence, and should not be attached to the

27  Memorandum of Points and Authorities. The Court will accept counsel's

28  authentication of deposition transcripts, of written discovery responses and of the

1   receipt of documents in discovery if the fact that the document was in the

2   opponent's possession is of independent significance.  Documentary evidence as

3   to which there is no stipulation regarding foundation must be accompanied by the

4   testimony, either by declaration or properly authenticated deposition transcript, of

5   a witness who can establish authenticity.  The parties should use colored markers

6   to highlight the testimony or portions of exhibits that they are relying on.

7       3.    Objections to Evidence

8       If a party disputes a fact based in whole or in part on an evidentiary

9   objection, the ground of the objection, as indicated above, should be stated in a

10  separate statement but not argued in that document.

11      4.    Evidence Not Properly Cited

12      When a party relies on deposition testimony in a summary judgment motion

13  without citing to page and line numbers, the Court in its discretion may exclude or

14  disregard the supposed "evidence."  See *Orr v. Bank of America*, 285 F.3d 764,

15  775 (9th Cir. 2002).

16      5.    Cross-Motions on Identical Issues of Law

17      The parties shall avoid filing cross-motions for summary judgment on

18  identical issues of law, such that the papers would be unnecessarily cumulative.

19  (*E.g.*, a party's moving and reply papers on its own motion would advance the

20  same arguments as its opposition papers to the other party's cross-motion).  The

21  parties shall discuss in advance which party should be designated as the moving

22  party.  The moving party's reply papers shall be limited to responding to the non-

23  moving party's opposition papers.  The non-moving party may not file a sur-reply

24  unless the Court first grants leave to do so.

25  **D.    Motions in Limine.**

26      Parties often do not focus on evidentiary and related issues until the last

27  stages of trial preparation.  This is a mistake.  Such motions can be very helpful in

28  narrowing issues, limiting or allowing evidence and promoting settlement.  With

1   these benefits in mind, the Court encourages the parties carefully to consider filing

2   such motions before the last stages of trial preparation. In any event, the parties

3   must file and respond to motions in limine in accordance with Local Rule 7 by the

4   date specified on the last page of this order. The Court will make every effort to

5   rule upon motions in limine at or before the Final Pre-Trial Conference.

6        **E.**    **Oral Argument.**

7        Sometimes the Court will not hear oral argument. When that is the case, the

8   Court will notify the parties in advance. If there is a hearing, tentative rulings will

9   often be available in the courtroom approximately one-half hour before the call of

10  the calendar. The parties are expected to be familiar with the tentative ruling at

11  the time of argument.

12  **IV.**   **APPLICATIONS AND STIPULATIONS FOR EXTENSIONS OF**

13        **TIME**

14       **A.**    **Applications or Stipulations to Extend the Time to File any**

15              **Required Document or to Continue any Pretrial or Trial Date.**

16       No stipulations extending scheduling requirements or modifying applicable

17  rules are effective until and unless the Court approves them. Both applications

18  and stipulations must set forth:

19       1.   the existing due date or hearing date;

20       2.  specific, concrete reasons supporting good cause for granting the

21  extension. In this regard, a statement that an extension "will promote settlement"

22  is insufficient. The requesting party or parties must indicate the status of ongoing

23  negotiations: have written proposals been exchanged? Is counsel in the process of

24  reviewing a draft settlement agreement? Has a mediator been selected?

25       3.  whether there have been prior requests for extensions, and whether these

26  were granted or denied by the Court.

27  / / /

28  / / /

**B.    Ex Parte Applications.**

Think twice!  The Court strongly discourages *ex parte* applications.  *See Mission Power Eng. Co. v. Continental Casualty Co.*, 883 F.Supp. 488 (C.D.Calif. 1995).  Strict adherence to Local Rule 7-19 is necessary.

**V.    PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

**A.    General Provisions.**

The Final Pre-Trial Conference ("PTC") will be held at 11:00 a.m. on the date specified, unless the Court expressly waived a PTC at the Scheduling Conference.  (In the rare cases where the Court waives a PTC, the parties must follow Local Rule 16-11.)  If adjustments in the Court's calendar to accommodate congestion become necessary, the Court may re-calendar the PTC instead of the trial date.  Therefore, the parties should assume that if the PTC goes forward, the trial <u>will</u> go forward without continuance, although some brief period of trailing may prove necessary.

