Rebecca Calkins (SBN 195593)
Erin Ranahan (SBN 235286)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:   213-615-1700
Facsimile:   213-615-1750
Email:  rcalkins@winston.com

Jennifer A. Golinveaux  (SBN 203056)
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)
Email:  jgolinveaux@winston.com

Michael S. Elkin  (*pro hac vice*)
Thomas P. Lane  (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)
Email: melkin@winston.com
Email: tlane@winston.com

Attorneys for Plaintiff
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | |
|---|---|
| VEOH NETWORKS, INC. a California Corporation, <br><br>         Plaintiff, <br><br> vs. <br><br> UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation; and DOES 1-10 inclusive <br><br>         Defendant. | **Case No. 07 CV 1568 TJW (BLM)** <br><br> **VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER** <br><br> Date: October 9, 2007 <br> Time: 10:00 a.m. <br> Judge: Hon. Thomas J. Whelan <br> Courtroom 7 <br><br> **[DECLARATIONS OF JOHN FITZGERALD, REBECCA LAWLOR CALKINS, [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]** <br><br> Complaint Filed:  August 9, 2007 |

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW  (BLM)**

Dockets.Justia.com

# TABLE OF CONTENTS

I.    INTRODUCTION ..........................................................................................................1

II.   FACTUAL BACKGROUND .........................................................................................1

      A.   Veoh And Its Ties To This District ......................................................................1

      B.   Veoh's Policies Prohibiting Infringement .............................................................2

      C.   Defendants' Threats of Litigation and Veoh's Declaratory Relief Action ............3

      D.   Defendants' Other Lawsuits And Pending Actions ..............................................4

III.  LEGAL ARGUMENT ....................................................................................................5

      A.   Veoh is Entitled to a Declaratory Judgment of its Rights ....................................5

           1.   Veoh's Dispute is Definite and Concrete ......................................................5

           2.   Veoh's Dispute Arises Under the Copyright Act Over Which This
                Court Has Original and Exclusive Jurisdiction .............................................6

           3.   Whether Or Not Veoh Has Met Pleading Requirements for a
                Copyright Infringement Action is Irrelevant as Veoh's Complaint is for
                Declaratory Relief, Not Copyright Infringement. .........................................7

      B.   Defendants Have Failed to Meet Their Burden To Justify Transfer ....................7

           1.   Veoh Is Entitled to Its Choice of Forum ........................................................8

           2.   Transfer to The Central District from the Southern District Would
                Promote Neither Justice Nor Convenience ....................................................8

           3.   Defendants Fail to Provide Any Admissible Evidence Supporting
                Transfer ........................................................................................................11

           4.   Veoh's Headquarters, Witnesses, and Documents are in San Diego ...........12

           5.   The Southern District is Qualified to Hear This Matter ..............................12

IV.   CONCLUSION .............................................................................................................13

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

i

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW (BLM)**

# TABLE OF AUTHORITIES

**CASES**

*Arley v. United Pacific Ins. Co.*,
   379 F2d 183 (9th Cir. 1967) .................................................................................................9

*Bohara v. Backus Hosp. Med. Ben. Plan,*
   390 F. Supp. 2d 957 (C.D. Cal. 2005) ................................................................................10

*Cargill Inc. v. Prudential Ins. Co. of America*,
   920 F. Supp.144 (D. Colo. 1996) ........................................................................................13

*Casarez v. Burlington Northern/Santa Fe Co.,*
   193 F3d 334 (5th Cir. 1999) .................................................................................................9

*Commodity Futures Trading Comm'n v. Savage*
   (9th Cir. 1979) 611 F2d 270 ................................................................................................7

*Corbis v. Amazon*,
   351 F. Supp. 2d 1090 (W.D. Wash. 2004) ...........................................................................9

*CoStar Group v. LoopNet,*
   164 F. Supp. 2d 688 (D. Md. 2001) .....................................................................................9

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,
   472 F. Supp. 2d 1183 (S.D. Cal. 2007) ..........................................................................8, 10

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir.1986) ................................................................................................8

*DIVX, Inc. v. UMG Recordings, Inc. et al*,
   No. 07-cv-01753 (S.D. Cal. filed Sept. 6, 2007) .............................................................9, 13

*Gherebi v. Bush*,
   352 F.3d 1278 (9th Cir. 2003) .............................................................................................8

