Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Declaratory Defendants
UMG Recordings, Inc.;
Universal Music Corp.;
Songs of Universal, Inc.;
Universal-Polygram International Publishing, Inc.;
and Rondor Music International, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| VEOH NETWORKS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UMG RECORDINGS, INC., a Delaware Corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation; and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No. 07 CV 1568 TJW (BLM)<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER**<br><br>FILED CONCURRENTLY HEREWITH: SUPPLEMENTAL DECLARATION OF BENJAMIN GLATSTEIN IN SUPPORT OF MOTION<br><br>Date: October 15, 2007<br>Time: 10:00 a.m.<br>Judge: Hon. Thomas J. Whelan<br>Courtroom: 7<br><br>**No Oral Argument Pursuant to Civil Local Rule 7.1(d).** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1759534

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

Dockets.Justia.com

## TABLE OF CONTENTS

Page

I. INTRODUCTORY STATEMENT .................................................................................. 1

II. VEOH'S ATTEMPTS TO JUSTIFY ITS REQUEST FOR AN ADVISORY OPINION ARE MERITLESS .................................................................................. 2

    A. Neither The Copyright Act Nor Veoh's Willful Blindness Excuse Veoh's Failure To Plead An Actual Controversy ............................................. 2

    B. Veoh's Reliance On Vestron Is Misplaced; It Is Inapposite, And Does Not Excuse Veoh's Failure To Establish Subject Matter Jurisdiction ................................................................................................... 5

    C. Veoh's Failure To Identify A Single Registered Work Is A Further Subject Matter Jurisdiction Defect ................................................................ 5

III. THIS COURT SHOULD IN ANY EVENT NOT EXERCISE ITS DISCRETION TO HEAR THIS TACTICAL SUIT AND IT SHOULD DISMISS ON THAT ALTERNATIVE BASIS .................................................. 6

IV. VEOH'S ARGUMENTS AGAINST TRANSFER ARE MERITLESS ........................ 6

    A. Judge Matz's Ruling Rebuts Veoh's Arguments Against Transfer ................ 7

    B. Veoh Cannot Avoid Its Own Admission That The Central District Is A Uniquely Convenient Forum For Veoh ..................................................... 8

    C. Veoh's Strawman Argument About Consolidation Is Meritless ................... 10

V. CONCLUSION .............................................................................................................. 10

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Corbis Corp. v. Amazon.com, Inc.*,
   351 F. Supp. 2d 1090 (W.D. Wash. 2004) .................................................................. 4

*Gribin v. Hammer Galleries, a Div. of Hammer Holding, Inc.*,
   793 F. Supp. 233 (C.D. Cal. 1992) ............................................................................. 6

*In re Aimster Copyright Litigation*,
   334 F.3d 643 (7th Cir. 2003) ...................................................................................... 4

*Island Software and Computer Service, Inc. v. Microsoft Corp.*,
   413 F.3d 257 (2nd Cir. 2005) ..................................................................................... 3

*MedImmune, Inc. v. Genentech, Inc.*,
   --- U.S. ---, 127 S. Ct. 764 (2007) .............................................................................. 3

*Team Play, Inc. v. Boyer*,
   391 F. Supp. 2d 695 (N.D. Ill. 2005) .......................................................................... 3

*Vestron, Inc. v. Home Box Office, Inc.*,
   839 F.2d 1380 (9th Cir. 1988) ............................................................................. 2, 5

*Winfield Collection Limited v. Gemmy Industries Corp.*,
   311 F. Supp. 2d 611 (E.D. Mich. 2004) ..................................................................... 4

**Statutes**

17 U.S.C. § 411 ........................................................................................................... 5

17 U.S.C. § 512(c) .................................................................................................. 4, 7

**Other Authorities**

2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][1][a]
   (2007) ......................................................................................................................... 5

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

## I. INTRODUCTORY STATEMENT

Veoh's Opposition consists of nothing more than emphatic assertions that there is an actual controversy without any supporting evidence or a single case on point finding a justiciable controversy under similar circumstances. Veoh struggles mightily to turn its request for an advisory opinion into an actual, real controversy sufficient to invoke this Court's subject matter jurisdiction – but the requirement of subject matter jurisdiction is not so easily gamed. No matter how hard Veoh argues, the fact remains that in its Complaint, Veoh does not identify *even one* UMG copyrighted work that Veoh contends it has wrongfully been accused of infringing and does not identify *even one* specific allegedly infringing act that is the subject of an actual dispute with UMG. Veoh's alleged complete bafflement at the possible basis for *any* UMG claim as to *any* UMG work completely undermines subject matter jurisdiction.

