Rebecca Calkins (SBN 195593)
Erin Ranahan (SBN 235286)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750
Email: rcalkins@winston.com

Jennifer A. Golinveaux (SBN 203056)
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
Thomas P. Lane (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)
Email: melkin@winston.com
Email: tlane@winston.com

Attorneys for Plaintiff
VEOH NETWORKS, INC.

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | |
|---|---|
| VEOH NETWORKS, INC. a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation; and DOES 1-10 inclusive<br><br>Defendant. | **Case No. 07 CV 1568 TJW (BLM)**<br><br>**VEOH NETWORKS, INC.'S EX PARTE APPLICATION REQUESTING PERMISSION TO FILE SUR-REPLY IN SUPPORT OF VEOH'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER**<br><br>Date: October 15, 2007<br>Time: 10:00 a.m.<br>Judge: Hon. Thomas J. Whelan<br>Courtroom 7<br><br>Complaint Filed: August 9, 2007 |



Dockets.Justia.com

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 83.3(h), Plaintiff Veoh Networks, Inc. ("Veoh"), hereby submits this ex parte application seeking permission to file a sur-reply ("Sur-Reply") to correct certain factual misstatements contained in UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc.'s ("Defendants") Reply brief regarding: 1) the Transfer Order in the Central District, and 2) the Amici Brief attached to the Supplemental Declaration of Benjamin Glatstein. As of September 25, 2007, the date Veoh's Opposition to Defendants' Motion to Dismiss was filed, UMG had not served Veoh with the Transfer Order as UMG had been ordered to do by the Court.

Good cause exists to grant this application because: 1) the Transfer Order, which Veoh had not received as of the date of filing its Opposition, shows that the representations by UMG in its Reply regarding purported "rulings" of Judge Matz are wholly incorrect and entirely misleading; and 2) the Amici Brief UMG has placed before this Court, in addition to being irrelevant, was never filed despite UMG's representation to this Court that it was "filed" (see Supplemental Declaration of Benjamin Glatstein in Support of Defendants' Motion to Dismiss ¶ 4). Indeed, Viacom and NBC Universal, Inc.'s request for permission to appear as amici and file the amici brief was denied by Judge Lloyd in that case.

Counsel for Veoh contacted Defendant's counsel on October 11, 2007 shortly after 10:00 a.m. and met and conferred prior to filing this ex parte application. (Declaration of Rebecca Lawlor Calkins ["Calkins Decl."], ¶ 2). Defendants' counsel stated Defendants would oppose the ex parte. Id.

This application is based upon the attached Memorandum of Points and Authorities, the Declaration of Rebecca Lawlor Calkins, and the files and pleadings in this action.

## I. INTRODUCTION

UMG's Reply Brief in Support of Motion to Dismiss, or in the Alternative, To Transfer ("Reply") contains material factual misstatements regarding 1) the Central District Order Re Transfer Pursuant to General Order 07-02 ("Order") (which Veoh did *not* have at the time of filing Veoh's Opposition to UMG's Motion to Dismiss); and 2) the proposed, but never filed, Amici Brief

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

of NBC which UMG incorrectly represents as "filed." (See Supplemental Declaration of Benjamin Glatstein in Support of Defendants' Opposition, ¶ 4) Because the factual inaccuracies in UMG's Reply are material, Veoh Networks, Inc. seeks permission to correct the record through the attached sur-reply ("Sur-Reply") (Declaration of Calkins Exh. A). Importantly, UMG had not served Veoh with the Order prior to Veoh's preparation and filing of its Opposition. Veoh saw the Transfer Order on September 26, after UMG faxed it after business hours on September 25. (Calkins Decl., Exh. B).

As Veoh's Sur-Reply corrects the misstatements in UMG's Reply and will thus aid the Court in making its determination about whether Veoh's Complaint action should remain undisturbed in the Southern District, Veoh respectfully requests that the Court issue an Order affording it the opportunity to correct UMG's misstatements prior to the October 15 hearing date, by considering Veoh's Sur-Reply lodged concurrently herewith.

## II. STATEMENT OF FACTS

### A. The Order re Transfer Does *Not* Reflect Findings By Judge Matz, It Sets Forth *Counsel's* Stated Reasons for Transfer.

On September 4, 2007, UMG filed a Notice of Related Case which automatically triggered the completion of a proposed transfer order form. (General Order 07-02 Section 5.2; Calkins Decl, Exh. C). "Whenever a party files a Notice of Related Cases indicating that any one or more of the circumstances set forth in Section 5.1 exist, the Clerk shall prepare a proposed transfer order." General Order 07-02, Section 5.2. The Order re Transfer ("Transfer Order") is a pre-printed form with pre-printed "reasons for transfer" which is completed by the clerk. (Calkins Decl., Exh. B). The clerk checks off the reasons for transfer *as indicated by counsel,* here, UMG. Importantly, the boxes checked by the clerk do *not* reflect findings of Judge Matz but identify the reasons UMG set forth for transfer. Indeed, the "reasons" section is plainly entitled "Reason For Transfer as Indicated **By Counsel.**" The transferee judge then merely consents to take the case or not, based on Counsel's representations. (Order re Transfer Pursuant to General Order 07-02, Calkins Decl, Exh. C).

