Veoh Networks, Inc. v. UMG Recordings, Inc. et al | Doc. 23 Att. 4
Case 3:07-cv-01568-W-BLM   Document 23-5   Filed 10/11/2007   Page 1 of 10

Page 1 of 1

## Calkins, Rebecca

| | |
|---|---|
| **From:** | RightFax E-mail Gateway |
| **Posted At:** | Tuesday, September 25, 2007 6:09 PM |
| **Conversation:** | 9 page fax for RCALKINS from 310 203 7199 has arrived (TeleConnect ID:0585). |
| **Posted To:** | Inbox |
| **Subject:** | 9 page fax for RCALKINS from 310 203 7199 has arrived (TeleConnect ID:0585). |

# IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Facsimile No.: (310) 203-7199
Telephone No.: (310) 277-1010
Facsimile Dept. Ext.: 8200

This communication may contain confidential or privileged information and may constitute inside information. It is intended only for the addressee. Any distribution, reading, copying, or use of this communication by anyone other than the addressee is strictly prohibited and may be unlawful. If you received this in error, please notify us immediately by telephone, and return the original communication to us at the above address by mail. You will be reimbursed for your reasonable expenses. Thank you.

| | | |
|---|---|---|
| Date: | September 25, 2007 | **VIA FACSIMILE** |
| Facsimile No.: | 213-615-1750 | Sent by: |
| Office Telephone No.: | 213-615-1700 | Reference No.: |
| To: | Rebecca Calkins, Esq. | |
| From: | Brian D. Ledahl | Received by: |
| cc: | | Time: |
| No. of Pages: (including cover page) | 9 | |

Original will be sent via:  ☐ Mail  ☐ E-mail  ☐ Pouch  ☐ Messenger  ☐ Overnight Courier  ☐ Will not be sent

1757114

# IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7927
bledahl@irell.com

September 25, 2007

**VIA FACSIMILE - (213) 615-1750**

Rebecca Calkins, Esq.
Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543

Re: <u>UMG Recordings, Inc., et al. v. Veoh Networks, Inc.</u>

Dear Rebecca:

Enclosed, please find copies of 1) Order re Transfer Pursuant to General Order 07-02 (Related Cases), and 2) Initial Order Following Filing Of Complaint Assigned to Judge Matz.

Sincerely,

Brian D. Ledahl

BDL
Enclosures

1757105

ORIGINAL ③

SEND

FILED
CLERK, U S DISTRICT COURT

SEP 18 2007

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UMG Recordings, Inc., et al | CASE NUMBER |
|---|---|
| Plaintiff(s), | CV 07-5744 GW (RCx) |
| v. | |
| Veoh Networks, Inc. | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 (Related Cases) |
| Defendant(s). | |

___ Priori
✓ Send
___ Clsd
___ Enter
___ JS-5/
___ JS-2/

## CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 07-02.

9/17/07                         A. Howard Matz
Date                            United States District Judge

## DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

_____

Date                            United States District Judge

## REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case _____ CV 06-6561 AHM (AJWx) _____ and the present case:

☒ A.  Arise from the same or closely related transactions, happenings or events; or
☒ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

## NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge _____ Chapman _____ to Magistrate Judge _____ Wistrich _____.

On all documents subsequently filed in this case, please substitute the initials __AHM (AJWx)__ after the case number in place of the initials of the prior judge, so that the case number will read __CV 07-5744 AHM (AJWx)__. This is very important because documents are routed to the assigned judges by means of these initials. The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☒ Western ☐ Southern ☐ Eastern Division.

Subsequent documents must be filed at the ☒ Western ☐ Southern ☐ Eastern Division.
Failure to file at the proper location will result in your documents being returned to you.

CV-34 (06/07)    ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 (Related Cases)

ENTERED ON CM 9/18/07

SEP 18 2007

SEND

FILED
CLERK, US DISTRICT COURT
SEP 20 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., ET AL., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>VEOH NETWORKS, INC., <br><br>　　　　Defendants. | CASE NO. CV07-5744 AHM (AJWx) <br><br> INITIAL ORDER FOLLOWING FILING OF COMPLAINT ASSIGNED TO JUDGE MATZ |

DOCKETED ON CM
SEP 21 2007
BY ___ 004

COUNSEL FOR PLAINTIFF SHALL SERVE THIS ORDER ON ALL DEFENDANTS AND/OR THEIR COUNSEL ALONG WITH THE SUMMONS AND COMPLAINT, OR IF THAT IS NOT PRACTICABLE AS SOON AS POSSIBLE THEREAFTER. IF THIS CASE WAS ASSIGNED TO THIS COURT AFTER BEING REMOVED FROM STATE COURT, THE DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.

　　　This case has been assigned to the calendar of Judge A. Howard Matz. Judge Matz is intent on assuring that, as called for in Fed.R.Civ. P. 1, this case will proceed so as "to secure [a] just, speedy and inexpensive determination . . ."



The parties are hereby informed of how they are expected to proceed.

