Rebecca Calkins (SBN 195593)
Erin Ranahan (SBN 235286)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:   213-615-1700
Facsimile:   213-615-1750
Email: rcalkins@winston.com

Jennifer A. Golinveaux  (SBN 203056)
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice*)
Thomas P. Lane (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)
Email: melkin@winston.com
Email: tlane@winston.com

Attorneys for Plaintiff
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| VEOH NETWORKS, INC. a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation; and DOES 1-10 inclusive<br><br>Defendant. | Case No. 07 CV 1568 TJW (BLM)<br><br>**VEOH NETWORKS, INC.'S SUR-REPLY IN SUPPORT OF VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER; DECLARATION OF REBECCA LAWLOR CALKINS**<br><br>Date:  October 15, 2007<br>Time:  10:00 a.m.<br>Judge:  Hon. Thomas J. Whelan<br>Courtroom 7<br><br>Complaint Filed:  August 9, 2007 |

VEOH'S SUR-REPLY IN SUPPORT OF VEOH'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, DECLARATION OF CALKINS   CASE NO. 07 CV 1568 TJW (BLM)

Dockets.Justia.com

UMG's Reply Brief in Support of Motion to Dismiss, or in the Alternative, To Transfer ("Reply") contains material factual misstatements regarding 1) the Central District Order Re Transfer Pursuant to General Order 07-02 ("Order") (which Veoh did *not* have at the time of filing Veoh's Opposition to UMG's Motion to Dismiss); and 2) the proposed, but never filed, Amici Brief of NBC which UMG incorrectly represents as "filed." (See Supplemental Declaration of Benjamin Glatstein in Support of Defendants' Motion to Dismiss, ¶ 4)) Because the factual inaccuracies in UMG's Reply are material, Veoh Networks, Inc. seeks to correct the record through this sur-reply ("Sur-Reply"). Importantly, UMG had not served Veoh with the transfer order discussed at length in Defendants' Reply brief prior to Veoh's preparation and filing of its Opposition. Veoh saw the Transfer Order for the first time on September 26, after UMG faxed it after business hours on September 25.

As Veoh's Sur-Reply corrects the misstatements in UMG's Reply and will thus aid the Court in making its determination about whether Veoh's Complaint action should remain undisturbed in the Southern District, Veoh respectfully requests that the Court affording Veoh the opportunity to correct UMG's misstatements prior to the October 15 hearing date, by considering Veoh's Sur-Reply.

## I. STATEMENT OF FACTS

### A. The Order re Transfer Does *Not* Reflect Findings By Judge Matz, It Sets Forth *Counsel's* Stated Reasons for Transfer.

On September 4, 2007, UMG filed a Notice of Related Case which automatically triggered the completion of a proposed transfer order form. (General Order 07-02 Section 5.2; (Calkins Decl., Exh. A) "Whenever a party files a Notice of Related Cases indicating that any one or more of the circumstances set forth in Section 5.1 exist, the Clerk shall prepare a proposed transfer order." General Order 07-02, Section 5.2. The Order re Transfer ("Transfer Order") is a pre-printed form with pre-printed "reasons for transfer" which is completed by the clerk. (Calkins Decl., Exh. B). The clerk checks off the reasons for transfer *as indicated by counsel,* here, UMG. Importantly, the boxes checked by the clerk do *not* reflect findings of Judge Matz but identify the reasons UMG set forth for transfer. Indeed, the "reasons" section is plainly entitled "Reason For Transfer as Indicated

1

VEOH'S SUR-REPLY IN SUPPORT OF VEOH'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, DECLARATION OF CALKINS   CASE NO. 07 CV 1568 TJW (BLM)

**By Counsel.**" The transferee judge then merely consents to take the case or not, based on Counsel's representations. (Order re Transfer Pursuant to General Order 07-02, Calkins Decl., Exh. A).

      **B.**    Judge Howard Lloyd's Denial of Viacom and NBC Universal's s Request to File Amici Brief in *Io Group, Inc. v. Veoh Networks, Inc.*

In its Reply, UMG invites this Court to consider the amici brief purportedly filed by Viacom and NBC Universal in another matter. But this is incorrect - Judge Lloyed denied Viacom's and NBC's request to file the brief. (Calkins Decl. Exh. C). Defendants nonetheless attach the brief as Exhibit C to the Supplemental Declaration of Benjamin Glatstein declaring that Exhibit C is a "true and correct copy of the Brief ... filed August 14, 2007, in the case in the case [sic] *Io Group, Inc. v. Veoh Networks, Inc.*, N.D. Cal. Case No. C 06-3926." The amici brief, in addition to being irrelevant and beyond the scope of these papers in any event, should be disregarded in its entirety as it was never filed in any action despite Mr. Glatstein's declaration to the contrary.

