UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ASSIGNMENT OF CASES | ) | GENERAL ORDER NO. 07-02 |
|---|---|---|
|  | ) |  |
| AND | ) | (SUPERSEDES GENERAL ORDER NOS. 83 |
|  | ) | AND 84 AND CONSOLIDATES GENERAL |
| DUTIES TO JUDGES | ) | ORDER NOS. 224, 224-A, 224-B, 224-C, |
|  | ) | 224-D, 224-E AND 224-F AND SUBSEQUENT |
|  | ) | GENERAL ORDER NOS. 224, 224-A, 224-B, |
|  | ) | 224-C, 224-D, AND GENERAL ORDER NOS. |
|  | ) | 96-20, 98-4 AND 05-06) |

This General Order shall supersede General Order Nos. 224, 224-A, 224-B, 224-C, 224-D, and 96-20, 98-4, and 05-06. All references to this General Order and any subsequent amendments may be referenced as General Order 224.

The assignment of cases and duties to the judges of this Court shall be governed as follows:

1.0   CIVIL CASES

All cases of a civil nature shall be assigned to the individual calendars of the active and senior district judges of this Court pursuant to this General Order.

1.1   FILING AND NUMBERING

All cases of a civil nature shall be numbered consecutively, within each division, upon the filing of the first document in each such case. Numbering shall include the calendar year and consecutive number within that year, e.g., 04-0001, etc., 05-0001.

1.2   RANDOM ASSIGNMENT OF CIVIL CASES

1

The assignment of civil cases shall be completely at random through the Automated Case Assignment System (ACAS).  The assignments shall be such that each active judge of the Court, over a period of time, shall be assigned an equal number of cases.

### 1.2.1   PREPARATION OF ASSIGNMENT CARDS

After the close of business at the end of each calendar month, a sufficient number of electronic cards shall be added for each judge receiving civil case assignments to satisfy the requirements of the next month's business.

### 1.2.2   PRESERVATION OF ASSIGNMENT RECORDS

Records pertaining to all case assignments shall be preserved for two years after the end of the calendar year in which the assignments were made.

### 1.3   ASSIGNMENT TO A PARTICULAR JUDGE

The Clerk shall, after filing and numbering the case through the ACAS, randomly obtain the name of the judge to whom the case is to be assigned.

### 1.4   SENIOR JUDGES

#### 1.4.1   RETURNING CASES PREVIOUSLY ASSIGNED TO THE ASSIGNMENT WHEEL UPON TAKING SENIOR STATUS

When an active judge elects to take senior status pursuant to 28 U.S.C. § 371 et seq., it would be highly preferable, and the desire of the Court, that the judge retain responsibility for the judge's entire civil and criminal existing caseloads, until those cases have been resolved or concluded.

#### 1.4.2   RETURNING NEWLY ASSIGNED CIVIL CASES FOR

REASSIGNMENT

A senior judge may return any newly filed civil case to the ACAS for reassignment within 30 days of receiving the initial assignment.

2.0     HABEAS, SOCIAL SECURITY AND PRO SE CIVIL RIGHTS CASES

    2.1     INDIVIDUAL ASSIGNMENT OF HABEAS CASES

        2.1.1   FEDERAL HABEAS PETITIONS

A motion or petition challenging a conviction or sentence sustained or imposed in this District, whether or not the motion or petition specifically invokes 28 U.S.C. § 2255, shall be assigned to the judge who has entered the judgment, without additional case credit. If the judge who entered such judgment has taken senior status and chooses not to receive the motion or petition, or has died, or is otherwise unavailable, the matter shall be randomly assigned for case credit to a district judge under the ACAS.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which does not constitute a collateral challenge of a conviction or sentence sustained or imposed in this District, shall be randomly assigned for case credit to a district judge under the ACAS.

        2.1.2   STATE HABEAS PETITIONS

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 shall be randomly assigned for civil case credit to a district judge under the ACAS.

### 2.1.3 CAPITAL HABEAS CORPUS PETITIONS

Capital habeas corpus petitions shall be assigned to district judges in accordance with the procedures in General Order 308.

### 2.2 SUBSEQUENT HABEAS CORPUS PETITIONS, SOCIAL SECURITY AND PRO SE CIVIL RIGHTS CASES

Non-capital habeas corpus petitions, social security, and/or pro se Section 1983 and <u>Bivens</u> cases filed by a party who previously filed any such case shall be directly assigned to the district judge to whom the initial case was originally assigned for civil case credit.

