Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Declaratory Defendants
UMG Recordings, Inc.;
Universal Music Corp.;
Songs of Universal, Inc.;
Universal-Polygram International Publishing, Inc.;
and Rondor Music International, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| VEOH NETWORKS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UMG RECORDINGS, INC., a Delaware Corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation; and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No. 07 CV 1568 TJW (BLM)<br><br>**UMG'S OPPOSITION TO VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION REQUESTING PERMISSION TO FILE SUR-REPLY IN SUPPORT OF VEOH'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: October 15, 2007<br>Time: 10:00 a.m.<br>Judge: Hon. Thomas J. Whelan<br>Courtroom: 7<br><br>**No Oral Argument Pursuant to Civil Local Rule 7.1(d).** |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1764170

UMG'S OPPOSITION TO VEOH'S EX PARTE
APPLICATION FOR LEAVE TO FILE SUR-REPLY

## I. DISCUSSION

Declaratory Defendants UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., and Rondor Music International, Inc. (collectively, "UMG") oppose Veoh Networks, Inc.'s ("Veoh") *Ex Parte* Application for Leave to submit a Sur-Reply for the following reasons:

1. Veoh's application is procedurally improper and fails to show an emergency necessitating *ex parte* relief. Indeed, Veoh delayed more than a week after receiving UMG's Reply before filing its "emergency" application just one day before the hearing date.

2. The primary premise of Veoh's justification for the Sur-Reply is wrong. Contrary to Veoh's inflammatory and unwarranted accusations, UMG correctly advised this Court of the facts concerning Judge Matz's determination that the Veoh claims were related to other currently pending mass infringement cases in the Central District of California, including *UMG v. Myspace, Inc.* and *UMG v. Grouper Networks, Inc.*

Specifically, Veoh incorrectly states that Judge Matz did not really find that the cases were related when he issued an Order containing such findings. The General Order governing handling of related case notices in the Central District of California provides that:

> Whenever a party files a Notice of Related Cases indicating that any one or more of the above circumstances set forth in Section 5.1 exist, the Clerk shall prepare a ***proposed*** transfer order ***to be reviewed by the judge*** to whom the case first filed was assigned (the transferee judge). …
>
> ***If*** the transferee judge ***approves the transfer***, the case shall be transferred to the calendar of the transferee judge. ***If*** the transferee judge ***declines the related case transfer***, the case shall proceed as originally assigned on the calendar of the transferor judge.

Central District G. O. 7-2-5.2 (emphasis added).

Veoh selectively quotes the Central District's General Order to suggest that Judge Matz was required to rubberstamp or did rubberstamp a "proposed" transfer order based on UMG's representations. Veoh's assertions are false. Judge Matz issued a court order transferring the case to his docket after determining that UMG's Central District action against Veoh is related to

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1764170

UMG'S OPPOSITION TO VEOH'S EX PARTE
APPLICATION FOR LEAVE TO FILE SUR-REPLY

1

1 | UMG's pending actions in the Central District. Any suggestion to the contrary in Veoh's
2 | proposed Sur-Reply is wrong.

## II. CONCLUSION

Veoh has failed to show good cause for leave to file its Sur-Reply. Its *Ex Parte* Application should be denied and its Sur-Reply rejected. Nothing in the Sur-Reply changes the facts that:

- Veoh filed to identify even a single copyrighted work at issue in this case, or otherwise articulate a concrete dispute;
- Veoh is seeking an improper advisory opinion in this action; and
- Efficiency would be served by having this case handled in the Central District before Judge Matz, where multiple related actions are already pending.

Dated: October 12, 2007

Respectfully Submitted,

IRELL & MANELLA LLP

By:  /s/ Elliot Brown
    Steven A. Marenberg
    Elliot Brown
    Benjamin Glatstein

Attorneys for Declaratory Defendants
UMG RECORDINGS, INC.; UNIVERSAL MUSIC CORP.; SONGS OF UNIVERSAL, INC.; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC.; RONDOR MUSIC INTERNATIONAL, INC.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1764170

UMG'S OPPOSITION TO VEOH'S EX PARTE
APPLICATION FOR LEAVE TO FILE SUR-REPLY

2