1
2
3
4
5
6
7

FILED

2007 NOV 14  PM 1:06

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  **VEOH NETWORKS, INC.**, a<br>California corporation, | CASE NO. 07-CV-1568 W (BLM) |
| 12 | **ORDER GRANTING**<br>**DEFENDANT'S MOTION TO** |
| 13                              Plaintiff,<br>      vs. | **DISMISS OR TO TRANSFER**<br>[Doc. No. 13] |
| 14  **UMG RECORDINGS, INC.**, et. al., | |
| 15                              Defendants. | |

16

17

18        On August 9, 2007 Plaintiff Veoh Networks, Inc. ("Plaintiff") commenced this

19  declaratory judgment action against Defendants UMG Recordings and other UMG-

20  affiliated companies (collectively, "Defendant") seeking a declaration of non-

21  infringement of Defendant's copyrights, primarily under Section 512(c) of the Digital

22  Millennium Copyright Act ("DMCA"). 17 U.S.C. § 512(c). Defendant now moves to

23  dismiss Plaintiff's claims for lack of a "case or controversy," lack of subject matter

24  jurisdiction, and abuse of the Declaratory Judgment Act. In the alternative, Defendant

25  moves to have this suit transferred to the Central District of California. The Court

26  decides the matter on the papers submitted and without oral argument. See Civil Local

27  Rule 7.1(d.1).   For the reasons outlined below, the Court **GRANTS** Defendant's

28  motion and dismisses Plaintiff's Complaint **WITHOUT PREJUDICE.**

1  I.    BACKGROUND

2        Plaintiff operates Veoh.com, a video hosting service which allows third parties

3  to post, share, and view video on the internet. (*Compl.* ¶¶11-12.) Veoh alleges that

4  users of the free Veoh service submit all video content found therein; that is, Veoh does

5  not independently produce or control any content found on the Veoh website.[1] (*Id.*

6  ¶¶23-25.)

7        Defendant is a large record and music publishing company that presumably owns

8  thousands, if not millions, of copyrights. (*Def.'s Mot. to Dismiss* 1-2.) Defendant has a

9  long history of taking legal action to protect its rights from piracy, and in particular has

10 had past success in obtaining injunctive and monetary relief against "peer to peer" file-

11 sharing services. (*Id.* 2.)

12       At some time in late July 2007, Defendant allegedly accused Plaintiff's service of

13 massively infringing Defendant's copyrights. (*Compl.* ¶62.) According to Plaintiff,

14 Defendant threatened litigation at an unspecified future time. (*Id.* ¶61.) However,

15 Defendant allegedly refused to provide Plaintiff with information on which specific

16 copyrights were being infringed. (*Id.* ¶65.)

17       On August 8, 2007 Plaintiff filed a complaint seeking declaratory relief that their

18 video hosting service falls within the DMCA Section 512(c) safe harbor. (*Compl.*

19 ¶87(a).) On September 4, 2007 Defendant filed a Motion to Dismiss or to Transfer.

20 (Doc. No. 14.)  Also on September 4, 2007 Defendant filed a complaint alleging

21 copyright infringement against Plaintiff in the Central District of California, where

22 Defendant was already pursuing relief against other internet hosting companies.

23 (*Compl. Ex. K; Ex. A – J.*) On September 26, 2007 Plaintiff timely opposed Defendant's

24 Motion to Dismiss or to Transfer. (Doc. No. 19.)  On October 3, 2007 Defendant

25

26

27

28       [1]Whenever the Court discusses Veoh's "service" or "website," the same facts and principles
apply to Veoh's "VeohTV" video-playback software. (*See Compl.* ¶¶12, 21.)

1  submitted a reply brief, and on October 11 Plaintiff filed a sur-reply.[2]  (Doc. Nos. 21,
2  24.)