The lead trial attorney on behalf of every party shall attend both the PTC and all meetings of the parties in preparation for the PTC.  Unless counsel has been excused for good cause shown in advance of the PTC, the Court reserves the right to designate the attorney attending the PTC as lead trial counsel.

A continuance of the PTC at the parties' request or by stipulation is highly unlikely.  Specifically, failure to complete discovery is not a ground for continuance.   In the unlikely event that the Court agrees to continuing the PTC, the trial date is likely to be delayed as a result, possibly for a few months.  If a change in the trial date is necessitated or likely because of the Court's calendar or otherwise, modifications of that date will be discussed at the PTC.

At the PTC, the parties should be prepared to discuss means of streamlining the trial, including, but not limited to:  bifurcation; presentation of foundational and non-critical testimony and direct testimony by deposition excerpts, narrative summaries and/or stipulations as to the content of testimony; presentation of

testimony on direct examination or by declaration subject to cross-examination; and qualification of experts by admitted resumes.  The Court will attempt to rule upon previously-filed motions in limine at the PTC.  The Court will also discuss settlement.

**B.    Form of Final Pre-Trial Conference Order ("PTCO").**

The proposed PTCO shall be lodged seven calendar days before the PTC. Adherence to this time requirement is necessary for in-chambers preparation of the matter.  The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following:

1.    Please place in "ALL CAPS" and in **bold** the separately numbered headings for each category in the PTCO (*e.g.*, "**1.  THE PARTIES**" or "**7.  CLAIMS AND DEFENSES OF THE PARTIES**".)

2.    Please include a Table of Contents at the beginning.

3.    In specifying the surviving pleadings under Section 1, please state which claims or counterclaims have been dismissed or abandoned. *E.g.* "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed." Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, please specify to which party each claim or counterclaim is directed.

4.    *In specifying the parties' claims and defenses under Section 7, each party shall closely follow the examples set forth in Appendix A of the Local Rules.*

5.    In drafting the PTCO, the Court also expects that the parties will attempt to agree on and set forth as many non-contested facts as possible.  The Court will usually read the uncontested facts to the jury at the start of the trial.  A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

6.    In drafting the factual issues in dispute for the PTCO, the parties should attempt to state issues in ultimate fact form, not in the form of evidentiary

1   fact issues (*e.g.,* "Was the defendant negligent?  Was such negligence the

2   proximate cause of injury to the plaintiff?  Was the plaintiff negligent?" etc.  Not

3   "Was the plaintiff standing on the corner of 5th and Spring at 10 a.m. on May 3?"

4   etc.).  The parties may, if they so desire, list sub-issues under the headings of

5   ultimate fact issues, but should not use this as a device to list disputes over

6   evidentiary matters.  In general, the issues of fact should set forth the disputed

7   elements of the claim or affirmative defenses.

8       7.    The Court may well submit fact issues to the jury in the form of

9   findings on a special verdict.  The issues of fact should track the elements of a

10   claim or defense on which the jury will be required to make findings.

11       8.    Issues of law should state legal issues on which the Court will be

12   required to rule at or after the PTC, or during the trial, and should not list ultimate

13   fact issues to be submitted to the trier of fact.

14       **C.    Rule 16 Filings; Memoranda; Witness Lists (Including Experts);**

15           **Exhibit Lists.**

16       1.    Generally.  The parties must comply fully with the requirements of

17   Local Rule 16.  They shall file carefully prepared Memoranda of Contentions of

18   Fact and Law (which may also serve as the trial brief), along with their respective

19   Witness Lists and Exhibit Lists, all in accordance with Local Rule 16.  See the last

20   page for dates.  Failure to include the name of an expert witness precludes a party

21   from calling that expert witness.  An expert witness's direct testimony shall

22   consist of a non-exhaustive description of his background and the contents of his

23   Rule 26 report.

24       2.    Pre-Trial Exhibit Stipulation.  The parties shall prepare a Pre-Trial

25   Exhibit Stipulation which shall contain each party's numbered list of all trial

26   exhibits, with objections, if any, to each exhibit including the basis of the

27   objection and the offering party's response.  All exhibits to which there is no

28   objection shall be deemed admitted.  All parties shall stipulate to the authenticity

of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

The Stipulation shall be substantially in the following form:

### Pre-Trial Exhibit Stipulation

#### Plaintiff(s)' Exhibits

| Number | Description | If Objection, State Grounds | Response to Objection |
|--------|-------------|-----------------------------|------------------------|

#### Defendant(s)' Exhibits

| Number | Description | If Objection, State Grounds | Response to Objection |
|--------|-------------|-----------------------------|------------------------|

The Pre-Trial Exhibit Stipulation shall be filed at the same time counsel lodge the PTCO. Failure to comply with this paragraph shall constitute a waiver of all objections.