*Io Group, Inc. v. Veoh, Inc.*,
   Case No. 06-3926 (N.D. Cal. filed June 23, 2006) ..........................................................2, 9

*Los Angeles Memorial Coliseum Comm'n v. NFL*
   (C.D. Cal. 1981) 89 F.R.D 497, aff'd (9th Cir. 1984) 726 F.2d 1381 ..................................7

*MedImmune, Inc. v. Genentech, Inc.*,
   127 S. Ct. 764 (2007) ...........................................................................................................5

*Ramsey v. Fox News Network, LLC,*
   323 F. Supp. 2d 1352 (N.D. Ga. 2004) ..............................................................................10

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

ii

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW (BLM)**

*Securities Investor Protection Corp. v. Vigman*
(9th Cir. 1985) 764 F.2d 1309 ..................................................................................................8

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22 (1988)................................................................................................... 7, 9-10

*Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*,
482 F.3d 1330 (Fed. Cir. 2007)...............................................................................................5

*Textile Mills Securities Corp. v. Commissioner of Internal Revenue*,
314 U.S. 326 (1941)...............................................................................................................13

*UMG Recordings, Inc. et al v. Bertelsmann, A.G. et al*,
222 F.R.D. 408 (N.D. Cal. 2004)............................................................................................4

*UMG Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster Copyright Litig.)*,
2007 U.S. Dist. LEXIS 25175 (N.D. Cal. 2004) ....................................................................4

*UMG Recordings, Inc. v. MP3.com, Inc. (In re Napster Copyright Litig.)*,
92 F. Supp. 2d 349 (S.D.N.Y. 2000)......................................................................................4

*Vestron, Inc., v. Home Box Office, Inc.*,
839 F.2d 1380 (9th Cir. 1988) ................................................................................................6

*Viacom International, Inc. v. YouTube, Inc.*,
No. 07 CV 02103 (S.D.N.Y. filed March 13, 2007)...............................................................9

**STATUTES, RULES & REGULATIONS**

17 U.S.C. §512(c) ........................................................................................................... Passim

17 U.S.C. § 411 ........................................................................................................................7

28 U.S.C. § 1338 (a) ................................................................................................................6

28 U.S.C. § 1404(a) ....................................................................................................... 7-8, 10

28 U.S.C. Section 1338............................................................................................................6

Rule 408 ...................................................................................................................................3

iii

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW (BLM)**

## I. INTRODUCTION

Defendants ask this Court to either dismiss plaintiff Veoh Networks, Inc.'s complaint (which arose as a direct result of threats of litigation from Defendants relating to the application and interpretation of the Copyright Act), or disturb Veoh's choice of venue in the Southern District, (where Veoh is headquartered and its key witnesses are located). While the Defendant media giants' desire to obtain a tactical advantage over Veoh is clear, Defendants' motion ("Motion"), couched largely in the language of various irrelevant news reports, should be rejected. It is without support in fact or law, and amounts to little more than a press release.

Clearly, Veoh's dispute with Defendants is not hypothetical, vague, or imaginary as Defendants intimate. Indeed, Defendants have now made good on their July 2007 threat against Veoh, filing an action in the Central District on September 4, 2007, one month after Veoh filed the present action.[1]

Defendants alternatively seek to transfer Veoh's action to the Central District, despite failing to satisfy the evidentiary burden required before transfer can even be considered. Defendants have not shown that they would be inconvenienced by litigating in the Southern District, have not identified with the necessary particularity any witness who would be inconvenienced by litigating in the Southern District, have not bothered to provide a status report on the actions it wishes to consolidate this matter with, and have not identified a single document that would be available in Los Angeles, but not San Diego.

Veoh's complaint is proper as and where filed. The facts and law clearly support permitting Plaintiff to obtain declaratory relief as set forth in Veoh's complaint in the Southern District, the venue selected by Veoh. That selection should not be disturbed.

## II. FACTUAL BACKGROUND

### A. Veoh And Its Ties To This District

Veoh Networks, Inc. provides a forum for, among other things, the display of high quality, user generated video content on the Internet. (Declaration of John Fitzgerald ("Fitzgerald Decl.") ¶

---

[1] At the time of filing, Veoh had no way of knowing when, or if, Defendants would make good on their previous threat.