However, even if there were subject matter jurisdiction (and there is not), Veoh's Complaint should still be dismissed since it was filed for tactical and improper purposes. Indeed, Veoh's CEO publicly admitted that the true reason for bringing this suit was to spin positive publicity for Veoh's potential investors and business partners, to gain perceived negotiating leverage with UMG (with whom Veoh's CEO hopes to negotiate a business deal), and to forum shop. It is precisely this type of conduct that routinely is found to be an abuse of the Declaratory Judgment Act.

Veoh attempts to explain away its forum shopping on the purported ground that it is supposedly more convenient for Veoh to litigate its dispute with UMG in the Southern District, rather than in the Central District. That, of course, must be a huge surprise to Veoh's users who, as part of Veoh's Terms of Use ("TOU"), are forced to "consent to the personal and exclusive jurisdiction and venue of the state and federal courts located in Los Angeles County of the State of California for any claim or action arising out of or relating to these TOU or your use of the Veoh Service." Veoh does not, however, attempt to explain how the Central District could be so uniquely convenient to Veoh as to be its preferred *exclusive* forum for litigation concerning Veoh's service, but it suddenly becomes an inconvenient forum when the same facts and issues arise in a dispute with UMG. Veoh, moreover, makes no attempt whatsoever to explain how it is more

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1759534

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

- 1 -

convenient *for this Court*, how it serves *judicial* economy, or what impact it would have on *third parties* were Veoh permitted to pursue this litigation in the Southern District rather than in the Central District, where UMG has had three related suits pending before Judge Howard A. Matz. *See* Motion §§ II.B, II.E.  Veoh's Opposition, moreover, failed to disclose that since UMG filed its motion, Judge Matz ruled that UMG's suit against Veoh in the Central District, *UMG Recordings, Inc., et al. v. Veoh*, is related to UMG's other pending Central District suits against mass infringers, and he consequently issued an order transferring *UMG v. Veoh* to his docket.  Transfer Order (9/18/07), Glatstein Supp. Decl., Ex A.  In the event that this case is not dismissed outright, the application of Judge Matz's reasoning to the case at bar militates in favor of transferring this case to the Central District too, where it can be coordinated with *UMG v. Veoh* and the three other related cases involving music video piracy sites.

## II. VEOH'S ATTEMPTS TO JUSTIFY ITS REQUEST FOR AN ADVISORY OPINION ARE MERITLESS

Veoh's half-hearted response to UMG's argument that the Complaint must be dismissed for lack of subject matter jurisdiction consists of: (1) two conclusory paragraphs asserting that Veoh's dispute is "definite and concrete," with no citations to the Complaint, to Veoh's declarations, or even one legal authority (Opp. § III.A.1); (2) a longer argument that Veoh meets the test in *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380 (9th Cir. 1988), an inapposite case that does not contain a test to determine justiciability in a declaratory judgment action (Opp. § III.A.2); and (3) Veoh's unsupported assertion that it need not comply with the Copyright Act's jurisdictional requirements.  Veoh's arguments are all meritless.

### A. Neither The Copyright Act Nor Veoh's Willful Blindness Excuse Veoh's Failure To Plead An Actual Controversy.

Veoh's Complaint founders fatally on Veoh's failure to plead an actual dispute between Veoh and UMG.  According to Veoh, UMG made a nebulous "threat" consisting of telling Veoh it was "investigating" Veoh's infringement.  Veoh apparently conducted no pre-filing investigation of its own into its rampant infringement (which, as the Motion showed, has been the subject of comment in such mainstream publications as The New York Times and the Wall Street Journal).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1759534

- 2 -

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

Veoh does not identify even one copyrighted UMG work at issue or a single specific alleged act of infringement by Veoh. Indeed, the Complaint and Veoh's opposition are at pains to emphasize Veoh is allegedly completely in the dark about any infringement of any UMG work. Motion § III.A; Opp. at 6 (Veoh in unaware of the "allegedly infringing material").