**B. Judge Howard Lloyd's Denial of Viacom and NBC Universal's Request to File Amici Brief in *Io Group, Inc. v. Veoh Networks, Inc.***

In its Reply, UMG invites this Court to consider the amici brief purportedly filed by Viacom and NBC Universal in another matter. But Judge Lloyed denied Viacom's and NBC's request to file the brief. (Calkins Decl. Exh. D). Defendants nonetheless attach the brief as Exhibit C to the Supplemental Declaration of Benjamin Glatstein declaring that Exhibit C is a "true and correct copy of the Brief ... filed August 14, 2007, in the case in the case [sic] *Io Group, Inc. v. Veoh Networks, Inc.*, N.D. Cal. Case No. C 06-3926." The amici brief, in addition to being irrelevant and beyond the scope of these papers in any event, should be disregarded in its entirety as it was never filed in any action despite Mr. Glatstein's declaration to the contrary.

## III. LEGAL ARGUMENT

### A. THERE IS GOOD CAUSE TO GRANT THIS EX PARTE APPLICATION

Ex parte relief is justified where a party can show that "[its] cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and second, "that the moving party is without fault in creating the crisis . . . or that the crisis occurred as a result of excusable neglect." Id. at 492. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995).

**1. Veoh Will Be Irreparably Prejudiced If It Is Not Able To Correct UMG's Misstatements Regarding Purported "Rulings" by Judge Matz Prior to the October 15, 2007 Hearing Before the Court.**

In their Reply brief, Defendants devote a section to overstating the transfer order in the Central District. Veoh did not address the transfer order in its Opposition because Veoh did not know about it yet – Defendants had not yet given Veoh notice despite the fact that Defendants had been ordered to four days earlier by the Court. Veoh would be irreparably prejudiced if UMG's misstatements are not cleared up prior to the October 15, 2007 hearing. For example, in their Reply brief, Defendants incorrectly state:

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

- that Judge Matz "'ruled' that UMG's suit against Veoh in the Central District, UMG Recordings, Inc. et al. v. Veoh, is related to UMG's other pending Central District suits" (Reply 2:5-6);
- that "because UMG's actual dispute with Veoh is related to those pending Central District actions, Judge Matz has now transferred UMG recordings, Inc., et al, v. Veoh to his docket too" (Reply 6:28-7:2);
- that "Judge Matz's ruling rebuts Veoh's Arguments against transfer" (Reply 7:6);
- that "Judge Matz reviewed UMG's complaint against Veoh and ruled … that UMG's dispute with Veoh is related to UMG's three pending Central District actions and he therefore transferred the case to his docket" (Reply 7:15-17);
- that Judge Matz held that UMG's dispute with Veoh and UMG's ending actions "arise from the same or closely related transactions, happenings or events, and call for determination of the same or substantially related or similar questions of law and fact" (Reply 7:19-21).
- Judge Matz ruled … that it would entail substantial duplication of labor if [UMG's related suits were] heard by different judges (Reply 7:24-25.)
- Judge Matz's ruling stands as a definitive rebuttal to Veoh's suggestion that transfer would achieve nothing because there are other cases throughout the state and country, which implicate Section 512(c), and the issues in this case are so highly fact specific as to make discovery in UMG's pending cases in the Central District entirely irrelevant (Reply 7:26-8:1);
- that Judge Matz disagreed on both counts, finding UMG's pending Central District suits against mass infringers legally and factually related to UMG's dispute with Veoh, and meriting coordination before a single federal judge as a matter of judicial economy.
- that "Judge Matz's ruling also exposes the irrelevance of Veoh's argument that this Court is "qualified to hear this matter"
- "Judge Matz ruled the cases *are* related (Reply 10:13-14).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

But Judge Matz never ruled any of this. UMG's Central District case was transferred from Judge Wu to Judge Matz because UMG filed a Notice of Related Cases, not because Judge Matz made "findings" or "rulings" – he did not.

Further, Defendants assert that Veoh "failed to disclose" the transfer order to this Court. Veoh however did not "fail to disclose," rather Defendants failed to give Veoh notice.

**2. This Court Should Disregard The Never Filed Proposed Amici Brief**

Judge Lloyd denied Viacom's and NBC Universal's request to appear as amici and file an amici brief. While the amici brief is irrelevant in any event, this Court should disregard the proposed amici brief in its entirety.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**B. VEOH IS WITHOUT FAULT IN CREATING THIS SITUATION**

Veoh is without fault in creating this situation, as it did not contribute to Defendants' incorrect statements throughout its Reply brief and did not know about the transfer order at the time it filed its Opposition as Defendants had not served Veoh (as Defendants had been instructed by the Central District) as of the filing of Veoh's Opposition.

## IV. CONCLUSION

Because Defendants' Reply contains material factual misstatements which would prejudice Veoh, Veoh respectfully requests permission to file the Sur-Reply lodged herewith and attached as Exhibit A to the Declaration of Rebecca Lawlor Calkins.

Dated: October 11, 2007

WINSTON & STRAWN LLP

By: /s/ Rebecca L. Calkins

Rebecca L. Calkins
Erin R. Ranahan
333 So. Grand Avenue, 38th Floor
Los Angeles, California 90071
(213) 615-1700
(213) 615-1750 (Facsimile)

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Jennifer A. Golinveaux
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin
Thomas P. Lane
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (Facsimile)

Attorneys for Plaintiff Veoh Networks, Inc.

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543. On October 11, 2007, I served the within documents:

**VEOH NETWORKS, INC.'S EX PARTE APPLICATION REQUESTING PERMISSION TO FILE SUR-REPLY IN SUPPORT OF VEOH'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☒ On October 11, 2007, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

☒ By Electronic Filing: The above and foregoing document(s) was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following

Steven A. Marenberg (smarenberg@irell.com)
Elliot Brown (ebrown@irell.com)
Benjamin Glatstein (bglatstein@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Fax: (310) 203-7199

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on October 11, 2007, at Los Angeles, California.

/s/ Arlene Zamora

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543