### A. THE COURT'S ORDERS

Copies of Judge Matz's orders that may have specific application to this case are available on the Central District of California website. See ¶ J. Those orders include the following (this is not necessarily a complete list):

(1) Order Setting Rule 26(f) Scheduling Conference
(2) Scheduling and Case Management Order
(3) Order re Protective Orders and Treatment of Confidential Information
(4) Orders (separate) re Civil Jury Trials and Court Trials
(5) Order re Settlement Conference

### B. SERVICE OF PLEADINGS

Although Fed.R.Civ.P. 4(m) does not require the summons and complaint to be served for as much as 120 days, the Court expects that they will be served much sooner than that, and will require plaintiff to show cause before then if it appears that there is undue delay.

### C. ASSIGNMENT TO A MAGISTRATE JUDGE

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial. The Magistrate Judges who accept those designations are identified on the Central District's website, which also contains the consent form. See ¶ J.

### D. APPLICATIONS AND STIPULATIONS FOR EXTENSIONS OF TIME

    A. Applications or Stipulations to Extend the Time to File any Required Document or to Continue any Pretrial or Trial Date.

No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them. Both applications

and stipulations must set forth:

    1. the existing due date or hearing date;

    2. specific, concrete reasons supporting good cause for granting the extension. In this regard, a statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations: have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement? Has a mediator been selected?

    3. whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

### E.   TRO'S AND INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with F.R.Civ.P. 65 and Local Rule 65. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. The parties shall lodge a courtesy copy, conformed to reflect that it has been filed, of all papers relating to TROs and injunctions. The courtesy copy shall be placed in the drop box in the entrance way to chambers, to the left of Courtroom 14. All such papers shall be filed "loose" -- *i.e.*, not inside envelopes.

### F.   CASES REMOVED FROM STATE COURT

All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the Notice of Renewal, if not already included. *See* 28 U.S.C. § 1447(a)(b). If the defendant has not yet answered or moved, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District. If before the case was removed a motion was pending in state court, it must be re-noticed in accordance with Local Rule 7.

///

///

### G. STATUS OF FICTITIOUSLY NAMED DEFENDANTS

This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint. (*See* 28 U.S.C. ¶¶ 1441(a) and 1447.)

1. Plaintiff is normally expected to ascertain the identity of and serve any fictitiously named defendants within 120 days of the removal of the action to this Court.

2. If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120-day period, an *ex parte* application requesting permission to extend that period to effectuate service may be filed with this Court. Such application shall state the reasons therefor, and may be granted upon a showing of good cause. The *ex parte* application shall be served upon all appearing parties, and shall state that appearing parties may comment within seven (7) days of the filing of the *ex parte* application.

3. If plaintiff desires to substitute a named defendant for one of the fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the previously-identified defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff may apply *ex parte* requesting such amendment, with notice to all appearing parties. Each party shall have seven calendar days to respond. The *ex parte* application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party. *See* U.S.C. § 1447(c)(d).

///
///

### H. BANKRUPTCY APPEALS

Counsel shall comply with the ORDER RE PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court. The matter is considered submitted upon the filing of the appellant's reply brief. No oral argument is held unless otherwise ordered by this Court.

### I. MOTIONS UNDER FED.R.CIV.P. 12

Many motions to dismiss or to strike could be avoided if the parties confer in good faith (as they are required to do under L.R. 7-3), especially for perceived defects in a complaint, answer or counterclaim which could be corrected by amendment. See *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by *any* amendment). Moreover, a party has the right to amend his complaint "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. See *Nolen v. Fitzharris*, 450 F.2d 958, 958-59 (9th Cir. 1971); *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir. 1981). And even where a party has amended his Complaint once or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." F.R.Civ.P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that counsel for the plaintiff should carefully evaluate the defendant's contentions as to the deficiencies in the complaint and that in many instances the moving party should agree to any amendment that would cure a curable defect.

///

1    In the unlikely event that motions under Fed.R.Civ.P. 12 challenging
2    pleadings are filed after the Rule 26(f) Scheduling Conference, the moving party
3    shall attach a copy of the challenged pleading to the Memorandum of Points and
4    Authorities in support of the motion.
5    The foregoing provisions apply as well to motions to dismiss a
6    counterclaim, answer or affirmative defense, which a plaintiff might contemplate
7    bringing.

8    **J.    COURTESY COPIES AND COMPUTER DISKS**

9    Courtesy copies should be provided to chambers when: (1) reply papers
10   are filed early – *e.g.*, on the Friday before the deadline set out in L.R. 7-10; or (2)
11   emergency circumstances make them essential – *e.g.*, for TROs, *ex parte*
12   applications or papers filed during trial or within two days of a scheduled hearing,
13   pre-trial conference or trial. When the Court requires that a computer disk be
14   submitted (*e.g.*, with summary judgment papers or proposed jury instructions),
15   that disk should be left in a labeled envelope in the courtesy box.
16   Counsel should avoid leaving extra copies of voluminous documents with
17   chambers when they are not necessary to comply with this paragraph.

18   **K.    WEBSITE**

19   Copies of this Order and other orders of this Court are available on the
20   Central District of California's website, at "www.cacd.uscourts.gov," under
21   "Judge's Requirements."
22   The Court thanks counsel and the parties for their anticipated cooperation.
23
24   IT IS SO ORDERED.
25
26   Dated: September 20, 2007
                                                          _____
27                                                         A. HOWARD MATZ
                                                           United States District Judge
28