## II.   LEGAL ARGUMENT

      **A.**    **Defendant's Reply Brief Contains Misstatements Regarding Purported "Rulings" by Judge Matz Prior to the October 15, 2007 Hearing Before the Court.**

In their Reply brief, Defendants devote a section to overstating the transfer order in the Central District. Veoh did not address the transfer order in its Opposition because Veoh did not know about it yet – Defendants had not yet given Veoh notice despite the fact that Defendants had been ordered to four days earlier by the Court. Defendants' misstatements are many in this regard, for example, in their Reply brief, Defendants incorrectly state:

- that Judge Matz "'ruled' that UMG's suit against Veoh in the Central District, UMG Recordings, Inc. et al. v. Veoh, is related to UMG's other pending Central District suits" (Reply 2:5-6);
- that "because UMG's actual dispute with Veoh is related to those pending Central District actions, Judge Matz has now transferred UMG recordings, Inc., et al, v. Veoh to his docket too" (Reply 6:28-7:2);

2

VEOH'S SUR-REPLY IN SUPPORT OF VEOH'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, DECLARATION OF CALKINS    CASE NO. 07 CV 1568 TJW (BLM)

- that "Judge Matz's ruling rebuts Veoh's Arguments against transfer" (Reply 7:6);
- that "Judge Matz reviewed UMG's complaint against Veoh and ruled ... that UMG's dispute with Veoh is related to UMG's three pending Central District actions and he therefore transferred the case to his docket" (Reply 7:15-17);
- that Judge Matz held that UMG's dispute with Veoh and UMG's ending actions "arise from the same or closely related transactions, happenings or events, and call for determination of the same or substantially related or similar questions of law and fact. (Reply 7:19-21).
- Judge Matz ruled ... that it would entail substantial duplication of labor if [UMG's related suits were] heard by different judges. (Reply 7:24-25.)
- Judge Matz's ruling stands as a definitive rebuttal to Veoh's suggestion that transfer would achieve nothing because there are other cases throughout the state and country, which implicate Section 512(c), and the issues in this case are so highly fact specific as to make discovery in UMG's pending cases in the Central District entirely irrelevant. (Reply 7:26-8:1);
- that Judge Matz disagreed on both counts, finding UMG's pending Central District suits against mass infringers legally and factually related to UMG's dispute with Veoh, and meriting coordination before a single federal judge as a matter of judicial economy.
- that "Judge Matz's ruling also exposes the irrelevance of Veoh's argument that this Court is "qualified to hear this matter."
- "Judge Matz ruled the cases *are* related (Reply 10:13-14).

But Judge Matz never ruled any of this. UMG's Central District case was transferred from Judge Wu to Judge Matz because UMG filed a Notice of Related Cases, not because Judge Matz made "findings" or "rulings" – he did not.

And Defendants assert that Veoh "failed to disclose" the transfer order to this Court. Veoh however did not "fail to disclose," rather Defendants failed to give Veoh notice as ordered.

**B.  This Court Should Disregard The Never Filed Proposed Amici Brief**

Judge Lloyd denied Viacom's and NBC Universal's request to appear as amici and file an amici brief. While the amici brief is irrelevant in any event, this Court should disregard the proposed amici brief in its entirety.

### III.  CONCLUSION

Because Defendants' Reply contains material factual misstatements which would prejudice Veoh, Veoh respectfully requests this court disregard Defendants' misstatements and Viacom and NBC Universal's never filed amici brief.

Dated: October 11, 2007                    WINSTON & STRAWN LLP

By:  /s/ Rebecca L. Calkins
Rebecca L. Calkins
Erin R. Ranahan
333 So. Grand Avenue, 38th Floor
Los Angeles, California 90071
(213) 615-1700
(213) 615-1750 (Facsimile)

Jennifer A. Golinveaux
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin
Thomas P. Lane
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (Facsimile)

Attorneys for Plaintiff Veoh Networks, Inc.

4

VEOH'S SUR-REPLY IN SUPPORT OF VEOH'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, DECLARATION OF CALKINS          CASE NO. 07 CV 1568 TJW (BLM)

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543. On October 11, 2007, I served the within documents:

**VEOH NETWORKS, INC.'S SUR-REPLY IN SUPPORT OF VEOH NETWORKS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER; DECLARATION OF REBECCA LAWLOR CALKINS**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☒ On October 11, 2007, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

☒ By Electronic Filing: The above and foregoing document(s) was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following

Steven A. Marenberg (smarenberg@irell.com)
Elliot Brown (ebrown@irell.com)
Benjamin Glatstein (bglatstein@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Telephone:  (310) 277-1010
Fax:  (310) 203-7199

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on October 11, 2007, at Los Angeles, California.

/s/ Arlene Zamora