### 3.0 TRANSFER OF CIVIL CASES BETWEEN JUDGES

### 3.1 VOLUNTARY TRANSFERS

The judge to whom any particular action or proceeding is assigned will have full charge of such case until terminated except that the matter may be transferred by order jointly signed by the transferor and transferee judges. If such a transfer is made it shall be debited and credited against the transferor and transferee judges, respectively, in the ACAS.

### 3.2 SELF-RECUSAL BY ASSIGNED JUDGE

If any judge who is assigned a case under this General Order voluntarily recuses from the case, the case shall be returned to the Clerk for the random assignment to another judge in accordance with this General Order. The recused judge shall receive a debit in the ACAS.

      3.2.1   SELF-RECUSAL AFTER 120 DAYS

If the self-recusal is exercised after 120 days of being assigned the civil case, the receiving judge shall have the option, within 20 days, of transferring a case of equal or similar weight and complexity from his or her calendar to the judge who exercised the self-recusal. In this situation no debit or credit case adjustments shall be made.

      3.2.2   REVIEW OF RETURN TRANSFER

If the receiving judge exercises the option under Section 3.2.1 of transferring a case to the self-recusing judge, the self-recusing judge may appeal the case selected for transfer as not being "a case of equal or similar weight and complexity" to the Committee. The Committee shall approve or disapprove the transfer. If the Committee disapproves the transfer, the case shall be returned to the receiving judge, who shall select another case for transfer.

    3.3   PROLONGED ILLNESS OR UNAVOIDABLE ABSENCE

In the event of prolonged illness, disability, or other unavoidable absence of the judge to whom a civil case has been assigned, the Committee may transfer from the calendar of such judge any case or cases deemed necessary to expedite the business of the Court and for the prompt administration of justice. Such case or cases shall be returned to the Clerk for reassignment in the same manner as an original case assignment, as provided in this General Order.

    3.4   UNAVOIDABLE DELAY

If the calendar of a judge cannot accommodate a reasonably timely processing of a case, the Court, by concurrence of two-thirds of the judges (excluding the judge

whose case is being transferred), may transfer the case. The judge from whose calendar the case is transferred shall receive a debit in the ACAS. The case shall be returned to the Clerk for random reassignment as provided under this General Order.

    4.0    MOTION TO DISQUALIFY A JUDGE

If a motion is made to disqualify a judge in any civil case, the motion shall be referred to the Clerk for random assignment to another judge. The judge to whom the motion is assigned shall promptly determine the motion.

If the motion is denied, that case shall proceed as originally assigned. If the motion is granted, the case shall be returned to the Clerk for random assignment in the same manner as an original case assignment as provided in this General Order.

    4.1    MOTION TO DISQUALIFY - NO CREDIT FOR HEARING MOTION

The judge to whom a motion to disqualify has been assigned shall receive no case credit.

    4.2    MULTIPLE MOTIONS TO DISQUALIFY

If more than one motion to disqualify the same judge is made in the same case or in related or consolidated cases before the same judge, the assignment of all such motions shall be to the judge who determined the initial motion to disqualify.

    5.0    RELATED CASES

        5.1    NOTICE OF RELATED CASES

It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever a civil case previously filed and a civil case later filed:

        a.    arise from the same or a closely related transaction, happening or

        event; or

    b.    call for determination of the same or substantially related or similar questions of law and fact; or

    c.    for other reasons would entail substantial duplication of labor if heard by different judges; or

    d.    involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

    5.2    PROCESSING OF PROPOSED TRANSFER ORDER

Whenever a party files a Notice of Related Cases indicating that any one or more of the above circumstances set forth in Section 5.1 exist, the Clerk shall prepare a proposed transfer order to be reviewed by the judge to whom the case first filed was assigned (the transferee judge). The Clerk shall also simultaneously provide an informational copy of the proposed transfer order to the judge randomly assigned to the case later filed (the transferor judge).

If the transferee judge approves the transfer, the case shall be transferred to the calendar of the transferee judge. If the transferee judge declines the related case transfer, the case shall proceed as originally assigned on the calendar of the transferor judge.

If the transferor judge disagrees with the decision of the transferee judge, the transferor judge may appeal the decision to the Committee. The Committee shall determine whether the cases are related.