3  II.    LEGAL STANDARD

4         The Declaratory Judgment Act enlarged the range of remedies available in
5  federal court, but did not extend federal jurisdiction. 28 U.S.C. § 2201 (2006); Skelly
6  Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).  Thus, as a threshold
7  requirement, a declaratory relief action must involve an actual "case or controversy"
8  so the court does not render an impermissible advisory opinion.  See Flast v. Cohen,
9  392 U.S. 83, 95-96 (1968); Coalition for a Healthy Cal v. F.C.C., 87 F.3d 383, 386 (9th
10 Cir. 1986) (recognizing that "federal courts have never been empowered to render
11 advisory opinions").  Additionally, declaratory relief is only appropriate when the
12 matter is properly within federal court subject matter jurisdiction. 28 U.S.C. § 2201;
13 Skelly Oil Co., 339 U.S. at 671.

14        Rule 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction
15 over the subject matter[.]" FED. R. CIV. P. 12(b)(1).  Although the defendant is the
16 moving party in a motion to dismiss, the plaintiff is the party that invoked the court's
17 jurisdiction. Therefore, the plaintiff bears the burden of proof on the necessary
18 jurisdictional facts. McCauley v. Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001).
19 Whether subject matter jurisdiction exists presents a question of law. See Nike Inc. v.
20 Commercial Iberica de Exclusions Deportivas, 20 F.3d 987, 990 (9th Cir. 1994).

21 ///
22 ///
23 ///
24 ///
25

26        [2]On September 28, 2007 the parties submitted a joint motion extending the time to file a reply.
27 Good cause appearing, the motion is hereby **GRANTED**. (Doc. No. 20.)  On October 11, 2007
   Plaintiff moved *ex parte* to file a sur-reply to clarify the status of related litigation pending in the Central
28 District of California. Good cause appearing, the motion is hereby **GRANTED** and the Court will
   consider the concurrently filed sur-reply. (Doc. No. 23.)

III.   DISCUSSION

   A.   PLAINTIFF'S COMPLAINT FAILS TO ALLEGE AN ARTICLE III "CASE OR CONTROVERSY"

Defendant first argues that the dispute underlying Plaintiff's request for declaratory relief is too vague to satisfy the United States Constitution's Article III "case or controversy" requirement.   (*Def.'s Mot. to Dismiss* 9-12.)   Specifically, Defendant argues that the wide-ranging declaratory relief Plaintiff seeks cannot be awarded given the abstraction of Plaintiff's complaint. (*Id.*)

Plaintiff contends that they are faced with a "very real controversy" and that any vagueness in their complaint is due solely to Defendant's refusal to provide copyright information in preliminary discussions. (*Opp'n* 5-6.)   Regardless, Plaintiff argues, not knowing which copyrights are being infringed is essential to claiming the Section 512(c) safe harbor. (*Id.*)

The Court disagrees.

The complaint in a declaratory relief action must allege facts sufficient to establish an actual controversy.   Int'l Harvester Co. v. Deere & Co., 623 F.2d 1207, 1210 (7th Cir. 1980).   The disagreement must not be nebulous or contingent, but must have taken on a fixed and final shape so that a court can see what legal issues it is deciding and what effects its decision will have on the adversaries.   Pub. Serv. Com. v. Wycoff Co., 344 U.S. 237, 244 (1952); United States v. Arnold, 678 F. Supp. 1463, 1465-66 (S.D. Cal. 1988).   The controversy must be real, substantial, and capable of specific relief through a decree of conclusive character.   Display Research Labs. v. Telegen Corp., 133 F. Supp. 2d 1170, 1174 (N.D. Cal. 2001), citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 277, 240-41 (1937).   Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.   MedImmune, Inc. v. Genentech, Inc., 127 S. Ct. 764, 771 (2007).

1    Although Plaintiff's Complaint suggests disagreement between the parties, the
2  nature and extent of the controversy has not been adequately defined to support federal
3  jurisdiction. Plaintiff's Complaint generally discusses their video hosting operation, that
4  Defendant owns unspecified copyrights, and that Defendant has made unspecified
5  threats of copyright infringement litigation.   (*Compl.* ¶¶ 1-2, 10-27.)   From these
6  general allegations, Plaintiff seeks a far-reaching declaratory judgment that it is not
7  liable for infringing *any* of Defendant's rights and is entitled to the Section 512(c) safe
8  harbor. See 17 U.S.C. § 512(c); (*Compl.* ¶87(a)-(d).)