3. **Consequences of Non-Compliance. If counsel fail to file the required Pre-Trial documents or fail to appear at the Pre-Trial Conference and such failure is not otherwise satisfactorily explained to the Court, (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff, (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.**

**D.    Trial Witness Estimate Form**

At the pre-trial conference the parties will be given a Joint Trial Witness Time Estimate Form, which they will be required to fill in and give to the Court on the first day of trial.

## E.   Real Time Court Reporting Requirement

Each party must bring to the PTC a prepared typed list of proper names, unusual or scientific terms, or any other uncommon words that are likely to be used during trial. This list will enable the court reporter to prepare accurate transcripts in real time.

## F.   Jury Instructions, Verdict Forms and Special Interrogatories.

1.   On the dates specified on the attached "Schedule of Pretrial Dates", the parties are required jointly to submit one set of agreed upon substantive instructions, a verdict form and, if necessary, special interrogatories. "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case. The parties need not submit general instructions. The parties shall deliver to chambers a copy of these filings on disk in WordPerfect 11.0 format at the time the documents are filed.

2.   If the parties cannot agree upon one complete set of substantive instructions, special or general verdict form and/or special interrogatories, they shall file two documents with the Court: first, the agreed upon instructions and verdict forms, and  second a joint statement regarding the disputed instructions, verdicts and interrogatories.  In the second document (the joint statement) the parties shall place the text of the disputed instruction (or verdict or interrogatory) with an identification of the party proposing it and following that text they shall place the opposing party's statement of objections, along with legal authority in support of the objections (not to exceed one page) and proposed alternative language where appropriate.  The entirety of the objection shall be typed in capital letters.

Each party shall include a disk when it serves its proposed instructions on opposing parties to simplify the preparation of the joint statement regarding the disputed instructions.

1    Both the agreed on set, and the joint statement re disputed instructions are to

2  be filed at the Final Pre-Trial Conference.

3    3.    A table of contents shall be included with all jury instructions

4  submitted to the Court. The table of contents shall set forth the following:

5        a.    The number of the instruction;

6        b.    A brief title of the instruction;

7        c.    The source of the instruction; and

8        d.    The page number of the instruction.

9    For example:

10   | Number | Title | Source | Page Number |
     |--------|-------|--------|-------------|
     | 1 | Burden of Proof | 9th Cir. 12.2 | 5 |

12  The parties need not submit a separate copy of instructions without citations to

13  authority.

14    4.    The Court prefers counsel to use the instructions from the *Manual of*

15  *Model Jury Instructions for the Ninth Circuit* (West 2007 (to be published around

16  June 2007)) where applicable. Those instructions are "on-line" in the Ninth

17  Circuit's website. Where California law is to be applied and the above

18  instructions are not applicable, the Court prefers counsel to use *California Jury*

19  *Instructions - Civil* (CACI). If neither of these sources is applicable, counsel are

20  directed to use the instructions in O'Malley, Grenig & Lee, *Federal Jury Practice*

21  *and Instructions (Fifth)*.

22    5.    Modifications of instructions from the foregoing sources (or any other

23  form instructions) must specifically state the modification made to the original

24  form instruction and the authority supporting the modification.

25    **G.    Joint Statement of the Case and Requests for Voir Dire.**

26    On the same date the parties file their joint and separate proposed jury

27  instructions, the parties shall also file their joint statement of the case which the

28  Court shall read to all prospective jurors prior to the commencement of voir dire.

1  Ordinarily, the statement should be not longer than two or three paragraphs.

2      The Court conducts voir dire of all prospective jurors. On the same date

3  that the parties file their Joint Statement of the Case, each party shall file its

4  separate proposed voir dire questions. The parties need not submit requests for

5  standard voir dire questions, such as education, current occupation, marital status,

6  prior jury service, etc., but should include only proposed questions specifically

7  tailored to the parties and issues of the case.