1

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW (BLM)**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

2). Veoh maintains its headquarters in San Diego, California, where fifty of its sixty-nine full time domestic employees are based. *Id.*, ¶ 3. The vast majority of potential witnesses regarding Veoh's operations live and work in or near its San Diego headquarters. Veoh's fifty full-time employees based at its San Diego headquarters include its Chief Executive Officer, Co-Founder and Chief Innovation Officer, Chief Scientist, Corporate Controller, Vice-President of Engineering, and Vice-President of Technology Operations. *Id.*, ¶ 4. Although Veoh also maintains office space in Los Angeles, California, only nineteen full-time employees work there. *Id.*, ¶ 5.

In copyright litigation (also involving the safe harbor provided by Section 512(c) of the Digital Millennium Copyright Act ("DMCA") at issue in this case), currently pending in the Northern District of California, *Io Group, Inc. v. Veoh, Inc*., Case No. 06-3926 (N.D. Cal. filed June 23, 2006), all of the depositions of Veoh's employees, as well as Plaintiff's 30(b)(6) deposition of Veoh, were taken in San Diego, California, and all of those witnesses were based at and lived near Veoh's San Diego headquarters. *Id.*, ¶ 6.[2]

Likewise, nearly all of the relevant documentary evidence regarding Veoh's operations is maintained either electronically or at its San Diego headquarters. The majority of Veoh's technology equipment used to carry out business operations is located at or near its San Diego headquarters. (Fitzgerald Decl., ¶ 7.) Veoh also houses servers at a third-party data center in El Segundo, California, but that data is electronic and equally accessible to Veoh in San Diego or Los Angeles. *Id.* Veoh's Los Angeles office maintains minimal technology equipment beyond the computer equipment necessary for the employees located in Los Angeles. (Fitzgerald Decl., ¶ 7.)

### B.    Veoh's Policies Prohibiting Infringement

While Defendants go to great lengths in their Motion to paint Veoh as a haven for copyright infringement (relying entirely on Internet blog and news reports misleadingly quoted out of context), nothing could be further from the truth. As shown above, Veoh has always made compliance with copyright laws a top priority. Veoh has always strictly prohibited the use of its website or software in connection with any inappropriate content and Veoh has always terminated access to such content when it becomes aware of it. No one, including UMG, can dispute that is the case. While Veoh has

---

[2] Fact discovery has closed in that case. (Calkins Decl. ¶ 4 and Exh. C.)

2

always had and enforced a rigorous DMCA policy, Veoh goes far beyond what the DMCA requires in order to keep infringing works off of Veoh.

Defendants' cheap shots at Veoh have no basis in fact, are irrelevant to Defendants' motion, and are more appropriate to one of Defendants' press releases than to a motion to dismiss or transfer venue.

### C. Defendants' Threats of Litigation and Veoh's Declaratory Relief Action

Veoh first learned of Defendants' assertion that Veoh's network was "massively infringing" Defendants' copyrights at a July 2007 meeting between the parties.[3] Fitzgerald Decl., ¶ 9. At that meeting, Defendants refused to identify which of Defendants' copyrights were at issue yet maintained that Veoh was liable and specifically threatened litigation against Veoh for the purported infringement. *Id.* Defendants did not say when or where such litigation would be commenced. *Id.* Had Defendants identified specific infringements, Veoh would have promptly terminated access to that content in accordance with Veoh's policies. Defendants consistently refused.

Left in the untenable position of being faced with impending litigation over unidentified content and unidentified copyrights, Veoh sought declaratory relief in this Court to obtain relief from the threat of litigation which Defendants might have initiated the next day, the next week, or never. Indeed, Veoh's position is precisely the situation contemplated under the Declaratory Judgment Act. Defendants' attempts to deny Veoh the opportunity to obtain declaratory relief in the forum Veoh selected must be rejected.

The irony here is that Defendants attempt to defeat a declaratory relief action as to Veoh's entitlement to safe harbor (in part based on lack of knowledge of any infringement) by claiming that Veoh does not know the infringements that Defendants are asserting. Such circular reasoning would turn the DMCA on its head, as Veoh's lack of knowledge is absolutely fundamental to its entitlement to safe harbor.

Section 512(c) of the DMCA provides safe harbor to qualifying service providers like Veoh

---

[3] In their Motion Defendants point out that the parties agreed to treat the July 2007 meeting as a Rule 408 settlement discussion. While Rule 408 limits the introduction at trial of evidence regarding settlement negotiations, Rule 408 does not require exclusion of evidence of such discussions when offered for other relevant purposes, as here, to demonstrate Defendants' threats of litigation and refusal to identify specific infringements.