Veoh now attempts to supplement the allegations in the Complaint with a declaration from Veoh's Comptroller. But that witness has no personal knowledge of the purported "threat" and he does not even reveal the source of his double-hearsay testimony. *See* Fitzgerald Decl. ¶ 9 (testifying he was "informed and believe[s]" based on information from an unidentified source about what was said by, "UMG," *i.e.*, some unidentified person who purportedly represented the specific named declaratory defendants). Taking the Complaint as pleaded, the fact that UMG said it was still "investigating," and not even one copyrighted work at issue or a single specific alleged act of infringement by Veoh was identified, means that at the time Veoh raced to launch this suit and its publicity campaign, the dispute between UMG and Veoh was not "definite and concrete, touching the legal relations of parties having adverse interests" nor was it "real and substantial." *MedImmune, Inc. v. Genentech, Inc.*, --- U.S. ---, 127 S. Ct. 764, 771 (2007) (citation omitted).

The sole "argument" in Veoh's Opposition attempting to establish there is an actual controversy consists of two paragraphs that do not cite a single case, much less a case on point finding jurisdiction under similar circumstances. *See* Opp. § III.A.1. Veoh's "argument" consists of the conclusory assertion that there is an actual controversy, punctuated by the emphatic but unsupported conclusion that "[a] more 'fixed and final shape' would be hard to imagine." Opp. at 6 (no citation in original). Actually, no imagination is required to find more "fixed and final" declaratory judgment actions – one need only look at actual examples of declaratory judgment claims brought under the Copyright Act. Unlike Veoh's Complaint, which concerns not even one copyrighted work, justiciable declaratory judgment cases under the Copyright Act involve specific copyrighted works. *See, e.g., Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 259-60 (2nd Cir. 2005) (seeking declaration of non-infringement of Windows 98 and Office 2000 computer programs); *Team Play, Inc. v. Boyer*, 391 F. Supp. 2d 695, 697 (N.D. Ill. 2005) (seeking declaration of non-infringement of Police Trainer and Sharp Shooter video games);

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1759534

- 3 -

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

*Winfield Collection Limited v. Gemmy Industries Corp.*, 311 F. Supp. 2d 611, 613 (E.D. Mich. 2004) (seeking declaration of non-infringement of specific "crashing-witch design"). UMG is unaware of any case, and Veoh has cited none, in which a Court found there was subject matter jurisdiction over a declaratory judgment for non-infringement that did not identify *even a single copyrighted work*.

In lieu of legal authority, Veoh attempts to argue it is excused from identifying which copyrighted works and allegedly infringing activities are at issue, because Veoh's "lack of knowledge of any infringing material on its system ... is a fundamental element under the DMCA safe harbor." Opp. at 5. Veoh cites no authority for its absurd suggestion that the Copyright Act abrogates Article III of the Constitution, it obviously cannot, or its further suggestion that the Copyright Act rewards Veoh for its willful blindness to infringement, it does not. *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) ("Willful blindness is knowledge, in copyright law[,] where indeed it may be enough that the defendant should have known of the direct infringement.") (citations omitted). Veoh's reference to the DMCA is apparently intended to refer to the affirmative defense under 17 U.S.C. § 512(c) that may be available to a "service provider" for "storage at the direction of the user" of infringing "material." *Id.*; *see also Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1098-99 (W.D. Wash. 2004) (DMCA is affirmative defense). But the knowledge requirement alluded to by Veoh is that the "service provider" lacks "actual knowledge that the *material* or an activity using the *material* on the system or network is infringing." *Id.* (emphasis added). Veoh's Complaint is deficient, among other reasons, precisely because Veoh does not identify "*the material*" on its system at issue. Veoh rather is attempting to assert an affirmative defense to a claim of infringement of specific "material" that had yet to be made. Veoh's "argument," like its deficient Complaint, thus relies on a mischaracterization of 17 U.S.C. § 512(c), which pertains to specific infringing "material," and a misconception of the role of this affirmative defense, which cannot arise in a factual vacuum, but rather only in response to a definite and concrete claim of liability. *See, e.g.*, *Ellison v. Robertson*, 357 F.3d 1072, 1077 (9th Cir. 2004) (Section 512's limitations of liability may "apply if the provider is found to be liable") (citation omitted)); *see also generally* Motion § III.C. For that

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

1759534

- 4 -

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

reason, Veoh's requested declaration is literally unprecedented – Veoh does not cite a single DMCA case remotely on point because none exists.

### B. Veoh's Reliance On *Vestron* Is Misplaced; It Is Inapposite, And Does Not Excuse Veoh's Failure To Establish Subject Matter Jurisdiction.