Upon a transfer, the transferee judge shall receive the credit and the transferor judge one debit in the ACAS except as provided below.

    5.3    REPORTING AND INITIAL REVIEW OF GROUPS OF RELATED CASES

Once a judge (transferee judge) accepts ten (10) cases as related, the Clerk of Court shall report the group of related cases to the Committee.

The Committee shall review the group of related cases to determine which of the case assignment procedures authorized in Section 5.4 should be applied.

    5.4    CASE ASSIGNMENT PROCEDURES FOR GROUPS OF RELATED CASES

        5.4.1    ASSIGNMENT TO ONE JUDGE FOR ALL PROCEEDINGS

The Committee may determine that a group of related cases should be assigned to one judge for all proceedings. If this determination is made, the judge assigned the first ten (10) related cases shall be designated the judge for the entire group of related cases, including cases that may be filed in the future, unless the Committee identifies another judge who is available to accept the entire group.

        5.4.2    ASSIGNMENT TO ONE JUDGE THROUGH PRETRIAL ONLY

The Committee may determine that a group of related cases should be consolidated through pretrial and assigned among the active judges for trial. If this determination is made, the judge assigned the first ten (10) related cases shall be designated the judge for the entire group of related cases, including cases that may be filed in the future, unless the Committee identifies another judge who is available to accept the entire group.

After pretrial, or at a time deemed appropriate by the judge to whom the group of related cases was assigned, that judge may refer the related cases back to the

Committee for trial assignment. The Committee shall then assign the cases for further proceedings to the active judges in seniority order in a sequence taking into consideration prior assignments under this Section.

The judges to whom these cases are assigned for trial shall receive one credit in the ACAS. The judge to whom the group of related cases was assigned through pretrial shall not receive debits in the ACAS for transferred cases.

### 5.4.3 ALTERNATIVE CASE ASSIGNMENT

It may be determined that a group of related cases should be assigned in an alternative method as deemed appropriate by the Committee.

### 5.5 LIMITATION ON CASE CREDIT FOR RELATED CASES

Case credit for related case transfers shall be limited to fifteen (15) except as provided by the Committee.

### 5.6 RESPONSIBILITY OF COMMITTEE TO CONTINUOUSLY REVIEW GROUPS OF RELATED CASES

The Committee shall review all groups of related cases at least on a semi-annual basis to determine if additional case credit should be provided or whether another case assignment procedure as authorized in Section 5.4 should be applied.

### 6.0 IDENTICAL CASES

When a case is closed and the identical case is refiled, the complaint or petition shall be transferred by the Committee to the originally assigned judge and no case credit shall be given to that judge. The transferor judge shall receive one debit in the ACAS.

### 7.0 MULTI-DISTRICT CASES

**GENERAL ORDER NO. 07-02**

Cases subject to the provisions of 28 USC § 1407 and transferred pursuant to an order of the Panel on Multi-District Litigation shall be subject to this related case transfer provision as follows:

    7.1    CASES TRANSFERRED TO A JUDGE OF THIS DISTRICT

Cases transferred by the Panel on Multi-District Litigation shall be directly assigned to the judge designated by the Panel. The judge of this District receiving the assignment of those cases shall be given case credit in accordance with Section 5.5 of this General Order.

    7.2    CASES TRANSFERRED FROM A JUDGE OF THIS DISTRICT

Cases transferred from any judge of this District by the Panel on Multi-District Litigation shall be debited in the ACAS.

    7.3    CASES RETURNED TO THIS DISTRICT FOR TRIAL

Cases returned to this District after processing by a Multi-District transferee judge shall be reassigned to the calendar of the judge from whom the MDL transfer was originally made. At the time of such assignment, the judge shall receive case credit in the ACAS. For groups of cases in excess of fifteen (15), Section 5.4 of this General Order shall apply.

    8.0    CRIMINAL CASES

All cases of a criminal nature shall be assigned to the individual calendars of the active and senior district judges of this Court pursuant to this General Order.

    8.1    RANDOM ASSIGNMENT OF CRIMINAL CASES

The assignment of criminal cases shall be completely at random through

the ACAS. The assignments shall be in such a manner that each active judge of the Court, over a period of time, shall be assigned an equal number of cases.

        8.1.1   PREPARATION OF ASSIGNMENT CARDS

After the close of business at the end of each calendar month, a sufficient number of electronic cards shall be added for each judge receiving criminal case assignments to satisfy the requirements of the next month's business.