9    However, because Plaintiff does not reference any specific copyright, even by way
10 of example, the relief requested would necessarily take the form of an advisory opinion.
11 Succinctly, the Court cannot determine whether a safe harbor for copyright
12 infringement exists without knowing which rights are at stake. Rather than "specific
13 relief through a decree of conclusive character," Plaintiff seeks a blanket validation of
14 the ongoing legality of their business model. Divorced from a particular dispute over
15 specific rights, Plaintiff's Prayer for Relief would have the Court declare a safe harbor
16 as equally applicable against Defendant as to any other copyright holder.   Such a
17 declaration's effect on each one of Defendant UMG's copyrights would be uncertain
18 enough; the effect on all other copyright holders not before the Court would be even
19 more nebulous.[3]

20    Plaintiff argues that not knowing which copyrights are being infringed is essential
21 to a declaration that their business meets the Section 512(c) safe harbor requirements.
22 That is, acknowledging any infringement would be fatal to their complaint for
23 declaratory relief. (*Opp'n* 5-6.)   However, where ignorance of infringement may help

24

25    [3]For instance, the Court wonders how a broad declaration that Plaintiff meets Section 512(c)
26 requirements, detached from any specific copyrights, would affect future infringement suits brought
   against Plaintiff.  Given the highly factual and time-sensitive findings required to satisfy Section
27 512(c), would today's declaratory relief essentially give Plaintiff a "free pass" to infringe rights in the
28 future?  This question only highlights the fact that Plaintiff requests an advisory opinion, and not
   resolution of a current, specific dispute.

07cv1568w

1  establish the defense, actual knowledge is not fatal to the Section 512(c) safe harbor.

2  See 17 U.S.C. §§ 512(c)(1)(A)(iii), 512(c)(1)(C); Perfect 10, Inc. v. CCBill LLC, 481

3  F.3d 751, 760 (9th Cir. 2007) (explaining that a service provider may qualify for the

4  DMCA safe harbor if it acts "expeditiously to remove, or disable access to, the

5  material[,]" even if it has actual knowledge).  By pleading narrowly, Plaintiff cannot use

6  the Section 512(c) safe harbor to bootstrap into federal court, abrogating the "case or

7  controversy" requirement.  Rather, there must first be a real, substantial controversy

8  before the Court can even consider whether a litigant is entitled to the Section 512(c)

9  defense.[4]  Plaintiff cannot have it both ways.

10     Because under all the circumstances Plaintiff fails to allege an Article III "case

11  or controversy," the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's

12  Complaint **WITHOUT PREJUDICE.**[5]

13

14     **B.**     EVEN IF THE COURT HAS PROPER JURISDICTION, PLAINTIFF'S CLAIM
           IS DISMISSED UNDER THE COURT'S DISCRETIONARY POWERS.
15

16     Defendant argues that even if Plaintiff's pleadings are sufficient to satisfy federal

17  jurisdiction, the Court should use its discretionary power to dismiss the declaratory

18

---

19     [4]For example, even if Plaintiff identified one copyright, Plaintiff may have a controversy that

20  could be given context and argued against 17 U.S.C. § 512.  Additionally, given Defendant UMG's
   reputation as a large, popular media copyright holder, the Court questions Plaintiff's argument that

21  Plaintiff does not and cannot know of any UMG copyrighted material on their service, and that this
   ignorance is due solely to Defendant's sandbagging in negotiations.  (Opp'n 5-6.)