8      **H.    Findings of Fact and Conclusions of Law.**

9      For a non-jury trial, the parties shall lodge their proposed findings of fact

10  and conclusions of law not later than one week before trial. The parties shall

11  deliver to chambers a copy of these findings on disk in Word or WordPerfect 11

12  compatible format. Please see the Court's Civil Trial Order.

13  **VI.   SETTLEMENT**

14      Local Rule 16-14.2 provides that the Settlement Conference shall be

15  concluded not later than 45 days before the Pretrial Conference. The Court

16  believes that in most cases completion of all discovery and dispositive motions

17  will help the parties assess their positions before they embark on the costly pre-

18  trial process. But sometimes parties find it more difficult to settle after they

19  incurred the cost of all discovery and motion practice. The Court therefore

20  strongly encourages counsel and the parties to pursue settlement earlier.

21      The Court has a keen interest in helping the parties achieve settlement. If

22  the parties believe that it would be more likely that a settlement would be reached

23  if they conduct the settlement conference at a different time than that in the

24  attached schedule, they should conduct it at that time. In any event, as indicated in

25  the Schedule of Pretrial Dates attached hereto, the parties must file a Status Report

26  re Settlement at the time that they file their respective memorandum of fact and

27  law, witness lists and exhibit lists.

28

1    This Court will not conduct settlement conferences in non-jury cases which
2 he is to try. In jury cases, the Court will conduct a settlement conference at the
3 parties' joint request if three conditions exist:

4    1. The parties are satisfied that the fact issues in the case will be tried to a
5 jury.

6    2. All significant pre-trial rulings which the Court must make have been
7 made.

8    3. The parties desire the Court to conduct the conference, understanding
9 that if settlement fails, the Court will try the case.

10    If the parties are inclined to select this Court to conduct the Mandatory
11 Settlement Conference, the parties should consult the Court's Standing Order re
12 Settlement Conference so that they fully understand the Court's requirements for
13 the settlement conference. That order will govern the settlement conference
14 procedures before this Court, but may also serve as a useful reference for
15 settlement conferences conducted pursuant to the other available procedures.

16 **VII.  WEBSITE**

17    Copies of this Order and all other orders of this Court that may apply
18 specifically to this case are available on the Central District of California website,
19 at "www.cacd.uscourts.gov," under "Judge's Requirements."

20 **VIII.      TRIAL DATE**

21    This case has been set for trial on the date specified on Exhibit "A" below at
22 8:00 A.M. Please review the Court's separately-issued Civil Trial Order for the
23 procedures and requirements for civil trials.

24 ///
25 ///
26 ///
27 ///
28 ///

## IX.    CONCLUSION

The Court thanks the parties and their counsel for their anticipated cooperation in carrying out these requirements.

IT IS SO ORDERED.

DATED:    April 23, 2007

A. HOWARD MATZ
United States District Judge

CV06 - 7361 - AHM

### JUDGE A HOWARD MATZ
### PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: _____ days | 8:00 a.m. | | | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | - 1 | | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. | - 2 | | | |
| Lodge Pretrial Conf. Order File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | - 4 | | | |
| Last day for hand-serving Motions in Limine | | - 6 | | | |
| Last Day to Meet Before Final Pretrial Conference (L.R. 16-2) | | - 8 | | | |
| Last day for hearing motions | 10:00 a.m. | - 8 | | | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | -12 | | | |
| Non-expert Discovery cut-off | | - 14 | | | 3-17-08 |

### ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice:    (1) CT/USMJ    (2) Atty    (3) Outside ADR

| Matter | Time | Weeks | Plaintiff | Defendant | Court Order |
|---|---|---|---|---|---|
| Expert discovery cut-off | | - 6 | | | 4-21-08 |
| Rebuttal Expert Witness Disclosure | | - 9 | | | — |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | - 13 | | | 12-10-07 |
| Last day to conduct Settlement Conference | | | | | N/A |
| Last Day to Amend Pleadings or Add Parties | | | | | — |

## EXHIBIT A

S:Forms&Orders\CourtClerk\presumptive schedule new.wpd