3

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW (BLM)**

from liability for monetary relief and limits injunctive relief for infringing user submitted material if the service provider meets the safe harbor's requirements. With the DMCA safe harbor, Congress carefully balanced the rights and responsibilities of content providers and Internet service providers. While Veoh has always fully lived up to its obligations, Defendants have refused to provide Veoh with the basic information (required by the DMCA) that would allow Veoh to identify and terminate access to works infringing Defendants' copyrights. Instead Defendants apparently take the position that they can simply ignore the careful balance Congress created in enacting the DMCA safe harbor and shift all the burden for policing their copyrights onto Veoh and other service providers.

### D.     Defendants' Other Lawsuits And Pending Actions

Defendants are no strangers to litigation, having litigated copyright infringement suits throughout the United States, often outside the Central District of California. *See, e.g., UMG Recordings, Inc. et al v. Bertelsmann, A.G. et al*, 222 F.R.D. 408 (N.D. Cal. 2004); *UMG Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster Copyright Litig.)*, 2007 U.S. Dist. LEXIS 25175 (N.D. Cal. 2004); *UMG Recordings, Inc. v. MP3.com, Inc. (In re Napster Copyright Litig.),* 92 F. Supp. 2d 349 (S.D.N.Y. 2000). Defendants have filed hundreds of lawsuits against individuals for copyright infringement, including many outside of the Central District of California. (Calkins Decl., ¶ 2 and Exh. A).

About a year ago, on October 16, 2006, Defendants filed copyright infringement suit against two Internet Service Providers in Los Angeles, California. *See UMG Recordings, Inc., et al v. Grouper Networks, Inc., et al*, C.D. Cal., CV06-6561; *UMG Recordings, Inc., et al v. Bolt, Inc., et al*, C.D. Cal., CV06-6577. A month later, Defendants filed suit against MySpace. *See UMG Recordings, Inc., et al v. MySpace, Inc., et al*, C.D. Cal., CV06-07361. Those three cases have been consolidated, and are well under way with fact discovery set to close in less than six months. (Calkins Decl. ¶ 3 and Exh. B.) The expert witness disclosure period is set to open in that case in less than three months. *Id.*

As revealed in the Motion, Defendants alternatively seek to transfer Veoh's action to the Central District in an effort to consolidate Veoh's present action with Defendants' three existing, year-old matters in that Court. On its face such a tactic makes no sense as the Section 512(c) safe

4

harbor issue, central to Veoh's action involves a highly factually specific examination of a particular company's knowledge of allegedly infringing material, a particular company's practice regarding processing notices of infringement and how a particular company handles specific infringing material. *See* 17 U.S.C. §512(c). These facts, fundamental to any case involving Section 512(c), will necessarily be unique to each matter, and what the individual defendants in Defendants' pending Central District cases know or knew, do or have done is irrelevant to Veoh's case. Veoh should not be dragged into unrelated, aged litigation for Defendants' convenience.

### III. LEGAL ARGUMENT

#### A. Veoh is Entitled to a Declaratory Judgment of its Rights

Veoh, faced with a very real controversy, is entitled to a judicial determination in the form of declaratory judgment. When determining whether or not a controversy exists, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007) (quoting *Maryland Casualty Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941)). The Court in *MedImmune* "further re-affirmed that an 'actual controversy' requires ***only*** that a dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests." *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1339 (Fed. Cir. 2007) (emphasis added).

##### 1. Veoh's Dispute is Definite and Concrete

Defendants disingenuously hold out Veoh's lack of knowledge of any activity or material on its system that purportedly infringes UMG copyrights as evidence that Veoh's dispute is not "definite and concrete." (Motion, 10:24 -25 – 11:1-2). Veoh's lack of knowledge of any infringing material on its system, however, is a fundamental element under the DMCA safe harbor set forth at 17 U.S.C. § 512(c) and critical to the ultimate adjudication Veoh seeks through its Complaint.