Veoh devotes a complete section of its Opposition to the argument that *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380 (9th Cir. 1988), establishes the factors that determine whether "federal courts have jurisdiction" over Veoh's claims, and Veoh's complaint allegedly "satisfies the … grounds articulated by the *Vestron* court." Opp. at 6. *Vestron*, however, deals with *state versus federal jurisdiction – not justiciability* – and it is therefore irrelevant to any issue at hand. UMG does not dispute that federal courts have exclusive jurisdiction over actions concerning copyright infringement. Federal courts lack jurisdiction, however, over actions that fail to meet the actual controversy requirement of Article III, and *Vestron* does not, of course, hold to the contrary. *Cf. Vestron*, 839 F.2d at 1381 (noting that "federal courts decline jurisdiction" over copyrighted related actions "without a bona fide infringement claim").

### C. Veoh's Failure To Identify A Single Registered Work Is A Further Subject Matter Jurisdiction Defect.

Veoh's failure to identify even one registered copyright in dispute as required by 17 U.S.C. § 411 is a further bar to this Court's exercise of subject matter jurisdiction. 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][1][a] (2007). Veoh concedes, as it must, that compliance with § 411 is a condition precedent for a court to exercise jurisdiction in an infringement action, but it claims that it need not comply with the statute because "Veoh is seeking declaratory relief arising under the Copyright Act." Opp. at 7 (citing no authority). Yet one page earlier Veoh admitted that its action seeks "declaratory relief *for non-infringement*." Opp. at 6 (emphasis added). Non-infringement of *which* copyright? Veoh never says, and absent Veoh's compliance with 17 U.S.C. § 411, this Court can only speculate about which (if any) copyright(s) are to be the subject of Veoh's requested declaration. Once again Veoh's position is unprecedented, and it can thus cite no case permitting an accused infringer to seek a declaratory judgment of non-infringement without identifying even one registered copyright in dispute.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1759534

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

- 5 -

### III. THIS COURT SHOULD IN ANY EVENT NOT EXERCISE ITS DISCRETION TO HEAR THIS TACTICAL SUIT AND IT SHOULD DISMISS ON THAT ALTERNATIVE BASIS

UMG's motion established that even if Veoh's pleadings were sufficient to articulate a "case or controversy," the Court should still dismiss Veoh's Complaint as a matter of its discretion because Veoh filed it for an improper tactical purposes. *See* Motion § IV (*citing, e.g., Gribin v. Hammer Galleries, a Div. of Hammer Holding, Inc.*, 793 F. Supp. 233, 236 (C.D. Cal. 1992) (Declaratory Judgment Act "is not a tactical device")). UMG established through admissions of Veoh's CEO, among other things, that this suit was brought for a number of improper tactical purposes including to serve as a vehicle to spin positive press for Veoh, to improve Veoh's perceived bargaining position with UMG, and because of forum shopping. The Court should not reward Veoh's tactics, which are antithetical to the purposes of the Declaratory Judgment Act, and it accordingly should decline to exercise its discretionary jurisdiction and dismiss on that second, independent basis.

While Veoh attempts to explain away its forum shopping (unsuccessfully, as detailed below), Veoh remarkably does not even attempt to rebut UMG's evidence demonstrating the other tactical reason, Veoh raced to file this suit. Veoh's CEO, who had plenty of time to give Veoh's spin to numerous reporters, was not willing to testify under penalty of perjury about Veoh's purported reasons for bringing suit or to deny the suit was brought for precisely the tactical reasons identified by UMG. Veoh furthermore offers no reason why this Court *should* exercise its discretion to hear this action rather than letting Veoh seek any necessary relief in the Central District, where Veoh may pursue its defenses, if any, in response to the actual controversy set forth in UMG's Complaint.

### IV. VEOH'S ARGUMENTS AGAINST TRANSFER ARE MERITLESS

After Veoh launched this tactical suit as part of the publicity campaign to counter its image as a piracy haven, UMG brought suit against Veoh in the Central District of California where UMG already has three pending related suits against other services engaging in mass infringement of UMG copyrights, each of which has been transferred to Judge Howard A. Matz due to the factual and legal issues they have in common. *See* Motion §§ II.B , II.E. Because UMG's *actual*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1759534

- 6 -

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

dispute with Veoh is related to those pending Central District actions, Judge Matz has now transferred *UMG Recordings, Inc., et al. v. Veoh* to his docket too. *See* Transfer Order (9/18/07), Glatstein Supp. Decl., Ex. A ("Transfer Order"). In the event that this case is not dismissed outright, it should be transferred to the Central District where it too can be assigned as a related case to Judge Matz.