        8.1.2   PRESERVATION OF ASSIGNMENT RECORDS

Records pertaining to all case assignments shall be preserved for two years after the end of the calendar year in which the assignments were made.

    8.2   COMPLEX CRIMINAL CASES

        8.2.1   INITIAL COMPLEX CRIMINAL CASE IDENTIFICATION AND ASSIGNMENT

Not later than two business days prior to the time of arraignment, the government shall file a Notice of Complex Case advising the Court if there are eight (8) or more defendants in the initial indictment, or whether the presentation of the evidence in its case-in-chief (including cross-examination) will exceed twelve (12) trial days. If either of these conditions is present, the case shall be randomly assigned to a judge from a separate Complex Criminal Assignment Wheel.

        8.2.2   SUBSEQUENT IDENTIFICATION AS A COMPLEX CRIMINAL CASE AND ASSIGNMENT

            8.2.2.1   RESPONSIBILITY OF THE GOVERNMENT

Upon the filing of a superseding indictment, the

government shall also file a Notice of Complex Case advising the Court if the number of defendants or the time estimate for the presentation of the evidence in its case-in-chief has changed.

8.2.2.2   ADDITIONAL CASE CREDIT IF CASE BECOMES COMPLEX

Once a criminal case is assigned, it shall remain with the originally assigned judge and will not be reassigned from the Complex Criminal Assignment Wheel if superseding indictments are filed that make the case complex in accordance with Section 8.2.1. However, superseding indictments that increase the number of defendants and/or the trial estimate for the government's presentation of the evidence in its case-in-chief shall entitle the assigned judge to additional case credit in the Non-Complex Criminal Assignment Wheel as outlined below:

| Number of Defendants in Superseding Indictment | Revised Government Time Estimate | Additional Case Credit |
|---|---|---|
| 8 - 12 | Less than 12 | 1 |
| 8 - 12 | 12 or More | 2 |
| 13 - 16 | Less than 12 | 2 |
| 13 - 16 | 12 or More | 3 |
| 17 - 20 | Less than 12 | 3 |
| 17 - 20 | 12 or More | 4 |
| 21+ | Less than 12 | 4 |
| 21+ | 12 or More | 5 |

8.2.2.3   REQUEST FOR ADDITIONAL CASE CREDIT

At any time, a judge may bring a complex

criminal case to the Committee for consideration of additional case credit.

      8.3    PROBATION OR SUPERVISED RELEASE TRANSFER-IN CRIMINAL CASES

Upon the acceptance by the Court of a transfer to this District of supervision of a probationer or person on supervised release pursuant to U.S.C. 18 § 3605, the matter shall be given a criminal case number and shall be randomly assigned to a district judge for no case credit.

Subsequent transfers-in involving the same probationer or person on supervised release shall be directly assigned, for no case credit, to the judge to whom the first matter was assigned.

9.0    TRANSFER OF CRIMINAL CASES BETWEEN JUDGES

      9.1    VOLUNTARY TRANSFER

Judges may voluntarily transfer cases among themselves in the same manner as provided for in civil cases in Section 3.1 of this General Order.

    9.2    SELF-RECUSAL BY ASSIGNED JUDGE

If any judge who is assigned a case under this General Order voluntarily recuses from the case, the case shall be returned to the Clerk for the random assignment to another judge in accordance with this General Order.

    9.3    PROLONGED ILLNESS OR UNAVOIDABLE ABSENCE

In the event of prolonged illness, disability or other unavoidable absence of a judge to whom a criminal case has been assigned, the Committee may transfer from the calendar of such absent judge any case or cases.

10.0    MOTION TO DISQUALIFY A JUDGE

If a motion is made to disqualify a judge in any criminal case, the motion shall be referred to the Clerk for random assignment to another judge.  The judge to whom the motion is assigned shall promptly determine the motion.

If the motion is denied, that case shall proceed as originally assigned.  If the motion is granted, the case shall be returned to the Clerk for random assignment in the same manner as an original case assignment as provided in this General Order.

11.0    RELATED CRIMINAL CASES

    11.1    NOTICE OF RELATED CASES

It shall be the responsibility of counsel to promptly file a Notice of Related Cases whenever a criminal case previously filed and one or more informations or indictments later filed:

    a.    arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or

      b.    involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges.