22

23     [5]Given that Plaintiff has failed the "case or controversy" requirement for seeking relief under
   the Declaratory Judgment Act, the Court does not reach the question of whether federal subject

24  matter jurisdiction exists, even if Plaintiff had properly pled a "case or controversy."  Because the issues
   are closely related, though, it suffices to say that federal subject matter jurisdiction, especially for

25  declaratory relief, usually presupposes the registration and identification of at least one copyright.  See

26  17 U.S.C. § 411 (2006); see, e.g., Island Software & Computer Service, Inc. v. Microsoft Corp., 413
   F.3d 257 (2d Cir. 2005) (identifying a specific copyright in action for declaratory relief), Team Play,

27  Inc. v. Boyer, 391 F. Supp. 2d 695, 697 (N.D. Ill. 2005) (same).  Plaintiff's conclusory analysis of

28  Vestron, Inc. v. Home Box Office, Inc., 839 F.2d 1380 (9th Cir. 1988), which deals with state versus
   federal jurisdiction, is not determinative.  (Opp'n 6.)

1  relief claim as an abuse of the Declaratory Judgment Act. (*Def.'s Mot. to Dismiss* 13-16.)

2  Neither Plaintiff's Opposition nor Plaintiff's Sur-Reply counters this argument.

3      The Court agrees with Defendant.

4      Exercising jurisdiction under the Declaratory Judgment Act is discretionary, and

5  federal courts have unique and substantial discretion in deciding whether to declare the

6  rights of litigants. 28 U.S.C. § 2201 (2006) (stating that the Court "may" declare the

7  rights of any interested party); <u>MedImmune, Inc. v. Genentech, Inc.</u>, 127 S. Ct. 764,

8  776 (2007), <u>citing</u> <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995). Courts must

9  exercise caution in entertaining declaratory relief actions where rulings are sought that

10  would reach far beyond the particular case. <u>Pub. Serv. Com. v. Wycoff Co.</u>, 344 U.S.

11  237, 243 (1952) (dismissing complaint).  District courts may consider equitable,

12  prudential, and policy arguments when deciding whether to use their discretion to

13  dismiss a claim. <u>MedImmune</u>, 127 S. Ct. at 777.

14      A court can also decline jurisdiction if it appears that the declaratory relief suit

15  was filed for an improper tactical purpose.  <u>Gribin v. Hammer Galleries, Div. of</u>

16  <u>Hammer Holdings, Inc.</u>, 793 F. Supp. 233, 236 (C.D. Cal. 1992).  For instance, courts

17  have recognized that declaratory relief actions are inappropriate when filed merely to

18  improve a bargaining position in ongoing negotiations. <u>EMC Corp. v. Norand Corp.</u>,

19  89 F.3d 807, 809 (Fed. Cir. 1996), <u>overruled in part on other grounds</u>, <u>MedImmune</u>,

20  127 S. Ct. 764 (2007).

21      Further, using the Declaratory Judgment Act to anticipate an affirmative defense

22  is not ordinarily proper, and numerous courts have refused to grant declaratory relief

23  to a party who has come to court only to assert an anticipatory defense. <u>Hanes Corp.</u>

24  <u>v. Millard</u>, 531 F.2d 585, 592-93 (D.C. Cir. 1976); <u>See</u> <u>Gribin</u>, 793 F. Supp. at 235

25  (citing cases).  Procedurally, Section 512 safe harbor litigation has been postured as an

26  affirmative defense to a specific copyright infringement claim. <u>See</u>, <u>e.g.</u>, <u>Corbis Corp.</u>

27  <u>v. Amazon.com, Inc.</u>, 351 F. Supp. 2d 1090, 1098-99 (W.D. Wash. 2004).