Defendants similarly assert that Veoh's Complaint is not "definite and concrete" because Defendants "ha[ve] not provided any information about the alleged infringement." (Motion, 11:2-3). As Defendants well know, Defendants refused Veoh's requests that Defendants identify the allegedly

5

1 infringing material while continuing to threaten litigation.  While Defendants now attempt to
2 advantage themselves through their own refusal to provide information, this fact only further frames
3 the dispute as the question of whether or not Defendants gave Veoh notice of the alleged
4 infringement.  This is yet another factual inquiry at the center of the analysis under 17 U.S.C. §
5 512(c) and another issue at the heart of Veoh's request for declaratory relief.  A more "fixed and final
6 shape" would be hard to imagine.

### 2. Veoh's Dispute Arises Under the Copyright Act Over Which This Court Has Original and Exclusive Jurisdiction

Veoh's action is for declaratory relief for non-infringement of copyright and entitlement to safe harbor pursuant to Section 512(c), a matter necessarily arising under the Copyright Act.  Section 1338 gives the federal district courts original and exclusive jurisdiction over matters arising under copyright laws.

28 U.S.C. Section 1338 provides:

> (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.  Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

28 U.S.C. § 1338 (a).

As the Court in *Vestron, Inc., v. Home Box Office, Inc.,* 839 F.2d 1380 (9th Cir. 1988) in analyzing whether federal jurisdiction existed concluded: "An action arises under the federal copyright laws if … the complaint is for a remedy expressly granted by the Act, … or asserts a claim requiring construction of the Act, … or, … where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Id.,* at 1381.  "Our test sets forth three independent grounds for sustaining federal jurisdiction in copyright cases.  If any of these three grounds is satisfied, the federal courts have jurisdiction." *Id.*

Veoh's action for declaratory relief for non-infringement of copyright and entitlement to safe harbor pursuant to 17 U.S.C. §512(c) at a minimum satisfies the first and second grounds articulated by the *Vestron* court, and likely satisfies all three.  As such, Veoh's action under the Copyright Act is clearly within this Court's exclusive jurisdiction.

6

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW  (BLM)**

### 3. Whether Or Not Veoh Has Met Pleading Requirements for a Copyright Infringement Action is Irrelevant as Veoh's Complaint is for Declaratory Relief, Not Copyright Infringement.

Defendants attempt to argue that Veoh's Complaint should be dismissed because Veoh does not identify any registered copyright in dispute as required to maintain an action for copyright infringement. (Motion, 11:12-13). But Veoh is not claiming copyright infringement, Veoh is seeking declaratory relief arising under the Copyright Act. There is no reason Veoh's Complaint should identify "even one registered copyright in dispute as required by 17 U.S.C. § 411"[4] and no authority for the notion that Veoh's Complaint for declaratory relief should be dismissed for not containing such identification. Veoh is simply not bound by pleading requirements for causes of action not pled. Defendants' purported authority does not hold otherwise.[5]

### B. Defendants Have Failed to Meet Their Burden To Justify Transfer

Defendants alternatively seek a transfer, but have failed to sustain the burden of justifying a transfer. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).

The burden is on the moving party to show that "the convenience of parties and witnesses" and "interest of justice" requires transfer to another district. *Commodity Futures Trading Comm'n v. Savage* (9th Cir. 1979) 611 F2d 270, 279; *Los Angeles Memorial Coliseum Comm'n v. NFL* (C.D. Cal. 1981) 89 F.R.D. 497, 499, aff'd (9th Cir. 1984) 726 F2d 1381. A transfer will not be ordered if the result is merely to shift the inconvenience from one party to another. The party seeking the transfer has the burden of demonstrating that trial in the district where the action is pending will

---

[4] Motion, 11:12-13.

[5] 17 U.S.C. § 411 sets forth the prerequisites for a plaintiff to maintain an action alleging infringement of copyright. 17 U.S.C. § 411. Indeed, it only makes sense that before a plaintiff may sue another for copyright infringement, the plaintiff must first show that he or she is the rightful copyright owner with standing to bring the action.

7

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW (BLM)**

result in a clear balance of inconveniences to him or her.  Here, Defendants have not met that burden, having failed to demonstrate any inconvenience to them by virtue of leaving the action in the Southern District, or that the interests of justice and the convenience of parties and witnesses would be served by disturbing Veoh's choice of venue.