### A.   Judge Matz's Ruling Rebuts Veoh's Arguments Against Transfer.

Veoh seeks to persuade this Court that the dispute between UMG and Veoh is not related to UMG's three pending Central District actions against other services engaging in mass infringement of UMG's works because the facts "will necessarily be unique to each matter," and the facts and issues in the pending Central District cases are accordingly "irrelevant to Veoh's case." Opp. at 5. Veoh's argument speciously focuses only on differences (facts unique to a given defendant), but it ignores completely the areas of substantial legal and factual overlap, considerations of judicial economy, and the impact on third parties of having parallel related proceedings in separate judicial districts. Veoh conspicuously failed to mention that since UMG filed this motion, Judge Matz reviewed UMG's complaint against Veoh and ruled, contrary to Veoh's position here, that UMG's dispute with Veoh *is related* to UMG's three pending Central District actions and he therefore transferred the case to his docket. *See* Transfer Order (9/18/07). Contrary to Veoh's claim that UMG's other Central District cases against mass infringers are "irrelevant," Judge Matz held that UMG's dispute with Veoh and UMG's pending actions "[a]rise from the same or closely related transactions, happenings or events," and "[c]all for determination of the same or substantially related or similar questions of law and fact." *Id.* Judge Matz's order also refutes Veoh's claims that having the dispute before Judge Matz in the Central District "would promote neither justice nor convenience." Opp. at 5, § III.B.2. Judge Matz ruled, to the contrary, that it "would entail substantial duplication of labor if [UMG's related suits were] heard by different judges." Transfer Order (9/18/07).

Judge Matz's ruling stands as a definitive rebuttal to Veoh's suggestion that transfer would achieve nothing because there are other cases "throughout the state and country, which implicate Section 512(c)," and the issues in this case are so "highly fact specific" as to make discovery in

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1759534

- 7 -

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

UMG's pending cases in the Central District "entirely irrelevant." Opp. at 13. Judge Matz disagreed on both counts, finding UMG's pending Central District suits against mass infringers legally and factually related to UMG's dispute with Veoh, and meriting coordination before a single federal judge as a matter of judicial economy. Judge Matz's ruling also exposes the irrelevance of Veoh's argument that this Court is "qualified to hear this matter." Opp. at 12. On three occasions, Judge Matz has transferred UMG infringement lawsuits from his colleagues sitting in the Central District (*UMG v. MySpace, UMG v. Bolt, UMG v. Veoh*) because they were sufficiently related to UMG's earliest-filed suit against mass infringer Grouper, which was randomly assigned to Judge Matz. Judge Matz's transfer orders in no way imply that Judge Matz's colleagues are in any sense not "qualified." Rather these orders reflect a responsible judicial officer acting in the interests of justice and judicial economy, ends that Veoh seeks to thwart by having related litigation taking place unnecessarily in two different courts.

### B. Veoh Cannot Avoid Its Own Admission That The Central District Is A Uniquely Convenient Forum For Veoh.

Veoh attempts to brush aside the fact that Veoh's own Terms of Use ("TOU") mandate the Central District as the exclusive forum for litigation concerning Veoh's infringing services by claiming that Veoh's TOU are "entirely irrelevant to the inquiry at hand." Opp. at 11. This argument is belied by Veoh's own Complaint, which relies upon Veoh's TOU as an essential element of Veoh's purported non-infringement defense: "The TOU agreement contained on Veoh.com protects Veoh from any claims for violation of copyright, trademark or other protected material. . . . Because all registered users of Veoh.com must electronically accept the TOU, Veoh is not liable for content posted by registered users." Complaint ¶¶ 73-74; *see also id.* ¶¶ 35-38, 44 (further relying on TOU).

Veoh's attempt to evade its own exclusive forum selection clause fails for a second reason. Veoh's choice of the Central District as the exclusive forum for "any claim or action arising out of or relating to these TOU or your use of the Veoh Service," (Veoh TOU, Glatstein Decl., Ex. M), is an admission by Veoh that the Central District is a convenient forum for Veoh to adjudicate all controversies concerning its service, indeed so convenient that Veoh made it an *exclusive* forum.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1759534

- 8 -

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

1   Veoh does not attempt to explain, because it cannot, how the Central District could be uniquely
2   convenient when Veoh is litigating "any claim" with a Veoh member about Veoh, its services, or
3   its TOU, but it transforms into an inconvenient forum when identical (or related) factual and legal
4   issues are adjudicated between Veoh and UMG.