11.2    PROCESSING OF PROPOSED TRANSFER ORDER

Whenever counsel files a Notice of Related Cases indicating that any one or more of the above circumstances set forth in Section 11.1 exist, the Clerk shall prepare a proposed transfer order which shall be presented to the transferee judge and processed in the same manner as are related civil cases under Section 5.0 of this General Order.

11.3    RELATED RULE 20s

11.3.1 RULE 20 RELATED TO PENDING CRIMINAL CASE

When an information or indictment originating in another District is transferred to this Court pursuant to Rule 20 F.R.Cr.P. involving a defendant proceeded against by indictment or information in the District, the Rule 20 plea shall be directly assigned for case credit to the judge to whom the matter arising in this District is assigned.

11.3.2 NEWLY-FILED CRIMINAL CASE RELATED TO PENDING RULE 20

When an information or indictment is filed in the District against a defendant who has a Rule 20 plea pending, the newly-filed criminal case shall be directly assigned for case credit to the judge to whom the Rule 20 plea has been assigned.

11.3.3 COMMITTEE REVIEW OF DIRECT ASSIGNMENT

If the judge disagrees with the direct assignment, the judge may appeal the assignment to the Committee. If the Committee determines the cases are not related,

the newly-filed criminal case shall be returned to the Clerk for random assignment in the same manner as an original case assignment as provided in this General Order.

      11.4    INDICTMENTS AND INFORMATIONS PREVIOUSLY DISMISSED

Whenever an indictment or information has been dismissed before trial, any new indictment or information involving the same transaction or series of transactions and at least a majority of the same defendants shall be assigned to the judge to whom the first indictment or information was assigned. No case credit shall be received for the succeeding indictment or information assigned pursuant to this Section.

      12.0    UNAVAILABILITY OF DEFENDANT - RETURN TO PENDING CASE FILE

Whenever a defendant because of physical disability, mental incompetency, fugitive status, or other reasons makes no appearance or becomes unavailable for trial or other disposition and it is anticipated the defendant cannot be available for more than 30 days, the judge to whom the case is assigned may return the case to the Clerk's pending criminal case file. If the defendant shall thereafter become available, the case shall be returned to the judge to whom the case was first assigned for no case credit.

      13.0    CRIMINAL DUTY JUDGE

          13.1    ASSIGNMENT AND DUTIES

There shall be a criminal duty judge or judges who shall perform all duties in connection with criminal matters not assigned to the calendars of the individual judges.

          13.2    TERM

The judges, except the Chief Judge, shall rotate the criminal duty judge functions as provided by the order of the Chief Judge, General Order or resolution of the Court.

13.3   ROSTER

The Chief Judge shall periodically review the criminal duty roster to provide for integration of newly appointed judges as soon as practicable after appointment.

14.0   BANKRUPTCY CASES AND PROCEEDINGS

14.1   INDIVIDUAL ASSIGNMENT OF BANKRUPTCY CASES AND PROCEEDINGS

The following matters in bankruptcy cases and proceedings shall be randomly assigned through the ACAS to the individual calendar of the judges of this Court:

a.   motions for withdrawal of reference,

b.   motions for stay of orders of the bankruptcy court,

c.   applications for leave to appeal an interlocutory order of a bankruptcy judge and/or for modification of time for appeal,

d.   matters heard under 28 U.S.C. § 157 (c)(1),

e.   matters certified to the district court by the bankruptcy court,

f.   bankruptcy contempt orders for which objections have been filed pursuant to Bankruptcy Rule 9020 (c),

g.   notices of appeals in which the district court has been designated.

14.2   CASE CREDIT

All motions for withdrawal of reference and applications for leave to appeal an interlocutory order from the bankruptcy court shall be determined by the district court judge for no case credit.  If the motion or application is granted, the bankruptcy case or proceeding shall remain with the district court judge who granted the motion or application, and case credit

17

shall be given.

The district judge assigned any bankruptcy matter, other than a motion for withdrawal of reference or application for leave to appeal an interlocutory order, shall be given case credit upon filing.

### 14.3  RELATED BANKRUPTCY MATTERS

Related bankruptcy cases and proceedings subsequently filed in the district court shall be directly assigned to the district judge to whom the first case was originally assigned. Case credit for related bankruptcy cases and proceedings shall be in accordance with Section 5.5 of this General Order.

This General Order shall be effective    March 22, 2007   .