28      In this case, a declaratory relief action using Section 512 as a sword, rather than

07cv1568w

1   a shield, presents particular problems.  As discussed in Part A, Plaintiff's requested
2   declaratory relief, given the vagaries of Plaintiff's Complaint, would seemingly insulate
3   Plaintiff's business model against all infringement claims, from every copyright holder,
4   for all time.  Indeed, such a judgment would reach far beyond this particular case, which
5   only is against Defendant UMG.
6        Furthermore, Plaintiff knows that their business, and other businesses similarly
7   situated, operates against the backdrop of constant litigation. (*Def.'s Mot.* 14-16; *Opp'n*
8   *4, 9.*)   Because Plaintiff's action, jurisdictionally and on the merits, is so ill-defined, the
9   Court suspects its use is more a bargaining chip than a sincere prayer for relief.
10       There can be no question that Section 512(c) is usually and most easily applied
11   as an affirmative defense to a claim of specific copyright infringement.  See 17 U.S.C.
12   § 512(c); Corbis Corp. v. Amazon.com, Inc., 351 F. Supp. 2d 1090, 1098-99 (W.D.
13   Wash. 2004).  The statute uses words like "material," "material that is claimed to be
14   infringing" and "infringing activity."  See 17 U.S.C. § 512(c).  In short, the safe harbor
15   presupposes that a specific allegation of infringement has already been levied.  See
16   Ellison v. Robertson, 357 F.3d 1072, 1077-78 (9th Cir. 2004) (discussing Section 512
17   safe harbors, reviewing legislative history and determining that the "limitations of
18   liability apply if the provider is found to be [already] liable *under existing principles of*
19   *law.*") (emphasis in original).  Because Defendant filed suit against Plaintiff less than a
20   month after Plaintiff filed the instant action, the Court suspects Plaintiff is really
21   asserting their defense in a forum of their choice.[6] (*See Compl. Ex. K.*)
22       There is no risk that Plaintiff will lose their chance to litigate the appropriateness
23   of the Section 512(c) safe harbor.  Indeed, in response to the specific infringement
24

---

25       [6]Because the Court grants Defendant's Motion on jurisdictional grounds, it does not reach the
26   issue of transferring venue per 28 U.S.C. § 1404(a).  Notwithstanding the "first to file" doctrine (and
     exceptions thereto), the information presently before the Court suggests that this case, if properly pled,
27   would nevertheless be a strong candidate for transfer to the Central District of California, where
28   personal jurisdiction appears proper and related litigation is taking place.  (*See Def.'s Mot. to Dismiss*
     17-25; *Ex. A- J; Ex. K.*)

1   claims pending in the Central District of California, the Section 512 safe harbor can be

2   readily applied with the facts necessary to render a conclusive judgment.

3       In conclusion, the declaratory relief Plaintiff seeks would have an impact far

4   beyond the rights of the litigants before this Court.[7]  Moreover, the Court suspects

5   Plaintiff's main purpose in filing their Complaint is tactical, or to anticipate an

6   affirmative defense better raised in the Central District.  Given the various problems

7   in Plaintiff's framing and pleading their declaratory relief action, the Court uses its

8   discretion to decline jurisdiction, **GRANTS** Defendant's motion, and **DISMISSES**

9   Plaintiff's declaratory relief claim **WITHOUT PREJUDICE.**

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27       [7]Although throughout this order the Court has specifically mentioned Section 512, the Court's

28  reasoning and order applies to each prayer for declaratory relief listed in Plaintiff's Complaint.  (*See* *Compl.* ¶¶87(a) – (f).)

- 9 -

1  IV. CONCLUSION

2         Plaintiff has not pled a "case or controversy" to satisfy federal court jurisdictional

3  requirements under the United States Constitution, Article III.  Even if Plaintiff did,

4  the Court uses its discretion to decline jurisdiction for this declaratory relief action.

5  Specifically and for the foregoing reasons, the Court:

6         •      GRANTS the Joint Motion for Extension of Time to File Reply in

7                Support of Motion to Dismiss or Transfer. [Doc. No. 20]

8         •      GRANTS Plaintiff's *Ex Parte* Motion for Leave to File a Sur-Reply. [Doc.

9                No. 23.]

10        •      GRANTS Defendant's Motion to Dismiss or Transfer [Doc. No. 13], and

11               DISMISSES Plaintiff's Case WITHOUT PREJUDICE.

12

13

14

15  IT IS SO ORDERED.

16

17  Dated: November 13, 2007

18                                          Hon. THOMAS J. WHELAN
                                            United States District Court
19                                          Southern District of California

20

21

22

23

24

25

26

27

28