### 1.   Veoh Is Entitled to Its Choice of Forum

A plaintiff's choice of forum is accorded substantial weight in proceedings under § 1404(a). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Gherebi v. Bush*, 352 F.3d 1278, 1302 (9th Cir. 2003); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).  "Transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Gherebi, supra,* at 1303.  Further, there is a "strong 'presumption in favor of plaintiff's choice of forums.'" *Id.* (citing *Gulf Oil Corp v. Gilbert,* 330 U.S. 501, 508 (1947).)  "This presumption must be taken into account when deciding whether the convenience of the *parties*--rather than the convenience of *respondent*--requires a transfer." *Gherebi*, *supra,* at 1303.  (italics in original).

In light of the deference properly given to Veoh's choice of forum, Defendants bear a heavy burden of demonstrating that the other factors justify departing from it.  Courts should not order a transfer unless the "convenience" and "justice" factors strongly favor venue elsewhere. *Securities Investor Protection Corp. v. Vigman* (9th Cir. 1985) 764 F.2d 1309, 1317.  Defendants have failed to make that showing.

### 2.   Transfer to The Central District from the Southern District Would Promote Neither Justice Nor Convenience

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1189-1190 (S.D. Cal. 2007).

Here, Defendants have failed to sufficiently identify considerations of convenience or justice that would justify disturbing Veoh's choice of forum.  The interests of justice favor keeping the action in this Court. And Defendants' claims of party and witness convenience fall short as they

8

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW  (BLM)**

have failed to support those claims with anything more than nonspecific assertions and uncorroborated statements that cannot form the basis for a transfer based on convenience, particularly in light of that fact that Veoh's headquarters and nearly all of its relevant witnesses and documentary evidence are located in this district.

### a. The Interests of Justice Do Not Favor Transfer

District courts have broad discretion in determining venue motions. The "interest of justice" is a factor in both § 1406(a) and § 1404(a) motions. *Arley v. United Pacific Ins. Co*., 379 F2d 183, 185 (9th Cir. 1967); *Casarez v. Burlington Northern/Santa Fe Co.,* 193 F3d 334, 339 (5th Cir. 1999).

Defendants argue that transfer of Veoh's declaratory relief action to the Central District is in the "interests of justice" because "two courts will need to study the case law relating to the DMCA". Motion at 20. This of course does not justify transfer to the Central District. A number of courts outside the Central District have considered the issue of Section 512(c) safe harbor. There are currently cases pending in this District (*DIVX, Inc. v. UMG Recordings, Inc. et al*, No. 07-cv-01753 (S.D. Cal. filed Sept. 6, 2007), in the Northern District of California (*Io Group, Inc. v. Veoh, Inc.*, Case No. 06-3926 (N.D. Cal. filed June 23, 2006)), and in the Southern District of New York (*Viacom International, Inc. v. YouTube, Inc.,* No. 07 CV 02103 (S.D.N.Y. filed March 13, 2007)) in which online video sites have asserted safe harbor pursuant to Section 512(c). Other courts outside the Central District have issued opinions addressing entitlement to Section 512(c) safe harbor. *See, e.g., Corbis v. Amazon*, 351 F. Supp. 2d 1090, 1103-04 (W.D. Wash. 2004) (granting 512(c) safe harbor for Amazon's zShops on summary judgment and denying plaintiff's cross motions on liability as moot); *CoStar Group v. LoopNet,* 164 F. Supp. 2d 688, 692 (D. Md. 2001).

### b. Defendants Cannot Establish Any Party or Witness Convenience Warranting Transfer

Determination of a party and witness "convenience" and "interest of justice" is within the court's discretion. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988). Here, Defendants have failed to point to any countervailing witness or party convenience factors that outweigh Veoh's choice of forum and outbalance the substantial public interests that counsel against transfer,

9

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW (BLM)**

particularly given that Veoh's headquarters and nearly all of its relevant witnesses and documentary evidence are located here.

Indeed, "convenience of witnesses is often the most important factor in a § 1404(a) transfer motion." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007). The court "consider[s] not simply how many witnesses each side has and the location of each, but also the importance of the witnesses[.]" *Id.* "'Convenience of witnesses' includes both non-party witnesses outside the scope of the Court's subpoena power and the geographic location of any witnesses likely to testify in this case." *Id.* "In establishing inconvenience to witnesses, *the moving party must name the witnesses, state their location, and explain their testimony and its relevance.*" *Id.* (emphasis added). Defendants have failed to do any of this.