5       Veoh submits a declaration that purports to establish that "only" nineteen of Veoh's full
6   time employees are in Los Angeles, but Veoh fails to explain the significance of this information.
7   Veoh does not identify which of these employees it expects to testify or the subjects of their
8   testimony. Veoh never explains why Veoh prefers Los Angeles as an exclusive forum for
9   litigation notwithstanding the fact that Veoh has more employees in San Diego. Veoh moreover
10  does not deny that Los Angeles is the center of Veoh's operations for dealing with claims
11  concerning copyright infringement, that Veoh's Senior Manager of Copyright Compliance is based
12  there, not in San Diego, and that Veoh's Los Angeles-based "copyright compliance" operation is
13  critically important to Veoh's purported non-infringement defense. *See* Motion § V.C.

14      Veoh submits testimony about discovery in litigation pending in the Northern District of
15  California involving Veoh's infringement of gay pornography, a suit Veoh does not claim is
16  related. Rather than support its argument against transfer, Veoh has demonstrated it suffered not
17  the slightest inconvenience from being a defendant in litigation outside of San Diego. None of
18  Veoh's witnesses testifies that he was inconvenienced, and indeed it appears that Veoh's witnesses
19  were deposed in locations close to where they reside.[1] Veoh furthermore admits its documents are
20  equally accessible in Los Angeles (Opp. at 2), making it further apparent that Veoh's convenience
21  does not turn on whether Veoh's dispute is litigated in this Court or in the Central District, Veoh's
22  usual preferred forum and where four related suits are now pending before one judge.

---

[1] Veoh misleadingly suggests all of Veoh's witnesses in *Io Group v. Veoh* were deposed in the Southern District. Veoh's Director and Board Member, Arthur Bilger, was deposed in the Central District. Bilger Depo. Transcript, Glatstein Supp. Decl., Ex. B. Veoh furthermore fails to establish that its dispute with UMG will involve the same witnesses. *See generally* Brief of *Amici Curiae* Viacom International Inc. and NBC Universal, Inc. Re: Motion for Summary Judgment of Veoh Networks, Inc., Glatstein Supp. Decl., Ex. C (describing unique factual circumstances of *Io Group v. Veoh*).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1759534

- 9 -

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

     C.    Veoh's Strawman Argument About Consolidation Is Meritless.

Veoh devotes a complete section of its brief purporting to respond to UMG's argument that this case should be transferred to the Central District so it can be "consolidated with its pending Central District litigation against Bolt, Grouper and MySpace." Opp. at 12-13. Veoh's argument is based on two false premises, first that UMG's pending Central District actions "have been consolidated[.]" Opp. at 4. Those cases are *not* consolidated. Rather, and as detailed in UMG's Motion, in recognition of their substantial factual and legal overlap, Judge Matz ordered *coordination* of discovery among the cases, not *consolidation*. Glatstein Decl. Ex. J (3/1/2007 Amended Civil Minutes). Second, Veoh falsely assumes UMG is seeking to *consolidate* its suit against Veoh with the other pending suits. UMG is *not* seeking to *consolidate* this action with the pending suits, but rather to ensure that related cases are in a single court before one judge so there can be *coordination* that benefits the Court, third parties, and the parties. Motion §§ V.B-C. Veoh's purported concern that it will be "dragged into unrelated [although as noted, Judge Matz ruled the case *are* related], aged litigation for [UMG's] convenience," accordingly misses the mark. Veoh stands to greatly benefit from this *coordination* as well as the Central District's speedier time to trial. Veoh's resistance to those obvious benefits and its attempted avoidance of its own forum of choice could not be a more telling sign that this suit was motivated by improper tactical considerations.

## V. CONCLUSION

For the foregoing reasons, the Court should grant UMG's motion to dismiss or, in the alternative, to transfer this action to the Central District of California.

Dated: October 3, 2007

Respectfully Submitted,

IRELL & MANELLA LLP

By: _____
Steven A. Marenberg
Elliot Brown
Benjamin Glatstein

Attorneys for Declaratory Defendants

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1759534

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS OR TO TRANSFER
CASE NO. 07 CV 1568 TJW

- 10 -