In *Bohara v. Backus Hosp. Med. Ben. Plan,* 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005), the Court held that unsupported arguments identical to those set forth by Defendants here were insufficient to support transfer:

> Weighing the factors of the convenience to witnesses and access to evidence, Defendant argues that all of the witnesses and documents concerning the claim handling or the determination of Plaintiff's administrative appeal are located in Connecticut. However, the Court agrees with Plaintiff that this argument is insufficient to support transfer in this case for several reasons. First, if the transfer is for the convenience of witnesses, *defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them.*

*Id.* (emphasis added) (citing *Segil v. Gloria Marshall Management Co., Inc.*, 568 F. Supp. 915, 919 (D. Utah 1983) (citing *Car Freshener Corp. v. Auto Aid Mfg. Corp.*, 438 F. Supp. 82 (N.D.N.Y.1977) and *American Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254 (W.D.Mo.1980))). Similarly, if the motion is based on the location of records and documents, the movant must show particularly the location, difficulty of transportation, and the importance of such records. *Id.* In this

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

10

1  case, the defendant has failed to make such a showing, instead supporting its motion with mere

2  conclusory allegations." *Bohara v. Backus Hosp. Med. Ben. Plan*, 390 F. Supp. 2d 957, 963 (C.D.

3  Cal. 2005).

4      Like the unsuccessful movant in *Bohara*, Defendants here fail to make a showing, instead

5  "supporting" their motion with insufficient "mere conclusory allegations."  Defendants have not

6  identified with any specificity any of their own witnesses, where their witnesses are located, the

7  nature of their testimony, or the importance of the testimony.  Defendants have similarly failed to

8  identify any third party witnesses, and indeed have done nothing more than speculate regarding

9  where a few select members on Veoh's board (who would likely not be witnesses in any event) and

10  two employees are "based."  The naked fact of where these individuals are located does not help

11  Defendants in any event, absent a showing that a drive to San Diego would present a real and actual

12  hardship, particularly where *these are Veoh's witnesses*.

### 3. Defendants Fail to Provide Any Admissible Evidence Supporting Transfer

    Setting aside for the moment the oddity of Defendants' attempt to contradict Veoh itself regarding what is most convenient for Veoh, Defendants' purported evidence in "support" of transfer amounts to nothing more than a collection of conclusory allegations, hearsay, strained interpretations of website pages, and reference to a deposition of Veoh's Chief Scientist Dr. Ted Dunning, taken earlier this year in *San Diego*.  (Defendants' Exh. P to Declaration of Benjamin Glatstein ("Glatstein Decl.")).  Defendants also strangely try to drag in Veoh's Terms of Use between Veoh and its users, a contract to which Defendants do not claim to be parties to in the first place and which is therefore entirely irrelevant to the inquiry at hand.[6]

    For example, Defendants hold out the fact that Veoh's agent for service of process in California is the widely used CT Corporation System at 818 West Seventh Street., Los Angeles, California and attach a page from the California Secretary of State's Business Portals site. (Defendants' Exh. O to Glatstein Decl.).  Defendants fail to point out to the Court however, that that very same page, Exhibit O, also identifies Veoh's business address as 7220 Trade Street, #115, *San*

---

[6] Veoh's TOU is solely between Veoh and its users for claims arising from the TOU or a user's use of Veoh.

11

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW  (BLM)**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

*Diego, California*. *Id.* Similarly, Defendants point to the San Diego deposition attached as Exhibit P to the Glatstein Decl. as evidence that "the witnesses and documents relating to Veoh's DMCA defense are located in the Central District." (Motion 22:27 – 23:1). A review of Defendants' Exhibit P however reveals no discussion whatsoever about the location of witnesses or documents and certainly does not suggest that any document available in Los Angeles would be unavailable in San Diego. (Defendants' Exh. P to Glatstein Decl.).

### 4. Veoh's Headquarters, Witnesses, and Documents are in San Diego

While Defendants exert much energy attempting to attach a nefarious purpose to Veoh's selection of the Southern District, the fact remains that the Southern District, where Veoh is headquartered and where the vast majority of its employees, witnesses, and documents are located, is far more convenient for Veoh. (Fitzgerald Decl., ¶¶ 3-9.) The fact that most of Veoh's relevant witnesses are located in San Diego is pointedly illustrated by the fact that in copyright litigation involving the DMCA safe harbor at issue in this case, all of the depositions of Veoh's employees, as well as Plaintiff's 30(b)(6) deposition of Veoh, were taken in San Diego, California, and all of those witnesses were based at and lived near Veoh's San Diego headquarters. (Fitzgerald Decl., ¶ 6.)

Defendants simply ignore the mountain of obvious and legitimate reasons supporting Veoh's selection of the Southern District, ignore information contained in Defendants' own exhibits (*e.g.* Exh. O to Glatstein Decl.), and instead focus on irrelevant or insignificant facts like where Defendants "believe" select board members, who are unlikely to be witnesses in this action in any event, are "based," and Veoh's TOU, which, as discussed above, is not a contract Defendants are a party to and in fact, has nothing to do with Defendants. Importantly, Defendants have made no showing whatsoever that any witness who happens to be located in Los Angeles would be unable to make the easy two hour drive to San Diego if necessary to testify in the Southern District, and have made no showing that any document available in Los Angeles would be unavailable in San Diego. Indeed, Defendants ask this Court to view a drive from Los Angeles to San Diego as an insurmountable barrier to access, when of course it is nothing more than a simple day trip.

### 5. The Southern District is Qualified to Hear This Matter

Defendants' argument that this case should be consolidated with its pending Central District

12

litigation against Bolt, Grouper, and MySpace, is entirely without support. To allow Defendants to uproot and lump Veoh and all future DMCA plaintiffs into the Central District merely because Defendants previously filed copyright infringement cases that also implicate Section 512(c), would set an untenable precedent and wreak havoc on the well established law that a plaintiff's choice of forum is to be accorded substantial weight.

As set forth above, there are cases pending in various courts throughout this state and the country, which implicate Section 512(c) safe harbor; indeed, *DIVX, Inc. v. UMG Recordings, Inc.* et al, No. 07-cv-01753 is currently pending in the Southern District. Arguments that another district court is "more familiar" with a particular area of federal law and therefore a more appropriate forum for the litigation fall flat as all federal judges are presumed to be equally competent in federal question cases. *Cargill Inc. v. Prudential Ins. Co. of America*, 920 F. Supp.144, 148 (D. Colo. 1996); *see, Textile Mills Securities Corp. v. Commissioner of Internal Revenue*, 314 U.S. 326, 328 (1941).

The Section 512(c) safe harbor factual inquiry, which will be a central issue in this litigation, is also highly factually specific as to what knowledge a company has of allegedly infringing material, and how each individual company processes notices of infringement and handles specific infringing material. *See* 17 U.S.C. §512(c). Those are the critical facts to be discovered and examined. Defendants' pending Central District cases deal with different companies led by different management with different policies, whose facts on the above critical issues will necessarily be different. What discovery in the Central District reveals about what defendant Bolt, MySpace or Grouper knew or did or what their policies are, is entirely irrelevant to what Veoh, or Defendants, knew or did in this matter. There is no reason Veoh should be folded into and bogged down in unrelated litigation on unrelated facts in cases much further along in the litigation calendar than the present matter.

### IV.   CONCLUSION

Defendants' contention that this action should be dismissed for lack of an actual case or controversy between the parties is a meritless legal strategy. Defendants have likewise utterly failed to meet their burden of showing that this action should be transferred to the Central District. Veoh's

13

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER CASE NO. 07 CV 1568 TJW (BLM)**

1  choice of forum should not be disturbed.  This action should remain in the Southern District.

2  Accordingly, Veoh respectfully requests that Defendants' motion be denied.

4  Dated:  September 25, 2007             WINSTON & STRAWN LLP

By:     s/ Rebecca L. Calkins
Rebecca L. Calkins
Erin R. Ranahan
333 So. Grand Avenue, 38th Floor
Los Angeles, California 90071
(213) 615-1700
(213) 615-1750 (Facsimile)

Jennifer A. Golinveaux
101 California Street
San Francisco, CA  94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin
Thomas P. Lane
200 Park Avenue
New York, New York  10166
(212) 294-6700
(212) 294-4700 (Facsimile)

Attorneys for Plaintiff Veoh Networks, Inc.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543. On September 26, 2007, I served the within documents:

**VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐ On August 20, 2007, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

☒ By Electronic Filing:  The above and foregoing document(s) was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following

Steven A. Marenberg (smarenberg@irell.com)
Elliot Brown (ebrown@irell.com)
Benjamin Glatstein (bglatstein@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Telephone:  (310) 277-1010
Fax:  (310) 203-7199

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on September 26, 2007, at Los Angeles, California.

s/ Arlene Zamora